James C. Feldman (AK Bar No. 1702003)
Jeffrey M. Feldman (AK Bar No. 7605029)
SUMMIT LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Phone: (206) 676-7000
jamesf@summitlaw.com
jefff@summitlaw.com

*Attorneys for Bristol Bay Economic Development Corporation*

*Counsel for Additional Intervening Parties are
identified at the end of this pleading*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP, | No. 3:24-cv-00059-SLG |
| Plaintiffs, | |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| Defendant. | |

## <u>CONSOLIDATED [PROPOSED] ANSWER OF [APPLICANTS] INTERVENOR-DEFENDANTS UNITED TRIBES OF BRISTOL BAY, BRISTOL BAY NATIVE ASSOCIATION, BRISTOL BAY ECONOMIC DEVELOPMENT CORPORATION, BRISTOL BAY NATIVE CORPORATION, COMMERCIAL FISHERMEN FOR BRISTOL BAY AND BRISTOL BAY REGIONAL SEAFOOD DEVELOPMENT ASSOCIATION, COMMERCIAL FISHERMEN FOR BRISTOL BAY</u>

*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

1

Applicant Intervenor-Defendants Bristol Bay Economic Development Corporation, Bristol Bay Native Corporation, United Tribes of Bristol Bay, Bristol Bay Native Association, and Bristol Bay Regional Seafood Development Association, through their respective counsel, state for their [Proposed] Answer to the Plaintiffs' Complaint in this action as follows (the numbered paragraphs below refer to the corresponding numbered paragraphs in the Plaintiffs' Complaint):

The allegations in the first, unnumbered paragraph of Plaintiffs' Complaint constitute Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, the allegations are denied.

## INTRODUCTION

1. Applicant Intervenor-Defendants admit that in February 2023, the Environmental Protection Agency ("EPA") issued a Final Determination pursuant to section 404(c) of the Clean Water Act for the Pebble Deposit Area in southwest Alaska ("Final Determination"), which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the Final Determination, and a response is required, the allegations are denied. The remaining allegations in paragraph 1 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, the allegations are denied.

2. Applicant Intervenor-Defendants admit that the Pebble Deposit in southwest Alaska contains copper and other minerals. Applicant Intervenor-Defendants are without

sufficient information to admit or deny the remaining allegations in paragraph 2, and on that basis deny them.

3. Applicant Intervenor-Defendants are without sufficient information to admit or deny allegations in paragraph 3, and on that basis deny them.

4. Applicant Intervenor-Defendants are without sufficient information to admit or deny allegations in paragraph 4, and on that basis deny them.

5. Applicant Intervenor-Defendants admit that copper and other minerals are valuable. Applicant Intervenor-Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 5, and on that basis deny them.

6. Applicant Intervenor-Defendants admit that EPA issued a Final Determination finding that development of the Pebble Mine would have unacceptable adverse environmental impacts. The Final Determination speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the Final Determination, and a response is required, the allegations are denied. All remaining allegations are denied.

7. The allegations in paragraph 7 are vague, speculative, and overbroad and the Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations.

8. The Final Determination and the record before EPA demonstrating the economic benefits of protecting Bristol Bay's fishery speaks for itself and is the best

evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the Final Determination and record, and a response is required, the allegations are denied.

9. The allegations in paragraph 9 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

10. Allegations in paragraph 10 state an assertion of law, not a statement of fact, and requires no response. To the extent a response is required, the allegations are denied.

11. Allegations in paragraph 11 state an assertion of law, not a statement of fact, and requires no response. To the extent a response is required, the allegations are denied.

12. Allegations in paragraph 12 state an assertion of law, not a statement of fact, and requires no response. To the extent a response is required, the allegations are denied.

13. Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 13, and on that basis deny them.

## PARTIES

14. Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 14, and on that basis deny them.

15. Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 15, and on that basis deny them.

16. Admit that EPA is an executive branch department of the U.S. government. Applicant Intervenor-Defendants deny that EPA's actions were unlawful and improper.

## STATUTORY AND REGULATORY BACKGROUND

17.     Allegations in paragraph 17 purport to characterize the Clean Water Act and congressional history, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

18.     Allegations in paragraph 18 purport to characterize the Clean Water Act, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

19.     The allegations in the first two sentences of paragraph 19 are admitted.  The allegations in the third sentence are vague, speculative, and overbroad and the Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations.  Applicant Intervenor-Defendants deny the allegations in the fourth and fifth sentences because they contain an incomplete description of the proposal to mine the Pebble Deposit.

20.     Allegations in paragraph 20 purport to characterize the Clean Water Act, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

21.     Allegations in paragraph 21 purport to characterize the requirements of the Clean Water Act section 404, National Environmental Policy Act ("NEPA"), and Clean Water Act implementing regulations, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

22.     Allegations in paragraph 22 purport to characterize the requirements of the Clean Water Act section 404, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

## **FACTUAL BACKGROUND**

23.     The Applicant Intervenor-Defendants admit the allegations in paragraph 23. The Pebble Deposit also sits at the headwaters of Bristol Bay, home to the largest and most valuable wild salmon run on the planet and home to Alaska Native communities that have lived, worked, and subsisted in Bristol Bay, and whose religious and cultural histories and traditions depend on Bristol Bay and its salmon resources for millennia.

24.     Allegations in paragraph 24 purport to characterize the State of Alaska land use designations contained in the Bristol Bay Area Plan which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

25.     Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 25, and on that basis deny them.

26.     Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 26, and on that basis deny them.

27.     Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 27, and on that basis deny them.

28.     Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 28, and on that basis deny them.

29.     Applicant Intervenor-Defendants admit that a wide and extensive community of Tribes, individuals, and organizations have long opposed development of the Pebble Deposit because of the catastrophic environmental risk and consequences that it presents and have communicated their opposition to governmental agencies and regulators, including the EPA, as is permitted by law.  Applicant Intervenor-Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 29, and on that basis deny them.

30.     Applicant Intervenor-Defendants admit that EPA undertook an extensive, peer-reviewed assessment of the potential impacts of large-scale mining development on Bristol Bay fisheries and wildlife and on Alaska Native cultures of the region, culminating in the final Bristol Bay Watershed Assessment released by EPA in January 2014, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Applicant Intervenor-Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 30, and on that basis deny them.

31.     Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 31, and on that basis deny them.

32.     Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 32, and on that basis deny them.

*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

7

33.     Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 33, and on that basis deny them.

34.     Applicant Intervenor-Defendants deny the allegations in the first and second sentences of paragraph 34.  To the extent the allegations characterize the Bristol Bay Watershed Assessment and its record, it speaks for itself and is the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the Bristol Bay Watershed Assessment and associated record, and a response is required, the allegations are denied.

35.     To the extent the allegations in paragraph 35 characterize the Bristol Bay Watershed Assessment and its record, it speaks for itself and is the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the Bristol Bay Watershed Assessment and associated record, and a response is required, the allegations are denied.  Applicant Intervenor-Defendants deny the allegations in the last sentence of paragraph 35.

36.     To the extent the allegations in paragraph 36 characterize the Bristol Bay Watershed Assessment and its record, it speaks for itself and is the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the Bristol Bay Watershed Assessment and associated record, and a response is required, the allegations are denied.  Applicant Intervenor-Defendants deny the characterization of the EPA's assumptions in the Bristol Bay Watershed Assessment as inaccurate.

37.     Applicant Intervenor-Defendants admit that EPA issued a Proposed Determination pursuant to the Clean Water Act Section 404(c) in July 2014.  The remaining allegations in paragraph 37 purport to characterize the 2014 Proposed Determination and associated record, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the 2014 Proposed Determination and record, the allegations are denied.

38.     Applicant Intervenor-Defendants deny the allegations in paragraph 38 because the characterization of the 2014 Proposed Determination is incomplete and inaccurate.

39.     The first, second, and fourth sentences of paragraph 39 purport to characterize a lawsuit filed by Plaintiffs against Defendant in *Pebble Limited Partnership v. EPA*, Case No. 3:14-CV-0097-HRH, which speaks for itself and is the best evidence of its contents.  Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in the third sentence, and on that basis deny them.

40.     Applicant Intervenor-Defendants admit that PLP and EPA settled litigation regarding the 2014 Proposed Determination and aver that the settlement agreement did not require EPA to withdraw the 2014 Proposed Determination.  The agreement only required EPA to "initiate a process to propose to withdraw the Proposed Determination, consistent with the requirements of 40 C.F.R. 231.5."  EPA initiated such a process, and then properly decided not to withdraw the 2014 Proposed Determination.  To the extent the

allegations in paragraph 40 purport to characterize the settlement agreement, the settlement

agreement speaks for itself and is the best evidence of its contents. Any allegations

contrary to its plain language, meaning, and context are denied.

41.     Applicant Intervenor-Defendants admit that in December 2017 PLP

submitted to the Army Corps its application for Clean Water Act permits. To the extent

the allegations in paragraph 41 purport to characterize the permit application, the permit

application speaks for itself and is the best evidence of its contents. Any allegations

contrary to its plain language, meaning, and context are denied.

42.     Applicant Intervenor-Defendants are without sufficient information to admit

or deny the allegations in paragraph 42 that PLP's 2017 permit application was smaller and

more compact than prior conceptual plans, and on that basis deny them. Applicant

Intervenor-Defendants aver that PLP's 2017 permit application footprint was larger than

EPA's Watershed Assessment smallest scenario, and on that basis deny the allegations in

paragraph 42.

43.     Applicant Intervenor-Defendants are without sufficient information to admit

or deny the allegations in paragraph 43, and on that basis deny them.

44.     Allegations in paragraph 44 purport to characterize Clean Water Act

statutory and regulatory requirements for compensatory mitigation and internal agency

policies and related agreements, which speak for themselves and provide the best evidence

of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

45.     Allegations in paragraph 45 purport to characterize internal agency policies and related agreements, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

46.     Allegations in paragraph 46 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

47.     Applicant Intervenor-Defendants admit that the Army Corps published the final environmental impact statement ("EIS") for the proposed Pebble mine in July 2020, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The fourth and fifth sentences of paragraph 47 purport to characterize the 2014 Proposed Determination, EPA's Watershed Assessment, and the EIS, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2014 Proposed Determination, EPA's Watershed Assessment, and the EIS, the allegations are denied.

48.     Allegations in paragraph 48 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

49.     Allegations in paragraph 49 purport to characterize the Clean Water Act and an associated inter-agency memorandum of agreement, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

50.     Applicant Intervenor-Defendants admit that EPA was a cooperating agency for the EIS.  Applicant Intervenor-Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 50, and on that basis deny them.

51.     Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 51, and on that basis deny them.

52.     Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 52, and on that basis deny them.

53.     Applicant Intervenor-Defendants admit that on August 20, 2020, the Army Corps issued a letter to PLP, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Applicant Intervenor-Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 53, and on that basis deny them.

54.     Applicant Intervenor-Defendants admit that on August 24, 2020, the Army Corps issued a press release stating that "the Corps finds that the project, as currently proposed, cannot be permitted under section 404 of the Clean Water Act."  As to all other allegations regarding the press release and Army Corps regulations, the press release and

regulations speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The remaining allegations in paragraph 54 are denied.

55. Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 55, and on that basis deny them.

56. Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 56, and on that basis deny them.

57. Applicant Intervenor-Defendants admit that the Army Corps decided to deny the permit application and, on November 25, 2020, issued a Record of Decision, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The remaining allegations are in paragraph 57 denied.

58. Applicant Intervenor-Defendants deny the allegations in paragraph 58.

59. Applicant Intervenor-Defendants admit that PLP appealed the Record of Decision and the Army Corps remanded for further findings. The remaining allegations in paragraph 59 are denied.

60. Applicant Intervenor-Defendants admit that in May of 2022 EPA published a revised Proposed Determination pursuant to the Clean Water Act Section 404(c) ("2022 Proposed Determination") finding that development of the Pebble Deposit would have unacceptable adverse effects, which speaks for itself and is the best evidence of its

contents. Any allegations contrary to its plain language, meaning, and context are denied. The remaining allegations in paragraph 60 are denied.

61. Admit that PLP submitted comments on the 2022 Proposed Determination.

62. Applicant Intervenor-Defendants admit that in February 2023, EPA issued a Final Determination pursuant to section 404(c) of the Clean Water Act for the Pebble Deposit Area in Southwest Alaska, which speaks for itself and is the best evidence of its content. To the extent Plaintiffs' allegations are inconsistent with the Final Determination, and a response is required, the allegations are denied.

63. Allegations in paragraph 63 purport to characterize and quote from the Final Determination, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

64. Applicant Intervenor-Defendants deny the allegation in paragraph 64 because the description of the Final Determination is incomplete and inaccurate.

65. The allegations in paragraph 65 are vague, speculative, and overbroad and the Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations.

**THE CLAIMS**

66. Applicant Intervenor-Defendants admit that the Final Determination represents a final decision by EPA. The remaining allegations in paragraph 66 purport to

*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

14

characterize the Final Determination, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

67. The first sentence of paragraph 67 consists of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in paragraph 67 purport to characterize the Final Determination, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

68. Applicant Intervenor-Defendants admit that the Final Determination is a final agency action.

69. Applicant Intervenor-Defendants admit that there is no administrative appeal available to PLP within the EPA. Applicant Intervenor-Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 69, and on that basis deny them.

70. Allegations in paragraph 70 consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

71. Applicant Intervenor-Defendants deny that the Final Determination is defective in any respect. The remaining allegations in paragraph 71 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

72.     Applicant Intervenor-Defendants deny that PLP has standing.  Applicant Intervenor-Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence and on that basis denies them.  The allegations in the third and fourth sentences purport to characterize the Final Determination and PLP's permit application, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.  Applicant Intervenor-Defendants deny the allegation in the fourth sentence that Plaintiffs have suffered any injuries for which they are entitled to relief.

73.     Allegations in paragraph 73 consist of legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

74.     The allegations in paragraph 74 contain legal conclusions and Plaintiffs' characterization of the law, to which no response is required.  To the extent that a response is required, the allegations are denied.

## COUNT A

75.     Allegations in the first, second, and third sentences of paragraph 75 purport to characterize EPA's prior actions pursuant to section 404(c) of the Clean Water Act, which speak for themselves and are the best evidence of their content.  Any allegations contrary to their plain language, meaning, and context are denied.  Allegations in the fourth sentence consist of legal conclusions, to which no response is required.  To the

extent a response is required, the allegations are denied. Applicant Intervenor-Defendants deny that the Final Determination was unlawful.

76. Applicant Intervenor-Defendants admit the first sentence of paragraph 76. Applicant Intervenor-Defendants deny the remaining allegations in paragraph 76.

77. Allegations in paragraph 77 purport to characterize the Alaska Statehood Act and related case law, which speak for themselves and are the best evidence of their content. Any allegations inconsistent with the plain language, meaning, and context of the statute and case law are denied.

78. The allegations in paragraph 78 consist of a conclusion of law, not a statement of fact, for which no response is required. To the extent that a response is required, the allegations are denied. To the extent that the allegations purport to characterize the Alaska Statehood Act and related case law, they speak for themselves and are the best evidence of their content. Any allegations inconsistent with the plain language, meaning, and context of the statute and case law are denied.

79. Applicant Intervenor-Defendants admit that the Cook Inlet Land Exchange took place and was finalized in 1976. The remaining allegations in paragraph 79 purport to characterize the Cook Inlet Land Exchange and congressional history, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with their plain language, meaning, and context are denied.

80.     The allegations in the first and second sentences of paragraph 80 purport to characterize the Cook Inlet Land Exchange and congressional history, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.  Applicant Intervenor-Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the third sentence and on that basis denies them.

81.     To the extent the allegations in the first sentence of paragraph 81 purport to characterize the Cook Inlet Land Exchange, it speaks for itself and is the best evidence of its content.  Any allegations inconsistent with its plain language, meaning, and context are denied.  The remaining allegations in paragraph 81 are vague, speculative, and overbroad and the Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations.

82.     Allegations in paragraph 82 purport to characterize the Cook Inlet Land Exchange and Alaska Statehood Act, which speaks for themselves and are the best evidence of their content.  Any allegations inconsistent with their plain language, meaning, and context are denied.  Applicant Intervenor-Defendants aver that paragraph 82 omits other relevant provisions of the Act and is incomplete.

83.     Allegations in paragraph 83 purport to characterize the Cook Inlet Land Exchange and congressional history, which speak for themselves and are the best evidence

of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

84.     Allegations in paragraph 84 consist of conclusions of law, not a statement of fact, for which no response is required. To the extent the allegations purports to characterize the Cook Inlet Land Exchange and Alaska Statehood Act, they speak for themselves and are the best evidence of their content. Any allegations inconsistent with the plain language, meaning, and context of the Cook Inlet Land Exchange and Alaska Statehood Act are denied. Applicant Intervenor-Defendants aver that the allegations in paragraph 84 omit other relevant provisions of the Alaska Statehood Act and are incomplete. To the extent that the allegations in paragraph 84 state or imply that the Alaska Statehood Act provided or implied that these lands alone in the United States would not be subject to other provisions of federal law, the allegations are denied.

85.     Allegations in paragraph 85 consist of conclusions of law, not a statement of fact, for which no response is required. To the extent the allegations purport to characterize the Alaska National Interest Lands Conservation Act ("ANILCA"), the statute speaks for itself and is the best evidence of its content. Any allegations inconsistent with the plain language, meaning, and context of ANILCA are denied. Applicant Intervenor-Defendants aver that paragraph 85 omits other relevant provisions of ANILCA and is incomplete.

86.    Allegations in paragraph 86 consist of conclusions of law, not a statement of fact, for which no response is required.   To the extent the allegations purport to characterize ANILCA, the statute speaks for itself and is the best evidence of its content. Any allegations inconsistent with the plain language, meaning, and context of ANILCA are denied.  Applicant Intervenor-Defendants aver that paragraph 86 omits other relevant provisions of ANILCA and is incomplete.

87.    The allegations in paragraph 87 purport to characterize ANILCA and congressional history, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

88.    Allegations in paragraph 88 purport to characterize President Carter's statement at the signing ceremony for ANILCA, which speaks for itself and is the best evidence of its contents.  Applicant Intervenor-Defendants aver that the quoted language does not fully or accurately capture President Carter's comments in signing ANILCA.

89.    Applicant Intervenor-Defendants admit that the area of the Pebble Deposit is not a Conservation System Unit within the meaning of ANILCA.  The remaining allegations in paragraph 89 are denied.

90.    The allegations in paragraph 90 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required.  To the extent a response is required, the allegations are denied.

91.     The allegations in paragraph 91 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required. To the extent a response is required, the allegations are denied.

92.     The allegations in paragraph 92 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required. To the extent a response is required, the allegations are denied.

93.     The allegations in paragraph 93 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required. To the extent a response is required, the allegations are denied. Applicant Intervenor-Defendants deny that the Final Determination was unlawful.

94.     Allegations in the first sentence of paragraph 94 purport to quote and characterize the Clean Water Act Section 404(c), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations in the fourth sentence contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in paragraph 94 are denied.

95.     Allegations in paragraph 95 purport to characterize the Final Determination, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

96.     Allegations in paragraph 96 purport to characterize the Final Determination, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

97.     Allegations in paragraph 97 purport to characterize the Final Determination, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

98.     The allegations in paragraph 98 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required. To the extent a response is required, the allegations are denied.

99.     The allegations in paragraph 99 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required. To the extent a response is required, the allegations are denied.

100.    Allegations in paragraph 100 purport to quote and characterize section 404(c) of the Clean Water Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

101.    Allegations in paragraph 101 purport to quote and characterize section 404(c) of the Clean Water Act and implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

102.    The allegations in paragraph 102 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required.  To the extent a response is required, the allegations are denied.  Applicant Intervenor-Defendants deny the inaccurate characterization of EPA's actions as "free-range rulemaking."

103.    The allegations in paragraph 103 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required.  To the extent a response is required, the allegations are denied.

104.    The allegations in paragraph 104 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required.  To the extent a response is required, the allegations are denied.  Applicant Intervenor-Defendants deny that the Final Determination was unlawful.

## COUNT B

105.    Applicant Intervenor-Defendants deny the allegations in paragraph 105.

106.    The allegations in paragraph 106 are vague, speculative, and overbroad and the Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations.

107.    The allegations in paragraph 107 are vague, speculative, and overbroad and the Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations.

*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

108.    Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 108, and on that basis deny them.

109.    Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 109, and on that basis deny them.

110.    Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 110, and on that basis deny them.

111.    Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 111, and on that basis deny them.

112.    The allegations in the first sentence of paragraph 112 purport to characterize the Final Determination, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in the second sentence, and on that basis deny them.

113.    Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 113, and on that basis deny them.

114.    The first sentence of paragraph 114 consists of legal conclusions and Plaintiffs' characterization of their claims to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of paragraph 114 purport to characterize the Clean Water Act, which speaks for itself and

is the best evidence of its content. Any allegations contrary to its plain language, meaning, and context are denied.

115. The allegations in paragraph 115 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required. To the extent a response is required, the allegations are denied.

116. The allegations in paragraph 116 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required. To the extent a response is required, the allegations are denied.

117. The allegations in paragraph 117 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required. To the extent a response is required, the allegations are denied. To the extent the allegations purport to characterize the Final Determination, it speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

118. The allegations in paragraph 118 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required. To the extent a response is required, the allegations are denied. To the extent the allegations purport to characterize the Final Determination and its associated record, it speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

119.   The allegations in paragraph 119 are vague, speculative, and overbroad and the Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations.

120.   The allegations in paragraph 120 are vague, speculative, and overbroad and the Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations.

121.   The allegations in the first and second sentences of paragraph 121 are vague, speculative, and overbroad and the Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations. Applicant Intervenor-Defendants deny the allegations in the third sentence.

122.   The allegations in paragraph 122 are vague, speculative, and overbroad and the Applicant Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations.

123.   The allegations in paragraph 123 and its sub-paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

124.   The allegations in paragraph 124 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required.  To the extent a response is required, the allegations are denied.

125. The allegations in paragraph 125 consist of legal conclusions and Plaintiffs' characterization of their claims to which no response is required. To the extent a response is required, the allegations are denied.

126. The allegations in paragraph 126 consist of legal conclusions and Plaintiffs' characterization of law to which no response is required. To the extent a response is required, the allegations are denied. To the extent the allegations purport to quote and characterize the Clean Water Act, implementing regulations, and the Final Determination, they speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

127. The allegations in paragraph 127 contain a legal argument, not an assertion of fact and, therefore, do not require a response. Any factual allegations are denied.

128. The allegations in paragraph 128 contain a legal argument, not an assertion of fact and, therefore, do not require a response. Any factual allegations are denied.

129. The allegations in paragraph 129 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required. To the extent a response is required, the allegations are denied.

130. The allegations in paragraph 130 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required. To the extent a response is required, the allegations are denied.

131. The allegations in paragraph 131 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required. To the extent a response is required, the allegations are denied.

132. The allegations in paragraph 132 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required. To the extent a response is required, the allegations are denied.

133. Applicant Intervenor-Defendants admit that the EIS contains the language quoted in this paragraph but deny the context and characterization of the quote as a conclusion of the EIS. The EIS speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

134. Allegations in paragraph 134 purport to characterize and quote from the Final Determination, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

135. Allegations in paragraph 135 purport to characterize the Final Determination, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. In addition, Applicant Intervenor-Defendants deny Plaintiffs' characterization of impacts that the loss of 22 linear miles of spawning streams is a "minuscule proportion."

136.    The allegations in paragraph 136 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

137.    Allegations in paragraph 137 purport to characterize the EIS and Final Determination, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

138.    Allegations in paragraph 138 purport to characterize the EIS and Final Determination, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

139.    Allegations in paragraph 139 purport to characterize the EIS and Final Determination, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

140.    The allegations in paragraph 140 purport to quote and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context are denied.

141.    The allegations in paragraph 141 state a contention of law and legal argument, not a statement of fact and therefore, does not require a response.  To the extent a response is required, the allegations are denied.

142.    The allegations in paragraph 142 purport to quote and characterize the Final Determination which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context are denied.

143.    The allegations in paragraph 143 state a contention of law and legal argument, not a statement of fact and therefore, do not require a response.  To the extent a response is required, the allegations are denied.  The allegations also purport to characterize the Final Determination which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context are denied.

144.    The allegations in paragraph 144 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

145.    The allegations in paragraph 145 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

146.    The allegations in paragraph 146 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

## GENERAL DENIAL

Any and all allegations in the Plaintiffs' Complaint, including allegations reflected in section headings and subheadings, that are not expressly and specifically admitted above, are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim for relief on which relief may be granted.

### Second Affirmative Defense

Plaintiffs' Complaint fails to establish that some or all of its claims are ripe for judicial review.

Intervenor Defendants reserve the right to assert such other affirmative defenses as may become known or available in the course of this litigation.

## REQUEST FOR RELIEF

Intervenor Defendants request that Plaintiffs' Complaint be denied in its entirety, that Plaintiffs take nothing and are awarded no relief thereby, and that Intervenors-Defendants be awarded their costs and fees incurred in connection with defeating Plaintiffs' claims.

DATED this 17th day of May, 2024.

SUMMIT LAW GROUP PLLC
*Attorneys for Bristol Bay Economic Development Corporation*

By: *s/*_____

*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

31

James C. Feldman (AK Bar No. 1702003)
Jeffrey M. Feldman (AK Bar No. 7605029)


BESSENYEY & VAN TUYN, L.L.C.
*Attorneys for Bristol Bay Native Corporation*

By:  s/_____
Peter Van Tuyn (AK Bar No. 8911086)
Karen Schmidt (AK Bar No. 1211113)


NATIVE AMERICAN RIGHTS FUND
*Attorneys for United Tribes of Bristol Bay and*
*Commercial Fishermen for Bristol Bay*

By:  s/_____
Megan R. Condon (AK Bar No. 1810096)
Matthew N. Newman (AK Bar No. 1305023)


BRISTOL BAY NATIVE ASSOCIATION
*Attorney for Bristol Bay Native Association*

By:  s/_____
Felipe Farley (AK Bar. No. 1904029)


CASHION GILMORE & LINDEMUTH
*Attorney for Bristol Bay Regional*
*Seafood Development Association, Inc.*

By:  s/_____
Scott Kendall (AK Bar. No. 0405019)