Paul A. Werner*
Steven P. Hollman*
Abraham J. Shanedling*
Hannah J. Wigger*
Christopher L. Bauer*
Alexandra Bustamante*
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2099 Pennsylvania Avenue, Suite 100
Washington, D.C. 20006-6801
Telephone: (202) 747-1900
pwerner@sheppardmullin.com
shollman@sheppardmullin.com
ashanedling@sheppardmullin.com
hwigger@sheppardmullin.com
cbauer@sheppardmullin.com
abustamante@sheppardmullin.com

Austin Williams (AK Bar No. 0911067)
TROUT UNLIMITED
600 Clipper Ship Court
Anchorage, AK 99515
Telephone: (907) 227-1590
Austin.Williams@tu.org

*Pro hac vice application to be filed

Attorneys for Proposed Intervenor-
Defendant Trout Unlimited

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

NORTHERN DYNASTY MINERALS LTD.
and PEBBLE LIMITED PARTNERSHIP,

               Plaintiffs,

    v.

ENVIRONMENTAL PROTECTION
AGENCY,

               Defendant,

TROUT UNLIMITED,

               Intervenor-Defendant.

Case No. 3:24-cv-00059-SLG

## [PROPOSED] ANSWER OF
## PROPOSED-INTERVENOR-DEFENDANT TROUT UNLIMITED

Intervenor Defendant Trout Unlimited answers and responds to the Complaint for Declaratory Judgment and Injunctive Relief (Dkt. 1) filed by Plaintiffs Northern Dynasty Minerals Ltd. and Pebble Limited Partnership ("PLP" and collectively, "the Plaintiffs") as follows:

## **INTRODUCTION**

1.     The allegations in paragraph 1 summarize this lawsuit and no response is required.  To the extent paragraph 1 contains legal conclusions, no response is required but Trout Unlimited denies that the challenged Final Determination under Section 404(c) of the Clean Water Act ("CWA") by the U.S. Environmental Protection Agency ("EPA") is unlawful.  To the extent paragraph 1 characterizes legal authority, that authority speaks for itself, is the best evidence of content, and no response is required.

2.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 2, and on that basis denies them.

3.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 3, and on that basis denies them.

4.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 4, and on that basis denies them.

5.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 5, and on that basis denies them.

6.     The allegation in paragraph 6 characterizes the Final Determination, which speaks for itself, is the best evidence of content, and no response is required. Trout Unlimited further denies that EPA's actions were "unprecedented," given the agency has exerted its CWA authority to restrict mining on multiple occasions. To the extent paragraph 6 contains legal conclusions, no response is required.

7.     Trout Unlimited denies the allegation in paragraph 7.

8.     To the extent the allegations in paragraph 8 characterize the administrative record before the EPA, that record speaks for itself, and no response is required. Trout Unlimited otherwise denies the allegations in paragraph 8.

9.     Trout Unlimited denies the allegation in paragraph 9.

## JURISDICTION AND VENUE

10.    The allegations in paragraph 10 contain legal conclusions to which no response is required.

11.    The allegations in paragraph 11 contain legal conclusions to which no response is required.

12.    The allegations in paragraph 11 contain legal conclusions to which no response is required.

13.    Trout Unlimited is without sufficient knowledge to admit or deny the allegation in paragraph 13, and on that basis denies it.

-3-

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

## PARTIES

14.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 14, and on that basis denies them.

15.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 15, and on that basis denies them.

16.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 16, and on that basis denies them.  Trout Unlimited further denies the allegation that the EPA took any "unlawful and improper action."

## STATUTORY AND REGULATORY BACKGROUND

17.     The allegations in paragraph 17 characterize the CWA, which speaks for itself, is the best evidence of content, and no response is required.  To the extent paragraph 18 contains legal conclusions, no response is required.

18.     The allegations in paragraph 18 characterize the CWA, which speaks for itself, is the best evidence of content, and no response is required.  To the extent paragraph 18 contains legal conclusions, no response is required.

19.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 19, and on that basis denies them.

20.     The allegations in paragraph 20 characterize the legal authority of the U.S. Army Corps of Engineers ("Army Corps"), which speaks for itself, is the best evidence of

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

content, and no response is required. To the extent paragraph 20 contains legal conclusions, no response is required.

21. The allegations in paragraph 21 characterize regulatory process, which speaks for itself, is the best evidence of content, and no response is required. To the extent paragraph 21 contains legal conclusions, no response is required.

22. The allegations in paragraph 22 characterize the CWA, which speaks for itself, is the best evidence of content, and no response is required. To the extent paragraph 22 contains legal conclusions, no response is required.

## FACTUAL BACKGROUND

23. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 23, and on that basis denies them.

24. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 24, and on that basis denies them.

25. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 25, and on that basis denies them.

26. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 26, and on that basis denies them.

27. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 27, and on that basis denies them.

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

28.     The allegations in paragraph 28 characterize agency actions, which speak for themselves, are the best evidence, and no response is required.

29.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 29, and on that basis denies them. Trout Unlimited otherwise is without sufficient knowledge to admit or deny the allegations in paragraph 29, and on that basis denies them.

30.     The allegations in paragraph 30 characterize agency actions, which speak for themselves, are the best evidence, and no response is required.

31.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 31, and on that basis denies them.

32.     The allegations in paragraph 32 characterize agency actions and the administrative record, which speak for themselves, are the best evidence, and no response is required. To the extent paragraph 32 contains legal conclusions, no response is required.

33.     The allegations in paragraph 33 characterize agency actions and the administrative record, which speak for themselves, are the best evidence, and no response is required. To the extent paragraph 33 contains legal conclusions, no response is required.

34.     The allegations in paragraph 34 characterize agency actions, which speak for themselves, are the best evidence, and no response is required. To the extent paragraph 34 contains legal conclusions, no response is required.

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

35.     The allegations in paragraph 35 characterize agency actions, which speak for themselves, are the best evidence, and no response is required.  To the extent paragraph 35 contains legal conclusions, no response is required.

36.     The allegations in paragraph 36 characterize agency actions, which speak for themselves, are the best evidence, and no response is required.  To the extent paragraph 36 contains legal conclusions, no response is required.

37.     The allegations in paragraph 37 characterize agency actions, which speak for themselves, are the best evidence, and no response is required.  To the extent paragraph 37 contains legal conclusions, no response is required.

38.     The allegations in paragraph 38 characterize agency actions, which speak for themselves, are the best evidence, and no response is required.  To the extent paragraph 38 contains legal conclusions, no response is required.

39.     The allegations in paragraph 39 characterize prior litigation, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 39 contains legal conclusions, no response is required.

40.     The allegations in paragraph 40 characterize prior litigation, which speaks for itself, is the best evidence, and no response is required.

41.     The allegations in paragraph 41 characterize a permit application before the Army Corps', which speaks for itself, is the best evidence, and no response is required.

42.     The allegations in paragraph 42 characterize PLP's 2017 application, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 42 characterizes the EPA's assessment, that assessment speaks for itself, is the best evidence, and no response is required.

43.     Trout Unlimited is without sufficient knowledge to admit or deny the allegation in paragraph 43, and on that basis denies it.

44.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 44, and on that basis denies them. To the extent paragraph 44 contains legal conclusions or characterizes a regulatory process or administrative record, no response is required.

45.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 45, and on that basis denies them.

46.     Trout Unlimited is without sufficient knowledge to admit or deny the allegation in paragraph 46, and on that basis denies it.

47.     The allegations in paragraph 47 characterize the Army Corps' final environmental impact statement ("EIS") and the EPA's Assessment, which speaks for themselves, are the best evidence, and no response is required.  To the extent paragraph 47 contains legal conclusions, no response is required.  Trout Unlimited otherwise denies any mischaracterizations of the EIS and the EPA's prior administrative actions, which speak for themselves.

48.     The allegation in paragraph 48 characterizes the EIS, which speaks for itself, is the best evidence, and no response is required.

49.     The allegations in paragraph 49 characterize the EPA's MOA with the Army Corps, which speaks for itself, is the best evidence, and no response is required. The allegations in paragraph 49 also characterize the CWA, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 49 contains legal conclusions, no response is required.

50.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 50, and on that basis denies them.

51.     Trout Unlimited denies the allegation in paragraph 51.

52.     To the extent the allegations in paragraph 52 rely on apparent tweets by former President Trump, those tweets speak for themselves, and no response is required. Plaintiffs also ignore that former President Trump had previously ordered the *withdrawal* of the EPA's 2014 CWA proposed determination after meeting with Alaska Governor Mike Dunleavy (a proponent of the Pebble Mine project with close ties to PLP).[1]

---

[1] *See* Curt Devine, *Controversial mining company coached Alaska's governor to lobby White House*, CNN (Dec. 20, 2019), https://www.cnn.com/2019/12/19/politics/pebble-mine-alaska-governor-controversy-invs/index.html; Scott Bronstein, *EPA dropped salmon protection after Trump met with Alaska governor*, CNN (Aug. 9, 2019), https://www.cnn.com/2019/08/09/us/epa-alaska-pebble-mine-salmon-invs/index.html.

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

53.    The allegations in paragraph 53 characterize the Army Corps' actions, which speaks for themselves, are the best evidence, and no response is required.  To the extent paragraph 53 contains legal conclusions, no response is required.

54.    The allegations in paragraph 54 characterize the Army Corps' actions, which speaks for themselves, are the best evidence, and no response is required.  To the extent paragraph 54 contains legal conclusions, no response is required.

55.    Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 55, and on that basis denies them.

56.    The allegations in paragraph 56 characterize the Army Corps' actions and related regulatory requirements, which speaks for themselves, are the best evidence, and no response is required.  To the extent paragraph 56 contains legal conclusions, no response is required.

57.    The allegations in paragraph 57 characterize PLP's supposed compensatory mitigation plan and the Army Corps' actions, which speaks for themselves, are the best evidence, and no response is required.  To the extent paragraph 57 contains legal conclusions, no response is required.

58.    The allegations in paragraph 58 characterize the Army Corps' actions and related regulatory requirements, which speaks for themselves, are the best evidence, and no response is required.  To the extent paragraph 58 contains legal conclusions, no response is required.

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

59.     The allegations in paragraph 59 characterize an administrative record, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 59 contains legal conclusions, no response is required.

60.     The allegations in paragraph 60 characterize the EPA's actions, which speaks for themselves, are the best evidence, and no response is required.  To the extent paragraph 60 contains legal conclusions, no response is required.

61.     The allegations in paragraph 61 characterize the administrative record before the EPA, which speaks for itself, is the best evidence, and no response is required.

62.     The allegations in paragraph 62 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 62 contains legal conclusions, no response is required.

63.     The allegations in paragraph 63 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 63 contains legal conclusions, no response is required.

64.     The allegations in paragraph 64 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 64 contains legal conclusions, no response is required.

65.     The allegations in paragraph 65 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 65 contains legal conclusions, no response is required.

## THE CLAIMS

66. The allegations in paragraph 66 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 66 contains legal conclusions, no response is required.

67. The allegations in paragraph 66 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 66 contains legal conclusions, no response is required.

68. Trout Unlimited admits the allegations in paragraph 68.

69. The allegations in paragraph 69 contain legal conclusions, and no response is required.

70. The allegations in paragraph 70 characterize the CWA, which speaks for itself, is the best evidence of content, and no response is required. To the extent paragraph 70 contains legal conclusions, no response is required.

71. The allegations in paragraph 71 contain legal conclusions, and no response is required.

72. The allegations in paragraph 72 contain legal conclusions, and no response is required. Trout Unlimited otherwise denies the factual allegations in paragraph 72.

73. The allegations in paragraph 73 contain legal conclusions, and no response is required.

74. Trout Unlimited denies the allegations in paragraph 74.

75.     The allegations in paragraph 75 characterize the EPA's use of Section 404(c) and the Final Determination, which speaks for themselves, are the best evidence, and no response is required.  To the extent paragraph 75 contains legal conclusions, no response is required.

76.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 76, and on that basis denies them.  To the extent paragraph 76 contains legal conclusions, no response is required.

77.     The allegations in paragraph 77 characterize the Alaska Statehood Act, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 77 contains legal conclusions, no response is required.

78.     The allegations in paragraph 78 characterize the Alaska Statehood Act, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 78 contains legal conclusions, no response is required.

79.     The allegations in paragraph 78 characterize the Cook Inlet Land Exchange, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 78 contains legal conclusions, no response is required.

80.     The allegations in paragraph 80 characterize the Cook Inlet Land Exchange, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 80 contains legal conclusions, no response is required.

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

81. The allegations in paragraph 81 characterize the Cook Inlet Land Exchange, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 81 contains legal conclusions, no response is required. Trout Unlimited otherwise denies the factual allegations in paragraph 81.

82. The allegation in paragraph 82 characterizes the Cook Inlet Land Exchange, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 82 contains a legal conclusion, no response is required.

83. The allegations in paragraph 83 contain legal conclusions, and no response is required. Trout Unlimited nevertheless denies any claim that the Cook Inlet Land Exchange affects EPA's Final Determination.

84. The allegations in paragraph 84 characterize the Cook Inlet Land Exchange and the Alaska Statehood Act, which speaks for themselves, are the best evidence, and no response is required. To the extent paragraph 84 contains legal conclusions, no response is required.

85. The allegations in paragraph 85 characterizes the Alaska National Interest Lands Conservation Act, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 85 contains a legal conclusion, no response is required.

86. The allegations in paragraph 86 characterizes the Alaska National Interest Lands Conservation Act, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 86 contains a legal conclusion, no response is required.

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

87.     The allegations in paragraph 87 characterizes the Alaska National Interest Lands Conservation Act, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 87 contains a legal conclusion, no response is required.

88.     The allegations in paragraph 88 characterizes the Alaska National Interest Lands Conservation Act, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 88 contains a legal conclusion, no response is required.

89.     The allegations in paragraph 89 characterizes the Alaska National Interest Lands Conservation Act, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 89 contains a legal conclusion, no response is required.

90.     The allegations in paragraph 90 contain legal conclusions, and no response is required.  TU otherwise denies that the EPA's Final Determination was unlawful in any way.

91.     To the extent paragraph 91 contains a legal conclusion, no response is required.  Trout Unlimited otherwise denies the allegations in paragraph 91.

92.     Trout Unlimited denies the allegations in paragraph 92.

93.     Trout Unlimited denies the allegations in paragraph 93.

94.     The allegations in paragraph 94 characterizes the EPA's authority under the CWA, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 94 contains a legal conclusion, no response is required.

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

95.    The allegations in paragraph 95 characterize EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required.

96.    The allegations in paragraph 96 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 96 contains legal conclusions, no response is required.

97.    The allegations in paragraph 97 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 97 contains legal conclusions, no response is required.

98.    The allegations in paragraph 98 contain legal conclusions, and no response is required.

99.    Trout Unlimited denies the allegations in paragraph 99.

100.    The allegations in paragraph 100 characterizes the EPA's authority under the CWA, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 100 contains a legal conclusion, no response is required.

101.    The allegation in paragraph 101 contains a legal conclusion, and no response is required.

102.    The allegations in paragraph 102 characterizes the EPA's authority under the CWA, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 102 contains a legal conclusion, no response is required.

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

103.    The allegation in paragraph 103 contains a legal conclusion, and no response is required.

104.    The allegations in paragraph 104 characterize the EPA's use of Section 404(c) and the Final Determination, which speaks for themselves, are the best evidence, and no response is required. To the extent paragraph 104 contains legal conclusions, no response is required. Trout Unlimited otherwise denies the allegations in paragraph 104.

105.    Trout Unlimited denies the allegations in paragraph 105.

106.    Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 106, and on that basis denies them. Trout Unlimited otherwise denies that "[m]ining the Pebble Deposit would generate obvious and massive economic benefits for the United States and for Alaska."

107.    Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 107, and on that basis denies them.

108.    Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 108, and on that basis denies them.

109.    Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 109, and on that basis denies them.

110.    Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 110, and on that basis denies them.

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

111. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 111, and on that basis denies them. Trout Unlimited does deny the allegation that "[t]he Pebble mine is a critical resource . . ."

112. Trout Unlimited denies the allegations in paragraph 112.

113. Trout Unlimited denies the allegations in paragraph 113.

114. The allegations in paragraph 114 characterizes the EPA's authority under the CWA, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 114 contains a legal conclusion, no response is required.

115. The allegations in paragraph 105 contain legal conclusions, and no response is required.

116. The allegations in paragraph 116 characterize the EPA's use of Section 404(c) and the Final Determination, which speaks for themselves, are the best evidence, and no response is required. To the extent paragraph 116 contains legal conclusions, no response is required.

117. The allegations in paragraph 117 characterize the EPA's use of Section 404(c) and the Final Determination, which speaks for themselves, are the best evidence, and no response is required. To the extent paragraph 117 contains legal conclusions, no response is required. Trout Unlimited otherwise denies that EPA's "assessment was itself arbitrary and capricious."

-18-

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

118.   The allegations in paragraph 118 characterize the EPA's use of Section 404(c) and the Final Determination, which speaks for themselves, are the best evidence, and no response is required.  To the extent paragraph 118 contains legal conclusions, no response is required.

119.   Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 119, and on that basis denies them.

120.   Trout Unlimited is without sufficient knowledge to admit or deny the allegations in the first sentence of paragraph 120, and on that basis denies them.  Trout Unlimited denies the allegations in the second sentence of paragraph 120.

121.   The allegations in paragraph 121 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 121 contains legal conclusions, no response is required.

122.   Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 122, and on that basis denies them.

123.   The allegations in paragraph 123 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 123 contains legal conclusions, no response is required.  Trout Unlimited denies any allegation in paragraph 123 and each of its subparts that EPA's Final Determination was arbitrary and capricious.

124.   Trout Unlimited denies the allegations in paragraph 124.

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

125.     Trout Unlimited denies the allegations in paragraph 125.

126.     The allegations in paragraph 126 characterize the CWA and the Final Determination, which speaks for themselves, are the best evidence, and no response is required.  To the extent paragraph 126 contains legal conclusions, no response is required.

127.     The allegations in paragraph 127 characterize the CWA, which speaks for themselves, are the best evidence, and no response is required.  To the extent paragraph 127 contains legal conclusions, no response is required.

128.     Trout Unlimited denies the allegations in paragraph 128.

129.     The allegation in paragraph 129 characterizes the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 129 contains a legal conclusion, no response is required.  Trout Unlimited otherwise denies the allegations in paragraph 129.

130.     Trout Unlimited denies the allegations in paragraph 130.

131.     Trout Unlimited denies the allegations in paragraph 131.

132.     Trout Unlimited denies the allegations in paragraph 132.

133.     The allegation in paragraph 132 characterizes the Army Corps' EIS, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 132 contains a legal conclusion, no response is required.

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

134. The allegation in paragraph 134 characterizes the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 134 contains a legal conclusion, no response is required.

135. The allegation in paragraph 135 characterizes the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 135 contains a legal conclusion, no response is required.

136. Trout Unlimited denies the allegations in paragraph 136.

137. The allegation in paragraph 137 characterizes the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 137 contains a legal conclusion, no response is required. Trout Unlimited otherwise denies the allegations in paragraph 137.

138. The allegation in paragraph 138 characterizes the EPA's Final Determination and the Army Corps' EIS, which speaks for themselves, are the best evidence, and no response is required. To the extent paragraph 138 contains a legal conclusion, no response is required.

139. The allegation in paragraph 139 characterizes the EPA's Final Determination and the Army Corps' EIS, which speaks for themselves, are the best evidence, and no response is required. To the extent paragraph 139 contains a legal conclusion, no response is required.

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

140. The allegation in paragraph 140 characterizes the EPA's authority under Section 404(c), which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 140 contains a legal conclusion, no response is required.

141. The allegation in paragraph 141 characterizes the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 141 contains a legal conclusion, no response is required. Trout Unlimited otherwise denies the allegation that the EPA in any way "flout[ed]" its statutory authority.

142. The allegation in paragraph 142 characterizes the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 142 contains a legal conclusion, no response is required. Trout Unlimited otherwise denies the allegations in paragraph 142.

143. The allegation in paragraph 143 characterizes the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 143 contains a legal conclusion, no response is required.

144. Trout Unlimited denies the allegations in paragraph 144.

145. The allegation in paragraph 145 characterizes the requirements of Section 404(c), which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 145 contains a legal conclusion, no response is required. Trout Unlimited otherwise denies the allegations in paragraph 145.

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

146.    The allegation in paragraph 146 characterizes the requirements of Section 404(c), which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 146 contains a legal conclusion, no response is required.  Trout Unlimited otherwise denies the allegations in paragraph 146.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint constitute the Plaintiffs' Prayer for Relief to which no response is required.  To the extent that a response is required, Trout Unlimited denies that the Plaintiffs are entitled to any of the equitable and legal relief they request, including costs and attorneys fees.

## GENERAL DENIAL

Trout Unlimited denies any and all allegations in the Plaintiffs' Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

Trout Unlimited further answers the Plaintiffs' Complaint by asserting the following affirmative defenses

1.    The Plaintiffs fail to state a claim upon which relief can be granted.

2.    The Plaintiffs' claims are not ripe for adjudication because the State of Alaska has not, and may never, approve the requisite state-level permits to build and operate the proposed mine.  Therefore, the Plaintiffs' purported economic harms are, at best, speculative and hypothetical.

-23-

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

3.      To the extent the Plaintiffs raise issues or claims that were not timely presented to the EPA during the relevant rulemaking process leading up to the Final Determination, those issues or claims are barred for failure to exhaust administrative remedies.

4.      Plaintiffs' claims are barred to the extent its statements to the EPA concerning the size, scope, and mitigation measures of its proposed mine were false, misleading, and/ or not supported by the evidence.

5.      The Plaintiffs' claims are barred because the EPA's Final Determination is consistent with the CWA.

6.      The Plaintiffs' claims are barred because the EPA acted well within its statutory authority and discretion when it issued the Final Determination.

7.      The Plaintiffs' claims are barred because the EPA reasonably exercised its discretion and faithfully carried out its legislative mandate and authority under the CWA.

8.      The Plaintiffs' claims are barred because the EPA faithfully followed the requisite procedures to issue the Final Determination.

9.      The Plaintiffs' claims are barred because the EPA's Final Determination is supported by substantial evidence.

10.     PLP's claims are barred because they violate public policy.

*       *       *

-24-

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

Trout Unlimited reserves the right to amend and/ or supplement these affirmative defenses as appropriate.

## REQUEST FOR RELIEF

Having fully answered the allegations in the Complaint, Trout Unlimited respectfully requests that the Court enter judgment against the Plaintiffs as follows:

(1) A final judgment dismissing with prejudice the claims alleged in the Complaint.

(2) A final judgment awarding such other and further relief as the Court may deem just and proper under the circumstances.

-25-

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG

Dated: May 17, 2024          Respectfully submitted,

By: *s/ Austin Williams*

Austin Williams (AK Bar No. 0911067)
TROUT UNLIMITED
600 Clipper Ship Court
Anchorage, AK 99515
Telephone: (907) 227-1590
Austin.Williams@tu.org

Paul A. Werner*
Steven P. Hollman*
Abraham J. Shanedling*
Hannah J. Wigger*
Christopher L. Bauer*
Alexandra Bustamante*
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, Suite 100
Washington, D.C. 20006-6801
Telephone: (202) 747-1900
pwerner@sheppardmullin.com
shollman@sheppardmullin.com
ashanedling@sheppardmullin.com
hwigger@sheppardmullin.com
cbauer@sheppardmullin.com
abustamante@sheppardmullin.com

*Pro hac vice* application to be filed

*Attorneys for Proposed Intervenor-Defendant*
*Trout Limited*

-26-

*Northern Dynasty Minerals et al. v. EPA*, Case No. 3:24-cv-00059-SLG