Siobhan McIntyre (AK Bar No. 1206050)
Teresa B. Clemmer (AK Bar No. 0111059)
Joanna Cahoon (AK Bar No. 1405034)
TRUSTEES FOR ALASKA
121 West Fireweed Lane, Suite 105
Anchorage, AK 99503
Phone: (907) 276-4244
smcintyre@trustees.org
tclemmer@trustees.org
jcahoon@trustees.org

*Attorneys for Applicant Intervenor-
Defendants SalmonState, Alaska
Community Action on Toxics, Alaska
Wilderness League, Alaska Wildlife
Alliance, Cook Inletkeeper, Friends of
McNeil River, Kachemak Bay
Conservation Society, National Parks
Conservation Association, National
Wildlife Federation, Sierra Club, The
Alaska Center, and Wild Salmon Center*

Erin Colón (AK Bar No. 1508067)
Charisse Arce (AK Bar No. 2303017)
EARTHJUSTICE
441 West 5th Avenue, Suite 301
Anchorage, AK 99501
Phone: (907) 277-2500
ecolon@earthjustice.org
carce@earthjustice.org

*Attorneys for Applicant Intervenor-
Defendants Center for Biological Diversity,
Earthworks, and Friends of the Earth*

Jacqueline Iwata (*pro hac vice* pending)
Thomas Zimpleman (*pro hac vice* pending)
NATURAL RESOURCES DEFENSE
COUNCIL
1152 15th St. NW, Suite 300
Washington, DC 20005
Phone: (202) 289-6868
jiwata@nrdc.org
tzimpleman@nrdc.org

Joel Reynolds (*pro hac vice* pending)
NATURAL RESOURCES DEFENSE
COUNCIL
1314 2nd St.
Santa Monica, CA 90401
Phone: (310) 434-2300
jreynolds@nrdc.org

*Attorneys for Applicant Intervenor-
Defendant Natural Resources Defense
Council*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

NORTHERN DYNASTY
MINERALS LTD. and PEBBLE
LIMITED PARTNERSHIP,

Plaintiffs,

Case No. 3:24-cv-00059-SLG

v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY,

Defendant.

**[PROPOSED] ANSWER OF APPLICANT INTERVENOR-DEFENDANTS
SALMONSTATE, ALASKA COMMUNITY ACTION ON TOXICS, ALASKA
WILDERNESS LEAGUE, ALASKA WILDLIFE ALLIANCE, COOK
INLETKEEPER, FRIENDS OF MCNEIL RIVER, KACHEMAK BAY
CONSERVATION SOCIETY, NATIONAL PARKS CONSERVATION
ASSOCIATION, NATIONAL WILDLIFE FEDERATION, SIERRA CLUB, THE
ALASKA CENTER, WILD SALMON CENTER, CENTER FOR BIOLOGICAL
DIVERSITY, EARTHWORKS, FRIENDS OF THE EARTH, AND NATURAL
RESOURCES DEFENSE COUNCIL TO NORTHERN DYNASTY MINERALS
LTD. AND PEBBLE LIMITED PARTNERSHIP'S COMPLAINT**

Intervenor-Defendants SalmonState, Alaska Community Action on Toxics, Alaska

Wilderness League, Alaska Wildlife Alliance, Cook Inletkeeper, Friends of McNeil

River, Kachemak Bay Conservation Society, National Parks Conservation Association,

National Wildlife Federation, Sierra Club, The Alaska Center, Wild Salmon Center,

Center for Biological Diversity, Earthworks, Friends of the Earth, and Natural Resources

Defense Council, (collectively "Intervenor-Defendants") hereby answer the Complaint

filed by Plaintiffs Northern Dynasty Minerals Ltd. and Pebble Limited Partnership

(collectively "Plaintiffs") in the above-captioned action on March 15, 2024. ECF 1.

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 2 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 32-33     Filed 05/17/24     Page 2 of 36

## GENERAL DENIAL

Intervenor-Defendants deny all factual allegations in the Complaint, whether express or implied, including any allegations reflected in the Complaint's section headings, that are not expressly admitted, denied, or qualified below.

## PREAMBLE

The allegations in the first, unnumbered paragraph of Plaintiffs' Complaint constitute Plaintiffs' characterization of their case, and no response is required. To the extent a response is required, the allegations are denied.

## INTRODUCTION

1.      Paragraph 1 states Plaintiffs' characterization of their claims and requested relief and therefore does not require a response. To the extent the allegations of Paragraph 1 suggest the United States Environmental Protection Agency's ("EPA") actions were unlawful, unreasonable, or improper, Intervenor-Defendants deny them. Intervenor-Defendants also deny that Plaintiffs are entitled to any relief.

2.      Intervenor-Defendants, on information and belief, admit that the Pebble deposit is a deposit of copper and other minerals in southwestern Alaska. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis deny them.

3.      Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3, and on that basis deny them.

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 3 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

4.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4, and on that basis deny them.

5.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5, and on that basis deny them.

6.     The first sentence of Paragraph 6 constitutes characterizations of the case and legal conclusions, and no response is required. The remaining allegations constitute Plaintiffs' characterization of EPA's Final Determination pursuant to Section 404(c) of the Clean Water Act, 88 Fed. Reg. 7,441 (Feb. 3, 2023) ("Final Determination"). The Final Determination provides the best evidence of its contents. To the extent a response is required, Intervenor-Defendants deny the allegations. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the last sentence of Paragraph 6, and on that basis deny them.

7.     Denied.

8.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8, and on that basis deny them. Paragraph 8 also contains characterizations of the case and legal conclusions to which no response is required. The administrative record provides the best evidence of its contents. To the extent a response is required, Intervenor-Defendants deny the allegations.

9.     Intervenor-Defendants deny the allegations in the first and second sentences of Paragraph 9. The remaining sentence of Paragraph 9 constitutes Plaintiffs' prayer for

relief to which no response is required. Intervenor-Defendants deny that Plaintiffs are entitled to any relief whatsoever.

## JURISDICTION AND VENUE

10.     Paragraph 10 states legal conclusions to which no response is required.

11.     Paragraph 11 states legal conclusions to which no response is required.

12.     The first sentence of Paragraph 12 states a legal conclusion to which no response is required. The allegations in the second sentence of Paragraph 12 constitute characterizations of the case and legal conclusions, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

13.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and on that basis deny them.

## PARTIES

14.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and on that basis deny them.

15.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15, and on that basis deny them.

16.     Intervenor-Defendants admit EPA is an agency of the United States government headquartered in the District of Columbia and that it took the action that is the subject matter of the Complaint. Intervenor-Defendants deny the allegation that EPA's actions were unlawful or improper.

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 5 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 32-33     Filed 05/17/24     Page 5 of 36

## STATUTORY AND REGULATORY BACKGROUND

17.     To the extent Paragraph 17 characterizes the Clean Water Act and congressional history, the statute and congressional history provide the best evidence of their contents, and no response is required. Any allegations contrary to their plain language, meaning, and context are denied.

18.     Paragraph 18 characterizes sections of the Clean Water Act. The statute provides the best evidence of its content, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

19.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of Paragraph 19, and on that basis deny them. Intervenor-Defendants admit that mining at the Pebble deposit will involve the discharge of waste rock and tailings in areas that include streams.

20.     Paragraph 20 characterizes Section 404 of the Clean Water Act. The statute provides the best evidence of its content, and no response is required. Any allegations contrary to the statute's plain language, meaning, and context are denied.

21.     Paragraph 21 states characterizations and legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 6 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 32-33     Filed 05/17/24     Page 6 of 36

22.     Paragraph 22 characterizes Section 404(c) of the Clean Water Act. The statute provides the best evidence of its contents, and no response is required. Any allegations contrary to the statute's plain language, meaning, and context are denied.

## FACTUAL BACKGROUND

23.     Intervenor-Defendants admit that the Pebble deposit is located about 200 miles southwest of Anchorage, Alaska, and that the closest inhabited communities are Iliamna, Newhalen, and Nondalton. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 23, and on that basis deny them.

24.     Paragraph 24 states legal conclusions to which no response is required.

25.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25, and on that basis deny them. The third sentence of Paragraph 25 also states legal conclusions to which no response is required.

26.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26, and on that basis deny them.

27.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27, and on that basis deny them.

28.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, and on that basis deny them.

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 7 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 32-33     Filed 05/17/24     Page 7 of 36

29.     Intervenor-Defendants admit that various parties petitioned EPA to use its authority under Section 404(c) of the Clean Water Act to protect the Bristol Bay watershed from large-scale mining at the Pebble deposit. The remaining allegations in Paragraph 29 are denied.

30.     Intervenor-Defendants admit EPA prepared the Bristol Bay Watershed Assessment evaluating the impacts of large-scale mining in Bristol Bay. Plaintiffs' characterization of the Bristol Bay Watershed Assessment requires no response, as the document is the best evidence of its contents. Intervenor-Defendants deny that EPA's actions were premature or otherwise improper or unlawful.

31.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 and on that basis deny them. To the extent the allegations in Paragraph 31 state legal conclusions, no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

32.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and on that basis deny them. The administrative record is the best evidence of its content. To the extent the allegations in Paragraph 32 state characterizations and legal conclusions, no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

33.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33, and on that basis deny them. To

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 8 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 32-33     Filed 05/17/24     Page 8 of 36

the extent the allegations in Paragraph 33 state characterizations and legal conclusions, no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

34.     Intervenor-Defendants deny the allegations in the first sentence of Paragraph 34. Intervenor-Defendants admit EPA issued its final Bristol Bay Watershed Assessment (Assessment) in January 2014. The Assessment is the best evidence of its content. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 34, and on that basis deny them. Plaintiffs' characterizations and legal conclusions in Paragraph 34 require no response. To the extent a response is required, Intervenor-Defendants deny the allegations.

35.     The allegations in the first and second sentence of Paragraph 35 constitute Plaintiffs' characterization of the Assessment, which requires no response, as the document is the best evidence of its contents. The allegations in the third sentence of Paragraph 35 state a legal conclusion, which requires no response. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 35, and on that basis deny them. Intervenor-Defendants deny the allegations in the fourth sentence of Paragraph 35.

36.     The allegations in Paragraph 36 constitute Plaintiffs' characterization of the Assessment, which requires no response, as the document is the best evidence of its

content. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 36.

37.     Intervenor-Defendants admit EPA published its Proposed Determination in July 2014 pursuant to Section 404(c) of the Clean Water Act ("Proposed Determination"). Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 37, and on that basis deny them. The allegations in the third sentence of Paragraph 37 constitute Plaintiffs' characterization of the Proposed Determination, which requires no response, as the document is the best evidence of its content. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 37.

38.     The allegations of Paragraph 38 state Plaintiffs' characterization of the Proposed Determination, which requires no response, as the Proposed Determination provides the best evidence of its contents. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that compensatory mitigation is commonplace, and on that basis denies it. To the extent the allegations of Paragraph 38 state legal conclusions, no response is required.

39.     Intervenor-Defendants admit that the Pebble Limited Partnership challenged EPA's 2014 Proposed Determination in a series of lawsuits, which brought EPA's Section 404(c) review process to a halt. *See* Order on Preliminary Injunction, *PLP v. EPA*, No. 3:14-cv-0171-HRH (D. Alaska Nov. 25, 2014), ECF No. 90. To the extent

the allegations in the second and third sentence of Paragraph 39 characterize Plaintiffs' allegations and the proceedings or district court's orders in these cases, the decision, pleadings, proceedings, and record in these cases provide the best evidence of their contents and no response is required. Any allegations contrary to their plain language, meaning, and context are denied.

40.     Intervenor-Defendants admit that the Pebble Limited Partnership and EPA settled litigation regarding the 2014 Proposed Determination. To the extent the allegations in Paragraph 40 purport to characterize the settlement agreement, the settlement agreement provides the best evidence of its content, and no response is required. Any allegations contrary to their plain language, meaning, and context are denied.

41.     Intervenor-Defendants admit that, in December 2017, the Pebble Limited Partnership submitted a permit application under Section 404(b) of the Clean Water Act to the U.S. Army Corps of Engineers ("Army Corps"). To the extent the allegations in Paragraph 41 purport to characterize the permit application, the permit application speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 concerning the intentions or plans of Pebble Limited Partnership, and on that basis deny them.

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 11 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 32-33     Filed 05/17/24     Page 11 of 36

42. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42, and on that basis deny them. To the extent the allegations of Paragraph 42 constitute Plaintiffs' characterization of its permit application, prior conceptual plans, and the Assessment, no response is required, as the documents provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

43. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43, and on that basis deny them.

44. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44, and on that basis deny them. The allegation in the first sentence of Paragraph 44 is also vague and ambiguous. The allegations in the second sentence state legal conclusions to which no response is required. The allegations in the third sentence of Paragraph 44 appear to characterize the 2018 Memorandum of Agreement between the U.S. Department of the Army and EPA concerning Mitigation Sequence for Wetlands in Alaska under Section 404 of the Clean Water Act ("2018 MOA"). The 2018 MOA provides the best evidence of its contents, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

45. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45, and on that basis deny them. The

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 12 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 32-33     Filed 05/17/24     Page 12 of 36

allegations in the first sentence of Paragraph 45 are also vague and ambiguous. Plaintiffs' characterization, generally, of mitigation of dredged wetlands in Alaska, requires no response. To the extent the allegations in Paragraph 45 state legal conclusions, no response is required. The allegations in the second sentence of Paragraph 45 constitute Plaintiffs' characterization of the 2018 MOA. The 2018 MOA provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

46. Denied.

47. Intervenor-Defendants admit that the Army Corps released the Pebble Project Final Environmental Impact Statement (FEIS) in July 2020. 85 Fed. Reg. 44,890 (July 24, 2020). Plaintiffs' characterizations of the FEIS, permit application, Proposed Determination, and Assessment, require no response, as the documents provide the best evidence of their content. Any allegations contrary to their plain language, meaning, and context are denied. The remaining allegations of Paragraph 47 state legal conclusions to which no response is required.

48. The allegations in Paragraph 48 are vague and ambiguous. Intervenor-Defendants deny the allegations on that basis.

49. The allegations of Paragraph 49 constitute Plaintiffs' characterization of the 1992 Clean Water Act 404(q) Memorandum of Agreement between EPA and the U.S. Department of the Army ("404(q) MOA"). The 404(q) MOA provides the best evidence

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 13 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

of its content, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

50.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50, and on that basis deny them.

51.     Denied.

52.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52, and on that basis deny them.

53.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53, and on that basis deny them.

54.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54, and on that basis deny them. Intervenor-Defendants deny the allegations in the last sentence of Paragraph 54 that imply the Army Corps adjudication was not impartial or otherwise improper.

55.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55, and on that basis deny them.

56.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56, and on that basis deny them. To the extent the second and third sentences of Paragraph 56 characterize Section 404 of the Clean Water Act, the statute provides the best evidence of its content, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 14 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 32-33     Filed 05/17/24     Page 14 of 36

57. Intervenor-Defendants deny the allegation in the first sentence of Paragraph 57 that the final compensatory mitigation plan addressed the Army Corps' concerns. Intervenor-Defendants admit the Army Corps issued a Record of Decision on November 20, 2020 and a denial letter to the Pebble Limited Partnership on November 25, 2020. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 57, and on that basis deny them.

58. Denied.

59. Intervenor-Defendants admit the allegation in the first sentence of Paragraph 59. Intervenor-Defendants admit the permit denial was remanded to the Alaska District of the Army Corps. To the extent Paragraph 59 alleges there were deficiencies in the Alaska District's reasoning, such allegations are denied. Intervenor-Defendants deny the allegation in the third sentence of Paragraph 59 that the reconsideration remains pending and aver, on information and belief, that a Special Public Notice was issued by the Alaska District of the Army Corps denying Plaintiffs' permit application without prejudice on April 15, 2024.

60. Intervenor-Defendants admit that, in May of 2022, EPA published a revised Proposed Determination pursuant to Section 404(c) of the Clean Water Act. 87 Fed. Reg. 32, 021 (May 26, 2022). Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 60, and on that basis deny them. The remaining allegations of Paragraph 60 state

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 15 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

characterizations and legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations. Intervenor-Defendants deny all allegations in Paragraph 60 suggesting EPA's decisionmaking process was flawed, outlandish, or otherwise unlawful or improper.

61.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61, and on that basis deny them.

62.     Intervenor-Defendants admit that EPA issued a Final Determination in 2023. Paragraph 62 characterizes the Final Determination, and no response is required. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

63.     Paragraph 63 characterizes the Final Determination. The Final Determination provides the best evidence of its contents, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants deny the allegations in Paragraph 63 suggesting EPA's decision was overbroad or otherwise unlawful or improper.

64.     The allegations of Paragraph 64 state legal conclusions to which no response is required. To the extent Paragraph 64 characterizes the Final Determination, the Final Determination provides the best evidence of its contents, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 16 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 32-33     Filed 05/17/24     Page 16 of 36

Intervenor-Defendants deny the allegations in Paragraph 64 suggesting EPA's decision was unreasonable, unlawful, or improper.

65.     Intervenor-Defendants admit the allegation in the first sentence of Paragraph 65 that streams occur across the Pebble deposit area. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 concerning the practicability of mining and EPA's understanding, and on that basis deny them. The remaining allegations of Paragraph 65 state legal conclusions to which no response is required. Intervenor-Defendants deny the allegations in Paragraph 65 suggesting EPA's decision was overbroad or otherwise unlawful or improper.

## THE CLAIMS

66.     The allegations of Paragraph 66 state characterizations and legal conclusions to which no response is required.

67.     The allegation in the first sentence of Paragraph 67 states a legal conclusion to which no response is required. The remaining allegations characterize the Final Determination. The Final Determination provides the best evidence of its contents, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied. To the extent the allegations in Paragraph 67 suggest EPA's decision was overbroad or otherwise unlawful or improper, Intervenor-Defendants deny them.

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 17 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 32-33     Filed 05/17/24     Page 17 of 36

68. The allegations of Paragraph 68 state legal conclusions to which no response is required.

69. The allegations in the first and last sentences of Paragraph 68 state legal conclusions to which no response is required. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 69, and on that basis deny them.

70. The allegations in Paragraph 70 state legal conclusions to which no response is required.

71. The allegations in Paragraph 71 state legal conclusions to which no response is required. Intervenor-Defendants deny the allegation that the Final Determination is defective.

72. The allegation in the first sentence of Paragraph 72 states a legal conclusion to which no response is required. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 72, and on that basis deny them. The remaining allegations in Paragraph 72 state characterizations and legal conclusions to which no response is required. Intervenor-Defendants deny the allegations in the last sentence of Paragraph 72. To the extent the allegations in Paragraph 72 suggest EPA's decision was overbroad or otherwise unlawful or improper, Intervenor-Defendants deny them.

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 18 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG    Document 32-33    Filed 05/17/24    Page 18 of 36

73.     The allegations in Paragraph 73 state characterizations and legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 73 are denied.

74.     Denied.

## CLAIM A

75.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 75, and on that basis deny them. The remaining allegations of Paragraph 75 state characterizations and legal conclusions to which no response is required. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the allegations concerning the intent and effects of the Final Determination and other 404(c) determinations, and on that basis deny them. Intervenor-Defendants deny the allegations that the Final Determination disregarded facts and circumstances and is unlawful.

76.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76, and on that basis deny them.

77.     The allegations of Paragraph 77 constitute legal conclusions and characterizations of the Alaska Statehood Act, one U.S. Supreme Court decision, and one Alaska Supreme Court decision, to which no response is required. The Alaska Statehood Act, and the Courts' decisions provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 19 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

78.    The allegations of Paragraph 78 state legal conclusions to which no response is required. The Statehood Act provides the best evidence of its contents, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

79.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 79, and on that basis deny them. The remaining allegations of Paragraph 79 are Plaintiffs' characterization of the Terms and Conditions for Land Consolidation and Management in Cook Inlet Area ("Cook Inlet Land Exchange"), which require no response. The Cook Inlet Land Exchange provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

80.    Paragraph 80 characterizes the Cook Inlet Land Exchange and provides legal conclusions, to which no response is required. The Cook Inlet Land Exchange provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the last sentence of Paragraph 80, and on that basis deny them.

81.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 81, and on that basis deny them. These allegations also state characterizations and legal

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 20 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

conclusions to which no response is required. Intervenor-Defendants deny Plaintiffs' allegations in the last sentence of Paragraph 81.

82.     The allegations of Paragraph 82 constitute Plaintiffs' characterization of the Cook Inlet Land Exchange. The Cook Inlet Land Exchange provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

83.     The allegations of Paragraph 83 state legal conclusions to which no response is required.

84.     The allegations of Paragraph 84 constitute Plaintiffs' characterization of and legal conclusions concerning the Cook Inlet Land Exchange and the Alaska Statehood Act to which no response is required. The Cook Inlet Land Exchange and the Alaska Statehood Act provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations in Paragraph 84 are also vague, ambiguous, and incomplete, and on that basis they are denied.

85.     Intervenor-Defendants admit Congress enacted the Alaska National Interest Lands Conservation Act (ANILCA), 16 U.S.C § 3101 *et seq.*, in 1980. To the extent Paragraph 85 characterizes ANILCA, the statute provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The last sentence of Paragraph 85 states characterizations and legal conclusions to which

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 21 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 32-33     Filed 05/17/24     Page 21 of 36

no response is required. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88 concerning geographic areas, and on that basis deny them.

86. Paragraph 86 characterizes ANILCA section 3101(d), and no response is required. The statute provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

87. Paragraph 87 characterizes and provides legal conclusions concerning ANILCA section 3213(a), and no response is required. The statute provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

88. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88, and on that basis deny them.

89. Paragraph 89 states legal conclusions to which no response is required. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 89, and on that basis deny them.

90. Intervenor-Defendants deny the allegations in the first and third sentences of Paragraph 90. The second sentence of Paragraph 90 states a legal conclusion to which no response is required. To the extent the allegations in this sentence suggest EPA's

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 22 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG    Document 32-33    Filed 05/17/24    Page 22 of 36

decision was overbroad or otherwise unlawful or improper, Intervenor-Defendants deny them.

91.     Denied.

92.     The allegations of Paragraph 92 constitute Plaintiffs' characterization of and legal conclusions concerning EPA's actions and the Final Determination, to which no response is required. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. To the extent the allegations of Paragraph 92 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

93.     Denied.

94.     The first sentence of Paragraph 94 characterizes and provides legal conclusions concerning Section 404(c) of the Clean Water Act and the implementing regulations, and no response is required. 33 U.S.C. § 1344(c); 40 C.F.R. § 231 *et seq.* The statute and regulations provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. Intervenor-Defendants deny the allegations in the second and third sentences of Paragraph 94.

95.     Paragraph 95 characterizes the Final Determination and provides legal conclusions, to which no response is required. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 23 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

96.     Paragraph 96 characterizes the Final Determination. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The second sentence of Paragraph 96 states a legal conclusion to which no response is required. To the extent the allegations in Paragraph 96 suggest EPA's action were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

97.     Paragraph 97 characterizes the Final Determination, to which no response is required. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The second sentence of Paragraph 97 states a legal conclusion to which no response is required. To the extent the allegations in Paragraph 97 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

98.     Denied.

99.     Denied.

100.     Denied. To the extent Paragraph 100 characterizes and provides legal conclusions concerning Section 404(c) of the Clean Water Act, the statute provides the best evidence of its contents, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

101.     Paragraph 101 states characterizations and legal conclusions to which no response is required.

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 24 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

102.    Paragraph 102 states legal conclusions to which no response is required. To the extent the allegations in Paragraph 102 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

103.    Paragraph 103 states characterizations and legal conclusions to which no response is required. To the extent the allegations in Paragraph 103 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

104.    Intervenor-Defendants deny the allegation in the first sentence of Paragraph 104. The remaining allegations of Paragraph 104 state characterizations and legal conclusions to which no response is required. To the extent the allegations in Paragraph 104 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

**CLAIM B**

105.    Denied.

106.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 106, and on that basis deny them.

107.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 107, and on that basis deny them.

108.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 108, and on that basis deny them.

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 25 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 32-33     Filed 05/17/24     Page 25 of 36

109.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 109, and on that basis deny them.

110.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 110, and on that basis deny them.

111.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 111, and on that basis deny them. The last sentence of Paragraph 111 states a legal conclusion concerning what constitutes a "critical" mineral resource to which no response is required. To the extent a response is required, the allegations are denied.

112.    The allegations in Paragraph 112 state characterizations and legal conclusions to which no response is required. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 112 concerning the effects of the Final Determination, and on that basis deny them.

113.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 113 concerning the effects of Pebble resources and mining, and on that basis deny them.

114.    The first sentence of Paragraph 114 states a legal conclusion to which no response is required. To the extent the second sentence characterizes Section 404(c) of the Clean Water Act, the statute provides the best evidence of its contents, and no response is required. Any allegations contrary to its plain language, meaning, and context

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 26 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 32-33     Filed 05/17/24     Page 26 of 36

are denied. To the extent the allegations in Paragraph 114 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

115. The allegations in Paragraph 115 state legal conclusions to which no response is required. To the extent the allegations in Paragraph 115 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

116. The allegation in the first sentence of Paragraph 116 is vague and ambiguous. Intervenor-Defendants therefore lack sufficient knowledge or information to form a belief as to the truth of the allegation in the first sentence of Paragraph 116, and on that basis denies it. The second sentence of Paragraph 116 characterizes the Clean Water Act and the legislative history. The statute and the legislative history provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The remaining allegations of Paragraph 116 state characterizations and legal conclusions, to which no response is required. To the extent the third and fourth sentences characterize the Supreme Court's decision in *Michigan v. EPA*, 576 U.S. 743 (2015) and the Final Determination, the Court's decision and the Final Determination provide the best evidence of their contents. Any allegations contrary to its plain language, meaning, and context are denied. To the extent the allegations in Paragraph 116 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 27 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG    Document 32-33    Filed 05/17/24    Page 27 of 36

117. Paragraph 117 characterizes the Final Determination, and no response is required. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants deny the allegation in the second sentence of Paragraph 117.

118. The allegations in Paragraph 118 are vague and ambiguous. Intervenor-Defendants therefore lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 118, and on that basis deny them. To the extent the allegations in Paragraph 118 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

119. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 119, and on that basis deny them.

120. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 120, and on that basis deny them. The allegation in the second sentence of Paragraph 120 states a legal conclusion to which no response is required. To the extent the allegations in Paragraph 120 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

121. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121, and on that basis deny them. To the extent the allegations in Paragraph 121 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint        Page 28 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG    Document 32-33    Filed 05/17/24    Page 28 of 36

122.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 122, and on that basis deny them. To the extent the allegations in Paragraph 122 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

123.    Denied.

123.a. The allegations in this subparagraph characterize EPA's actions, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

123.b. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of the first sentence of this subparagraph, and on that basis deny them. The administrative record is the best evidence of its contents. The remaining allegations state legal conclusions to which no response is required. Intervenor-Defendants deny that EPA acted "arbitrarily" or otherwise in an unlawful or improper manner.

123.c. The first sentence of this subparagraph characterizes EPA's action, and no response is required. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second and third sentences of this subparagraph, and on that basis deny them. The allegation in the last sentence of this subparagraph states a legal conclusion to which no response is required. Intervenor-

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 29 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG    Document 32-33    Filed 05/17/24    Page 29 of 36

Defendants deny that EPA acted "arbitrarily" or otherwise in an unlawful or improper manner.

124. Denied.

125. Denied.

126. Intervenor-Defendants admit the allegations in the first and second sentences of Paragraph 126. The third sentence of Paragraph 126 characterizes the Final Determination, and no response is required. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The last sentence of Paragraph 126 states a legal conclusion to which no response is required. To the extent the allegations in Paragraph 126 suggest EPA's legal interpretations or actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

127. Paragraph 127 characterizes the Supreme Court's decision in *Sackett v. EPA*, 598 U.S. 651 (2023), and no response is required. The Court's decision provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The last sentence of Paragraph 127 states a legal conclusion to which no response is required.

128. Paragraph 128 characterizes the Final Determination and states legal conclusions to which no response is required. The Final Determination is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 30 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG    Document 32-33    Filed 05/17/24    Page 30 of 36

context are denied. To the extent a response is required, Intervenor-Defendants deny the allegations. Intervenor-Defendants deny that EPA overstated discharges or otherwise acted in an unreasonable, unlawful, or improper manner.

129.    Paragraph 129 characterizes EPA's actions and states legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations. Intervenor-Defendants deny EPA improperly counted discharges or otherwise acted in an unreasonable, unlawful, or improper manner.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Paragraph 133 characterizes the FEIS, and no response is required. The FEIS provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

134.    Paragraph 134 characterizes the Final Determination, and no response is required. The Final Determination provides the best evidence of its contents.

135.    The first sentence of Paragraph 135 characterizes the Final Determination. The Final Determination provides the best evidence of its contents. The second sentence of Paragraph 135 states a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations. Intervenor-

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 31 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 32-33     Filed 05/17/24     Page 31 of 36

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 135 concerning stream availability, and on that basis deny them.

136.    The first sentence of Paragraph 136 characterizes the FEIS and Final Determination and states legal conclusions to which no response is required. The FEIS and Final Determination provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. To the extent a response is required, Intervenor-Defendants deny the allegations. Intervenor-Defendants deny the allegation in the last sentence of Paragraph 136.

137.    The first sentence of Paragraph 137 characterizes the FEIS and the Final Determination, and no response is required. The FEIS and the Final Determination provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.  The remaining allegations state legal conclusions to which no response is required. Intervenor-Defendants deny that EPA's action contravened its findings or was otherwise unreasonable, unlawful, or improper.

138.    Paragraph 138 characterizes the FEIS and the Final Determination, and no response is required. The FEIS and the Final Determination provide the best evidence of their contents.

139.    The first three sentences of Paragraph 139 characterize the FEIS and the Final Determination, and no response is required. The FEIS and the Final Determination provide the best evidence of their contents. Any allegations contrary to their plain

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 32 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

language, meaning, and context are denied. The fourth sentence of Paragraph 139 is vague and ambiguous. Intervenor-Defendants therefore lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 139 concerning the Alaska Dam Safety Program, and on that basis deny them. To the extent a response is required, Intervenor-Defendants deny the allegations. Intervenor-Defendants deny the allegations in the last sentence of Paragraph 139 that EPA's statements are "speculative" and "unsupported by the record."

140. Paragraph 140 characterizes the Clean Water Act and its implementing regulations, and no response is required. 33 U.S.C. § 1344(c); 40 C.F.R. § 231 *et seq.* The statute and regulations provide the best evidence of their contents.

141. Denied.

142. The first sentence of Paragraph 142 characterizes the Final Determination, and no response is required. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The remaining allegations in Paragraph 142 state legal conclusions, to which no response is required. To the extent the allegations in Paragraph 142 suggest EPA's assessment of impacts was overbroad or otherwise unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

143. Paragraph 143 characterizes the Final Determination, and no response is required. The Final Determination provides the best evidence of its contents. Any

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint        Page 33 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants deny the remaining allegations in Paragraph 143, including the allegation that EPA assessed impacts that it was not authorized to consider.

144. Denied.

145. The first sentence of Paragraph 145 characterizes Section 404(c) of the Clean Water Act. The statute provides the best evidence of its contents. The remaining allegations in Paragraph 145 state legal conclusions, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

146. The first sentence of Paragraph 146 characterizes Section 404(c) of the Clean Water Act. The statute provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The remaining allegations in Paragraph 146 state legal conclusions, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

## PLAINTIFFS' PRAYER FOR RELIEF

The remaining paragraphs of the Complaint constitute Plaintiffs' prayer for relief and require no response. Intervenor-Defendants deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

1. Intervenor-Defendants affirmatively allege that Plaintiffs have failed to assert a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6).

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 34 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG    Document 32-33    Filed 05/17/24    Page 34 of 36

2.      Intervenor-Defendants affirmatively allege that Plaintiffs' Complaint fails to establish that some or all of their claims are ripe for judicial review.

3.      Intervenor-Defendants affirmatively allege Plaintiffs have waived their right to judicial review of issues not raised before the administrative agency.

4.      Intervenor-Defendants affirmatively allege Plaintiffs' claims are barred by res judicata, collateral estoppel, and/or the law of the case.

5.      Intervenor-Defendants reserve the right to assert additional affirmative defenses, if applicable, as the case progresses.

## <u>REQUEST FOR RELIEF</u>

Intervenor-Defendants respectfully request that this Court deny Plaintiffs any relief, dismiss the Complaint with prejudice, grant judgment for Defendants and Intervenor-Defendants, award Defendants and Intervenor-Defendants their attorney fees and costs, and grant such other relief as the Court deems just and proper.

Respectfully submitted this 17th day of May, 2024,

s/ Siobhan McIntyre
Siobhan McIntyre (AK Bar No. 1206050)
Teresa B. Clemmer (AK Bar No. 0111059)
Joanna Cahoon (AK Bar No. 1405034)
TRUSTEES FOR ALASKA
*Attorneys for Applicant Intervenor-Defendants*
*SalmonState, Alaska Community Action on Toxics,*
*Alaska Wilderness League, Alaska Wildlife Alliance,*

SalmonState, et al.'s [PROPOSED] Answer to Plaintiffs' Complaint          Page 35 of 36
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 32-33     Filed 05/17/24     Page 35 of 36

*Cook Inletkeeper, Friends of McNeil River, Kachemak Bay Conservation Society, National Parks Conservation Association, National Wildlife Federation, Sierra Club, The Alaska Center, and Wild Salmon Center*

s/ Erin Colón

Erin Colón (AK Bar No. 1508067)
Charisse Arce (AK Bar No. 2303017)
EARTHJUSTICE
*Attorneys for Applicant Intervenor-Defendants Center for Biological Diversity, Earthworks, and Friends of the Earth*

s/ Jacqueline Iwata

Jaqueline Iwata (*pro hac vice* pending)
Thomas Zimpleman (*pro hac vice* pending)
Joel Reynolds (*pro hac vice* pending)
NATURAL RESOURCES DEFENSE COUNCIL
*Attorneys for Applicant Intervenor-Defendant Natural Resources Defense Council*

Case 3:24-cv-00059-SLG    Document 32-33    Filed 05/17/24    Page 36 of 36