Jeffrey M. Walker, *pro hac vice*
Katherine E. Wenner, pro hac vice
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-2700
(614) 365-2499 (facsimile)
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

Thomas P. Amodio
Kevin M. Boots
REEVES AMODIO, LLC
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222-7100
(907) 222-7199 (facsimile)
tom@reevesamodio.com
kevin@reevesamodio.com

Jeffrey M. Walker, *pro hac vice*
Katherine E. Wenner, *pro hac vice*
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-2700
(614) 365-2499 (facsimile)
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendant. | Case No. 3:24-00059-SLG |

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT

MOTION FOR LEAVE TO AMEND & SUPPLEMENT COMPLAINT  PAGE **1** OF **12**
**NORTHERN DYNASTY MINERALS LTD v. EPA**
CASE NO. 3:24-06059-SLG

Case 3:24-cv-00059-SLG   Document 55   Filed 06/07/24   Page 1 of 12

Pursuant to Federal Rule of Civil Procedure 15 and Local Civil Rule 15.1, Northern Dynasty Minerals Ltd. and Pebble Limited Partnership (collectively "PLP") hereby move for leave to file the Amended and Supplemented Complaint attached as Exhibit A.

These amendments and supplements are made in good faith and are not intended to delay these proceedings. PLP seeks to amend the original Complaint with additional factual background information, and to further supplement the Complaint with allegations regarding certain events since the filing of the Complaint. In particular, the U.S. Army Corps of Engineers (the "Army Corps") has issued a final denial of PLP's application or a Clean Water Act ("CWA") section 404 permit. That denial did not correct any of the deep errors in the initial permit denial, even those that the Army Corps' Northwestern Division had identified in an administrative appeal. Instead, the Alaska District (the decisionmaking office within the Army Corps) simply relied on the Environmental Protection Agency ("EPA") Final Determination, the same one that the Complaint challenges. PLP proposes to add the Army Corps as a party to these proceedings, and add claims regarding the Army Corps' denial of the permit application.

EPA will not suffer any unfair prejudice by the filing of the Amended and Supplemented Complaint. EPA has not filed or produced an administrative record yet; under this Court's rules, EPA is not even due to complete that task until 60 days from its filing of an answer on May 20, 2020. PLP's amendments and supplements relate to the same underlying facts and circumstances already put at issue in the original Complaint, and they do not change

MOTION FOR LEAVE TO AMEND & SUPPLEMENT COMPLAINT　　　　　　　　　　PAGE **2** OF **12**
NORTHERN DYNASTY MINERALS LTD v. EPA
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG　　　Document 55　　　Filed 06/07/24　　　Page 2 of 12

the substantive claims and allegations as they relate to EPA. PLP has attached the redlines to the original Complaint as Exhibit B for reference.

PLP has conferred with EPA's counsel, who have indicated that EPA takes no position before seeing the content of this motion.

## BACKGROUND

PLP holds the mineral rights, through claims from the State of Alaska, to an area rich in deposits of copper and other valuable minerals known as the Pebble Deposit. ECF No. 1 ("Complaint"), ¶¶ 1–3. PLP sought a permit, pursuant to CWA section 404, for certain discharges of waste rock and related materials. Complaint ¶ 18. As explained in the Complaint, ordinarily an application for a section 404 permit results in an analysis, by the Army Corps, of economic considerations pertinent to the proposed activity and the potential environmental impacts, pursuant to the National Environmental Policy Act ("NEPA") and to the guidelines, issued by EPA, under CWA section 404(b). Complaint ¶ 21.

Instead, EPA issued a Final Determination under CWA section 404(c), 33 U.S.C. § 1344, vetoing a wide range of discharges and discharge permits near the Pebble deposit. EPA intended to prohibit mining activities across a remote area of nearly 200,000 acres in southwestern Alaska, including the Pebble Deposit.[1] 88 Fed. Reg. 7,441 (Feb. 3, 2023); Complaint ¶ 1.

---

[1] The original Complaint alleges that EPA's Final Determination is contrary to the Clean Water Act, and violates the statutes conferring the Pebble Deposit lands to the State of Alaska. Further, PLP alleges that the Final Determination is arbitrary and capricious, an abuse of discretion, and contrary to the record that was before EPA.

MOTION FOR LEAVE TO AMEND & SUPPLEMENT COMPLAINT        PAGE 3 OF 12
NORTHERN DYNASTY MINERALS LTD v. EPA
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG    Document 55    Filed 06/07/24    Page 3 of 12

Prior to EPA's Final Determination, as described in the Complaint, PLP had worked diligently with the Army Corps (as well as EPA, the State of Alaska and other relevant parties) over several years to refine its mining plans for the Pebble Deposit in order to obtain a 404 permit. Complaint ¶¶ 4, 26–27, 41–46. This process ultimately resulted in preparation by the Army Corps of a final environmental impact statement ("EIS"), consisting of thousands of pages of analysis required under NEPA. Complaint ¶ 47. The EIS concluded that PLP's proposed Pebble mine would have no "measurable impact on fish populations," and noted the positive economic impacts that a Pebble mine would have for southwestern Alaska. Complaint ¶ 47. At this point, and as reported in the national media, the Pebble mine appeared to be on track for approval. Complaint ¶ 51.

The Complaint briefly describes subsequent events that ultimately led to a press release from the Army stating that "the project, as currently proposed, cannot be permitted under section 404 of the Clean Water Act." Complaint ¶¶ 52–54. The Amended and Supplemented Complaint proposes to supplement this allegation with additional facts connected to that announcement.

In response to the press release, and in extensive consultation with the Army Corps, PLP undertook to develop a new compensatory mitigation plan, making various revisions to address the concerns (none fatal) that the Army Corps had presented to it. Complaint ¶¶ 55–56. Just a few days after PLP submitted the revised compensatory mitigation plan, the Army Corps denied the permit application and issued a Record of Decision deeming the mitigation plan insufficient. Complaint ¶ 57. The Complaint explains how the process at the Army

MOTION FOR LEAVE TO AMEND & SUPPLEMENT COMPLAINT　　　　　　　　　　PAGE 4 OF 12
NORTHERN DYNASTY MINERALS LTD v. EPA
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG　　Document 55　　Filed 06/07/24　　Page 4 of 12

Corps was different from what has been used for any other large-scale project in Alaska, and how the Army Corps applied multiple unprecedented standards higher than used for other projects. Complaint ¶ 58. The Amended and Supplemented Complaint also sets out some of the Army Corps's internal correspondences leading up to the issuance of the Record of Decision.

PLP appealed the initial denial, within the Army Corps's administrative appeals process. Two months after EPA issued its Final Determination, the Army Corps issued its decision on that administrative appeal. The appeal decision found arbitrary and capricious certain reasoning within the initial denial that was similar to rationales offered by EPA in its Final Determination. The proposed revisions to the Complaint would provide some examples of those appeal conclusions.

The Complaint notes that the Army Corps's decision on remand of the administrative appeal remained pending when PLP initiated this action. One month later, on April 15, 2024, the Army Corps completed that remand by denying the 404 application. The Army Corps's April 15, 2024 decision ("Permit Denial") says "the EPA veto is a controlling factor" in its denial of PLP's application. Department of the Army, Record of Decision, *Review of the Application by Pebble Limited Partnership (POA-2017-0271) in light of the prohibitions and restrictions imposed by the Final determination of the* [EPA] (Apr. 15, 2024). The proposed revisions to the Complaint would provide information about that Permit Denial, add the Army Corps as a defendant in these proceedings, and assert claims against the Army Corps that the Permit Denial was arbitrary and capricious.

MOTION FOR LEAVE TO AMEND & SUPPLEMENT COMPLAINT  PAGE 5 OF 12
NORTHERN DYNASTY MINERALS LTD v. EPA
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG     Document 55     Filed 06/07/24     Page 5 of 12

## LEGAL STANDARD & ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) allows a party to "amend its pleading . . . with . . . the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15's policy favoring amendments . . .[is] applied . . . liberal[ly]." *Ascon Props., Inc.* v. *Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *see also Desertrain* v. *City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (explaining that the policy of freely giving leave to amend "when justice so requires . . . is to be applied with extreme liberality.") Even after an answer has been filed, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. *Foman* v. *Davis*, 371 U.S. 178, 182 (1962); *Johnson* v. *Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). While prejudice to a defendant is the most important factor regarding a motion to amend, *Eminence Capital, LLC* v. *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), courts have found that there is no prejudice unless there is a "radical shift in direction" or the amendment "otherwise significantly expand[s] the scope of litigation." *S. Peninsula Hosp.* v. *Xerox State Healthcare, LLC,* No. 3:15-CV-00177-TMB, 2018 WL 11417374, at *4 (D. Alaska June 21, 2018).

Additionally, Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible." *William Inglis & Sons*

MOTION FOR LEAVE TO AMEND & SUPPLEMENT COMPLAINT  PAGE **6** OF **12**
**NORTHERN DYNASTY MINERALS LTD v. EPA**
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG   Document 55   Filed 06/07/24   Page 6 of 12

*Baking Co.* v. *ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981). The rule allows supplemental pleadings as "a tool of judicial economy and convenience" to "promote the economical and speedy disposition of the controversy." *Keith* v. *Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). Leave to permit supplemental pleadings is favored when it serves to promote judicial efficiency, *Planned Parenthood of S. Ariz.* v. *Neely*, 130 F.3d 400, 402 (9th Cir. 1997), and Rule 15(d) is to be "liberally construed . . . absent a showing of prejudice" to the opposing party, *Keith*, 858 F.2d at 473, 475. Rule 15(d) does not contain a transactional test; all that is needed is some relationship between newly alleged matters and the subject of the original action, and they need not all arise out of the same transaction. *Id.* at 474.

"[T]here is ample authority for adding new defendants in a supplemental complaint." *Keith*, 858 F.2d at 476; the rule is intended to "cover events happening after suit, and it follows, of course, that persons participating in these new events may be added,' *Griffin* v. *Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964). Such additions are particularly warranted when the "'ultimate aim' of [the] causes of action [are] the same." 858 F.2d at 476 (citation omitted).

Under both Rule 15(a) and Rule 15(d), district courts consider undue delay, bad faith, undue prejudice, futility, and prior failures to cure deficiencies. *See Desertrain*, 754 F.3d at 1154; *Brown* v. *Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020); *Keith*, 858 F.2d at 475. Here, none of these factors weighs against amendment.

    (a) There is no undue delay. EPA has only recently filed its answer, and counsel first entered an appearance by making that filing. PLP properly waited to be able to confer

MOTION FOR LEAVE TO AMEND & SUPPLEMENT COMPLAINT    PAGE **7** OF **12**
NORTHERN DYNASTY MINERALS LTD v. EPA
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG    Document 55    Filed 06/07/24    Page 7 of 12

with counsel for EPA regarding this motion. Meanwhile, EPA will not even be due to produce the administrative record for another 60 days after its appearance.

(b) The proposed amendments and supplements relate in an obvious way to the same underlying facts and circumstances already put at issue in the original Complaint, in that EPA's Final Determination relied in significant ways on the reasoning in the Army Corps' initial denial, and then the Army Corps' final Permit Denial relied in turn on the Final Determination.

(c) The proposed additions are not futile. The Army Corps' Permit Denial on April 15, 2024, is a final agency action for purposes of judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. § 704. PLP exhausted administrative remedies for the Permit Denial under the Army Corps regulations by carrying out an appeal within the Army Corps and the District then, on remand, denying the permit. And PLP's additional claims against the Army Corps in the Amended and Supplemented Complaint are well within the applicable statute of limitations.

The Complaint presents claims under the APA against EPA. Among other flaws, the Final Determination draws conclusions that are contrary to the findings in the Army Corps' EIS, prepared pursuant to NEPA. Complaint ¶¶ 133–141. The Amended and Supplemented Complaint would elaborate on the chain of events that contributed to that outcome. EPA's Final Determination relied heavily on conclusions in an initial permit denial by the Army Corps. That permit denial was itself deeply flawed. Shortly after an influential social-media communication from then-President Trump's son, the Army Corps abruptly reversed course

MOTION FOR LEAVE TO AMEND & SUPPLEMENT COMPLAINT PAGE 8 OF 12
NORTHERN DYNASTY MINERALS LTD v. EPA
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG     Document 55     Filed 06/07/24     Page 8 of 12

on the Pebble section 404 application. Following the political intervention, the Secretary of the Army—not the Army Corps itself, but the political leadership several levels above it—announced the application was being denied. That occurred before the Army Corps had even received revised application documents that the Army Corps itself had requested. Then, after PLP submitted those documents, the Army Corps denied the application four days later. Internal communications that PLP obtained show that the Army Corps had already drafted its decision before it could have reviewed the revised application.

EPA then incorporated many of the conclusions from that initial permit denial into its Final Determination. But the permit denial was undergoing an administrative appeal. After EPA issued its Final Determination, the Army Corps's Northwestern Decision made its decision on the appeal. That decision undermined many of the reasons given in the Final Determination, and found the Army Corps's initial permit denial to be irrational in many of the same ways that the Complaint identifies about the Final Determination. The Northwestern Division instructed the district office in Alaska to reconsider its initial denial. The proposed revisions to the Complaint would lay out these events.

After the filing of this case, the Army Corps issued its final Permit Denial. Instead of correcting any of the grievous errors in the administrative appeal decision, including those acknowledged by the Northwestern Division but many more in addition, the Alaska District denied the permit application solely because the Army Corps concluded EPA's Final Determination makes it impossible to build a mine. The net effect is to leave in place the arbitrary and capricious initial denial, now reclothed as the Final Determination. The

MOTION FOR LEAVE TO AMEND & SUPPLEMENT COMPLAINT   PAGE **9** OF **12**
**NORTHERN DYNASTY MINERALS LTD v. EPA**
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG   Document 55   Filed 06/07/24   Page 9 of 12

Amended and Supplemented Complaint would bring the Army Corps's permit process fully into the case. PLP could not, as a formal matter, have contested that process at the time of the original Complaint, because the process had not reached a final decision. Now that it has, the final permit denial is exactly the type of "later event" that warrants the addition of a new defendant in a supplemental complaint, given the timing of its occurrence and considering it is based on overlapping factual allegations as the claims against the EPA in the existing Complaint. *See Keith*, 858 F.2d at 476 ("[T]here is ample authority for adding new defendants in a supplemental complaint," particularly "to cover events happening after suit" and the "persons participating in these new events."). Indeed, the Army Corps acknowledged the connection: "[T]he EPA veto is a controlling factor," it said in its denial of PLP's application. The Army Corps's Final Agency Decision. As such, PLP seeks to supplement the Complaint to add the Army Corps as a defendant, and to add claims against the Army Corps.

Finally, there is no prejudice to EPA from the proposed additions, nor would there be any prejudice to the Army Corps. PLP would be entitled to file a fresh action against the Army Corps on these allegations, and do so in this Court, and that case would surely be related to this one. That action would be timely, as the Permit Denial was only a month and a half ago; the proposed additions are not taking advantage of relation back under Rule 15, but simply achieving efficiency for the Court and the parties by bringing into this case claims that arose after the initial filing and that will be litigated. EPA, as noted, is still gathering its

MOTION FOR LEAVE TO AMEND & SUPPLEMENT COMPLAINT  PAGE **10** OF **12**
NORTHERN DYNASTY MINERALS LTD v. EPA
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG   Document 55   Filed 06/07/24   Page 10 of 12

administrative record, and the short additional delay to the case while the Army Corps assembles its record will cause EPA no harm.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend and supplement the complaint should be granted, and the Court should accept for filing the proposed complaint attached as Exhibit A.

Dated: June 7, 2024

/s/ Keith Bradley
Keith Bradley, *pro hac vice*
ScheLeese Goudy, *pro hac vice*
SQUIRE PATTON BOGGS (US) LLP
717 17th Street, Suite 1825
Denver, CO 80202
(303) 830-1776
(303) 894-9239 (facsimile)
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

Jeffrey M. Walker, *pro hac vice*
Katherine E. Wenner, *pro hac vice*
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, OH 43215
(614) 365-2700
(614) 365-2499 (facsimile)
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

MOTION FOR LEAVE TO AMEND & SUPPLEMENT COMPLAINT — PAGE **11** OF **12**
NORTHERN DYNASTY MINERALS LTD v. EPA
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG     Document 55     Filed 06/07/24     Page 11 of 12

Thomas P. Amodio
Kevin M. Boots
REEVES AMODIO, LLC
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222-7100
(907) 222-7199 (facsimile)
tom@reevesamodio.com
kevin@reevesamodio.com

*Attorneys for Plaintiffs Northern Dynasty Minerals Ltd and Pebble Limited Partnership*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2024, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:24-cv-00059-SLG who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Thomas Amodio
Thomas P. Amodio

MOTION FOR LEAVE TO AMEND & SUPPLEMENT COMPLAINT   PAGE **12** OF **12**
**NORTHERN DYNASTY MINERALS LTD v. EPA**
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG   Document 55   Filed 06/07/24   Page 12 of 12