Siobhan McIntyre (AK Bar No. 1206050)
Joanna Cahoon (AK Bar No. 1405034)
TRUSTEES FOR ALASKA
121 W. Fireweed Ln., Suite 105
Anchorage, AK 99503
Phone: (907) 276-4244
smcintyre@trustees.org
jcahoon@trustees.org

*Attorneys for Movant Intervenor-Defendants SalmonState, Alaska Community Action on Toxics, Alaska Wilderness League, Alaska Wildlife Alliance, Cook Inletkeeper, Friends of McNeil River, Kachemak Bay Conservation Society, National Parks Conservation Association, National Wildlife Federation, Sierra Club, The Alaska Center, and Wild Salmon Center*

Erin Colón (AK Bar No. 1508067)
Charisse Arce (AK Bar No. 2303017)
EARTHJUSTICE
310 K Street, Suite 508
Anchorage, AK 99501
Phone: (907) 277-2500
ecolon@earthjustice.org
carce@earthjustice.org

*Attorneys for Movant Intervenor-Defendants Center for Biological Diversity, Earthworks, and Friends of the Earth*

Jacqueline Iwata (*pro hac vice*)
Thomas Zimpleman (*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
1152 15th St. NW Suite 300
Washington, DC 20005
Phone: (202) 289-6868
jiwata@nrdc.org
tzimpleman@nrdc.org

Joel Reynolds (*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
1314 2nd St.
Santa Monica, CA 90401
Phone: (310) 434-2300
jreynolds@nrdc.org

*Attorneys for Movant Intervenor-Defendant Natural Resources Defense Council*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP, | Case No. 3:24-cv-00059-SLG |

Plaintiffs,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY,

Defendant.

## SALMONSTATE *ET AL.*'S REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION TO INTERVENE

### INTRODUCTION

SalmonState *et al.* (collectively "SalmonState") should be allowed to intervene in this case to safeguard their longstanding interests in the fisheries, wilderness, wildlife, and cultural values of the Bristol Bay watershed, *see* ECF 32, and nothing that Plaintiffs Northern Dynasty Minerals Ltd. and Pebble Limited Partnership (collectively "PLP") assert in their opposition establishes otherwise. PLP's arguments ignore and misrepresent the scope of the matters at issue in this case and misapply the standards for intervention. PLP argues that: (1) SalmonState's interests in Bristol Bay are not protectable; (2) those interests will not be impaired by the case; and (3) the U.S. Environmental Protection Agency ("EPA") will adequately represent those interests.[1] ECF 58. As explained in greater detail below, SalmonState's strong interests in protecting the Bristol Bay

---

[1] EPA has indicated to SalmonState that it opposes intervention as of right, but does not oppose permissive intervention. ECF, 32 at 3. However, EPA did not file a response brief to this Court opposing SalmonState's intervention as of right.

SalmonState et al.'s Reply to Plaintiffs' Opp'n to Jt. Mot. to Intervene     Page 2 of 16
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG   Document 70   Filed 06/28/24   Page 2 of 16

watershed from harmful large-scale mining at the Pebble Deposit readily satisfy the standards to intervene as a matter of right; those interests would be threatened if PLP were to prevail on its claims; and EPA, a federal agency that lacks SalmonState's focus on Bristol Bay, will not adequately represent them. SalmonState also meets the test for permissive intervention under Rule 24(b).

# ARGUMENT

**I. SALMONSTATE MEETS THE TEST TO INTERVENE AS A MATTER OF RIGHT.**

SalmonState has protectable interests in the fisheries, wildlife, and cultural values of the Bristol Bay watershed, which a ruling in PLP's favor would impair. PLP's arguments in opposition ignore the Ninth Circuit's direction that the standards in Rule 24(a)(2) be "broadly interpreted in favor of intervention." *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). The Ninth Circuit "construe[s] the Rule 'broadly in favor of proposed intervenors'" because "[a] liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc) (cleaned up).

**A. SalmonState Has Significantly Protectable Interests in the Bristol Bay Watershed.**

PLP is incorrect that SalmonState only possesses a generalized interest in EPA's Final Determination under Section 404(c) of the Clean Water Act ("CWA") ("Final Determination"). ECF 58, at 7–8. SalmonState's interest in the resources of the Bristol Bay watershed—namely subsistence, commercial fishing, recreation, and aesthetic

SalmonState et al.'s Reply to Plaintiffs' Opp'n to Jt. Mot. to Intervene  Page 3 of 16
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG   Document 70   Filed 06/28/24   Page 3 of 16

enjoyment—is legally protectable, even if such an interest is widely shared in southwest Alaska. *See* ECF 32, at 5–7, 12–13, 15–20 and exhibits. It is well-established that the economic and environmental interests of SalmonState's members are protectable interests for the purpose of intervention. *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527–28 (9th Cir. 1983). These interests are also expressly protected by the CWA. *See* 33 U.S.C. § 1251(a)(2); 33 U.S.C. § 1344(c). Moreover, the Ninth Circuit has regularly found that a movant intervenor has a "'significantly protectable' interest," in seeing an area preserved for the use and enjoyment of its members when it actively participated in the process leading to the protections. *Wilderness Soc'y*, 630 F.3d at 1180; *see also Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897–98 (9th Cir. 2011); *Sagebrush Rebellion, Inc.*, 713 F.2d at 527–28. Here, SalmonState has advocated for years for protections and was directly involved in the administrative proceedings leading to the Final Determination and has a strong interest in insuring it is not invalidated. ECF 32, at 18–20.

The cases PLP cites are not to the contrary. One found that generalized economic grievances were not legally protectable. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (association of companies whose only asserted connection to rate adjustment suit was generalized participation in Californian economy and purchase of electricity from defendant). SalmonState has explained how its members visit specific places in Bristol Bay or rely on salmon specifically for their livelihoods or subsistence,

SalmonState et al.'s Reply to Plaintiffs' Opp'n to Jt. Mot. to Intervene     Page 4 of 16
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 70     Filed 06/28/24     Page 4 of 16

differentiable from other members of the public. ECF 32, at 18–19. Another case simply found conservation interests were not protectable in the specific context of a contract dispute, which is not analogous to this CWA case. *See Westlands Water Dist. v. U. S.*, 700 F.2d 561, 563 (9th Cir. 1983).

As a fallback, PLP argues that SalmonState's legally protectable interests are not sufficiently related to the Final Determination because its invalidation may not immediately lead to Pebble Mine's construction. ECF 58, at 8–9. But in environmental cases, the question is the movant's relationship to the lands, waters, and other resources that are the subject of the action, not the case's particular legal issues. *Sagebrush Rebellion, Inc.*, 713 F.2d at 527–28. Moreover, PLP's argument that "[a]pplicants will have ample opportunity to participate in future regulatory proceedings" is misleading and unavailing. ECF 58, at 9. If PLP were to prevail, any future proceedings will depend on the Court's orders. It is entirely unclear how much—if any—public participation may occur following an order invalidating or remanding the Final Determination. *See also infra* p. 6 (explaining how invalidation of the Final Determination could limit the areas EPA could protect).

In short, SalmonState has significantly protectable interests that directly relate to the claims at issue and the relief sought, and they satisfy the second requirement for intervention as a matter of right. *See Alaska Indust. Dev. and Exp. Auth. v. Biden*, No. 21-cv-00245-SLG, 2022 U.S. Dist. LEXIS 71097, at *5 (D. Alaska Apr. 18, 2022); *State of*

SalmonState et al.'s Reply to Plaintiffs' Opp'n to Jt. Mot. to Intervene     Page 5 of 16
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 70     Filed 06/28/24     Page 5 of 16

*Alaska v. Jewell*, No. 3:14-cv-00048-SLG, 2014 U.S. Dist. LEXIS 189442, at *6–7 (D. Alaska June 10, 2014).

## B. A Ruling in PLP's Favor May Impair or Impede SalmonState's Ability to Protect Its Interests.

If PLP prevails in its challenge to the Final Determination, SalmonState would face impairment of its ability to protect its interests, as the third factor for intervention as of right requires. *See Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1497–98 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d 1173.[2] The burden to show potential impairment of a movants' interests is low, and SalmonState easily meets it. *Citizens for Balanced Use*, 647 F.3d at 898.

PLP ignores this low burden and again argues SalmonState can protect its interests through some later, unidentified, permitting processes. ECF 58, at 10–11. The Ninth Circuit has rejected this line of argument. For example, in *Sierra Club v. EPA*, the Ninth Circuit explained that declaring a federal agency's duties and requiring it to comply with them could result in practical impairment of the movant's interests, even though the movant could participate in later proceedings that determined how those legal duties were specifically applied. 995 F.2d 1478, 1486 (9th Cir. 1993), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d 1173. Likewise, here, even assuming there might be a future

---

[2] The Ninth Circuit has noted that the second and third standards for intervention are closely related and that, once it found that the intervenors have a protectable interest, it had little trouble finding that the third standard was also met. *See Citizens for Balanced Use*, 647 F.3d at 898.

SalmonState et al.'s Reply to Plaintiffs' Opp'n to Jt. Mot. to Intervene  Page 6 of 16
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

opportunity for public participation in EPA decision-making, the Court's ruling in this action could limit the agencies' discretion or legal authority to protect Bristol Bay. PLP's interpretations of the Cook Inlet Land Exchange, Alaska Statehood Act, Alaska National Interest Lands Conservation Act, and CWA would limit EPA's authority to issue and implement Section 404(c) protections in the Bristol Bay watershed. *See* ECF 1 ¶¶ 78-106. If adopted, these interpretations would permanently preclude SalmonState from advocating for complete Section 404(c) protections for Bristol Bay. *See Alaska Indust. Dev.*, 2022 U.S. Dist. LEXIS 71097, at *5–6; *State of Alaska*, 2014 U.S. Dist. LEXIS 189442, at *10–11.

      The cases PLP cites do not support a contrary conclusion. PLP relies on cases where movants sought to intervene in cases seeking to *compel* agency action, where movant-intervenors would have ample opportunity to participate in any rulemaking or regulatory permitting process in the future. *See Ctr. for Biological Diversity v. EPA*, No. C-11-06059, 2012 U.S. Dist. LEXIS 35972, at *11 (N.D. Cal. March 16, 2012); *Mishewal Wappo Tribe of Alexander Valley v. Salazar*, No. 09-cv-02502, 2012 U.S. Dist. LEXIS 142756, at *14-15 (N.D. Cal. Sept. 28, 2012). In contrast, here, there is no dispute that PLP challenges a final agency action. PLP seeks a ruling to limit EPA's authority to issue 404(c) protections in the Bristol Bay watershed and to limit its options on remand.

SalmonState et al.'s Reply to Plaintiffs' Opp'n to Jt. Mot. to Intervene     Page 7 of 16
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 70     Filed 06/28/24     Page 7 of 16

Either way, a favorable decision for PLP in this case will greatly constrain SalmonState's advocacy for protections in future proceedings.[3]

## C. The Government May Not Adequately Represent SalmonState's Interests in the Bristol Bay Watershed.

Contrary to PLP's arguments, SalmonState has satisfied its "minimal" burden of demonstrating that the federal government "may" not adequately represent its interests. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). PLP argues that this Court must presume the government will adequately represent SalmonState's interests absent a compelling showing that SalmonState will litigate this case differently from the government. ECF 58, at 11–12. PLP is wrong.

There are serious questions about whether a presumption of adequate representation applies when SalmonState and EPA have a long adversarial history based on their differing interests. *See Citizens for Balanced Use*, 647 F.3d at 899 (finding agency and intervenors did not share the same "ultimate objective" when agency "acted under compulsion" of decision from prior litigation). EPA took over a decade to issue its Final Determination after first receiving petitions from Tribes and other stakeholders. ECF 32, at 8. This protracted process was in part due to EPA vacillating in its commitment to finalizing these protections, including EPA agreeing to consider

---

[3] PLP also cites this Court's decision in prior cases addressing EPA's Bristol Bay 404(c) proceedings. ECF 58, at 11. The Court's orders in the prior litigation are distinguishable because PLP had challenged EPA's 404(c) proceedings in their preliminary stages and had not yet submitted a permit application to the Corps. Here, there is no dispute that PLP challenges EPA's final agency action. *See* ECF 1 ¶¶ 66–67.

SalmonState et al.'s Reply to Plaintiffs' Opp'n to Jt. Mot. to Intervene     Page 8 of 16
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

withdrawing its proposed determination to settle a prior lawsuit filed by PLP and ultimately doing so—leading to SalmonState and nearly all the present applicants bringing their own cases, the vacatur of that decision, and the Final Determination at issue here. *See* ECF 32, at 7–11. An adversarial history between SalmonState and EPA is unsurprising given that the government does not share the personal, localized interests of SalmonState's members in their cultural, economic, and recreational use of the Bristol Bay watershed. *See* ECF 32, at 15–18. The government weighs differing views in its representation of the general "public interest," and thus its considerations are not "'identical to the individual parochial interest' of a particular group." *Id.* (quoting *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009)).

      Given the litigious path to the Final Determination and SalmonState's narrower interests, it is highly possible that EPA and SalmonState's positions will diverge during the course of this litigation. Considering the government's inconsistent path to finalizing protections for Bristol Bay, SalmonState has a particular interest in preserving its right to appeal and protecting its litigation interests to the greatest extent possible. *Cf. Cnty. of Fresno v. Andrus*, 622 F.2d 436, 439 (9th Cir. 1980) (finding government did not adequately represent movants' interests when government did not appeal preliminary injunction, despite the two groups making "virtually identical arguments" against the preliminary injunction). It is not a given that the government will continue to share the

SalmonState et al.'s Reply to Plaintiffs' Opp'n to Jt. Mot. to Intervene     Page 9 of 16
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 70     Filed 06/28/24     Page 9 of 16

same "ultimate objective" to defend the Final Determination, and the presumption of adequate representation does not apply.

Even if the presumption of adequate representation applied, SalmonState's history with EPA and differing interests are sufficient to rebut it. Courts, including this one, have consistently found the presumption of adequate representation is rebutted and intervention justified when the government is reluctant and "somewhat dilatory" in its regulatory duties, and movant-intervenors play a key role in securing and finalizing federal agency action. *Alaska v. Nat'l Marine Fisheries Serv.*, No. 3:22-cv-00249-JMK, 2023 U.S. Dist. LEXIS 60255, at *22–23 (D. Alaska Apr. 5, 2023) [hereinafter *NMFS*]; *see also Citizens for Balanced Use*, 647 F.3d at 899; *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995); *Sagebrush Rebellion, Inc.*, 713 F.2d at 527–28. PLP argues the Court should ignore this history because EPA previously withdrew its proposed determination in response to PLP's litigation and not because it disagreed with SalmonState. ECF 58, at 13–14. That argument ignores that EPA came to the decision to withdraw the proposed determination on its own—the settlement required EPA only to *consider* withdrawal—and EPA's amenability to settlement shows it weighs interests other than protecting Bristol Bay when making decisions. SalmonState has made a compelling showing that the presumption of adequate representation is rebutted and intervention is warranted. *See Citizens for Balanced Use*, 647 F.3d at 899.

SalmonState et al.'s Reply to Plaintiffs' Opp'n to Jt. Mot. to Intervene  Page 10 of 16
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG   Document 70   Filed 06/28/24   Page 10 of 16

The Ninth Circuit has also granted intervention in cases such as this, where the government has reached a decision for natural resources and land management after protracted proceedings. *See e.g. Citizens for Balanced Use*, 647 F.3d at 899; *Sw. Ctr.*, 268 F.3d at 823; *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d at 1397; *Sagebrush Rebellion, Inc.*, 713 F.2d at 528. In such scenarios, the government must balance differing interests and cannot adequately represent groups focused on the environment. Thus, PLP is incorrect when it argues that SalmonState is required to identify specific arguments that would otherwise be neglected.[4] ECF 58, at 12–13. In *Southwest Center*, the Ninth Circuit clarified that the movant-intervenors did not need to identify specific arguments; all Rule 24 requires is that a divergence is "likely" because "of [a] difference in interests." *See Sw. Ctr.*, 268 F.3d at 824 ("[I]t is not Applicants' burden at this stage in the litigation to anticipate specific differences in trial strategy.").

In any event, SalmonState's extensive advocacy for nearly a decade "suggest[s] it may 'offer ... necessary elements to the proceedings that the other parties would

---

[4] The cases PLP cites are readily distinguishable. None of these cases were administrative agency appeals and, therefore, do not feature the same complex weighing of factual and legal arguments that would cause the government's interests to diverge– rather, in these cases, courts found the narrower constitutional challenges or preemption arguments. *See Perry v. Prop. 8 Off. Proponents*, 587 F.3d 947, 949–50 (9th Cir. 2009) (constitutional challenge); *Levin Richmond Terminal Corp. v. City of Richmond*, 482 F. Supp. 3d 944, 953 (N.D. Cal. 2020) (constitutional and preemption challenges). Another case involved the government acting in a different capacity altogether—as plaintiff bringing an employment discrimination action rather than defending its own decisions. *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 735 (9th Cir. 2011).

SalmonState et al.'s Reply to Plaintiffs' Opp'n to Jt. Mot. to Intervene      Page 11 of 16
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG   Document 70   Filed 06/28/24   Page 11 of 16

neglect.'" *NMFS*, 2023 U.S. Dist. LEXIS 60255, at *10 (quoting *California v. Tahoe Reg'l Plan. Agency*, 792 F.2d 775, 778 (9th Cir. 1986)) (noting movant's 15 years of advocacy); *see also State of Alaska*, 2014 U.S. Dist. LEXIS 189442, at *15 (movants will not "undoubtedly make" all movants' arguments); *Alaska Indust. Dev. and Exp. Auth.*, 2022 U.S. Dist. LEXIS 71097, at *6. SalmonState will also likely provide additional, informative perspectives—including from experts and reports it submitted to the government during the administrative process—from a record that will encompass decades of scientific review and thousands of pages of agency decision-making materials. *See* ECF 32, at 8–12. This "scientific expertise coupled with" SalmonState's "extensive involvement" in protecting Bristol Bay "should help elucidate the issues before the Court." *NMFS*, 2023 U.S. Dist. LEXIS 60255, at *24.

## II. MOVANT INTERVENORS SHOULD BE GRANTED PERMISSIVE INTERVENTION.

PLP does not dispute the first or second factor for permissive intervention: that (1) potential intervenors raise claims or defenses with a common question of law or fact and (2) the motion is timely. Fed. R. Civ. P. 24(b)(1)(B).[5] PLP's sole argument turns only on the third factor, delay or prejudice in the proceedings, *id.* R. 24(b)(3), but PLP has failed to show how it would be prejudiced. Rather than identify any actual prejudice or delay,

---

[5] Permissive intervention does not require a particular kind of interest. *See, e.g.*, *Garza v. County of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990) ("Where a would-be intervenor does not demonstrate interests sufficiently weighty to warrant intervention as of right, the court may nevertheless consider eligibility for permissive intervention under [Civil Rule] 24(b)(2).").

SalmonState et al.'s Reply to Plaintiffs' Opp'n to Jt. Mot. to Intervene     Page 12 of 16
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

PLP simply says it will be inevitable based on the number of groups. ECF 58, at 17. Although there are "23 proposed intervenors overall," *id.*, only three movant-intervenor groups—grouped by three motions to intervene—are before the Court. The sixteen clients represented in this Joint Motion to Intervene intend to proceed collectively in all briefing and motion practice. They are not raising any cross-claims and will respond jointly to the claims brought by PLP. *See* ECF 32–33. The production of the agency record and briefing schedule will be governed by the local civil rules or agreement by the parties. *See* ECF No. 65. In short, there is no basis for anticipating prejudice or delay in the litigation.

Furthermore, SalmonState's participation will contribute to the resolution of this case. SalmonState worked for decades to protect the Bristol Bay watershed and its members possess a range of subsistence, commercial, community, and conservation interests. *See* ECF 32, at 15–18 (describing the groups' interests in the Bristol Bay region and their work to protect it); *id.* at 18–20 (describing the work by SalmonState to advance the conservation goals of the CWA and to protect Bristol Bay). SalmonState will contribute to the Court's overall understanding of the case and shed new light on the legal issues presented. And SalmonState's participation in this case is consistent with the policies of efficient resolution of issues and access to courts supporting intervention. *See, e.g.*, *Wilderness Soc'y*, 630 F.3d at 1179. Accordingly, if this Court denies permission as of right, it should grant permissive intervention.

SalmonState et al.'s Reply to Plaintiffs' Opp'n to Jt. Mot. to Intervene    Page 13 of 16
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG    Document 70    Filed 06/28/24    Page 13 of 16

### III. THE COURT SHOULD NOT RESTRICT SALMONSTATE'S PARTICIPATION.

"[A]s a general rule, intervenors are permitted to litigate fully once admitted to a suit." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1304 (9th Cir. 1997). PLP overlooks this rule and asks for unnecessary limits on SalmonState's participation, which the Court should reject.

In particular, the Court should reject PLP's proposal for all three defendant-intervenor groups to file a single brief, as well as its proposal to exclude SalmonState from proceedings relating to the administrative record, scheduling, and other matters. ECF 58, at 20–21. These conditions are not "reasonable and of a housekeeping nature," *W. Watersheds Project v. Zinke*, No. 18-CV-00187, 2019 U.S. Dist. LEXIS 12617, at *3 (D. Idaho Jan. 23, 2019) (citing Charles A. Wright, et al., *Federal Practice and Procedure: Civil* (3d ed. § 1922)). Instead, they would prejudice the ability of SalmonState and the other intervenors to litigate this case. While this is an administrative appeal based on an administrative record without additional discovery, in the unlikely event that discovery is warranted, SalmonState should be allowed to participate in such discovery proceedings. *See* ECF 58, at 21. The broad, open-ended restrictions proposed by PLP are designed to foreclose meaningful participation in this case by intervenors. The Court should decline to impose them.

SalmonState et al.'s Reply to Plaintiffs' Opp'n to Jt. Mot. to Intervene     Page 14 of 16
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG   Document 70   Filed 06/28/24   Page 14 of 16

CONCLUSION

For the foregoing reasons, the Court should grant SalmonState's motion to intervene as a matter of right or, in the alternative, permissive intervention, and the Court should reject PLP's proposed restrictions.

Respectfully submitted this 28th of June, 2024.

                                         s/ Siobhan McIntyre
                                         Siobhan McIntyre (AK Bar No. 1206050)
                                         Joanna Cahoon (AK Bar No. 1405034)
                                         TRUSTEES FOR ALASKA
                                         *Attorneys for Movant Intervenor-Defendants SalmonState, Alaska Community Action on Toxics, Alaska Wilderness League, Alaska Wildlife Alliance, Cook Inletkeeper, Friends of McNeil River, Kachemak Bay Conservation Society, National Parks Conservation Association, National Wildlife Federation, Sierra Club, The Alaska Center, and Wild Salmon Center*

                                         s/ Erin Colón (with consent)
                                         Erin Colón (AK Bar No. 1508067)
                                         Charisse Arce (AK Bar No. 2303017)
                                         EARTHJUSTICE
                                         *Attorneys for Movant Intervenor-Defendants Center for Biological Diversity, Earthworks, and Friends of the Earth*

                                         s/Jacqueline Iwata (with consent)
                                         Jacqueline Iwata (*pro hac vice*)
                                         Thomas Zimpleman (*pro hac vice*)
                                         Joel Reynolds (*pro hac vice*)
                                         NATURAL RESOURCES DEFENSE COUNCIL
                                         *Attorneys for Movant Intervenor-Defendant Natural Resources Defense Council*

SalmonState et al.'s Reply to Plaintiffs' Opp'n to Jt. Mot. to Intervene     Page 15 of 16
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 70     Filed 06/28/24     Page 15 of 16

## Certificate of Service

     I certify that on June 28th, 2024, I caused a copy of the SALMONSTATE ET AL.'S REPLY TO PLAINTIFF'S OPPOSITION TO JOINT MOTION TO INTERVENE to be electronically filed with the Clerk of the Court for the U.S. District Court of Alaska using the CM/ECF system, which will send electronic notification of such filings to the attorneys of record in this case.

s/ Siobhan McIntyre
Siobhan McIntyre

SalmonState et al.'s Reply to Plaintiffs' Opp'n to Jt. Mot. to Intervene     Page 16 of 16
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 70     Filed 06/28/24     Page 16 of 16