Jeffrey M. Walker, *pro hac vice*
Katherine E. Wenner, pro hac vice
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-2700
(614) 365-2499 (facsimile)
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

Thomas P. Amodio
Kevin M. Boots
REEVES AMODIO, LLC
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222-7100
(907) 222-7199 (facsimile)
tom@reevesamodio.com
kevin@reevesamodio.com

Jeffrey M. Walker, *pro hac vice*
Katherine E. Wenner, *pro hac vice*
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-2700
(614) 365-2499 (facsimile)
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendant. | Case No. 3:24-00059-SLG |

___

## PLAINTIFFS' REPLY IN SUPPORT OF ITS REVISED COMPLAINT
___

PLAINTIFFS' REPLY IN SUPPORT OF ITS REVISED COMPLAINT    PAGE **1** OF **14**
**NORTHERN DYNASTY MINERALS LTD v. EPA**
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG    Document 75    Filed 07/05/24    Page 1 of 14

EPA suggests the Court has as much discretion to deny supplementation as to grant it. This is incorrect. "Rule 15(d) … give[s] district courts broad discretion in *allowing* supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (emphasis added). Clause (d), like the rest of Rule 15, "minimize[s] technical obstacles to a determination of the controversy on its merits." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998). Thus, there is no operative difference between 15(d) and 15(a) motions; "characterization" as one or the other is "immaterial." *Id.* "The standards for … supplemental pleading … are the same as those for granting a motion to file an amended complaint." *Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, No. 17-1340, 2019 WL 6728731, at *3 (W.D. Wash. Dec. 11, 2019).[1]

"Prejudice is the touchstone of the inquiry." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Leave should be granted unless EPA shows prejudice or "a strong showing" of one of the other authorized grounds for denying leave. *Id.* Supplementation is liberally allowed "absent a showing of prejudice to the defendant." *Keith*, 858 F.2d at 475.

EPA does not suggest PLP's motion is unduly delayed or affects EPA's substantive rights. It does not deny that if PLP filed its Army Corps claims in a fresh complaint, that case would be related to this one and come before this Court. ECF 55, at 10 ("Rule 15 Mot."); ECF 66, at 19 ("Rule 15 Opp."). EPA's hypothesized prejudice is primarily that the Court will be

---

[1] *See also, e.g., Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002) ("leave should be freely granted, and should be denied only where 'good reason exists …, such as prejudice to the defendants.'"); *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989) *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686 (10th Cir. 2010) ("Leave to supplement … should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants."); *P.H. v. Compton Unified Sch. Dist.*, 2023 WL 8229981, at *2 (C.D. Cal. Oct. 25, 2023) (ourts "apply the same presumption in favor of leave to supplement"); *F.B.T. Productions, LLC v. Aftermath Records*, No. 07-3314, 2012 WL 12919088, at *3 (C.D. Cal. June 27, 2012) (holding "leave to supplement should be freely given" unless the opponent shows one of the reasons to justify denial).

PLAINTIFFS' REPLY IN SUPPORT OF ITS REVISED COMPLAINT  PAGE **2** OF **14**
NORTHERN DYNASTY MINERALS LTD v. EPA
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG   Document 75   Filed 07/05/24   Page 2 of 14

confused by considering both sets of claims together. But EPA offers no reason to think the parties and the Court cannot manage the litigation sensibly just because there are two agency actions at issue. "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny leave to amend." *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511-12 (9th Cir. 1991).

## I. The revised complaint will neither prejudice EPA nor confuse the Court.

EPA "bears the burden of showing prejudice." *S. Peninsula Hosp. v. Xerox State Healthcare, LLC*, No. 15-177, 2018 WL 11417374, at *3 (D. Alaska June 21, 2018). EPA claims the revised complaint will generate two kinds of harm. Neither of them is really prejudice warranting a denial of leave to supplement.

First, EPA asserts that adding the Army Corps "would require the United States to litigate a challenge to a decision that may not be justiciable and, in any event, would be readily upheld on the merits." Rule 15 Opp. 16.[2] This is not a legitimate basis for barring the Army Corps claims. "[S]uch 'prejudice' is not the sort intended to be prevented…. On the contrary, having to defend against plaintiff's claims on the merits is precisely what Rule 15 seeks to achieve."

---

[2] In truth, the "United States" has nothing to litigate. It is not a party, nor would it be under the revised complaint. The government is not a "monolith," *Murthy v. Missouri*, No. 23-411, 2024 WL 3165801, at *14, and each of the two actual federal parties—EPA and the Army Corps—is a distinct entity. *Cf. Envt'l Defense Fund, Inc. v. EPA*, 548 F.2d 998 (D.C. Cir. 1976) (addressing claims of the U.S. Department of Agriculture against EPA).

PLAINTIFFS' REPLY IN SUPPORT OF ITS REVISED COMPLAINT     PAGE **3** OF **14**
NORTHERN DYNASTY MINERALS LTD v. EPA
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG    Document 75    Filed 07/05/24    Page 3 of 14

*Haynie v. Veneman*, 272 F. Supp. 2d 10, 18 (D.D.C. 2003). The Ninth Circuit has said "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). District courts throughout the circuit have accordingly recognized that "[t]he burden of having to defend a new claim alone is not undue prejudice." *Lindsey v. Elsevier Inc.*, No. 16-959, 2017 WL 3492151, at *9 (S.D. Cal. Aug. 15, 2017). (As discussed below, EPA's contention that the Army Corps' Permit Denial "may be" non-justiciable is mistaken anyway.)

This district has repeatedly concluded that when a plaintiff offers a revised complaint early in the litigation, "before any discovery has been conducted," there is no prejudice to defendant. *McManus v. Aleutian Region Sch. Dist.*, No. 20-99, 2021 WL 7162087, at *6 (D. Alaska Feb. 11, 2021); *Felger v. Smith & Nephew, Inc.*, No. 15-210, 2016 WL 11605103, at *1 (D. Alaska Apr. 18, 2016) ("earliest stages of development"). The Ninth Circuit's analysis in *DCD* supports this approach. There, the proposed amendment effectively added a new defendant. Because "this case is still at the discovery stage with no trial date pending," the Ninth Circuit concluded "there is no evidence that [the new defendant] would be prejudiced." 833 F.2d at 187-88. Similarly, the Third Circuit approved an amendment adding the United States as a defendant, because absent "delay impair[ing] its ability to defend against the suit" or making it "unfairly disadvantaged or deprived of the opportunity to present facts or evidence," there was no prejudice. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 206 (3d Cir. 2006).³ *Desertrain v. City of Los*

---

³ The "burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend…." *Dennis v. Dillard Stores, Inc.*, 207 F.3d 523, 526 (8th Cir. 2000) (quoting *United States v.*

PLAINTIFFS' REPLY IN SUPPORT OF ITS REVISED COMPLAINT   PAGE **4** OF **14**
**NORTHERN DYNASTY MINERALS LTD v. EPA**
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG   Document 75   Filed 07/05/24   Page 4 of 14

*Angeles* similarly focused on whether defendant would have a fair opportunity to defend the new claims. 754 F.3d 1147, 1155 (9th Cir. 2014) (noting there could be no prejudice because defendant was "fully prepared to litigate" amended claims).

EPA invokes an isolated Oregon court saying an agency would be prejudiced by having to litigate a matter that was not a final agency action. Rule 15 Opp. 16 (citing *Ore. Nat'l Desert Ass'n v. McDaniel*, 282 F.R.D. 533 (D. Or. 2012)). That case does not show that contending a claim is meritless constitutes a showing of prejudice. The parties had been litigating an agency decision for three years; the court had entered summary judgment remanding the matter, and also issued a contested injunction pending the remand. 282 F.R.D. at 535. After all that, plaintiff tried to add a challenge to a ministerial document implementing the original decision, to be litigated while the agency was deciding its remand. *Id.* at 537-38. That such circumstances might present prejudice does not contravene the weight of Ninth Circuit and other authority holding that simply having to defend a claim is not, in itself, prejudicial.

This case is certainly in just as early a phase as in *DCD*, *McManus*, and *Felger*. As PLP noted—with no response from EPA—the record is not even due until weeks after this reply, and thereafter PLP will have the opportunity to contest its contents. In this circumstance, the complaint that PLP's new claims *might* be defeated on the merits is no prejudice at all.

Second, EPA says the revised complaint will "inject unwarranted confusion by introducing documents and issues that are outside the scope of judicial review of EPA's Final

---

*Cont. Ill. Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989)). So the burden of defending a claim in the first place surely cannot be prejudicial.

PLAINTIFFS' REPLY IN SUPPORT OF ITS REVISED COMPLAINT  PAGE **5** OF **14**
**NORTHERN DYNASTY MINERALS LTD v. EPA**
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG   Document 75   Filed 07/05/24   Page 5 of 14

Determination." Rule 15 Opp. 16. That speculation is no more prejudicial than simply having to defend the claims. After all, *if* PLP offers arguments based on materials outside the record of the action by EPA or the Army Corps, that agency can respond accordingly, and the Court can accept or reject the arguments of either side as appropriate.

Navigating multiple, different administrative records in a single case addressing multiple agency actions is not novel; courts do this routinely. For example, in *District Hospital Partners, L.P. v. Burwell*, plaintiffs contested several annual rulemakings, and the district court ordered a particular document added to the record of one but not the others. 786 F.3d 46, 55-56 (2015). In *South Carolina Coastal Conservation League v. U.S. Army Corps of Engineers*, plaintiff challenged a highway construction project that involved separate decisions from EPA, the Army Corps, and the Federal Highway Administration. No. 17-3412, 2021 WL 3931908 (D.S.C. Sept. 2, 2021). "[E]ach of the agencies lodged a separate administrative record in support of its specifically challenged action," and the court and the parties appear to have had no difficulty keeping track of those records. *Id.* at *5. In *Ray v. Cuccinelli*, a court rejected claims that a federal agency would suffer prejudice from having to present "up to 45 separate administrative records" for various agency actions challenged in a single case. No. 20-6279, 2020 WL 7353697, at *4 (N.D. Cal. Dec. 15, 2020). In light of the extensive judicial experience litigating multiple actions in a single case, EPA's bare objection to litigating alongside the Army Corps cannot show prejudice.

To be sure, the Army Corps' appeal decision postdated EPA's Final Determination. *See* Rule 15 Opp. 16-17. EPA frets that reviewing the Army Corps' subsequent Permit Denial

PLAINTIFFS' REPLY IN SUPPORT OF ITS REVISED COMPLAINT  PAGE **6** OF **14**
NORTHERN DYNASTY MINERALS LTD v. EPA
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG   Document 75   Filed 07/05/24   Page 6 of 14

would "introduce into this case post-decisional materials" outside EPA's record. *Id.* at 17. In *District Hospital Partners*, *South Carolina Coastal Conservation League*, and more, the courts managed to review, in a single case, agency actions separated in time, so that the record of one was necessarily "post-decisional" compared to the other. EPA offers no reason to think the Court could not do the same here. EPA says PLP would be able to "blur the distinctions." Rule 15 Opp. 17. If PLP attempted such "blur[ring]," surely EPA would make a robust response.

Ironically, EPA simultaneously maintains that allegations about events at the Army Corps from *before* the Final Determination are prejudicial because the subsequent Permit Denial superseded the initial Record of Decision. Rule 15 Opp. 18. But at the time of the Final Determination, EPA did not know that the Army Corps appeal process would end up reversing significant parts of the Record of Decision, nor that the Alaska District would end up declining to analyze the permit further. Instead, EPA had the Record of Decision. So allegations about the Record of Decision are hardly immaterial or prejudicial.

PLP alleged that EPA relied heavily on the Record of Decision, ECF No. 55-2 ("Am. Compl."), ¶ 78; Rule 15 Mot. 2, 8; and EPA's opposition does not deny that assertion, *see* Rule 15 Opp. 2-12. The Record of Decision was of dubious reliability given how contrary it was to the Army Corps' own record and how it departed from usual processes, and given the vigorous political interference that caused the Army Corps to write the Record of Decision before it even had a chance to read PLP's final mitigation plan. Am. Compl. ¶¶ 70-74. Whether any of these details are in EPA's administrative record is not something on which the Court has any information at this point. As noted before, the case is at such an early stage

PLAINTIFFS' REPLY IN SUPPORT OF ITS REVISED COMPLAINT  PAGE **7** OF **14**
NORTHERN DYNASTY MINERALS LTD v. EPA
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG   Document 75   Filed 07/05/24   Page 7 of 14

that the EPA is not even due to provide the record yet. Once it has, PLP will have the opportunity to contest, if appropriate, the contents. The processes at the Army Corps and at EPA were closely related, Am. Compl. ¶¶ 59-60, and it would be startling if EPA's record contains nothing about the process leading to the Record of Decision.

EPA's worry that these observations are "crafted to sow confusion" misses the point. The circumstances surrounding the Record of Decision were germane to any assessment of its reliability, which EPA surely had to do in its own decision process. And even against the Army Corps, the political inputs are relevant. For one thing, they may well be part of the record; the Court cannot know, without first seeing what record the Army Corps produces. Moreover, EPA's invocation of *Department of Commerce v. New York*, Rule 15 Opp. 18 (quoting 588 U.S. 752 (2019)), ignores that case's overall holding, which established an important exception to the background principle. There the Supreme Court concluded that "a significant mismatch between the decision the Secretary made and the rationale he provided," and an "explanation for agency action that is incongruent with what the record reveals about the agency's priorities and decisionmaking process," made the agency's decision invalid. 588 U.S. at 783-85. That "record" included significant materials the agency first excluded from the administrative record. *Id.* at 780-82. Here, the process at the Army Corps and at EPA was similarly skewed. Am. Compl. ¶ 172. EPA and the Army Corps will presumably dispute that characterization, but that is no reason to insulate them from defending it. EPA's invocation of the general principle that an action is reviewed using the written explanation does not make it prejudicial to allege the explanation was unlawfully pretextual.

PLAINTIFFS' REPLY IN SUPPORT OF ITS REVISED COMPLAINT     PAGE **8** OF **14**
**NORTHERN DYNASTY MINERALS LTD v. EPA**
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG     Document 75     Filed 07/05/24     Page 8 of 14

## II. The Army Corps claims are not "separate, distinct and new."

EPA's contention on this point is simply that the Army Corps is a different agency, and its decision has its own administrative record.[4]  But that circumstance does not rise to the level of "separate, distinct, and new" as meant in Rule 15(d) cases. "Rule 15(d) unequivocally allows supplementing a complaint with a count based on later events." *Intrepid v. Pollock*, 907 F.2d 1125, 1129 (Fed. Cir. 1990) (citing *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218 (1964)).  Thus, that the Permit Denial occurred after the Final Determination, and after the filing of this case, is not in itself a barrier.  Indeed, *Rhodes v. Robinson* held that adding 20 new claims by supplementation was proper.  621 F.3d 1002, 1006 (9th Cir. 2010).  Moreover, "it follows, of course, that persons participating in these new events may be added if necessary." *Keith*, 858 F.2d at 475.  Consequently, that the Army Corps is a different agency is also no barrier.  What matters, under *Griffin*, is that the added claims "relate[] to the same cause of action originally pleaded." *Intrepid*, 907 F.2d at 1129 (citing *Griffin*).  The Army Corps claims obviously relate to EPA's Final Determination.  EPA relied on the Army Corps' initial Record of Decision.  Am. Compl. ¶ 78.  Then, the Army Corps completed the campaign to block the Pebble mine by relying on the Final Determination not just to foreclose discharges at the mine site, but even the construction of port facilities miles away.  EPA cannot deny these decisions were related; indeed, they are so closely related that EPA insists the Permit Denial is not a final

---

[4] This is the opposite of EPA's contention that "the United States" would face prejudice from defending the Army Corps claims. Rule 15 Opp. 16. Evidently EPA recognizes that it and the Army Corps are separate defendants.

PLAINTIFFS' REPLY IN SUPPORT OF ITS REVISED COMPLAINT　　　　　　　　PAGE **9** OF **14**
**NORTHERN DYNASTY MINERALS LTD v. EPA**
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG    Document 75    Filed 07/05/24    Page 9 of 14

agency action because it was subsumed by EPA's decision. Rule 15 Opp. 14.

Unable to address the actual standard from *Griffin*, EPA claims the Ninth Circuit has held supplementation is improper if the claims could be in a fresh complaint. *Id.* at 19. That would make the Ninth Circuit a remarkable outlier against the wide consensus that "although causes of action accruing after the institution of a lawsuit usually can be filed as separate actions, supplementation under Rule 15(d) is often a more efficient method for litigation such claims." *United States ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 4 (1st Cir. 2015). Unsurprisingly, the Ninth Circuit has not so held. In *Planned Parenthood of Southern Arizona v. Neely*, plaintiffs challenged a new and different statute, four years after final judgment with a permanent injunction. 130 F.3d 400, 401-02 (9th Cir. 1997). The court explained why the supplementation was an abuse of discretion: "Because the original action … had reached a final resolution and the district court did not retain jurisdiction." *Id.* at 403. EPA ignores what the court actually said, and those circumstances are, obviously, not present here.[5]

---

[5] Similarly, in *United Cook Inlet Drift Ass'n v. National Marine Fisheries Services*, plaintiffs moved to supplement four years after final judgment, and while they were pursuing fresh claims in a new complaint. No. 13-104, 2021 WL 5410890, at *4 (D. Alaska Nov. 18, 2021). In *Bradberry v. Schriro*, plaintiff moved to supplement four years after the initial complaint, and the new events had no relation to the original claims, No. 05-1336, 2009 WL 971298, at *3 (D. Ariz. Apr. 8, 2009); in *Mullen v. Surtshin* the case had been pending for five years and adding fresh defendants risked "prolong[ing] the suit for an indefinite amount of time," 590 F. Supp. 2d 1233, 1238 (N.D. Cal. 2008); and in *Flores v. Metro Valley Painting Corp.*, the new claim was that defendants instigated a police arrest, two years after the filing of the initial complaint, as retaliation for filing the initial complaint. The relation was "limited"; retaliation involves "different elements and damages formulations"; and prejudice would result from adding new material "at this stage of the proceedings." No. 06-2675, 2008 WL 4541414, at *2 (D. Ariz. Oct. 8, 2008). Thus, none of these cases support the notion that simply because a plaintiff *could* file a new complaint, the claims should not come in by supplementation. *Planned Parenthood* quoted Wright and Miller as saying supplementation will be denied if "the supplemental pleading could be the subject of a separate action." 130 F.3d at 402. The actual text in Wright and Miller includes an

PLAINTIFFS' REPLY IN SUPPORT OF ITS REVISED COMPLAINT   PAGE **10** OF **14**
NORTHERN DYNASTY MINERALS LTD v. EPA
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG   Document 75   Filed 07/05/24   Page 10 of 14

### III. The Army Corps claims are not futile.

"[T]he sufficiency of an amended pleading ordinarily will not be considered on motion for leave to amend." *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963); *see also Boa Tech., LLC v. Macneill Eng'g Co.*, No. 23-1431, 2024 WL 790908, at *2 (S.D. Cal. Feb. 26, 2024) (relying on *Breier*); *Zavala v. Kruse*, No. 19-239, 2023 WL 2387513, at *4 (Mar. 7, 2023) (same). Moreover, under *Eminence Capital*, given the lack of prejudice, only a "strong showing" of futility could even conceivably justify rejecting the revised complaint.

EPA cannot make that showing. First, it acknowledges that part of PLP's requested permit was not actually prohibited by EPA's veto: "[S]ome of the infrastructure … fell outside of the defined areas in the Final Determination." Rule 15 Opp. 14. Whether the Army Corps was correct to deny those aspects of the permit is a disputed question; the revised complaint presents this issue, Am. Compl. ¶¶ 83, 190, 192; and even EPA does not contend that aspect of the Denial was mandated by law.

Second, EPA suggests the Army Corps' Permit Denial "may not be a 'final agency action.'" Rule 15 Opp. 15 n.14. Asserting it "may not be" is far from a strong showing that the claims are *futile*. And it was, indeed, a final action. There is no doubt it was the end of the Army Corps' decision process, per 33 C.F.R. § 331.10(b). It had legal consequences too. Not only did it deny an application to build port facilities, it was also a determination that the proposal

---

important qualification: "[A] supplemental pleading *after trial* will be denied" in that situation. 6A Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1509 (3d ed. 2024) (emphasis added). *Planned Parenthood* had no need to recite that precondition because it plainly held true in the circumstances.

PLAINTIFFS' REPLY IN SUPPORT OF ITS REVISED COMPLAINT  PAGE **11** OF **14**
**NORTHERN DYNASTY MINERALS LTD v. EPA**
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG   Document 75   Filed 07/05/24   Page 11 of 14

before the Army Corps did, indeed, fulfill the criteria established by the Final Determination. Am. Compl. ¶ 83. Consequently, the Army Corps denied a permit that PLP had requested. Under the "pragmatic approach the [Supreme] Court has long taken to finality," *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 591 (2016), that is a sufficient consequence.

Third, this case presents an unusual situation in which the Army Corps issued a deeply defective Record of Decision; EPA incorporated the flawed reasoning into its veto decision; the Army Corps then acknowledged the many errors in its Record of Decision yet refused to do any further work because it relied in turn on EPA's Final Determination. This shell game is novel, and EPA cites nothing like it. The Army Corps will have a full opportunity to test the claims against it, if it so chooses. Rejecting the claims at the gate, without even seeing the Army Corps decision documents, simply because EPA asserts the Army Corps was bound, would be contrary to the "extreme liberality" of Rule 15.

## CONCLUSION

"If men must turn square corners when they deal with the government, it cannot be too much to expect the government to turn square corners when it deals with them." *Niz-Chavez v. Garland*, 593 U.S. 155, 172 (2021). Instead, EPA wants to run PLP around in circles. It says the Army Corps Permit Denial must go in a fresh complaint because it is too different, yet it says the Permit Denial cannot be litigated at all because it was wholly dependent on the Final Determination. It says the Permit Denial cannot be considered because it postdates the Final Determination, yet it says the initial Record of Decision cannot be considered because the Permit Denial superseded it. These arguments illustrate the shell game of which PLP

PLAINTIFFS' REPLY IN SUPPORT OF ITS REVISED COMPLAINT    PAGE **12** OF **14**
NORTHERN DYNASTY MINERALS LTD v. EPA
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG    Document 75    Filed 07/05/24    Page 12 of 14

complains.  At bottom, while EPA and the Army Corps would surely prefer not to defend the Permit Denial, they will not be *prejudiced* by having to do so.  The Court should allow the revised complaint and hear the parties' arguments on the merits.

Dated: July 5, 2024

/s/ Keith Bradley
Keith Bradley, *pro hac vice*
ScheLeese Goudy, *pro hac vice*
SQUIRE PATTON BOGGS (US) LLP
717 17th Street, Suite 1825
Denver, CO 80202
(303) 830-1776
(303) 894-9239 (facsimile)
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

Jeffrey M. Walker, *pro hac vice*
Katherine E. Wenner, *pro hac vice*
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, OH 43215
(614) 365-2700
(614) 365-2499 (facsimile)
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

Thomas P. Amodio
Kevin M. Boots
REEVES AMODIO, LLC
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222-7100
(907) 222-7199 (facsimile)
tom@reevesamodio.com
kevin@reevesamodio.com

*Attorneys for Plaintiffs Northern Dynasty Minerals Ltd and Pebble Limited Partnership*

PLAINTIFFS' REPLY IN SUPPORT OF ITS REVISED COMPLAINT  PAGE **13** OF **14**
NORTHERN DYNASTY MINERALS LTD v. EPA
CASE NO. 3:24-00059-SLG

Case 3:24-cv-00059-SLG     Document 75     Filed 07/05/24     Page 13 of 14

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2024, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:24-cv-00059-SLG who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Thomas Amodio
Thomas P. Amodio

PLAINTIFFS' REPLY IN SUPPORT OF ITS REVISED COMPLAINT PAGE **14** OF **14**
**NORTHERN DYNASTY MINERALS LTD v. EPA**
CASE NO. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG   Document 75   Filed 07/05/24   Page 14 of 14