TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

S. LANE TUCKER
United States Attorney
District of Alaska

MARK A. NITCZYNSKI
United States Department of Justice - ENRD
Environmental Defense Section
999 18th Street; South Terrace, Suite 370
Denver, CO 80202
Phone: (303) 844-1498
Email: mark.nitczynski@usdoj.gov

ELISABETH H. CARTER
United States Department of Justice - ENRD
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Phone: (202) 598-3141
Email: elisabeth.carter@usdoj.gov

*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendant. | Case No. 3:24-cv-00059-SLG |

**JOINT MOTON FOR PROTECTIVE ORDER**

Plaintiffs and Defendant United States Environmental Protection Agency ("EPA") request entry of a Protective Order to minimize risk, undue burden and expense associated with disclosure of material that may be subject to copyright in EPA's administrative record for the challenged decision in this case. The administrative record contains approximately 750 scientific journal articles, books and excerpts thereof, documents and reports prepared by non-U.S. government agencies and other organizations, and copies of information that EPA obtained from websites that may be protected by copyright. Making copies of these materials available for unrestricted use by docketing them in this case and sending them to Plaintiffs may potentially infringe upon copyright protections. In order to allow Plaintiffs to access these materials without cost, Plaintiffs and EPA request that the Court enter the proposed Protective Order attached to this motion as Exhibit 1. While the Parties anticipate that use of these materials in connection with briefing of this case may fall within the fair use doctrine under copyright law, the Parties would nonetheless file a motion to file any such documents under seal if a Party cites such materials in briefs submitted to the Court.

I. BACKGROUND

This case involves Plaintiffs' challenge under the Administrative Procedure Act ("APA") to the January 2023 Final Determination of the U.S. Environmental Protection Agency Pursuant to Section 404(c) of the Clean Water Act [for the] Pebble Deposit Area, Southwest Alaska ("Final Determination"). In accordance with the APA, Plaintiffs' challenge to the Final Determination is subject to judicial review on the administrative record.

EPA's administrative record is due on August 2, 2024. The administrative record contains approximately 750 scientific journal articles, books and excerpts thereof, documents

and reports prepared by non-U.S. government agencies and other organizations, and copies of information that EPA obtained from websites that may be protected by copyright. To avoid publication of these materials in possible violation of copyright laws, EPA will not file the materials with the Court or provide them to Plaintiffs absent a protective order. To facilitate production of the materials for use in this case, minimize the risk of any allegations of copyright infringement, and avoid undue expense and time for Plaintiffs to review the materials, Plaintiffs and EPA have agreed on the terms of the proposed Protective Order attached to this motion.

## II. THE PROPOSED PROTECTIVE ORDER

The proposed Protective Order provides for distribution of potentially copyrighted materials to the Court and Plaintiffs subject to restrictions on their use. The proposed Protective Order defines "Protected Information" to include any material or words with rights that may be protected under the United States Copyright Act of 1976, codified, as amended, at Title 17 of the U.S. Code. Protective Order ¶ 1. All documents asserted by EPA to contain Protected Information will be marked "SUBJECT TO PROTECTIVE ORDER." *Id.* ¶ 2.

Under the proposed Protective Order, the disclosure of Protected Information is restricted solely to the litigation of this case and is not to be used by any Party for any business, commercial, competitive, or other purpose. *Id.* ¶ 3(c). The disclosure and use of Protected Information is limited to persons listed in the proposed Protective Order and includes the Court and its personnel. *Id.* ¶ 3(d).

The proposed Protective Order states the Parties' expectation that the use of Protected Information may be covered pursuant to the fair use doctrine under 17 U.S.C. § 107. *Id.* ¶ 5. Nonetheless, if any Party submits Protected Information to the Court, that Party must simultaneously file a motion to seal the record as to the Protected Information. *Id.* ¶ 5. No later than 90 days after a final, non-appealable judgment in this case, the Parties will destroy or return to counsel for EPA all Protected Information. *Id.* ¶ 6.

### III. ARGUMENT

A court may, for good cause, issue an order to protect a party from undue burden or expense. *See* Fed. R. Civ. P. 26(c)(1). Although this motion is not filed by a party from whom discovery is sought, which is the focus of Rule 26(c)(1), the rule provides a relevant reference point for the Protective Order the Parties seek here. The proposed Protective Order protects the Parties from risk, undue burden and expense associated with providing and accessing potentially copyrighted materials in the administrative record.

Federal copyright laws place significant restrictions on the copying and distribution of copyrighted material by those who do not own the copyright. *See* 17 U.S.C. § 106 (copyright owner has exclusive right to reproduce and distribute the copyrighted work). Federal law provides exceptions for "fair use" of copyright material. *Id.* § 107. None of the statutory examples of fair use expressly authorizes the copying of copyrighted work for litigation purposes. *See id.* (identifying permissible fair use purposes as criticism, comment, news reporting, teaching, scholarship, or research).[1] However, some courts have determined that

---

[1] Section 107 identifies four factors to be considered when evaluating fair use: "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount

use of certain copyrighted materials in litigation constitutes "fair use." *See Jartech, Inc. v. Clancy*, 666 F.2d 403 (9th Cir. 1982); *Stern v Does*, 978 F.Supp.2d 1031, 1044-49 (C.D. Cal. 2011).

Good cause exists for entering the proposed Protective Order because it will facilitate review of materials contained in EPA's administrative record. The proposed Protective Order would minimize the risk that EPA would be found in violation of copyright laws by distributing copies without restrictions on use, and will allow EPA to distribute to Plaintiffs the information that is potentially subject to copyright, along with the other information contained in the record. In addition, the proposed Protective Order will avoid the imposition of undue expense and time on Plaintiffs. Issuance of the proposed Protective Order will enable Plaintiffs to access all of the information contained in EPA's record without expending the time to locate copyright holders or incurring costs or fees to access and use the information. Issuing the Protective Order also will not prejudice the Parties or the Court because Plaintiffs will be able to review the Protected Information and the Court will receive any Protected Information that the Parties cite in their briefs.

## IV. CONCLUSION

For the reasons explained above, the Court should enter the proposed Protective Order in the form attached to this motion as Exhibit 1.

---

and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107.

Respectfully submitted on July 26, 2024,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

S. LANE TUCKER
United States Attorney
District of Alaska

 /s/ Mark A. Nitczynski
MARK A. NITCZYNSKI
United States Department of Justice - ENRD
Environmental Defense Section
999 18th Street; South Terrace, Suite 370
Denver, CO 80202
Phone: (303) 844-1498 (Nitczynski)
Email: mark.nitczynski@usdoj.gov

ELISABETH H. CARTER
United States Department of Justice - ENRD
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Phone: (202) 598-3141
Email: elisabeth.carter@usdoj.gov

*Attorneys for the United States*

 /s/ Keith Bradley (with authorization)
Keith Bradley, *pro hac vice*
ScheLeese Goudy, *pro hac vice*
SQUIRE PATTON BOGGS (US) LLP
717 17th Street, Suite 1825
Denver, CO 80202
(303) 830-1776
(303) 894-9239 (facsimile)
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

Jeffrey M. Walker, *pro hac vice*
Katherine E. Wenner, *pro hac vice*
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center

41 South High Street
Columbus, OH 43215
(614) 365-2700
(614) 365-2499 (facsimile)
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

Thomas P. Amodio
Kevin M. Boots
REEVES AMODIO, LLC
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222-7100
(907) 222-7199 (facsimile)
tom@reevesamodio.com
kevin@reevesamodio.com

*Attorneys for Plaintiffs Northern Dynasty Minerals Ltd
and Pebble Limited Partnership*