# EXHIBIT 1 TO JOINT MOTION FOR PROTECTIVE ORDER

# [PROPOSED] PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>    Defendant. | Case No. 3:24-cv-00059-SLG |

**[PROPOSED] PROTECTIVE ORDER**

    This Protective Order governs the production, use, and submission of Protected Information in the administrative record submitted by the United States Environmental Protection Agency ("EPA") in this case and precludes use of such information for purposes other than in this case, except as authorized by law or in accordance with this Protective Order. Protected Information shall be submitted to the Court only in accordance with this Protective Order.

    1. **"Protected Information" Defined**: "Protected Information" shall include any material or words with rights that may be protected under the U.S. Copyright Act of 1976, Pub. L. No. 94-553, 90 Stat. 2541, codified, as amended, at Title 17 of the U.S. Code. Protected Information that is or becomes publicly available in a manner that does not violate this Protective Order or other relevant confidentiality requirements shall not constitute

Protected Information, and to the extent a party obtains information outside the context of this action by means other than through a violation of this Protective Order or other confidentiality requirement, that party shall not be limited in its use of such information by this Protective Order.

    2. **Disclosure and Use of Protected Information:**

        a. In accordance with and subject to the protections of this Protective Order, EPA shall disclose to Plaintiffs any and all documents in the administrative record for this case that EPA believes in good faith to contain Protected Information. This Protective Order does not constitute and shall not be interpreted as a concession or agreement by any party that any of the materials in the administrative record are, in fact, protected from disclosure by the Copyright Act.

        b. Disclosure and use of any Protected Information subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, competitive, or other purpose. This Protective Order, however, does not restrict the disclosure or use of any Protected Information lawfully obtained by the receiving party through means or sources outside of this case. Nothing in this Protective Order shall limit the use by a party of its own Protected Information or prevent a party from disclosing its own Protected Information to any person, except that employees of the United States remain

bound by any relevant statutory or regulatory restrictions regarding disclosure of information.

c. Disclosure and use of any Protected Information, including all information derived therefrom, shall be restricted solely to:

    i. the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court during the litigation of this case; and

    ii. the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel for all of the parties or authorized by the Court:

        1. Outside counsel of record for the parties and other attorneys and administrative staff performing work on these matters within outside counsel's firms or law offices;

        2. Any employee, director, officer, or manager of any party in this case, but only to the extent necessary to further the interest of that party in this case;

        3. The authors and the original recipients of the documents;

        4. Independent consultants or experts (including partners, associates and employees of the firm at which such consultants or experts are employed) retained by a party or its attorneys for

purposes of this litigation, but only to the extent necessary to further the interest of that party in this case; and

5. Employees of copy services, microfilming or database services, brief printing and delivery services, trial support firms and/or translators who are engaged by the parties during the litigation of this case.

d. Prior to being shown any Protected Information produced in this case, any person listed under Paragraph 2(c)(ii) shall agree to be bound by the terms of this Protective Order by signing the Certification attached as Attachment A.

3. **The Administrative Record:** EPA shall disclose to Plaintiffs any portion of the administrative record that EPA believes in good faith is likely to contain Protected Information with a designation of "SUBJECT TO PROTECTIVE ORDER." Because of the burdens and delay associated with a comprehensive page-by-page review for specific Protected Information in the administrative record, the entirety of a document or other material identified as containing Protected Information in the administrative record shall be treated as containing Protected Information unless EPA specifically designates otherwise.

4. **Procedures to Govern Filing of Protected Information:** While the parties believe that the use of Protected Information in this case may meet the requirements of the "fair use" doctrine, *see* 17 U.S.C. § 107, if any party submits Protected Information to the Court, that party shall concurrently file a motion to keep those materials under seal.

5. **Return or Destruction of Protected Information:** No later than 90 days after a final, non-appealable judgment in this case, the parties shall destroy or return to counsel for

the producing party all Protected Information, including all copies thereof, provided that counsel of record for each party may maintain a copy of any briefs, exhibits, excerpts of record, or other material filed with or presented to the Court in this case.

6**. Retained Jurisdiction:** The restrictions on disclosure and use of Protected Information shall survive the conclusion of this case and this Court shall retain jurisdiction over this case after its conclusion for the purpose of enforcing the terms of this Protective Order.

DATED this ** day of July 2024, at Anchorage, Alaska.

_____
UNITED STATES DISTRICT JUDGE

ATTACHMENT A

**Certification**

I, _____, hereby certify that I have received a copy of and read the Protective Order in *Northern Dynasty Minerals. Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG (D. Alaska). I agree to abide by the terms of the Protective Order and I agree to personal jurisdiction of the District of Alaska for purposes of enforcing the Protective Order.

Dated: _____ _____
                                                                   Name (Signature)

_____
Affiliation or Employer