# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

NORTHERN DYNASTY MINERALS
LTD, *et al.*,

                Plaintiffs,

      v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

                Defendant.

Case No. 3:24-cv-00059-SLG

## ORDER RE MOTION TO AMEND AND SUPPLEMENT COMPLAINT

Before the Court at Docket 55 is Plaintiffs Northern Dynasty Minerals Ltd. and Pebble Limited Partnership's Motion for Leave to Amend and Supplement Complaint. Defendant United States Environmental Protection Agency ("EPA") responded in opposition at Docket 66. Plaintiffs filed a corrected reply at Docket 76-2. Oral argument was not requested and was not necessary to the Court's decision.[1]

## BACKGROUND

Plaintiffs' complaint brings a challenge under the Administrative Procedure Act ("APA") to a February 2023 Final Determination, in which EPA prohibited the

---

[1] A decision on the three pending motions to intervene is forthcoming by separate order.

specification and use of certain waters as disposal sites at the Pebble Deposit in southwest Alaska pursuant to Section 404(c) of the Clean Water Act ("CWA").[2]

In 1972, Congress passed the CWA to, among other things, "restore and maintain the chemical, physical, and biological integrity of the Nation's waters."[3] Accordingly, the CWA declared unlawful "the discharge of any pollutant by any person" into navigable waters except as permitted under the Act.[4]  Section 404(a) of the CWA provides that the United States Army Corps of Engineers ("USACE") "may issue permits . . . for the discharge of dredged or fill material into the navigable waters at specified disposal sites."[5]  However, the USACE's authority to issue permits is subject to veto by the EPA.[6]  Under Section 404(c), the EPA is authorized to:

> prohibit the specification (including the withdrawal of specification) of any defined area as a disposal site, and . . . to deny or restrict the use of any defined area for specification (including the withdrawal of specification) as a disposal site, whenever [EPA] determines, after notice and opportunity for public hearings, that the discharge of such

---

[2] Docket 1; *see also* 33 U.S.C. § 1344; Final Determination To Prohibit the Specification of and Restrict the Use for Specification of Certain Waters Within Defined Areas as Disposal Sites; Pebble Deposit Area, Southwest Alaska, 88 Fed. Reg. 7441 (Feb. 3, 2023).

[3] 33 U.S.C. § 1251(a).

[4] 33 U.S.C. § 1311(a).

[5] 33 U.S.C. § 1344(a), (d). *See* Federal Water Pollution Control Act Amendments of 1972, Pub. L. No. 92-500, § 404, 86 Stat. 816, 884.  "[F]ill material means material placed in waters of the United States where the material has the effect of: (i) Replacing any portion of a water of the United States with dry land; or (ii) Changing the bottom elevation of any portion of a water of the United States." 33 C.F.R. § 323.2(e)(1) (2023).  "[D]redged material means material that is excavated or dredged from waters of the United States."  33 C.F.R. § 323.2(c).

[6] 33 U.S.C. § 1344(c).

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals, LTD, et al. v. EPA*
Order re Motion for Leave to Amend and Supplement Complaint
Page 2 of 13

Case 3:24-cv-00059-SLG   Document 90   Filed 08/15/24   Page 2 of 13

materials into such area will have an unacceptable adverse effect on municipal water supplies, shellfish beds and fishery areas (including spawning and breeding areas), wildlife, or recreational areas. . . .[7]

Plaintiffs hold mineral rights to the Pebble Deposit, a large deposit of ore containing copper, gold, and molybdenum in southwest Alaska.[8]  The Pebble Deposit is "located at the headwaters of the largely undeveloped Bristol Bay watershed that underlies portions of the SFK [South Fork Koktuli River], NFK [North Fork Koktuli River], and UTC [Upper Talarik Creek] watersheds, which drain to two of the largest rivers in the Bristol Bay watershed, the Nushagak and Kvichak Rivers."[9]

In 2017, Plaintiff Pebble Limited Partnership ("PLP") submitted an application under Section 404 of the CWA for the permits it needs to develop a mine at the Pebble Deposit.[10]  Pursuant to the National Environmental Policy Act, USACE then prepared and, in July 2020, published, an Environmental Impact Statement ("EIS").[11]  Several months thereafter, on November 20, 2020, the USACE issued a Record of Decision ("ROD") denying the application for the

---

[7] *Id.*

[8] Docket 1 at ¶¶ 1–3.

[9] Final Determination To Prohibit the Specification of and Restrict the Use for Specification of Certain Waters Within Defined Areas as Disposal Sites; Pebble Deposit Area, Southwest Alaska, 88 Fed. Reg. at 7442.

[10] Docket 1 at ¶ 41.

[11] Docket 1 at ¶ 47.

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals, LTD, et al. v. EPA*
Order re Motion for Leave to Amend and Supplement Complaint
Page 3 of 13

Case 3:24-cv-00059-SLG   Document 90   Filed 08/15/24   Page 3 of 13

permits.[12]  In response, PLP administratively appealed the ROD.[13]  On appeal, USACE eventually remanded the ROD to its Alaska District for reconsideration in April 2023.[14]

Meanwhile, in May 2022, while PLP's administrative appeal of the ROD was pending, EPA published a proposal for a Section 404(c) veto.[15]  Ultimately, on February 3, 2023, EPA issued its Final Determination vetoing Section 404 permits for certain waters near the Pebble Deposit.[16]  In its Determination, EPA found that "discharges of dredged or fill material to construct and operate the [proposed Pebble Mine]" presented "unacceptable adverse effects on anadromous fishery areas in the SKF and NFK watersheds."[17]  EPA further determined that:

> discharges of dredged or fill material for the construction and routine operation of a mine to develop the Pebble deposit anywhere in the mine site area that would result in the same or greater levels of loss or streamflow changes as the 2020 Mine Plan also will have

---

[12] Docket 1 at ¶ 57.

[13] Docket 1 at ¶ 59.

[14] Docket 1 at ¶ 59; *see also* U.S. Army Corps of Engineers Alaska District, POA-2017-00271 SPN, *Notification of Appeal Remand Decision for Pebble Limited Partnership's Application* (2024) (noting that PLP's administrative appeal was remanded on April 24, 2023).

[15] Docket 1 at ¶ 60.

[16] Docket 1 at ¶ 62; Final Determination To Prohibit the Specification of and Restrict the Use for Specification of Certain Waters Within Defined Areas as Disposal Sites; Pebble Deposit Area, Southwest Alaska, 88 Fed. Reg. 7441.

[17] Final Determination To Prohibit the Specification of and Restrict the Use for Specification of Certain Waters Within Defined Areas as Disposal Sites; Pebble Deposit Area, Southwest Alaska, 88 Fed. Reg. at 7443.

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals, LTD, et al. v. EPA*
Order re Motion for Leave to Amend and Supplement Complaint
Page 4 of 13

Case 3:24-cv-00059-SLG   Document 90   Filed 08/15/24   Page 4 of 13

unacceptable adverse effects on anadromous fishery areas in the SFK and NFK watersheds. . . .[18]

To prevent these unacceptable adverse effects, the Final Determination restricts the use for specification of certain waters of the United States in the SFK, NFK, and UTC watersheds as disposal sites for the discharge of dredged or fill material associated with future proposals to construct and operate a mine to develop the Pebble deposit with discharges of dredged or fill material into waters of the United States that would result in adverse effects similar or greater in nature and magnitude to the adverse effects of the 2020 Mine Plan.[19]

On March 15, 2024, Plaintiffs filed the instant suit challenging EPA's Final Determination.[20]  The USACE's decision on remand of the administrative appeal remained pending at the time.[21]  One month later, on April 15, 2024, the Alaska District of the USACE completed its reconsideration of the remanded ROD and again denied PLP's Section 404 permit application.[22]  In denying the application, the USACE relied on EPA's 2023 Final Determination as "a controlling factor that cannot be changed by a USACE decision maker. . . ."[23]

---

[18] *Id.*

[19] *Id.*

[20] *See* Docket 1.

[21] U.S. Army Corps of Engineers Alaska District, POA-2017-00271 SPN, *Notification of Appeal Remand Decision for Pebble Limited Partnership's Application* (2024) (noting that PLP's administrative appeal was remanded on April 24, 2023).

[22] Department of the Army, POA-2017-00271 RECORD OF DECISION, *Review of the Application by Pebble Limited Partnership (POA-2017-0271) in light of the prohibitions and restrictions imposed by the Final determination of the [EPA]* (2024).

[23] *Id.*

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals, LTD, et al. v. EPA*
Order re Motion for Leave to Amend and Supplement Complaint
Page 5 of 13

Plaintiffs now move to amend and supplement their complaint in this matter to add the USACE as a defendant and to challenge as arbitrary and capricious the USACE's April 2024 denial of their Section 404 application for permits.[24]

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), if 21 days have passed since a pleading was served or since a motion under Rule 12(b), (e), or (f) was served—whichever is earlier—then "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a) also provides that courts should "freely give leave [to amend] when justice so requires," and the Ninth Circuit has held that "this policy is to be applied with extreme liberality."[25] "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. Futility alone can justify the denial of a motion to amend."[26] However, "[n]ot all of the factors merit equal weight"; in the Ninth Circuit, "it is the consideration of prejudice to the opposing party that carries the greatest weight."[27]

---

[24] *See* Docket 55.

[25] Fed. R. Civ. P. 15(a)(2); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted).

[26] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation and internal quotation marks omitted).

[27] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted).

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals, LTD, et al. v. EPA*
Order re Motion for Leave to Amend and Supplement Complaint
Page 6 of 13

Case 3:24-cv-00059-SLG   Document 90   Filed 08/15/24   Page 6 of 13

And "[a]bsent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."[28]

Parties may supplement, as well as amend, pleadings. Federal Rule of Civil Procedure 15(d) provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." In deciding whether to permit a supplemental pleading, a court's focus is on judicial efficiency.[29] The use of Rule 15(d) to allow supplemental pleadings is "favored" because such pleadings permit a court to accord complete relief "in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted."[30] Nonetheless, supplemental pleadings "cannot be used to introduce a separate, distinct, and new cause of action."[31] Rather, matters newly alleged in a supplemental complaint must have "some relation to the claim set forth in the original

---

[28] *Id.* (emphasis in original) (citation omitted).

[29] *See, e.g., Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988); *Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).

[30] *Keith*, 858 F.2d at 473 (citation omitted).

[31] *Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013) (citation and internal quotation marks omitted).

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals, LTD, et al. v. EPA*
Order re Motion for Leave to Amend and Supplement Complaint
Page 7 of 13

Case 3:24-cv-00059-SLG   Document 90   Filed 08/15/24   Page 7 of 13

pleading."[32]  And "factors such as prejudice to the defendant, laches, or futility may weigh against allowing a supplemental pleading."[33]

## DISCUSSION

Plaintiffs move for leave to file an Amended and Supplemental Complaint that would add the USACE as a defendant and assert a new claim related to the USACE's April 2024 denial of their CWA Section 404 permit application.[34] Plaintiffs maintain that their proposed revised complaint is not unduly delayed, relates to the same facts and circumstances as their initial complaint, and is not futile.[35]

EPA responds that Plaintiffs' additional claim would be futile[36] and that allowing Plaintiffs to supplement their Complaint would prejudice EPA by confusing these proceedings.[37]  Furthermore, they contend that Plaintiffs' new, distinct claim is more appropriately litigated in a separate suit.[38]

The Court concludes that Plaintiffs' proposed amendment under Rule 15(a) and supplementation under Rule 15(d) are appropriate in this case.  First, there is

---

[32] *Keith*, 858 F.2d at 474 (citation omitted).

[33] *Yates*, 299 F.R.D. at 613 (citations omitted).

[34] Docket 55 at 2.

[35] Docket 55 at 7–11.

[36] Docket 66 at 14–16.

[37] Docket 66 at 17–19.

[38] Docket 66 at 19–21.

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals, LTD, et al. v. EPA*
Order re Motion for Leave to Amend and Supplement Complaint
Page 8 of 13

Case 3:24-cv-00059-SLG   Document 90   Filed 08/15/24   Page 8 of 13

no indication of bad faith or undue delay. Plaintiffs moved to amend on June 7, 2024, shortly after counsel for the defendant had entered an appearance and the USACE had denied the Section 404 permits on remand.[39]

Furthermore, Plaintiffs' proposed amendments are not futile. Absent prejudice, a party must make a strong showing of futility to rebut the presumption in favor of granting leave to amend.[40] EPA asserts that, given the language of Section 404, the USACE could not have issued a Section 404 permit in contravention of EPA's Section 404(c) veto.[41] In particular, EPA submits that the language of Section 404 expressly subjects the USACE to the authority of EPA, eliminating USACE's discretion to issue a permit following EPA's veto.[42] As such, EPA asserts that supplementation would be futile because "the Court would readily uphold the Corps' denial without prejudice."[43] And yet EPA acknowledges that "some of the infrastructure associated with the 2020 Mine Plan fell outside the defined areas in the Final Determination."[44] Therefore, there are at least some

---

[39] *See* Docket 55 (filed June 7, 2024); *see also* Docket 43 (appearing by answering on May 20, 2024).

[40] *See Eminence Cap., LLC*, 316 F.3d at 1052 ("Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." (emphasis in original)).

[41] Docket 66 at 14–16.

[42] Docket 66 at 15.

[43] Docket 66 at 14.

[44] Docket 66 at 15.

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals, LTD, et al. v. EPA*
Order re Motion for Leave to Amend and Supplement Complaint
Page 9 of 13

Case 3:24-cv-00059-SLG   Document 90   Filed 08/15/24   Page 9 of 13

aspects of the permits that the USACE's denial addressed and EPA's Final Determination did not.  Hence, EPA has not clearly established futility on this basis.

Additionally, EPA suggests that Plaintiffs' new claim is futile because "the Corps' Denial Decision may not be a 'final agency action' subject to review under the APA."[45]  Arguments raised only in footnotes, like that asserted here, "are generally deemed waived."[46]  But, in any event, the USACE's permit denial appears to have been the consummation of the agency process as outlined in the Code of Federal Regulations.[47]

EPA also contends that adding the USACE as a defendant "would be prejudicial because doing so would require the United States to litigate a challenge to a decision that may not be justiciable and, in any event, would be readily upheld on the merits."[48]  EPA further asserts that allowing Plaintiffs to supplement the Complaint would "inject unnecessary confusion by introducing documents and issues that are outside the scope of judicial review of EPA's Final Determination[,]" which is "limited to EPA's administrative record."[49]  In the agency's view, there is a risk that Plaintiffs will "blur the distinction between the two agency records and

---

[45] Docket 66 at 16 n.14.

[46] *Est. of Saunders v. Comm'r*, 745 F.3d 953, 962 n.8 (9th Cir. 2014) (citations omitted).

[47] 33 C.F.R. § 331.10(b) ("[T]he district engineer's decision made pursuant to the division engineer's remand of the appealed action becomes the final Corps permit decision.").

[48] Docket 66 at 17.

[49] Docket 66 at 17.

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals, LTD, et al. v. EPA*
Order re Motion for Leave to Amend and Supplement Complaint
Page 10 of 13

Case 3:24-cv-00059-SLG   Document 90   Filed 08/15/24   Page 10 of 13

further muddy the issues before this Court . . . ."[50]  And EPA insists that Plaintiffs'
new allegations address the USACE's 2020 ROD that has since been superseded
and "seem crafted to sow confusion."[51]

"Prejudice is the 'touchstone of the inquiry under [R]ule 15(a)'" and the most
important factor that weighs against allowing a party to supplement under Rule
15(d).[52]  In this case, allowing Plaintiffs to amend and supplement their Complaint
will not unduly prejudice EPA.  EPA contends that the United States will be
prejudiced because it will need to defend a meritless challenge.[53]  But, as
discussed above, the Court is not persuaded that the proposed new claim is futile,
and "[t]he burden of having to defend a new claim alone is not undue prejudice
under Rule 15."[54]  Furthermore, courts routinely handle cases involving multiple
administrative records and the inclusion of two such records here is not likely to
create unnecessary confusion.[55]  Lastly, although Plaintiffs' proposed Amended

---

[50] Docket 66 at 18.

[51] Docket 66 at 18–19.

[52] *Eminence Cap., LLC*, 316 F.3d at 1052 (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)) (additional citations omitted).

[53] Docket 66 at 17.

[54] *Lindsey v. Elsevier Inc.*, Case No. 16CV959-GPC(DHB), 2017 WL 3492151, at *9 (S.D. Cal. Aug. 15, 2017) (citation omitted).

[55] *See, e.g., S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, Case No. 2:17-CV-3412, 2021 WL 3931908, at *5 (D.S.C. Sept. 2, 2021) (noting that the Federal Highway Administration, EPA, and USACE each lodged a separate administrative record in a case involving a Section 404 permit); *Ray v. Cuccinelli*, Case No. 20-CV-06279-JSC, 2020 WL 7353697, at *4 (N.D. Cal. Dec. 15, 2020) (concluding that the Court's consideration of multiple agency records did not create prejudice for purposes of Rule 20 joinder).

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals, LTD, et al. v. EPA*
Order re Motion for Leave to Amend and Supplement Complaint
Page 11 of 13

Case 3:24-cv-00059-SLG   Document 90   Filed 08/15/24   Page 11 of 13

and Supplemental Complaint includes allegations related to a ROD that has now been superseded, Plaintiffs insist these allegations may be relevant to the Court's consideration of the most recent ROD and were excluded from the initial complaint only because the current ROD had not yet been issued.[56]  In sum, EPA has not demonstrated that it would be unduly prejudiced by the proposed amendment at this early stage of litigation.

Finally, EPA argues that the Court should not allow Plaintiffs to supplement their Complaint because the supplemental allegations raise a new and distinct cause of action that would be more appropriately litigated in a separate suit.[57] True, supplemental pleadings "cannot be used to introduce a separate, distinct, and new cause of action."[58]  But supplemental pleadings may include new allegations so long as they have "some relation to the claims set forth in the original pleading."[59]  The matters newly alleged here—that the USACE's permit denial was arbitrary and capricious—closely relate to Plaintiffs' original claim that EPA acted improperly by issuing its Final Determination.[60]  Both agency processes proceeded in parallel, were informed by one another, and related to precisely the same

---

[56] Docket 76-2 at 9–10.

[57] Docket 66 at 19–20.

[58] *Yates*, 299 F.R.D. at 614 (citation and internal quotation marks omitted).

[59] *Keith*, 858 F.2d at 474 (citation omitted)).

[60] *See* Docket 55-3 at ¶¶ 170–192.

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals, LTD, et al. v. EPA*
Order re Motion for Leave to Amend and Supplement Complaint
Page 12 of 13

proposed mining project. Indeed, one of Plaintiffs' key allegations is that the 2024 ROD was arbitrary and capricious because it improperly relied on EPA's 2023 Final Determination, which in turn improperly relied on the flawed 2020 ROD.[61] Therefore, the claim introduced in the proposed Amended and Supplemental Complaint is not a "separate, distinct, and new cause of action" that must be litigated in another suit.[62]

Accordingly, and consistent with the Ninth Circuit's policy liberally favoring amendment, leave to amend and supplement the complaint in this matter is **GRANTED**.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend and Supplement Complaint at Docket 55 is **GRANTED**. Plaintiffs shall file a complete, clean copy of the First Amended and Supplemented Complaint for Declaratory and Injunctive Relief at Docket 55-2 as required by Local Civil Rule 15.1(b) within 7 days, and the case caption shall be amended as set forth in that filing.

DATED this 15th day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[61] *See* Docket 55-3 at ¶¶ 2 & 83.

[62] *Yates*, 299 F.R.D. at 614.

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals, LTD, et al. v. EPA*
Order re Motion for Leave to Amend and Supplement Complaint
Page 13 of 13

Case 3:24-cv-00059-SLG   Document 90   Filed 08/15/24   Page 13 of 13