# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD, *et al.*,<br><br>    Plaintiffs,<br><br> v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>    Defendants,<br><br> and<br><br>UNITED TRIBES OF BRISTOL BAY, *et al.*,<br><br>    Intervenor-Defendants. | Case No. 3:24-cv-00059-SLG |

## ORDER RE MOTIONS TO INTERVENE

  Before the Court are three motions to intervene. At Docket 21, United Tribes of Bristol Bay, Bristol Bay Native Association, Inc., Bristol Bay Economic Development Corporation, Bristol Bay Native Corporation, Bristol Bay Regional Seafood Development Association, Inc., and Commercial Fishermen for Bristol Bay ("Bristol Bay Intervenors") move to intervene. At Docket 23, Trout Unlimited so moves. And, at Docket 32, SalmonState, Alaska Community Action on Toxics, Alaska Wilderness League, Alaska Wildlife Alliance, Cook Inletkeeper, Friends of McNeil River, Kachemak Bay Conservation Society, National Parks Conservation Association, National Wildlife Federation, Sierra Club, Alaska Center, Wild Salmon

Center, Center for Biological Diversity, Earthworks, Friends of the Earth, and Natural Resources Defense Council ("SalmonState Intervenors") so move. Plaintiffs Northern Dynasty Minerals Ltd. and Pebble Limited Partnership responded in opposition to each motion respectively at Dockets 56, 57, and 58. The proposed intervenors replied at Dockets 69, 71, and 70. Defendant United States Environmental Protection Agency ("EPA") did not file a response but communicated to two of the proposed intervenors that it opposes intervention as a matter of right, but does not oppose permissive intervention.[1] Oral argument was not requested and was not necessary to the Court's decision.

## BACKGROUND

Plaintiffs' Amended and Supplemental Complaint raises a challenge under the Administrative Procedure Act ("APA") to EPA's February 2023 Final Determination prohibiting the specification and use of certain waters as disposal sites at the Pebble Deposit in southwest Alaska under the Clean Water Act, and to the U.S. Army Corps of Engineers' April 2024 Record of Decision denying a Clean Water Act Section 404 permit.[2] Plaintiffs hold mineral rights to the Pebble

---

[1] Docket 21 at 2 n.1; Docket 32 at 3. At Docket 90, the Court recently allowed Plaintiffs to amend and supplement their Complaint to add the U.S. Army Corps of Engineers as a defendant. The U.S. Army Corps of Engineers did not have an opportunity to respond to the motions to intervene.

[2] Docket 91 (Am. Compl.); *see also* Docket 90 (allowing Plaintiffs to amend and supplement).

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals LTD, et al. v. EPA, et al.*
Order re Motions to Intervene
Page 2 of 15
Case 3:24-cv-00059-SLG   Document 95   Filed 08/22/24   Page 2 of 15

Deposit, a large deposit of ore containing copper, gold, and molybdenum in the Bristol Bay watershed in southwest Alaska.[3]

The movants are three sets of entities that altogether consist of 23 entities that claim cultural, economic, and other interests in the Bristol Bay region. The proposed Bristol Bay Intervenors include two consortiums of federally recognized tribes located in the region;[4] the Bristol Bay Native Corporation, the Alaska Native Claims Settlement Act regional corporation for the Bristol Bay region;[5] two non-profit corporations focused on economic development and the commercial salmon fishing industry in the region,[6] and a national advocacy network for the long term sustainability of Bristol Bay wild sockeye salmon.[7]

The second proposed intervenor, Trout Unlimited, is a national non-profit organization with a "membership [that] includes passionate anglers, lodge owners, fishing and hunting guides, subsistence users, commercial fishers, tourists, and Alaskans . . ., who live and operate in, or regularly visit, the Bristol Bay region."[8]

---

[3] Docket 91 at ¶¶ 3-4; *see also* Final Determination To Prohibit the Specification of and Restrict the Use for Specification of Certain Waters Within Defined Areas as Disposal Sites; Pebble Deposit Area, Southwest Alaska, 88 Fed. Reg. 7441, 7442 (Feb. 3, 2023).

[4] Docket 21-1 at ¶ 3 (United Tribes of Bristol Bay); Docket 21-2 at ¶ 4 (Bristol Bay Native Association).

[5] Docket 21-4 at ¶ 2.

[6] Docket 21-3 at ¶ 9 (Bristol Bay Economic Development Corporation); Docket 21-7 at ¶ 7 (Bristol Bay Regional Seafood Development Association, Inc.).

[7] Docket 21-6 at ¶ 3 (Commercial Fisherman for Bristol Bay).

[8] Docket 23-1 at ¶ 3.

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals LTD, et al. v. EPA, et al.*
Order re Motions to Intervene
Page 3 of 15

Case 3:24-cv-00059-SLG   Document 95   Filed 08/22/24   Page 3 of 15

The third and final proposed group of intervenors, SalmonState Intervenors, is comprised of 16 non-profit organizations with asserted interests in preserving wilderness areas and fisheries near the proposed Pebble Mine site, both as organizations and as representatives of their members.[9]

**LEGAL STANDARD**

Federal Rule of Civil Procedure 24(a) directs district courts to permit a party to intervene as a matter of right if the party "claims an interest relating to the property or transaction that is the subject of an action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Additionally, Rule 24(b) allows a district court to permit a movant to intervene permissively if the movant "has a claim or defense that shares with the main action a common question of law or fact."[10] The Ninth Circuit has held that permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action."[11] However, the first requirement of an independent

---

[9] *See, e.g.,* Docket 32-2 at ¶¶ 3–7; Docket 32-3 at ¶¶ 4–5; Docket 32-4 at ¶¶ 4–12; Docket 32-5 at ¶¶ 3, 9; Docket 32-7 at ¶¶ 3–5, 8, 10; Docket 32-8 at ¶¶ 4–10; Docket 32-10 at ¶¶ 1–5; Docket 32-11 at ¶¶ 4 & 10; Docket 32-12 at ¶¶ 3–8; Docket 32-13 at ¶¶ 3–11; Docket 32-14 at ¶¶ 3–8; Docket 32-15 at ¶¶ 4–8, 14–19; Docket 32-17 at ¶¶ 4–10; Docket 32-19 at ¶¶ 3–14; Docket 32-21 at ¶¶ 1–13; Docket 32-24 at ¶¶ 3–10; Docket 32-26 at ¶¶ 3–14.

[10] Fed. R. Civ. P. 24(b)(1)(B).

[11] *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (citations

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals LTD, et al. v. EPA, et al.*
Order re Motions to Intervene
Page 4 of 15
Case 3:24-cv-00059-SLG    Document 95    Filed 08/22/24    Page 4 of 15

jurisdictional ground "does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims."[12] "If the trial court determines that the initial conditions for permissive intervention under rule . . . 24(b)(2) are met, it is then entitled to consider other factors in making its discretionary decision on the issue of permissive intervention."[13] Relevant additional factors include:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case, . . . whether the intervenors' interests are adequately represented by other parties, . . . , and whether parties seeking intervention will significantly contribute to . . . the just and equitable adjudication of the legal questions presented.[14]

Ultimately, the decision to allow permissive joinder is discretionary and courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[15]

## DISCUSSION

At Dockets 21, 23, and 32, putative Intervenor-Defendants each move to intervene as a matter of right, or, in the alternative, to intervene permissively.

---

omitted).

[12] *Id.* at 844.

[13] *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

[14] *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022) (citations omitted).

[15] Fed. R. Civ. P. 24(b)(3).

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals LTD, et al. v. EPA, et al.*
Order re Motions to Intervene
Page 5 of 15
Case 3:24-cv-00059-SLG  Document 95  Filed 08/22/24  Page 5 of 15

Plaintiffs oppose all three motions.[16] As explained below, because the Court finds permissive intervention is warranted with respect to each of the three sets of proposed Intervenor-Defendants, the Court does not reach intervention as a matter of right.

I.  **Bristol Bay Intervenors**

At Docket 21, the six proposed Bristol Bay Intervenors move to intervene.[17] Plaintiffs oppose this intervention, contending that the Court should not allow permissive intervention for any of the proposed intervenors, as doing so would contribute to delay and "introduce massive additional complexity" into this case.[18]

As noted above, permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action."[19] Where, as here, the Court has federal question jurisdiction over the action and the proposed intervenor is not raising a new claim, no independent basis for jurisdiction is necessary.[20] Additionally, Plaintiffs do not dispute the timeliness of the putative intervenors' motion, which was filed promptly after the Complaint in this case and

---

[16] Docket 56; Docket 57; Docket 58.

[17] Docket 21 at 2.

[18] Docket 56 at 4, 16–19.

[19] *Freedom from Religion Found., Inc.*, 644 F.3d at 843 (citations omitted).

[20] *Id.* at 844.

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals LTD, et al. v. EPA, et al.*
Order re Motions to Intervene
Page 6 of 15
Case 3:24-cv-00059-SLG   Document 95   Filed 08/22/24   Page 6 of 15

prior to EPA's Answer.[21] Therefore, all that remains is the third threshold requirement: that there is a "common question of law and fact between [their] . . . defense and the main action."[22] "A common question of law and fact between an intervenor's claim or defense and the main action arises when the intervenor's claim or defense 'relate[s] to the subject matter of the action . . . before the district court,' or, stated another way, when such claims or defenses 'are clearly a critical part of the instant case.'"[23]

In this matter, the proposed Bristol Bay Intervenors intend to oppose Plaintiffs' challenges to the EPA's decision-making process and 2023 Final Determination and, accordingly, they intend to assert legal and factual defenses that relate to the subject matter of this litigation. Hence, all three threshold requirements for the six Bristol Bay Intervenors to intervene are met.

If a court determines that the three threshold requirements for permissive intervention are met, "it is then entitled to consider other factors in making its discretionary decision on the issue of permissive intervention," including "the nature and extent of the intervenors' interest, . . . whether the intervenors' interests

---

[21] *See* Docket 56 at 6–7 (not disputing the timeliness of the motion to intervene); *see also* Docket 1 (complaint filed March 15, 2024); Docket 21 (motion to intervene filed May 17, 2024); Docket 43 (answer filed May 20, 2024).

[22] *Freedom from Religion Found., Inc.*, 644 F.3d at 843 (citations omitted).

[23] *Brumback v. Ferguson*, 343 F.R.D. 335, 346 (E.D. Wash. 2022) (alterations in original) (first quoting *Greene v. United States*, 996 F.2d 973, 978 (9th Cir. 1993), and then quoting *Citizens Allied for Integrity & Accountability, Inc. v. Miller*, Case No. 21-00367, 2022 WL 1442966, at *7 (D. Idaho May 5, 2022)).

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals LTD, et al. v. EPA, et al.*
Order re Motions to Intervene
Page 7 of 15
Case 3:24-cv-00059-SLG   Document 95   Filed 08/22/24   Page 7 of 15

are adequately represented by other parties, . . . , and whether parties seeking intervention will significantly contribute . . . to the just and equitable adjudication of the legal questions presented."[24] The proposed Bristol Bay Intervenors have clear interests in this case. The Bristol Bay Native Corporation, the tribal consortiums, and members of the non-profit and advocacy organizations that seek to jointly intervene are each located in the Bristol Bay region and would be directly impacted by the development of a mine at the Pebble Deposit.[25] Furthermore, they each have participated in the administrative process in order to protect their interests.[26] Indeed, a number of the tribes represented by the tribal consortiums petitioned EPA to exercise a Section 404(c) veto.[27] Moreover, these putative intervenors may not be adequately represented by EPA, which, as a federal entity, has interests that are distinct from the Bristol Bay Intervenors who have direct cultural and economic stakes in the region.[28]

---

[24] *Callahan*, 42 F.4th at 1022 (citations omitted).

[25] *See* Docket 21-1 at ¶¶ 2, 10–16; Docket 21-2 at ¶¶ 6, 9–12; Docket 21-3 at ¶¶ 9–17; Docket 21-4 at ¶¶ 2, 8–10; Docket 21-5 at ¶¶ 2–3, 13; Docket 21-6 at ¶¶ 3, 7, 10–11; Docket 21-7 at ¶¶ 7–10, 14.

[26] *See* Docket 21-1 at ¶¶ 8–10; Docket 21-2 at ¶ 8; Docket 21-3 at ¶ 16; Docket 21-4 at ¶¶ 11–12; Docket 21-5 at ¶¶ 8–12; Docket 21-6 at ¶ 9; Docket 21-7 at ¶ 13.

[27] *See* Docket 21-1 at ¶¶ 2, 7; Docket 21-2 at ¶¶ 4, 7; Docket 21-5 at ¶ 9.

[28] *See* Docket 21-2 at ¶ 12; Docket 21-3 at ¶ 19; Docket 21-4 at ¶ 15; Docket 21-7 at ¶ 16.

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals LTD, et al. v. EPA, et al.*
Order re Motions to Intervene
Page 8 of 15
Case 3:24-cv-00059-SLG   Document 95   Filed 08/22/24   Page 8 of 15

Finally, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[29] Plaintiffs maintain that "[t]he parties would be prejudiced by unnecessary delay and duplication in briefing if the Court permits intervention."[30] However, as the Court will address below, intervention for all the proposed intervenors will be conditioned in a manner that is intended to minimize delay and duplication.

## II. Trout Unlimited

Trout Unlimited also moves to intervene.[31] Trout Unlimited argues that permissive intervention is appropriate for the same reasons this Court previously granted it the right to intervene in a prior district court case involving the proposed Pebble Mine; and further, that Trout Unlimited was involved in proceedings before EPA that led to the decision now being challenged.[32] Plaintiffs also oppose Trout Unlimited's intervention in this action.[33] They contend that "Trout Unlimited's reasoning could open the door to possibly hundreds of other applicants claiming

---

[29] Fed. R. Civ. P. 24(b)(3).

[30] Docket 56 at 16.

[31] Docket 23.

[32] Docket 23 at 17–18 (citing Docket 218, *Pebble Ltd. P'ship v. EPA*, Case No. 3:14-cv-00097-HRH (D. Alaska Aug. 19, 2014)).

[33] Docket 57 at 17.

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals LTD, et al. v. EPA, et al.*
Order re Motions to Intervene
Page 9 of 15
Case 3:24-cv-00059-SLG   Document 95   Filed 08/22/24   Page 9 of 15

an interest in the Bristol Bay region."[34] In Plaintiffs' view, Trout Unlimited could more appropriately submit its views through an amicus brief.[35]

Permissive intervention is appropriate. Trout Unlimited satisfies the three threshold requirements in the same manner as did Bristol Bay Intervenors. First, no independent basis of jurisdiction is necessary.[36] Second, Trout Unlimited's motion was timely.[37] And, third, common questions of law and fact exists because Trout Unlimited intends to assert legal and factual defenses to oppose Plaintiffs' challenges to the EPA's decision-making process and 2023 Final Determination.

Furthermore, factors that guide the Court's exercise of discretion weigh in favor of allowing Trout Unlimited to intervene in this case. Members of Trout Unlimited conduct business or recreate in the Bristol Bay region.[38] Two such members own three sportfishing lodges in the Bristol Bay region that could be affected by this litigation.[39] Furthermore, Trout Unlimited has actively participated in the administrative process that led to the challenged Final Determination and

---

[34] Docket 57 at 18.

[35] Docket 57 at 3.

[36] *Freedom from Religion Found., Inc.*, 644 F.3d at 844 (noting that no independent basis for jurisdiction is required where jurisdiction is based on a federal question and no new claim will be added).

[37] *See* Docket 57 at 5 (not disputing the timeliness of the motion to intervene); *see also* Docket 1 (complaint filed March 15, 2024); Docket 23 (motion to intervene filed May 17, 2024); Docket 43 (answer filed May 20, 2024).

[38] Docket 23-1 at ¶ 3.

[39] *See* Docket 23-2 at ¶¶ 1–9; Docket 23-3 at ¶¶ 1–13.

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals LTD, et al. v. EPA, et al.*
Order re Motions to Intervene
Page 10 of 15
Case 3:24-cv-00059-SLG   Document 95   Filed 08/22/24   Page 10 of 15

has litigated issues related to the proposed Pebble Mine before this Court.[40] Although Plaintiffs suggest "hundreds of other applicants" might claim an interest in the Bristol Bay region, Trout Unlimited's unique position as a representative of commercial and recreational interests and as an active participant in the extensive administrative proceedings and prior litigation related to the Pebble Deposit warrant its permissive intervention in this case.[41]

With respect to prejudice, as noted above and discussed below, the Court is imposing conditions on the intervenors that are intended to minimize any delay or duplicative briefing in this case.

## III. SalmonState Intervenors

At Docket 32, SalmonState Intervenors jointly move to intervene. Plaintiffs oppose intervention, underscore the number of proposed intervenors, and submit that these proposed intervenors could present their views through amicus briefs.[42] Furthermore, Plaintiffs again insist that they will be prejudiced by "undue delay and increased complexity" as a result of the number proposed intervenors in this case and request that, if intervention is permitted, it be conditioned.[43]

---

[40] Docket 23-1 at ¶¶ 4–5.

[41] Docket 57 at 18.

[42] Docket 58 at 4.

[43] Docket 58 at 17–19.

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals LTD, et al. v. EPA, et al.*
Order re Motions to Intervene
Page 11 of 15
Case 3:24-cv-00059-SLG   Document 95   Filed 08/22/24   Page 11 of 15

Permissive intervention is appropriate with respect to the proposed SalmonState Intervenors. Like the Bristol Bay Intervenors and Trout Unlimited, they satisfy the three threshold requirements. Again, no independent basis of jurisdiction is necessary,[44] the motion to intervene was timely,[45] and common questions of law and fact exists because SalmonState Intervenors intend to assert legal and factual defenses to oppose Plaintiffs' challenges to EPA's decision-making process and 2023 Final Determination.[46]

The factors that guide the Court's exercise of discretion also weigh in favor of allowing SalmonState Intervenors to participate in this case. Each of the putative intervenors is an established environmental non-profit organization and all but one has actively and extensively participated in the challenged administrative proceedings or engaged in litigation or other advocacy related to the proposed Pebble Mine.[47] Several of the proposed intervenors also represent perspectives that are not already represented in this litigation.[48] Many putative

---

[44] *Freedom from Religion Found., Inc.*, 644 F.3d at 844 (noting that no independent basis for jurisdiction is required where jurisdiction is based on a federal question and no new claim will be added).

[45] *See* Docket 58 at 7 (not disputing the timeliness of the motion to intervene); *see also* Docket 1 (complaint filed March 15, 2024); Docket 32 (motion to intervene filed May 17, 2024); Docket 43 (answer filed May 20, 2024).

[46] *See* Docket 32 at 27–28.

[47] Docket 32-2 at ¶ 4; Docket 32-3 at ¶ 7; Docket 32-4 at ¶¶ 5, 8–10; Docket 32-5 at ¶ 5; Docket 32-7 at ¶ 12; Docket 32-8 at ¶¶ 9–10; Docket 32-10 at ¶ 4; Docket 32-12 at ¶ 6; Docket 32-14 at ¶¶ 4–6; Docket 32-15 at ¶¶ 8–10, 13, 16; Docket 32-19 at ¶¶ 10–14; Docket 32-20 at ¶ 8; Docket 32-24 at ¶ 8; Docket 32-26 at ¶¶ 10–12; Docket 32-29 at ¶¶ 5–8.

[48] *See* Docket 32-2 at ¶¶ 2–3 (National Parks Conservation Association has interests in protecting

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals LTD, et al. v. EPA, et al.*
Order re Motions to Intervene
Page 12 of 15
Case 3:24-cv-00059-SLG   Document 95   Filed 08/22/24   Page 12 of 15

intervenors also point out that the federal government may not adequately represent their interests in conservation as the EPA has changed its position on the Section 404(c) veto in the past and may do so in the future, particularly if the agency's leadership changes.[49]

Finally, as the Court has indicated, Plaintiffs are not likely be unduly prejudiced by delay, increased complexity, or redundancy.

## IV. Conditions on Intervention

Plaintiffs request that, if the Court allows intervention, it impose conditions on intervention by requiring the intervenors to coordinate briefing to avoid duplication, precluding the intervenors from propounding or otherwise participating in discovery, and precluding the intervenors from participating in disputes regarding discovery, the administrative record, or scheduling.[50] At this time, the Court declines to prevent the intervenors from participating in discovery, which is generally not available for actions under the APA.[51] The Court will address this issue if and when it were to order any discovery.

---

Alaska's National Parks and Preserves); Docket 32-13 at ¶¶ 12–19 (Friends of the McNeil River has specific interests in protecting brown bears in the Bristol Bay watershed); Docket 32-17 at ¶ 9 (Alaska Community Action on Toxics has interests in protecting citizens from harmful chemicals); Docket 32-22 at ¶ 10 (noting Kachemak Bay Conservation Society, which did not indicate it participated in the administrative process or otherwise advocate with respect to Pebble Mine, has interests in the impacts to the community of Homer).

[49] *See, e.g.,* Docket 32-4 at ¶ 16; Docket 32-8 at ¶ 15; Docket 32-11 at ¶ 11; Docket 32-12 at ¶ 10; Docket 32-13 at ¶ 23; Docket 32-14 at ¶ 11; Docket 32-19 at ¶ 17; Docket 32-24 at ¶ 12.

[50] Docket 56 at 19–21; Docket 57 at 19–21; Docket 58 at 19–21.

[51] *E.g., McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007) (citation omitted) ("Because a court's review of an agency decision is limited to the administrative record, discovery

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals LTD, et al. v. EPA, et al.*
Order re Motions to Intervene
Page 13 of 15
Case 3:24-cv-00059-SLG   Document 95   Filed 08/22/24   Page 13 of 15

The Court finds that certain restrictions on the intervenors' participation in this case are warranted.[52] Therefore, the Intervenors-Defendants' participation in this case shall be conditioned as follows:

1. Each set of Intervenor-Defendants—Bristol Bay Intervenors, Trout Unlimited, and SalmonState Intervenors—shall each file one consolidated merits brief.

2. Within 14 days of the date of this order, each set of Intervenor-Defendants shall file a notice that designates one lead counsel for that set of intervenors who shall have the sole authority to participate in and speak for that set of intervenors on case scheduling matters and disputes involving the administrative records.[53] Additionally, the Court intends to promptly schedule status conferences if necessary to resolve any such disputes upon request.

3. Intervenor-Defendants shall meet and confer to coordinate their briefing. Intervenor-Defendants shall, to the greatest extent possible, avoid

---

is generally not permitted in APA cases.").

[52] *See Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) (quoting *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 974 F.2d 450, 469 (4th Cir. 1992)) ("When granting an application for permissive intervention, a federal district court is able to impose almost any condition.").

[53] *See* Manual for Complex Litigation § 10.22 (4th. ed. 2023) (noting that, in complex cases, "the court will need to institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients with respect to specified aspects of the litigation").

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals LTD, et al. v. EPA, et al.*
Order re Motions to Intervene
Page 14 of 15
Case 3:24-cv-00059-SLG   Document 95   Filed 08/22/24   Page 14 of 15

duplication in their merits briefing. Intervenor-Defendants' briefing shall limit the factual and procedural background of their merits briefing to solely those topics not addressed in Federal Defendants' merits briefing.

4. Each set of Intervenor-Defendants shall be restricted to a single merits brief that must not exceed 20 pages or 5,700 words.[54] If used, word counts must be certified at the end of the document.

## CONCLUSION

For the foregoing reasons, the Motions to Intervene at Dockets 21, 23, and 32 are **GRANTED** subject to the above listed conditions on Intervenor-Defendants' participation in this case. Each set of Intervenor-Defendants shall file its Answer to the First Amended and Supplemented Complaint for Declaratory and Injunctive Relief (Docket 91) within **21 days** of the date of this order. The case caption is amended as shown above.

DATED this 22nd day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[54] Although the page and word limitations set forth in Local Civil Rules 16.3(c) and 7.4(a) generally apply in administrative appeals, the Court believes that these shorter limits should be adequate for the Intervenor-Defendants, particularly given its instruction to limit the factual and procedural background in the Intervenor-Defendants' merits briefing.

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals LTD, et al. v. EPA, et al.*
Order re Motions to Intervene
Page 15 of 15
Case 3:24-cv-00059-SLG   Document 95   Filed 08/22/24   Page 15 of 15