Siobhan McIntyre (AK Bar No. 1206050)
Joanna Cahoon (AK Bar No. 1405034)
TRUSTEES FOR ALASKA
121 West Fireweed Lane, Suite 105
Anchorage, AK 99503
Phone: (907) 276-4244
smcintyre@trustees.org
jcahoon@trustees.org

*Attorneys for Intervenor-Defendants
SalmonState, Alaska Community Action on
Toxics, Alaska Wilderness League, Alaska
Wildlife Alliance, Cook Inletkeeper,
Friends of McNeil River, Kachemak Bay
Conservation Society, National Parks
Conservation Association, National
Wildlife Federation, Sierra Club, The
Alaska Center, and Wild Salmon Center*

Charisse Arce (AK Bar No. 2303017)
Erin Colón (AK Bar No. 1508067)
EARTHJUSTICE
301 K Street Suite 508
Anchorage, AK 99501
Phone: (907) 277-2500
ecolon@earthjustice.org
carce@earthjustice.org

*Attorneys for Intervenor-Defendants Center
for Biological Diversity, Earthworks, and
Friends of the Earth*

Jacqueline Iwata (*pro hac vice*)
Thomas Zimpleman (*pro hac vice*)
NATURAL RESOURCES DEFENSE
COUNCIL
1152 15th St. NW, Suite 300
Washington, DC 20005
Phone: (202) 289-6868
jiwata@nrdc.org
tzimpleman@nrdc.org

Joel Reynolds (*pro hac vice*)
NATURAL RESOURCES DEFENSE
COUNCIL
1314 2nd St.
Santa Monica, CA 90401
Phone: (310) 434-2300
jreynolds@nrdc.org

*Attorneys for Intervenor-Defendant Natural
Resources Defense Council*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

NORTHERN DYNASTY
MINERALS LTD. and PEBBLE
LIMITED PARTNERSHIP,

Plaintiffs,

Case No. 3:24-cv-00059-SLG

v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY and U.S. ARMY CORPS OF
ENGINEERS

Defendants,

and

UNITED TRIBES OF BRISTOL
BAY, *et al.*,

Intervenor-Defendants.

**ANSWER OF INTERVENOR-DEFENDANTS SALMONSTATE, ALASKA
COMMUNITY ACTION ON TOXICS, ALASKA WILDERNESS LEAGUE,
ALASKA WILDLIFE ALLIANCE, COOK INLETKEEPER, FRIENDS OF
MCNEIL RIVER, KACHEMAK BAY CONSERVATION SOCIETY, NATIONAL
PARKS CONSERVATION ASSOCIATION, NATIONAL WILDLIFE
FEDERATION, SIERRA CLUB, THE ALASKA CENTER, WILD SALMON
CENTER, CENTER FOR BIOLOGICAL DIVERSITY, EARTHWORKS,
FRIENDS OF THE EARTH, AND NATURAL RESOURCES DEFENSE
COUNCIL TO NORTHERN DYNASTY MINERALS LTD. AND
PEBBLE LIMITED PARTNERSHIP'S
FIRST AMENDED AND SUPPLEMENTED COMPLAINT**

Intervenor-Defendants SalmonState, Alaska Community Action on Toxics, Alaska

Wilderness League, Alaska Wildlife Alliance, Cook Inletkeeper, Friends of McNeil

River, Kachemak Bay Conservation Society, National Parks Conservation Association,

National Wildlife Federation, Sierra Club, The Alaska Center, Wild Salmon Center,

Center for Biological Diversity, Earthworks, Friends of the Earth, and Natural Resources

Defense Council, (collectively "Intervenor-Defendants") hereby answer the First

Amended and Supplemented Complaint ("Complaint") filed by Plaintiffs Northern Dynasty Minerals Ltd. and Pebble Limited Partnership (collectively "Plaintiffs") in the above-captioned action on August 16, 2024, ECF No. 91.

## GENERAL DENIAL

Intervenor-Defendants deny all factual allegations in the Complaint, whether express or implied, including any allegations reflected in the Complaint's section headings, that are not expressly admitted, denied, or qualified below.

## PREAMBLE

The allegations in the first, unnumbered paragraph of Plaintiffs' Complaint constitute Plaintiffs' characterization of their case, and no response is required. To the extent a response is required, the allegations are denied.

## INTRODUCTION

1.     Paragraph 1 states Plaintiffs' characterization of their claims and requested relief and therefore does not require a response. To the extent the allegations of Paragraph 1 suggest the United States Environmental Protection Agency's ("EPA") actions were unlawful, unreasonable, or improper, Intervenor-Defendants deny them. Intervenor-Defendants also deny that Plaintiffs are entitled to any relief.

2.     Paragraph 2 states Plaintiffs' characterization of their claims and requested relief and therefore does not require a response. To the extent the allegations of Paragraph 2 suggest the U.S. Army Corps of Engineers ("Army Corps") actions were

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 3 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

unlawful, unreasonable, or improper, Intervenor-Defendants deny them. Intervenor-Defendants also deny that Plaintiffs are entitled to any relief.

3.      Intervenor-Defendants, on information and belief, admit that the Pebble deposit is a deposit of copper and other minerals in southwestern Alaska. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 3, and on that basis deny them.

4.      Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4, and on that basis deny them.

5.      Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5, and on that basis deny them.

6.      Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6, and on that basis deny them.

7.      The first sentence of Paragraph 7 constitutes characterizations of the case and legal conclusions, and no response is required. The remaining allegations constitute Plaintiffs' characterization of EPA's Final Determination pursuant to section 404(c) of the Clean Water Act, 88 Fed. Reg. 7,441 (Feb. 3, 2023) ("Final Determination") and the Army Corps's Final Agency Decision denying the permit application ("Permit Denial"). The Final Determination and Permit Denial provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. To the extent a response is required, Intervenor-Defendants deny the allegations.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 4 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 104     Filed 09/12/24     Page 4 of 46

8.    Denied.

9.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9, and on that basis deny them. Paragraph 9 also contains characterizations of the case and legal conclusions to which no response is required. The administrative records provide the best evidence of their contents. To the extent a response is required, Intervenor-Defendants deny the allegations.

10.    Intervenor-Defendants deny the allegations in the first, second, and third sentences of Paragraph 10. The last sentence of Paragraph 10 constitutes Plaintiffs' prayer for relief to which no response is required. Intervenor-Defendants deny that Plaintiffs are entitled to any relief whatsoever.

## JURISDICTION AND VENUE

11.    Paragraph 11 states legal conclusions to which no response is required.

12.    Paragraph 12 states legal conclusions to which no response is required.

13.    The first sentence of Paragraph 13 states a legal conclusion to which no response is required. The allegations in the second sentence of Paragraph 13 constitute characterizations of the case and legal conclusions, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

14.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and on that basis deny them.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 5 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

15.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15, and on that basis deny them.

16.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16, and on that basis deny them.

17.     Intervenor-Defendants admit EPA is an agency of the United States government headquartered in the District of Columbia and that it took the action that is the subject matter of the Complaint. Intervenor-Defendants deny the allegation that EPA's actions were unlawful or improper.

18.     Intervenor-Defendants admit the Army Corps is a unit of the U.S. Army under the Department of Defense headquartered in the District of Columbia and that it took the action that is the subject matter of the Complaint. Intervenor-Defendants deny the allegation that the Army Corps's actions were unlawful or improper.

## STATUTORY AND REGULATORY BACKGROUND

19.     To the extent Paragraph 19 characterizes the Clean Water Act and congressional history, the statute and congressional history provide the best evidence of their contents, and no response is required. Any allegations contrary to their plain language, meaning, and context are denied.

20.     Paragraph 20 characterizes sections of the Clean Water Act. The statute provides the best evidence of its content, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

21.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of Paragraph 21, and on that basis deny them. Intervenor-Defendants admit that mining at the Pebble deposit will involve the discharge of waste rock and tailings in areas that include streams.

22.     Paragraph 22 characterizes Section 404 of the Clean Water Act. The statute provides the best evidence of its content, and no response is required. Any allegations contrary to the statute's plain language, meaning, and context are denied.

23.     Paragraph 23 states characterizations and legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

24.     Paragraph 24 characterizes Section 404(c) of the Clean Water Act. The statute provides the best evidence of its contents, and no response is required. Any allegations contrary to the statute's plain language, meaning, and context are denied.

## FACTUAL BACKGROUND

25.     Intervenor-Defendants admit that the Pebble deposit is located about 200 miles southwest of Anchorage, Alaska, and that the closest inhabited communities are

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 7 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Iliamna, Newhalen, and Nondalton. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 25, and on that basis deny them.

26. Paragraph 26 states legal conclusions to which no response is required.

27. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27, and on that basis deny them. The third sentence of Paragraph 27 also states legal conclusions to which no response is required.

28. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, and on that basis deny them.

29. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29, and on that basis deny them.

30. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30, and on that basis deny them.

31. Intervenor-Defendants admit that various parties petitioned EPA to use its authority under Section 404(c) of the Clean Water Act to protect the Bristol Bay watershed from large-scale mining at the Pebble deposit. The remaining allegations in Paragraph 31 are denied.

32. Intervenor-Defendants admit EPA prepared the Bristol Bay Watershed Assessment evaluating the impacts of large-scale mining in Bristol Bay. Plaintiffs'

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 8 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 104     Filed 09/12/24     Page 8 of 46

characterization of the Bristol Bay Watershed Assessment requires no response, as the document is the best evidence of its contents. Intervenor-Defendants deny that EPA's actions were premature or otherwise improper or unlawful.

33.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and on that basis deny them. To the extent the allegations in Paragraph 33 state legal conclusions, no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

34.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34, and on that basis deny them. The administrative record is the best evidence of its content. To the extent the allegations in Paragraph 34 state characterizations and legal conclusions, no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

35.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35, and on that basis deny them. To the extent the allegations in Paragraph 35 state characterizations and legal conclusions, no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

36.     Intervenor-Defendants deny the allegations in the first sentence of Paragraph 36. Intervenor-Defendants admit EPA issued its final Bristol Bay Watershed Assessment (Assessment) in January 2014. The Assessment is the best evidence of its

content. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 36, and on that basis deny them. Plaintiffs' characterizations and legal conclusions in Paragraph 36 require no response. To the extent a response is required, Intervenor-Defendants deny the allegations.

37.     The allegations in the first and second sentence of Paragraph 37 constitute Plaintiffs' characterization of the Assessment, which requires no response, as the document is the best evidence of its contents. The allegations in the third sentence of Paragraph 35 state a legal conclusion, which requires no response. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 35, and on that basis deny them. Intervenor-Defendants deny the allegations in the fourth sentence of Paragraph 37.

38.     The allegations in Paragraph 38 constitute Plaintiffs' characterization of the Assessment, which requires no response, as the document is the best evidence of its content. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 38.

39.     Intervenor-Defendants admit EPA published its Proposed Determination in July 2014 pursuant to Section 404(c) of the Clean Water Act ("Proposed Determination"). Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 39, and on

that basis deny them. The allegations in the third sentence of Paragraph 39 constitute Plaintiffs' characterization of the Proposed Determination, which requires no response, as the document is the best evidence of its content. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 39.

40.     The allegations of Paragraph 40 state Plaintiffs' characterization of the Proposed Determination, which requires no response, as the Proposed Determination provides the best evidence of its contents. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that compensatory mitigation is commonplace, and on that basis denies it. To the extent the allegations of Paragraph 40 state legal conclusions, no response is required.

41.     Intervenor-Defendants admit that the Pebble Limited Partnership challenged EPA's 2014 Proposed Determination in a series of lawsuits, which brought EPA's Section 404(c) review process to a halt. *See* Order on Preliminary Injunction, *PLP v. EPA*, No. 3:14-cv-0171-HRH (D. Alaska Nov. 25, 2014), ECF No. 90. To the extent the allegations in the second and third sentence of Paragraph 41 characterize Plaintiffs' allegations and the proceedings or district court's orders in these cases, the decision, pleadings, proceedings, and record in these cases provide the best evidence of their contents and no response is required. Any allegations contrary to their plain language, meaning, and context are denied.

42.     Intervenor-Defendants admit that the Pebble Limited Partnership and EPA settled litigation regarding the 2014 Proposed Determination. To the extent the allegations in Paragraph 42 purport to characterize the settlement agreement, the settlement agreement provides the best evidence of its content, and no response is required. Any allegations contrary to their plain language, meaning, and context are denied.

43.     Intervenor-Defendants admit that, in December 2017, the Pebble Limited Partnership submitted a permit application under Section 404(b) of the Clean Water Act to the Army Corps. To the extent the allegations in Paragraph 43 purport to characterize the permit application, the permit application speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 concerning the intentions or plans of Pebble Limited Partnership, and on that basis deny them.

44.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44, and on that basis deny them. To the extent the allegations of Paragraph 44 constitute Plaintiffs' characterization of its permit application, prior conceptual plans, and the Assessment, no response is required, as the documents provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 12 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG    Document 104    Filed 09/12/24    Page 12 of 46

45.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45, and on that basis deny them.

46.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46, and on that basis deny them. The allegation in the first sentence of Paragraph 46 is also vague and ambiguous. The allegations in the second sentence state legal conclusions to which no response is required. The allegations in the third sentence of Paragraph 46 appear to characterize the 2018 Memorandum of Agreement between the U.S. Department of the Army and EPA concerning Mitigation Sequence for Wetlands in Alaska under Section 404 of the Clean Water Act ("2018 MOA"). The 2018 MOA provides the best evidence of its contents, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

47.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47, and on that basis deny them. The allegations in the first sentence of Paragraph 47 are also vague and ambiguous. Plaintiffs' characterization, generally, of mitigation of dredged wetlands in Alaska, requires no response. To the extent the allegations in Paragraph 47 state legal conclusions, no response is required. The allegations in the second sentence of Paragraph 47 constitute Plaintiffs' characterization of the 2018 MOA. The 2018 MOA provides the best evidence

Case 3:24-cv-00059-SLG     Document 104     Filed 09/12/24     Page 13 of 46

of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

48.     Denied.

49.     Intervenor-Defendants admit that the Army Corps drafted and released the Pebble Project Final Environmental Impact Statement (FEIS) in July 2020. 85 Fed. Reg. 44,890 (July 24, 2020). Plaintiffs' characterizations of the FEIS and permit application, require no response, as the documents provide the best evidence of their content. Any allegations contrary to their plain language, meaning, and context are denied. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that the Pebble Limited Partnership incurred significant expense to participate in the EIS process and, therefore, deny the same.

50.     The allegations of Paragraph 50 constitute Plaintiffs' characterization of the FEIS. The FEIS provides the best evidence of its content, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

51.     The allegations of Paragraph 51 constitute Plaintiffs' characterization of the FEIS. The FEIS provides the best evidence of its content, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

52.     The allegations of Paragraph 52 constitute Plaintiffs' characterization of the FEIS, permit application, Proposed Determination, and Watershed Assessment, and require no response, as the documents provide the best evidence of their content. Any

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 14 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 104     Filed 09/12/24     Page 14 of 46

allegations contrary to their plain language, meaning, and context are denied. The remaining allegations of Paragraph 52 state legal conclusions to which no response is required.

53. The allegations of Paragraph 53 constitute Plaintiffs' characterization of the FEIS. The FEIS provides the best evidence of its content, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

54. The allegations of Paragraph 54 constitute Plaintiffs' characterization of the FEIS. The FEIS provides the best evidence of its content, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

55. The allegations in Paragraph 55 are vague and ambiguous. Intervenor-Defendants deny the allegations on that basis.

56. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56, and on that basis deny them. The allegations in Paragraph 56 are also vague and ambiguous, and Intervenor-Defendants deny the allegations on that basis.

57. The allegations of Paragraph 57 constitute Plaintiffs' characterization of the 1992 Clean Water Act 404(q) Memorandum of Agreement between EPA and the U.S. Department of the Army ("404(q) MOA"). The 404(q) MOA provides the best evidence of its content, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint        Page 15 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG    Document 104    Filed 09/12/24    Page 15 of 46

58. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58, and on that basis deny them.

59. Denied.

60. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60, and on that basis deny them.

61. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61, and on that basis deny them.

62. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62, and on that basis deny them.

63. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63, and on that basis deny them.

64. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64, and on that basis deny them. Intervenor-Defendants deny the allegations in the fourth sentence of Paragraph 64 that imply the Army Corps adjudication was not impartial or otherwise improper.

65. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65, and on that basis deny them.

66. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66, and on that basis deny them. To the extent the first sentence of Paragraph 56 characterizes Section 404 of the Clean Water

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 16 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG    Document 104    Filed 09/12/24    Page 16 of 46

Act, the statute provides the best evidence of its content, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

67.     Denied.

68.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68, and on that basis deny them.

69.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 69, and on that basis deny them. Intervenor-Defendants deny the allegation in the last sentence that the final compensatory mitigation plan addressed the Army Corps's concerns.

70.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70, and on that basis deny them.

71.     Intervenor-Defendants admit the Army Corps issued a Record of Decision on November 20, 2020 and a denial letter to the Pebble Limited Partnership on November 25, 2020. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 71, and on that basis deny them.

72.     Denied.

73.     Intervenor-Defendants admit PLP appealed the Record of Decision.

74.     Intervenor-Defendants admit that, in May of 2022, EPA published a revised Proposed Determination pursuant to Section 404(c) of the Clean Water Act. 87 Fed. Reg.

32,021 (May 26, 2022). Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 74, and on that basis deny them. The remaining allegations of Paragraph 74 state characterizations and legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations. Intervenor-Defendants deny all allegations in Paragraph 74 suggesting EPA's decisionmaking process was flawed, outlandish, or otherwise unlawful or improper.

75.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75, and on that basis deny them.

76.    Intervenor-Defendants admit that EPA issued a Final Determination in 2023. Paragraph 76 characterizes the Final Determination, and no response is required. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

77.    Paragraph 77 characterizes the Final Determination, and no response is required. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegation that the Final Determination "relied heavily" on the Record of Decision is also vague and ambiguous. Intervenor-Defendants deny the allegation on that basis.

78.    Paragraph 78 characterizes the Final Determination. The Final Determination provides the best evidence of its contents, and no response is required.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint            Page 18 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG    Document 104    Filed 09/12/24    Page 18 of 46

Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants deny the allegations in Paragraph 78 suggesting EPA's decision was overbroad or otherwise unlawful or improper.

79.     The allegations of Paragraph 79 state legal conclusions to which no response is required. To the extent Paragraph 79 characterizes the Final Determination, the Final Determination provides the best evidence of its contents, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants deny the allegations in Paragraph 64 suggesting EPA's decision was unreasonable, unlawful, or improper.

80.     Intervenor-Defendants admit that the Army Corps's Northwest Division reviewed the Record of Decision and remanded it to the Alaska District for further consideration ("remand decision"). To the extent Paragraph 80 characterizes the remand decision, the document provides the best evidence of its contents, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

81.     Paragraph 81 and its subparagraphs (a) through (g) characterize the remand decision, which provides the best evidence of its contents, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

82.     Intervenor-Defendants admit that the Alaska District issued a Permit Denial on April 15, 2024. To the extent Paragraph 82 characterizes the Permit Denial, the Permit

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 19 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 104     Filed 09/12/24     Page 19 of 46

Denial provides the best evidence of its contents, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

83.     The allegations in the first sentence of Paragraph 83 are vague and ambiguous. Intervenor-Defendants deny the allegations on that basis. The remaining allegations in Paragraph 83 state legal conclusions or characterize the Final Determination, Record of Decision, remand decision, and Permit Denial and require no response, as the documents provide the best evidence of their content. Any allegations contrary to their plain language, meaning, and context are denied.

84.     Intervenor-Defendants admit the allegation in the first sentence of Paragraph 84 that streams occur across the Pebble deposit area. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84 concerning the practicability of mining and EPA's understanding, and on that basis deny them. The remaining allegations of Paragraph 84 state legal conclusions to which no response is required. Intervenor-Defendants deny the allegations in Paragraph 84 suggesting EPA's decision was overbroad or otherwise unlawful or improper.

## THE CLAIMS

85.     The allegations of Paragraph 85 state characterizations and legal conclusions to which no response is required.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint                Page 20 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 104     Filed 09/12/24     Page 20 of 46

86.     The allegation in the first sentence of Paragraph 86 states a legal conclusion to which no response is required. The remaining allegations characterize the Final Determination. The Final Determination provides the best evidence of its contents, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied. To the extent the allegations in Paragraph 86 suggest EPA's decision was overbroad or otherwise unlawful or improper, Intervenor-Defendants deny them.

87.     The allegations of Paragraph 87 state legal conclusions to which no response is required.

88.     The allegations of Paragraph 88 state characterizations and legal conclusions to which no response is required.

89.     The allegations in the first and last sentences of Paragraph 89 state legal conclusions to which no response is required. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 89, and on that basis deny them.

90.     The allegations in Paragraph 90 state legal conclusions to which no response is required.

91.     The allegations in Paragraph 91 state legal conclusions to which no response is required. Intervenor-Defendants deny the allegation that the Final Determination is defective.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint                Page 21 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 104     Filed 09/12/24     Page 21 of 46

92.     The allegations in the first and second sentences of Paragraph 92 state legal conclusions to which no response is required. The allegations in the last sentence of Paragraph 92 are vague and ambiguous. Intervenor-Defendants deny the allegations on that basis.

93.     The allegations in Paragraph 93 state legal conclusions to which no response is required.

94.     The allegation in the first sentence of Paragraph 94 states a legal conclusion to which no response is required. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 94, and on that basis deny them. The remaining allegations in Paragraph 94 state characterizations and legal conclusions to which no response is required. Intervenor-Defendants deny the allegations in the last sentence of Paragraph 94. To the extent the allegations in Paragraph 94 suggest EPA's decision was overbroad or otherwise unlawful or improper, Intervenor-Defendants deny them.

95.     The allegations in Paragraph 95 state characterizations and legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 95 are denied.

96.     Denied.

97.     Denied.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 22 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 104     Filed 09/12/24     Page 22 of 46

## CLAIM A

98. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 98, and on that basis deny them. The remaining allegations of Paragraph 98 state characterizations and legal conclusions to which no response is required. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the allegations concerning the intent and effects of the Final Determination and other 404(c) determinations, and on that basis deny them. Intervenor-Defendants deny the allegations that the Final Determination disregarded facts and circumstances and is unlawful.

99. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 99, and on that basis deny them.

100. The allegations of Paragraph 100 constitute legal conclusions and characterizations of the Alaska Statehood Act, one U.S. Supreme Court decision, and one Alaska Supreme Court decision, to which no response is required. The Alaska Statehood Act, and the Courts' decisions provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

101. The allegations of Paragraph 101 state legal conclusions to which no response is required. The Statehood Act provides the best evidence of its contents, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 23 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 104     Filed 09/12/24     Page 23 of 46

102.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 102, and on that basis deny them. The remaining allegations of Paragraph 102 are Plaintiffs' characterization of the Terms and Conditions for Land Consolidation and Management in Cook Inlet Area ("Cook Inlet Land Exchange"), which require no response. The Cook Inlet Land Exchange provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

103.    Paragraph 103 characterizes the Cook Inlet Land Exchange and provides legal conclusions, to which no response is required. The Cook Inlet Land Exchange provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the last sentence of Paragraph 80, and on that basis deny them.

104.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 104, and on that basis deny them. These allegations also state characterizations and legal conclusions to which no response is required. Intervenor-Defendants deny Plaintiffs' allegations in the last sentence of Paragraph 104.

105.    The allegations of Paragraph 105 constitute Plaintiffs' characterization of the Cook Inlet Land Exchange. The Cook Inlet Land Exchange provides the best

evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

106.    The allegations of Paragraph 106 state legal conclusions to which no response is required.

107.    The allegations of Paragraph 107 constitute Plaintiffs' characterization of and legal conclusions concerning the Cook Inlet Land Exchange and the Alaska Statehood Act to which no response is required. The Cook Inlet Land Exchange and the Alaska Statehood Act provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations in Paragraph 107 are also vague, ambiguous, and incomplete, and on that basis they are denied.

108.    Intervenor-Defendants admit Congress enacted the Alaska National Interest Lands Conservation Act (ANILCA), 16 U.S.C § 3101 *et seq*., in 1980. To the extent Paragraph 108 characterizes ANILCA, the statute provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The last sentence of Paragraph 85 states characterizations and legal conclusions to which no response is required. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 108 concerning geographic areas, and on that basis deny them.

109.    Paragraph 109 characterizes ANILCA section 3101(d), and no response is required. The statute provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

110.    Paragraph 110 characterizes and provides legal conclusions concerning ANILCA section 3213(a), and no response is required. The statute provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

111.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 111, and on that basis deny them.

112.    Paragraph 112 states legal conclusions to which no response is required. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 112, and on that basis deny them.

113.    Intervenor-Defendants deny the allegations in the first and third sentences of Paragraph 113. The second sentence of Paragraph 113 states a legal conclusion to which no response is required. To the extent the allegations in this sentence suggest EPA's decision was overbroad or otherwise unlawful or improper, Intervenor-Defendants deny them.

114.    Denied.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 26 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 104     Filed 09/12/24     Page 26 of 46

115. The allegations of Paragraph 115 constitute Plaintiffs' characterization of and legal conclusions concerning EPA's actions and the Final Determination, to which no response is required. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. To the extent the allegations of Paragraph 115 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

116. Denied.

117. The first and last sentence of Paragraph 117 characterizes and provides legal conclusions concerning Section 404(c) of the Clean Water Act and the implementing regulations, and no response is required. 33 U.S.C. § 1344(c); 40 C.F.R. § 231 *et seq.* The statute and regulations provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. Intervenor-Defendants deny the remaining allegations in Paragraph 117.

118. Paragraph 118 characterizes the Final Determination and provides legal conclusions, to which no response is required. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

119. Paragraph 119 characterizes the Final Determination. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The second sentence of Paragraph 119

states a legal conclusion to which no response is required. To the extent the allegations in Paragraph 119 suggest EPA's action were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

120. Paragraph 120 characterizes the Final Determination, to which no response is required. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The second sentence of Paragraph 120 states a legal conclusion to which no response is required. To the extent the allegations in Paragraph 120 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

121. Denied.

122. Denied.

123. Denied. To the extent Paragraph 123 characterizes and provides legal conclusions concerning Section 404(c) of the Clean Water Act, the statute provides the best evidence of its contents, and no response is required. Any allegations contrary to its plain language, meaning, and context are denied.

124. The allegations in Paragraph 124 states characterizations and legal conclusions to which no response is required.

125. The allegations in Paragraph 125 states legal conclusions to which no response is required. To the extent the allegations in Paragraph 125 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint     Page 28 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG    Document 104    Filed 09/12/24    Page 28 of 46

126. The allegations in Paragraph 126 states characterizations and legal conclusions to which no response is required. To the extent the allegations in Paragraph 126 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

127. Intervenor-Defendants deny the allegation in the first sentence of Paragraph 127. The remaining allegations of Paragraph 127 state characterizations and legal conclusions to which no response is required. To the extent the allegations in Paragraph 127 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

## CLAIM B

128. Denied.

129. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 129, and on that basis deny them.

130. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 130, and on that basis deny them.

131. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 131, and on that basis deny them.

132. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 132, and on that basis deny them.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint    Page 29 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG   Document 104   Filed 09/12/24   Page 29 of 46

133.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 133, and on that basis deny them.

134.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 134, and on that basis deny them. The third sentence of Paragraph 134 states a legal conclusion concerning what constitutes a "critical" mineral resource to which no response is required. To the extent a response is required, the allegations are denied. The last sentence of Paragraph 134 characterizes the remand decision, to which no response is required. The remand decision provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

135.    The allegations in Paragraph 135 state characterizations and legal conclusions to which no response is required. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 112 concerning the effects of the Final Determination, and on that basis deny them.

136.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 146 concerning the effects of Pebble resources and mining, and on that basis deny them.

137.    The first sentence of Paragraph 137 states a legal conclusion to which no response is required. To the extent the second sentence characterizes Section 404(c) of the Clean Water Act, the statute provides the best evidence of its contents, and no

response is required. Any allegations contrary to its plain language, meaning, and context are denied. To the extent the allegations in Paragraph 137 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

138.   The allegations in Paragraph 138 state legal conclusions to which no response is required. To the extent the allegations in Paragraph 138 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

139.   The allegation in the first sentence of Paragraph 139 is vague and ambiguous. Intervenor-Defendants therefore lack sufficient knowledge or information to form a belief as to the truth of the allegation in the first sentence of Paragraph 139, and on that basis denies it. The second sentence of Paragraph 139 characterizes the Clean Water Act and legislative history. The statute and the legislative history provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The remaining allegations of Paragraph 139 state characterizations and legal conclusions, to which no response is required. To the extent the third and fourth sentences characterize the Supreme Court's decision in *Michigan v. EPA*, 576 U.S. 743 (2015) and the Final Determination, the Court's decision and the Final Determination provide the best evidence of their contents. Any allegations contrary to its plain language, meaning, and context are denied. To the extent the allegations in Paragraph 139 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 31 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

140.    Paragraph 140 characterizes the Final Determination, and no response is required. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants deny the allegation in the second sentence of Paragraph 140.

141.    The allegations in Paragraph 141 are vague and ambiguous. Intervenor-Defendants therefore lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 141, and on that basis deny them. To the extent the allegations in Paragraph 141 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

142.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 142, and on that basis deny them.

143.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 143, and on that basis deny them. The allegation in the second sentence of Paragraph 143 states a legal conclusion to which no response is required. To the extent the allegations in Paragraph 143 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

144.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 144, and on that basis deny them. To the extent the allegations in Paragraph 144 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint                Page 32 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG    Document 104    Filed 09/12/24    Page 32 of 46

145.   Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 145, and on that basis deny them. To the extent the allegations in Paragraph 145 suggest EPA's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

146.   Denied.

146.a. The allegations in this subparagraph characterize EPA's actions, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

146.b. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of the first sentence of this subparagraph, and on that basis deny them. The administrative record is the best evidence of its contents. The remaining allegations state legal conclusions to which no response is required. Intervenor-Defendants deny that EPA acted "arbitrarily" or otherwise in an unlawful or improper manner.

146.c. The first sentence of this subparagraph characterizes EPA's action, and no response is required. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second and third sentences of this subparagraph, and on that basis deny them. The allegation in the last sentence of this subparagraph states a legal conclusion to which no response is required. Intervenor-

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 33 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 104     Filed 09/12/24     Page 33 of 46

Defendants deny that EPA acted "arbitrarily" or otherwise in an unlawful or improper manner.

147. Denied.

148. Denied.

149. Intervenor-Defendants admit the allegations in the first and second sentences of Paragraph 149. The third sentence of Paragraph 149 characterizes the Final Determination, and no response is required. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The last sentence of Paragraph 149 states a legal conclusion to which no response is required. To the extent the allegations in Paragraph 149 suggest EPA's legal interpretations or actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

150. Paragraph 150 characterizes the Supreme Court's decision in *Sackett v. EPA*, 598 U.S. 651 (2023), and no response is required. The Court's decision provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The last sentence of Paragraph 150 states a legal conclusion to which no response is required.

151. Paragraph 151 characterizes the Final Determination and states legal conclusions to which no response is required. The Final Determination is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and

context are denied. To the extent a response is required, Intervenor-Defendants deny the allegations. Intervenor-Defendants deny that EPA overstated discharges or otherwise acted in an unreasonable, unlawful, or improper manner.

152.    Paragraph 152 characterizes EPA's actions and states legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations. Intervenor-Defendants deny EPA improperly counted discharges or otherwise acted in an unreasonable, unlawful, or improper manner.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Paragraph 156 characterizes the FEIS and remand decision, and no response is required. The FEIS and remand decision provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

157.    Paragraph 157 characterizes the Final Determination, and no response is required. The Final Determination provides the best evidence of its contents.

158.    The first sentence of Paragraph 158 characterizes the Final Determination. The Final Determination provides the best evidence of its contents. The second sentence of Paragraph 158 states a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations. Intervenor-

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 35 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG    Document 104    Filed 09/12/24    Page 35 of 46

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 158 concerning stream availability, and on that basis deny them.

159.     The first sentence of Paragraph 159 characterizes the FEIS and Final Determination and states legal conclusions to which no response is required. The FEIS and Final Determination provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. To the extent a response is required, Intervenor-Defendants deny the allegations. Intervenor-Defendants deny the allegation in the last sentence of Paragraph 159.

160.     The first sentence of Paragraph 160 characterizes the FEIS and the Final Determination, and no response is required. The FEIS and the Final Determination provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.  The remaining allegations state legal conclusions to which no response is required. Intervenor-Defendants deny that EPA's action contravened its findings or was otherwise unreasonable, unlawful, or improper.

161.     Paragraph 161 characterizes the FEIS and the Final Determination, and no response is required. The FEIS and the Final Determination provide the best evidence of their contents.

162.     The first three sentences of Paragraph 162 characterize the FEIS and the Final Determination, and no response is required. The FEIS and the Final Determination provide the best evidence of their contents. Any allegations contrary to their plain

language, meaning, and context are denied. The fourth sentence of Paragraph 162 is vague and ambiguous. Intervenor-Defendants therefore lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 162 concerning the Alaska Dam Safety Program, and on that basis deny them. To the extent a response is required, Intervenor-Defendants deny the allegations. Intervenor-Defendants deny the allegations in the last sentence of Paragraph 162 that EPA's statements are "speculative" and "unsupported by the record."

163. Paragraph 163 characterizes the Clean Water Act and its implementing regulations, and no response is required. 33 U.S.C. § 1344(c); 40 C.F.R. § 231 *et seq.* The statute and regulations provide the best evidence of their contents.

164. Denied.

165. The first sentence of Paragraph 165 characterizes the Final Determination, and no response is required. The Final Determination provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The remaining allegations in Paragraph 165 state legal conclusions, to which no response is required. To the extent the allegations in Paragraph 165 suggest EPA's assessment of impacts was overbroad or otherwise unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

166. Paragraph 166 characterizes the Final Determination, and no response is required. The Final Determination provides the best evidence of its contents. Any

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 37 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG    Document 104    Filed 09/12/24    Page 37 of 46

allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants deny the remaining allegations in Paragraph 166, including the allegation that EPA assessed impacts that it was not authorized to consider.

167.    Denied.

168.    The first and third sentence of Paragraph 168 characterizes Section 404(c) of the Clean Water Act. The statute provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The remaining allegations in Paragraph 168 state legal conclusions, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

## CLAIM C

169.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 169, and on that basis deny them.

170.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 170, and on that basis deny them.

171.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 171, and on that basis deny them.

172.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 172, and on that basis deny them.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 38 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 104     Filed 09/12/24     Page 38 of 46

173.    Paragraph 173 characterizes the remand decision, and no response is required. The remand decision provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

174.    Intervenor-Defendants deny the first sentence of Paragraph 174 that the Record of Decision was arbitrary and capricious. The remaining allegations in Paragraph 174 characterize the FEIS and Record of Decision, and no response is required. The FEIS and Record of Decision provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

175.    The first and second sentences of Paragraph 175 state legal conclusions, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations. The last sentence of Paragraph 175 characterizes the remand decision, and no response is required. The remand decision provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. To the extent the allegations in Paragraph 174 suggest the Army Corps's determination was unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

176.    The first sentence of Paragraph 176 characterizes the Record of Decision, and no response is required. The Record of Decision provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The remaining allegations of Paragraph 176 state legal conclusions, to which no response

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint                Page 39 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

177.     Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 177, and on that basis deny them. The second sentence of Paragraph 177 states legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

178.     Paragraph 178 states characterizations and legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

179.     The first, fourth and last sentences of Paragraph 179 state legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 179, and on that basis deny them. The third and fourth sentences of Paragraph 179 characterize the Army Corps's regulations and the Permit Denial. The regulations and Permit Denial provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. To the extent the allegations in Paragraph 179 suggest the Army Corps's actions were unreasonable, unlawful, or improper, Intervenor-Defendants deny them.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 40 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

180.    Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in first sentence Paragraph 180, and on that basis deny them. The second sentence of Paragraph 180 characterizes the remand decision, and no response is required. The remand decision provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

181.    The first sentence of Paragraph 181 characterizes the Record of Decision, and no response is required. The Record of Decision provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The remaining allegations in Paragraph 181 state legal conclusions to which no response is required. To the extent the allegations in Paragraph 181 suggest Army Corps's decision was arbitrary and capricious, Intervenor-Defendants deny them.

182.    The first sentence of Paragraph 182 characterizes the Record of Decision, and no response is required. The Record of Decision provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The remaining allegations in Paragraph 182 state legal conclusions to which no response is required. To the extent the allegations in Paragraph 182 suggest Army Corps's decision was arbitrary and capricious, Intervenor-Defendants deny them.

183.    The first sentence of Paragraph 183 characterizes the Record of Decision, and no response is required. The Record of Decision provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 41 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG    Document 104    Filed 09/12/24    Page 41 of 46

The remaining allegations in Paragraph 183 state legal conclusions to which no response is required. To the extent the allegations in Paragraph 183 suggest Army Corps's decision was arbitrary and capricious, Intervenor-Defendants deny them.

184. Paragraph 184 states characterizations and legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations. To the extent the allegations in Paragraph 184 suggest the Army Corps's decision was arbitrary and capricious, Intervenor-Defendants deny them.

185. The first sentence of Paragraph 184 characterizes the Record of Decision, and no response is required. The Record of Decision provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The remaining allegations in Paragraph 184 state legal conclusions to which no response is required. To the extent the allegations in Paragraph 184 suggest the Army Corps's decision was arbitrary and capricious, Intervenor-Defendants deny them.

186. The first sentence of Paragraph 186 characterizes the remand decision and Permit Denial, and no response is required. The remand decision and Permit Denial provide the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants deny the last sentence of Paragraph 186 that the Permit Denial is arbitrary and capricious or an abuse of discretion.

187. The first sentence of Paragraph 187 characterizes a complaint that the State of Alaska filed in the U.S. Supreme Court, and no response is required. The complaint

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 42 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 104     Filed 09/12/24     Page 42 of 46

provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants admit that the Supreme Court denied the State's complaint that Plaintiffs and the State of Alaska have filed complaints challenging EPA's final determination in this Court.

188.    Denied.

189.    The first sentence of Paragraph 189 characterizes the Permit Denial, and no response is required. The Permit Denial provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The remainder of Paragraph 189 states characterizations and legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

190.    Intervenor-Defendants deny the first sentence of Paragraph 190 that the Record of Decision was not based on reasoned decisionmaking. The second, third, and forth sentences of Paragraph 190 characterize the Final Determination, remand decision, and Permit denial, and no response is required. Those documents provides the best evidence of their contents. Any allegations contrary to its plain language, meaning, and context are denied. The last sentence of Paragraph 190 states characterizations and legal conclusions, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 43 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG    Document 104    Filed 09/12/24    Page 43 of 46

191.    The allegations in the first sentence of Paragraph 191 are vague and ambiguous. Intervenor-Defendants deny the allegations on that basis. Intervenor-Defendants deny the last sentence of paragraph 191.

## PLAINTIFFS' PRAYER FOR RELIEF

The remaining paragraphs of the Complaint constitute Plaintiffs' prayer for relief and require no response. Intervenor-Defendants deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

1.    Intervenor-Defendants affirmatively allege that Plaintiffs have failed to assert a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6).

2.    Intervenor-Defendants affirmatively allege that Plaintiffs' Complaint fails to establish that some or all of their claims are ripe for judicial review.

3.    Intervenor-Defendants affirmatively allege Plaintiffs have waived their right to judicial review of issues not raised before the administrative agency.

4.    Intervenor-Defendants affirmatively allege Plaintiffs' claims are barred by res judicata, collateral estoppel, and/or the law of the case.

5.    Intervenor-Defendants reserve the right to assert additional affirmative defenses, if applicable, as the case progresses.

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint          Page 44 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Case 3:24-cv-00059-SLG     Document 104     Filed 09/12/24     Page 44 of 46

## **REQUEST FOR RELIEF**

Intervenor-Defendants respectfully request that this Court deny Plaintiffs any relief, dismiss the Amended and Supplemented Complaint with prejudice, grant judgment for Defendants and Intervenor-Defendants, award Defendants and Intervenor-Defendants their attorney fees and costs, and grant such other relief as the Court deems just and proper.

Respectfully submitted this 12th day of September , 2024,

s/ Siobhan McIntyre
Siobhan McIntyre (AK Bar No. 1206050)
Joanna Cahoon (AK Bar No. 1405034)
TRUSTEES FOR ALASKA
*Attorneys for Intervenor-Defendants SalmonState,*
*Alaska Community Action on Toxics, Alaska*
*Wilderness League, Alaska Wildlife Alliance, Cook*
*Inletkeeper, Friends of McNeil River, Kachemak Bay*
*Conservation Society, National Parks Conservation*
*Association, National Wildlife Federation, Sierra Club,*
*The Alaska Center, and Wild Salmon Center*

s/ Charisse Arce
Charisse Arce (AK Bar No. 2303017)
Erin Colón (AK Bar No. 1508067)
EARTHJUSTICE
*Attorneys for Intervenor-Defendants Center for*
*Biological Diversity, Earthworks, and Friends of the*
*Earth*

s/ Jacqueline Iwata
Jaqueline Iwata (*pro hac vice*)

SalmonState, et al.'s Answer to Plaintiffs' Amended Complaint        Page 45 of 46
*Northern Dynasty Minerals Ltd. v. EPA*, Case No. 3:24-cv-00059-SLG

Thomas Zimpleman (*pro hac vice*)
Joel Reynolds (*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
*Attorneys for Intervenor-Defendant Natural Resources Defense Council*