James C. Feldman (AK Bar No. 1702003)
Jeffrey M. Feldman (AK Bar No. 7605029)
SUMMIT LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Phone: (206) 676-7000
jamesf@summitlaw.com
jefff@summitlaw.com

*Attorneys for Bristol Bay Economic Development Corporation*

*Counsel for Additional Intervening Parties are
identified at the end of this pleading*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP, | No. 3:24-cv-00059-SLG |
| Plaintiffs, | |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and UNITED STATES ARMY CORPS OF ENGINEERS, | |
| Defendants, | |
| and | |
| UNITED TRIBES OF BRISTOL BAY, *et al.*, | |
| Intervenor-Defendants. | |

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

1

**CONSOLIDATED ANSWER OF INTERVENOR-DEFENDANTS**
**UNITED TRIBES OF BRISTOL BAY, BRISTOL BAY NATIVE ASSOCIATION,**
**BRISTOL BAY ECONOMIC DEVELOPMENT CORPORATION, BRISTOL BAY**
**NATIVE CORPORATION, COMMERCIAL FISHERMEN FOR BRISTOL BAY,**
**AND BRISTOL BAY REGIONAL SEAFOOD DEVELOPMENT ASSOCIATION,**
**TO PLAINTIFFS' FIRST AMENDED AND SUPPLEMENTED COMPLAINT**

Intervenor-Defendants Bristol Bay Economic Development Corporation, Bristol Bay Native Corporation, United Tribes of Bristol Bay, Bristol Bay Native Association, Commercial Fishermen for Bristol Bay, and Bristol Bay Regional Seafood Development Association, through their respective counsel, state for their Answer to the Plaintiffs' First Amended and Supplemented Complaint ("Plaintiffs' Complaint") in this action as follows (the numbered paragraphs below refer to the corresponding numbered paragraphs in the Plaintiffs' Complaint):

The allegations in the first, unnumbered paragraph of Plaintiffs' Complaint constitute Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, the allegations are denied.

## INTRODUCTION

1.      Intervenor-Defendants admit that in February 2023, the Environmental Protection Agency ("EPA") issued a Final Determination pursuant to Section 404(c) of the Clean Water Act for the Pebble Deposit Area in southwest Alaska ("Final Determination"), which speaks for itself and is the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the Final Determination, and a response is required, the allegations are denied.  The remaining allegations in paragraph 1 constitute

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, the allegations are denied.

2.      Intervenor-Defendants admit that the U.S. Army Corps of Engineers ("Army Corps") denied Plaintiffs' Clean Water Act Section 404 permit application for the Pebble Mine and its associated transportation infrastructure. The Army Corps' Permit Denial decision, decision on administrative appeal, and administrative record speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the Army Corps' Permit Denial and record, and a response is required, the allegations are denied. The remaining allegations in paragraph 2 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, the allegations are denied.

3.      Intervenor-Defendants admit that the Pebble Deposit in southwest Alaska contains copper and other minerals. Intervenor-Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 3, and on that basis deny them.

4.      Intervenor-Defendants are without sufficient information to admit or deny allegations in paragraph 4, and on that basis deny them.

5.      Intervenor-Defendants are without sufficient information to admit or deny allegations in paragraph 5, and on that basis deny them.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

6. Intervenor-Defendants admit that copper and other minerals are valuable. Intervenor-Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 6, and on that basis deny them.

7. Intervenor-Defendants admit that the EPA issued a Final Determination finding that development of the Pebble Mine would have unacceptable adverse environmental impacts. The Final Determination speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the Final Determination, and a response is required, the allegations are denied. All remaining allegations are denied. As to the last sentence in paragraph 7, the Army Corps' Permit Denial and associated administrative record speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the Army Corps' Permit Denial and associated administrative record, and a response is required, the allegations are denied.

8. The allegations in paragraph 8 are vague, speculative, and overbroad and the Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations.

9. The Final Determination and the record before the EPA demonstrating the economic benefits of protecting Bristol Bay's fishery speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the Final Determination and record, and a response is required, the allegations are denied.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

4

Case 3:24-cv-00059-SLG    Document 105    Filed 09/19/24    Page 4 of 42

10.     The allegations in paragraph 10 constitute Plaintiffs' characterization of their case, to which no response is required.  To the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

11.     Allegations in paragraph 11 state an assertion of law, not a statement of fact, and require no response.  To the extent a response is required, the allegations are denied.

12.     Allegations in paragraph 12 state an assertion of law, not a statement of fact, and require no response.  To the extent a response is required, the allegations are denied.

13.     Allegations in paragraph 13 state an assertion of law, not a statement of fact, and require no response.  To the extent a response is required, the allegations are denied.

14.     Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 14, and on that basis deny them.

## PARTIES

15.     Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 15, and on that basis deny them.

16.     Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 16, and on that basis deny them.

17.     Admit that EPA is an executive branch department of the U.S. government. Intervenor-Defendants deny that the EPA's actions were unlawful and improper.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

18.     Admit that Army Corps is a unit of the United States Army, under the Department of Defense.  Intervenor-Defendants deny that Army Corps' actions were unlawful and improper.

## STATUTORY AND REGULATORY BACKGROUND

19.     Allegations in paragraph 19 purport to characterize the Clean Water Act and congressional history, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to its plain language, meaning, and context are denied.

20.     Allegations in paragraph 20 purport to characterize the Clean Water Act, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

21.     The allegations in the first two sentences of paragraph 21 are admitted.  The allegations in the third sentence are vague, speculative, and overbroad, and the Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations.  Intervenor-Defendants deny the allegations in the fourth and fifth sentences because they contain an incomplete description of the proposal to mine the Pebble Deposit.

22.     Allegations in paragraph 22 purport to characterize the Clean Water Act, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

6

Case 3:24-cv-00059-SLG     Document 105     Filed 09/19/24     Page 6 of 42

23.     Allegations in paragraph 23 purport to characterize the requirements of the Clean Water Act Section 404, National Environmental Policy Act ("NEPA"), and Clean Water Act implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

24.     Allegations in paragraph 24 purport to characterize the requirements of the Clean Water Act Section 404, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

## FACTUAL BACKGROUND

25.     The Intervenor-Defendants admit the allegations in paragraph 25. The Pebble Deposit also sits at the headwaters of Bristol Bay, home to the largest and most valuable wild salmon run on the planet and home to Alaska Native communities that have lived, worked, and subsisted in Bristol Bay for millenia, and whose religious and cultural histories and traditions have depended on Bristol Bay and its salmon resources.

26.     Allegations in paragraph 26 purport to characterize the State of Alaska land use designations contained in the Bristol Bay Area Plan, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

27.     Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 27, and on that basis deny them.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

7

Case 3:24-cv-00059-SLG     Document 105     Filed 09/19/24     Page 7 of 42

28.     Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 28, and on that basis deny them.

29.     Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 29, and on that basis deny them.

30.     Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 30, and on that basis deny them.

31.     Intervenor-Defendants admit that a wide and extensive community of Tribes, individuals, and organizations have long opposed development of the Pebble Deposit because of the catastrophic environmental risk and consequences that it presents and have communicated their opposition to governmental agencies and regulators, including the EPA, as is permitted by law.  Intervenor-Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 31, and on that basis deny them.

32.     Intervenor-Defendants admit that the EPA undertook an extensive, peer-reviewed assessment of the potential impacts of large-scale mining development on Bristol Bay fisheries and wildlife and on Alaska Native cultures of the region, culminating in the final Bristol Bay Watershed Assessment released by the EPA in January 2014, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 32, and on that basis deny them.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

8

33.     Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 33, and on that basis deny them.

34.     Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 34, and on that basis deny them.

35.     Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 35, and on that basis deny them.

36.     Intervenor-Defendants deny the allegations in the first and second sentences of paragraph 36.  To the extent the allegations characterize the Bristol Bay Watershed Assessment and its record, they speak for themselves and are the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the Bristol Bay Watershed Assessment and associated record, and a response is required, the allegations are denied.

37.     To the extent the allegations in paragraph 37 characterize the Bristol Bay Watershed Assessment and its record, they speak for themselves and are the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the Bristol Bay Watershed Assessment and associated record, and a response is required, the allegations are denied.  Intervenor-Defendants deny the allegations in the last sentence of paragraph 37.

38.     To the extent the allegations in paragraph 38 characterize the Bristol Bay Watershed Assessment and its record, they speak for themselves and are the best evidence

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

9

Case 3:24-cv-00059-SLG     Document 105     Filed 09/19/24     Page 9 of 42

of their contents. To the extent Plaintiffs' allegations are inconsistent with the Bristol Bay Watershed Assessment and associated record, and a response is required, the allegations are denied. Intervenor-Defendants deny the characterization of the EPA's assumptions in the Bristol Bay Watershed Assessment as inaccurate.

39. Intervenor-Defendants admit that the EPA issued a Proposed Determination pursuant to the Clean Water Act Section 404(c) in July 2014. The remaining allegations in paragraph 39 purport to characterize the 2014 Proposed Determination and associated record, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the 2014 Proposed Determination and record, the allegations are denied.

40. Intervenor-Defendants deny the allegations in paragraph 40 because the characterization of the 2014 Proposed Determination is incomplete and inaccurate.

41. The first, second, and fourth sentences of paragraph 41 purport to characterize a lawsuit filed by Plaintiffs against Defendant in *Pebble Limited Partnership v. EPA*, Case No. 3:14-CV-0097-HRH, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants are without sufficient information to admit or deny the allegations in the third sentence, and on that basis deny them.

42. Intervenor-Defendants admit that PLP and the EPA settled litigation regarding the 2014 Proposed Determination and aver that the settlement agreement did not require the EPA to withdraw the 2014 Proposed Determination. The agreement only

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

10

required the EPA to "initiate a process to propose to withdraw the Proposed Determination, consistent with the requirements of 40 C.F.R. 231.5." EPA initiated such a process, and then properly decided not to withdraw the 2014 Proposed Determination. To the extent the allegations in paragraph 42 purport to characterize the settlement agreement, the settlement agreement speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

43.     Intervenor-Defendants admit that in December 2017 PLP submitted to the Army Corps its application for Clean Water Act permits. To the extent the allegations in paragraph 43 purport to characterize the permit application, the permit application speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

44.     Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 44 that PLP's 2017 permit application was smaller and more compact than prior conceptual plans, and on that basis deny them. Intervenor-Defendants aver that PLP's 2017 permit application footprint was larger than the EPA's Watershed Assessment smallest scenario, and on that basis deny the allegations in paragraph 44.

45.     Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 45, and on that basis deny them.

46.     Allegations in paragraph 46 purport to characterize Clean Water Act statutory and regulatory requirements for compensatory mitigation and internal agency

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

11

Case 3:24-cv-00059-SLG     Document 105     Filed 09/19/24     Page 11 of 42

policies and related agreements, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

47. Allegations in paragraph 47 purport to characterize internal agency policies and related agreements, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

48. Allegations in paragraph 48 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

49. Intervenor-Defendants admit that the Army Corps developed, drafted, and published the final environmental impact statement ("EIS") for the proposed Pebble Mine in July 2020, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 49, and on that basis deny them.

50. Allegations in paragraph 50 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

12

Case 3:24-cv-00059-SLG    Document 105    Filed 09/19/24    Page 12 of 42

51.     Allegations in paragraph 51 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

52.     Allegations in paragraph 52 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The second and third sentences of paragraph 52 purport to characterize the 2014 Proposed Determination, the EPA's Watershed Assessment, and the EIS, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the 2014 Proposed Determination, the EPA's Watershed Assessment, and the EIS, the allegations are denied.

53.     Allegations in paragraph 53 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

54.     Allegations in paragraph 54 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

55.     Allegations in paragraph 55 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

13

56.    Allegations in paragraph 56 purport to characterize the Endangered Species Act, implementing regulations, and the U.S. Fish and Wildlife Service's administrative record as to the proposed Pebble Mine project, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

57.    Allegations in paragraph 57 purport to characterize the Clean Water Act and an associated inter-agency memorandum of agreement, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

58.    Intervenor-Defendants admit that the EPA was a cooperating agency for the EIS. Intervenor-Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 58, and on that basis deny them.

59.    Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 59, and on that basis deny them.

60.    Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 60, and on that basis deny them.

61.    Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 61, and on that basis deny them.

62.    Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 62, and on that basis deny them.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

14

Case 3:24-cv-00059-SLG    Document 105    Filed 09/19/24    Page 14 of 42

63. Intervenor-Defendants admit that on August 20, 2020, the Army Corps issued a letter to PLP, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Intervenor-Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 63, and on that basis deny them.

64. Intervenor-Defendants admit that on August 24, 2020, the Army Corps issued a press release stating that "the Corps finds that the project, as currently proposed, cannot be permitted under section 404 of the Clean Water Act." As to all other allegations regarding the press release, the Army Corps' administrative record, and Army Corps regulations, those speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. Intervenor-Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 64, and on that basis deny them.

65. Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 65, and on that basis deny them. To the extent that paragraph 65 characterizes the administrative record before the Army Corps, the record speaks for itself and is the best evidence of its contents, and any allegations contrary to the record are denied.

66. Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 66, and on that basis deny them. To the extent that paragraph

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

15

Case 3:24-cv-00059-SLG    Document 105    Filed 09/19/24    Page 15 of 42

66 characterizes the administrative record before the Army Corps, the record speaks for itself and is the best evidence of its contents, and any allegations contrary to the record are denied.

67. Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 67, and on that basis deny them. To the extent that paragraph 67 characterizes the administrative record before the Army Corps, the record speaks for itself and is the best evidence of its contents, and any allegations contrary to the record are denied.

68. Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 68, and on that basis deny them. To the extent that paragraph 68 characterizes the administrative record before the Army Corps, the record speaks for itself and is the best evidence of its contents, and any allegations contrary to the record are denied.

69. Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 69, and on that basis deny them. To the extent that paragraph 69 characterizes the administrative record before the Army Corps, the record speaks for itself and is the best evidence of its contents, and any allegations contrary to the record are denied.

70. Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 70, and on that basis deny them. To the extent that paragraph

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

16

Case 3:24-cv-00059-SLG    Document 105    Filed 09/19/24    Page 16 of 42

70 characterizes the administrative record before the Army Corps, the record speaks for itself and is the best evidence of its contents, and any allegations contrary to the record are denied.

71.    Intervenor-Defendants admit that the Army Corps decided to deny the permit application and, on November 25, 2020, issued a Record of Decision ("2020 ROD"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The remaining allegations in paragraph 71 are denied.

72.    Allegations in paragraph 72 purport to characterize the administrative record before the Army Corps, which speaks for itself and is the best evidence of its contents, and any allegations contrary to the record are denied. To the extent paragraph 72 contains legal conclusions, no response is required.

73.    Intervenor-Defendants admit that PLP administratively appealed the 2020 ROD.

74.    Intervenor-Defendants admit that in May of 2022 EPA published a revised Proposed Determination pursuant to the Clean Water Act Section 404(c) ("2022 Proposed Determination") finding that development of the Pebble Deposit would have unacceptable adverse effects, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The remaining allegations in paragraph 74 are denied.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

17

75.     Admit that PLP submitted comments on the 2022 Proposed Determination.

76.     Intervenor-Defendants admit that in February 2023, the EPA issued a Final Determination pursuant to Section 404(c) of the Clean Water Act for the Pebble Deposit Area in Southwest Alaska ("Final Determination"), which speaks for itself and is the best evidence of its content. To the extent Plaintiffs' allegations are inconsistent with the Final Determination, and a response is required, the allegations are denied.

77.     Allegations in paragraph 77 purport to characterize the Final Determination, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

78.     Allegations in paragraph 78 purport to characterize and quote from the Final Determination, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

79.     Intervenor-Defendants deny the allegation in paragraph 79 because the description of the Final Determination is incomplete and inaccurate.

80.     Intervenor-Defendants admit that in April 2023, the Army Corps completed its decision on Plaintiffs' administrative appeal of the Permit Denial ("Administrative Appeal Decision"). The remaining allegations in paragraph 80 purport to characterize the Administrative Appeal Decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

18

Case 3:24-cv-00059-SLG     Document 105     Filed 09/19/24     Page 18 of 42

81.     The allegations in paragraph 81 and its sub-paragraphs (a) to (g) purport to characterize and quote from the Administrative Appeal Decision and the Final Determination, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

82.     Intervenor-Defendants admit that the Army Corps Alaska District affirmed the Permit Denial in a Record of Decision issued on April 15, 2024 ("2024 Denial Decision"). The remaining allegations in paragraph 82 purport to characterize the 2024 Denial Decision, Administrative Appeal Decision, and Final Determination, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

83.     The first and second sentences of paragraph 83 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in paragraph 83 purport to characterize the 2020 ROD, Administrative Appeal Decision, 2024 Denial Decision, Final Determination, and the administrative records before the EPA and Army Corps, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

84.     The allegations in paragraph 84 are vague, speculative, and overbroad, and the Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

19

Case 3:24-cv-00059-SLG     Document 105     Filed 09/19/24     Page 19 of 42

## THE CLAIMS

85. Intervenor-Defendants admit that the Final Determination represents a final decision by the EPA. The remaining allegations in paragraph 85 purport to characterize the Final Determination, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

86. The first sentence of paragraph 86 consists of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in paragraph 86 purport to characterize the Final Determination, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

87. Intervenor-Defendants admit that the Final Determination is a final agency action.

88. Intervenor-Defendants deny that the Army Corps' 2024 Denial Decision is a final agency action. The remaining allegations in paragraph 88 purport to characterize the 2024 Denial Decision and Army Corps regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

89. Intervenor-Defendants admit that there is no administrative appeal available to PLP within the EPA. Intervenor-Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 89, and on that basis deny them.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

20

90.     Allegations in paragraph 90 consist of legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

91.     Intervenor-Defendants deny that the Final Determination is defective in any respect.  The remaining allegations in paragraph 91 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

92.     Intervenor-Defendants deny that PLP exhausted administrative remedies for the Army Corps Permit Denial.  Allegations in the second and third sentences of paragraph 92 consist of legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.  Intervenor-Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 92, and on that basis deny them.

93.     Allegations in paragraph 93 consist of legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

94.      Intervenor-Defendants deny that PLP has standing.  Intervenor-Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence and on that basis deny them.  The allegations in the third and fourth sentences purport to characterize the Final Determination and PLP's permit application, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.  Intervenor-Defendants

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

21

Case 3:24-cv-00059-SLG     Document 105     Filed 09/19/24     Page 21 of 42

deny the allegation in the fourth sentence that Plaintiffs have suffered any injuries for which they are entitled to relief.

95.    Allegations in paragraph 95 consist of legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

96.    The allegations in paragraph 96 contain legal conclusions and Plaintiffs' characterization of the law, to which no response is required.  To the extent that a response is required, the allegations are denied.

97.    The allegations in paragraph 97 contain legal conclusions and Plaintiffs' characterization of the law, to which no response is required.  To the extent that a response is required, the allegations are denied.

## COUNT A

98.    Allegations in the first, second, and third sentences of paragraph 98 purport to characterize the EPA's prior actions pursuant to Section 404(c) of the Clean Water Act, which speak for themselves and are the best evidence of their content.  Any allegations contrary to their plain language, meaning, and context are denied.  Allegations in the fourth sentence consist of legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.  Intervenor-Defendants deny that the Final Determination was unlawful.

99.    Intervenor-Defendants admit the first sentence of paragraph 99.  Intervenor-Defendants deny the remaining allegations in paragraph 99.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

22

100. Allegations in paragraph 100 purport to characterize the Alaska Statehood Act and related case law, which speak for themselves and are the best evidence of their content. Any allegations inconsistent with the plain language, meaning, and context of the statute and case law are denied.

101. The allegations in paragraph 101 consist of a conclusion of law, not a statement of fact, for which no response is required. To the extent that a response is required, the allegations are denied. To the extent that the allegations purport to characterize the Alaska Statehood Act and related case law, they speak for themselves and are the best evidence of their content. Any allegations inconsistent with the plain language, meaning, and context of the statute and case law are denied.

102. Intervenor-Defendants admit that the Cook Inlet Land Exchange took place and was finalized in 1976. The remaining allegations in paragraph 102 purport to characterize the Cook Inlet Land Exchange and congressional history, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with their plain language, meaning, and context are denied.

103. The allegations in the first and second sentences of paragraph 103 purport to characterize the Cook Inlet Land Exchange and congressional history, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. Intervenor-Defendants lack knowledge

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

and information sufficient to form a belief as to the truth of the allegations of the third sentence and on that basis deny them.

104. To the extent the allegations in the first sentence of paragraph 104 purport to characterize the Cook Inlet Land Exchange, it speaks for itself and is the best evidence of its content. Any allegations inconsistent with its plain language, meaning, and context are denied. The remaining allegations in paragraph 104 are vague, speculative, and overbroad and the Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations.

105. Allegations in paragraph 105 purport to characterize the Cook Inlet Land Exchange and Alaska Statehood Act, which speak for themselves and are the best evidence of their content. Any allegations inconsistent with their plain language, meaning, and context are denied. Intervenor-Defendants aver that paragraph 105 omits other relevant provisions of the Act and is incomplete.

106. Allegations in paragraph 106 purport to characterize the Cook Inlet Land Exchange and congressional history, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

107. Allegations in paragraph 107 consist of conclusions of law, not a statement of fact, for which no response is required. To the extent the allegations purport to characterize the Cook Inlet Land Exchange and Alaska Statehood Act, they speak for

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

24

Case 3:24-cv-00059-SLG    Document 105    Filed 09/19/24    Page 24 of 42

themselves and are the best evidence of their content. Any allegations inconsistent with the plain language, meaning, and context of the Cook Inlet Land Exchange and Alaska Statehood Act are denied. Intervenor-Defendants aver that the allegations in paragraph 107 omit other relevant provisions of the Alaska Statehood Act and are incomplete. To the extent that the allegations in paragraph 107 state or imply that the Alaska Statehood Act provided or implied that these lands alone in the United States would not be subject to other provisions of federal law, the allegations are denied.

108. Allegations in paragraph 108 consist of conclusions of law, not a statement of fact, for which no response is required. To the extent the allegations purport to characterize the Alaska National Interest Lands Conservation Act ("ANILCA"), the statute speaks for itself and is the best evidence of its content. Any allegations inconsistent with the plain language, meaning, and context of ANILCA are denied. Intervenor-Defendants aver that paragraph 108 omits other relevant provisions of ANILCA and is incomplete.

109. Allegations in paragraph 109 consist of conclusions of law, not a statement of fact, for which no response is required. To the extent the allegations purport to characterize ANILCA, the statute speaks for itself and is the best evidence of its content. Any allegations inconsistent with the plain language, meaning, and context of ANILCA are denied. Intervenor-Defendants aver that paragraph 109 omits other relevant provisions of ANILCA and is incomplete.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

25

Case 3:24-cv-00059-SLG    Document 105    Filed 09/19/24    Page 25 of 42

110.    The allegations in paragraph 110 purport to characterize ANILCA and congressional history, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

111.    Allegations in paragraph 111 purport to characterize President Carter's statement at the signing ceremony for ANILCA, which speaks for itself and is the best evidence of its contents.  Intervenor-Defendants aver that the quoted language does not fully or accurately capture President Carter's comments in signing ANILCA.

112.    Intervenor-Defendants admit that the area of the Pebble Deposit is not a Conservation System Unit within the meaning of ANILCA.  The remaining allegations in paragraph 112 are denied.

113.    The allegations in paragraph 113 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required.  To the extent a response is required, the allegations are denied.

114.    The allegations in paragraph 114 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required.  To the extent a response is required, the allegations are denied.

115.    The allegations in paragraph 115 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required.  To the extent a response is required, the allegations are denied.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

116. The allegations in paragraph 116 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required. To the extent a response is required, the allegations are denied. Intervenor-Defendants deny that the Final Determination was unlawful.

117. Allegations in the first sentence of paragraph 117 purport to quote and characterize the Clean Water Act Section 404(c), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations in the fourth sentence contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in paragraph 117 are denied.

118. Allegations in paragraph 118 purport to characterize the Final Determination, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

119. Allegations in paragraph 119 purport to characterize the Final Determination, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

120. Allegations in paragraph 120 purport to characterize the Final Determination, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

121. The allegations in paragraph 121 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required. To the extent a response is required, the allegations are denied.

122. The allegations in paragraph 122 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required. To the extent a response is required, the allegations are denied.

123. Allegations in paragraph 123 purport to quote and characterize Section 404(c) of the Clean Water Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

124. Allegations in paragraph 124 purport to quote and characterize Section 404(c) of the Clean Water Act and implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

125. The allegations in paragraph 125 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required. To the extent a response is required, the allegations are denied. Intervenor-Defendants deny the inaccurate characterization of EPA's actions as "free-range rulemaking."

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

28

Case 3:24-cv-00059-SLG    Document 105    Filed 09/19/24    Page 28 of 42

126.    The allegations in paragraph 126 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required.  To the extent a response is required, the allegations are denied.

127.    The allegations in paragraph 127 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required.  To the extent a response is required, the allegations are denied.  Intervenor-Defendants deny that the Final Determination was unlawful.

## COUNT B

128.    Intervenor-Defendants deny the allegations in paragraph 128.

129.    The allegations in paragraph 129 are vague, speculative, and overbroad and the Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations.

130.    The allegations in paragraph 130 are vague, speculative, and overbroad and the Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations.

131.    Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 131, and on that basis deny them.

132.    Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 132, and on that basis deny them.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

29

Case 3:24-cv-00059-SLG    Document 105    Filed 09/19/24    Page 29 of 42

133.    Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 133, and on that basis deny them.

134.    Intervenor-Defendants are without sufficient information to admit or deny the allegations in the first and second sentences of paragraph 134, and on that basis deny them.  The third sentence of paragraph 134 purports to characterize the Army Corps administrative record and Administrative Appeal Decision, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

135.    The allegations in the first sentence of paragraph 135 purport to characterize the Final Determination, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  Intervenor-Defendants are without sufficient information to admit or deny the allegations in the second sentence, and on that basis deny them.

136.    Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 136, and on that basis deny them.

137.    The first sentence of paragraph 137 consists of legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.  The allegations in the second sentence of paragraph 137 purport to characterize the Clean Water Act, which speaks for itself and

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

30

Case 3:24-cv-00059-SLG    Document 105    Filed 09/19/24    Page 30 of 42

is the best evidence of its content. Any allegations contrary to its plain language, meaning, and context are denied.

138. The allegations in paragraph 138 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required. To the extent a response is required, the allegations are denied.

139. The allegations in paragraph 139 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required. To the extent a response is required, the allegations are denied.

140. The allegations in paragraph 140 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required. To the extent a response is required, the allegations are denied. To the extent the allegations purport to characterize the Final Determination, it speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

141. The allegations in paragraph 141 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required. To the extent a response is required, the allegations are denied. To the extent the allegations purport to characterize the Final Determination and its associated record, they speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

142. The allegations in paragraph 142 are vague, speculative, and overbroad, and the Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations.

143. The allegations in paragraph 143 are vague, speculative, and overbroad, and the Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations.

144. The allegations in the first and second sentences of paragraph 144 are vague, speculative, and overbroad, and the Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations. Intervenor-Defendants deny the allegations in the third sentence.

145. The allegations in paragraph 145 are vague, speculative, and overbroad, and the Intervenor-Defendants are without sufficient information to admit or deny the allegations, and on those bases deny the allegations.

146. The allegations in paragraph 146 and its sub-paragraph contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

147. The allegations in paragraph 147 contain legal conclusions and Plaintiffs' characterization of the law to which no response is required. To the extent a response is required, the allegations are denied.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

148.     The allegations in paragraph 148 consist of legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

149.     The allegations in paragraph 149 consist of legal conclusions and Plaintiffs' characterization of law to which no response is required.  To the extent a response is required, the allegations are denied.  To the extent the allegations purport to quote and characterize the Clean Water Act, implementing regulations, and the Final Determination, they speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

150.     The allegations in paragraph 150 contain a legal argument, not an assertion of fact and, therefore, do not require a response.  Any factual allegations are denied.

151.     The allegations in paragraph 151 contain a legal argument, not an assertion of fact and, therefore, do not require a response.  Any factual allegations are denied.

152.     The allegations in paragraph 152 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

153.     The allegations in paragraph 153 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG
33
Case 3:24-cv-00059-SLG     Document 105     Filed 09/19/24     Page 33 of 42

154.    The allegations in paragraph 154 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

155.    The allegations in paragraph 155 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

156.    Intervenor-Defendants admit that the EIS contains the language quoted in this paragraph but deny the context and characterization of the quote as a conclusion of the EIS.  The EIS speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The third sentence of paragraph 156 purports to characterize the Army Corps Administrative Appeal Decision, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

157.    Allegations in paragraph 157 purport to characterize and quote from the Final Determination, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

158.    Allegations in paragraph 158 purport to characterize the Final Determination, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  In addition, Intervenor-

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG
34

Case 3:24-cv-00059-SLG     Document 105     Filed 09/19/24     Page 34 of 42

Defendants deny Plaintiffs' characterization of impacts that the loss of 22 linear miles of spawning streams is a "minuscule proportion."

159.    The allegations in paragraph 159 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

160.    Allegations in paragraph 160 purport to characterize the EIS and Final Determination, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

161.    Allegations in paragraph 161 purport to characterize the EIS and Final Determination, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

162.    Allegations in paragraph 162 purport to characterize the EIS and Final Determination, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

163.    The allegations in paragraph 163 purport to quote and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context are denied.

164.    The allegations in paragraph 164 state a contention of law and legal argument, not a statement of fact, and therefore does not require a response.  To the extent a response is required, the allegations are denied.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG
35
Case 3:24-cv-00059-SLG     Document 105     Filed 09/19/24     Page 35 of 42

165.     The allegations in paragraph 165 purport to quote and characterize the Final Determination, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context are denied.

166.     The allegations in paragraph 166 state a contention of law and legal argument, not a statement of fact, and therefore do not require a response.  To the extent a response is required, the allegations are denied.  The allegations also purport to characterize the Final Determination, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context are denied.

167.     The allegations in paragraph 167 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

168.     The allegations in paragraph 168 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

## COUNT C

169.     Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 169, and on that basis deny them.

170.     Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 170, and on that basis deny them.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG
36
Case 3:24-cv-00059-SLG     Document 105     Filed 09/19/24     Page 36 of 42

171.   Intervenor-Defendants are without sufficient information to admit or deny the allegations in paragraph 171, and on that basis deny them.

172.   Intervenor-Defendants are without sufficient information to admit or deny the allegations in the first and second sentences of paragraph 172, and on that basis deny them.  The remaining allegations in paragraph 172 purport to characterize the Army Corps administrative record and 2020 ROD, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

173.   Allegations in paragraph 173 purport to characterize the 2020 ROD and Administrative Appeal Decision, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

174.   The allegations in paragraph 174 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

175.   The allegations in paragraph 175 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

176.   Allegations in paragraph 176 purport to characterize the Army Corps record, 2020 ROD, and agency precedents, which speak for themselves and provide the best

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

37

Case 3:24-cv-00059-SLG    Document 105    Filed 09/19/24    Page 37 of 42

evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

177. The allegations in paragraph 177 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required. To the extent a response is required, the allegations are denied.

178. Allegations in paragraph 178 purport to characterize the Army Corps record and 2020 ROD, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

179. The allegations in paragraph 179 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required. To the extent a response is required, the allegations are denied.

180. Intervenor-Defendants are without sufficient information to admit or deny the allegations in the first sentence of paragraph 180, and on that basis deny them. The remaining allegations in paragraph 180 purport to characterize the Army Corps record and Administrative Appeal Decision, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

181.   The allegations in paragraph 181 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

182.   The allegations in paragraph 182 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

183.   The allegations in paragraph 183 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

184.   The allegations in paragraph 184 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

185.   The allegations in paragraph 185 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

186.   The allegations in paragraph 186 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

187.   Intervenor-Defendants admit that the State of Alaska filed a motion for leave to file a bill of complaint based on original jurisdiction with the U.S. Supreme Court in

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

July 2023 and that the Supreme Court denied this request in January 2024. Intervenor-Defendants further admit that in March 2024 Plaintiffs and the State of Alaska both filed lawsuits in this Court challenging the Final Determination. Intervenor-Defendants admit that the Army Corps issued its 2024 Denial Decision in April 2024.

188. The allegations in paragraph 188 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required. To the extent a response is required, the allegations are denied.

189. The allegations in paragraph 189 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required. To the extent a response is required, the allegations are denied.

190. The allegations in paragraph 190 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required. To the extent a response is required, the allegations are denied.

191. The allegations in paragraph 191 contain legal conclusions and Plaintiffs' characterization of their claims to which no response is required. To the extent a response is required, the allegations are denied.

## **GENERAL DENIAL**

Any and all allegations in the Plaintiffs' Complaint, including allegations reflected in section headings and subheadings, that are not expressly and specifically admitted above, are denied.

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim for relief on which relief may be granted.

### Second Affirmative Defense

Plaintiffs' Complaint fails to establish that some or all of its claims are ripe for judicial review.

### Third Affirmative Defense

Plaintiffs' Complaint lacks subject-matter jurisdiction.

Intervenor Defendants reserve the right to assert such other affirmative defenses as may become known or available in the course of this litigation.

## REQUEST FOR RELIEF

Intervenor Defendants request that Plaintiffs' Complaint be denied in its entirety, that Plaintiffs take nothing and are awarded no relief thereby, and that Intervenors-Defendants be awarded their costs and fees incurred in connection with defeating Plaintiffs' claims.

DATED this 19th day of September, 2024.

SUMMIT LAW GROUP PLLC
*Attorneys for Bristol Bay Economic
Development Corporation*

By: *s/ James C. Feldman*
James C. Feldman (AK Bar No. 1702003)
Jeffrey M. Feldman (AK Bar No. 7605029)

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

BESSENYEY & VAN TUYN, L.L.C.
*Attorneys for Bristol Bay Native Corporation*

By: _s/ Peter Van Tuyn_____
Peter Van Tuyn (AK Bar No. 8911086)
Karen Schmidt (AK Bar No. 1211113)


NATIVE AMERICAN RIGHTS FUND
*Attorneys for United Tribes of Bristol Bay and*
*Commercial Fishermen for Bristol Bay*

By: _s/ Matthew N. Newman_____
Megan R. Condon (AK Bar No. 1810096)
Matthew N. Newman (AK Bar No. 1305023)


BRISTOL BAY NATIVE ASSOCIATION
*Attorney for Bristol Bay Native Association*

By: _s/ Felipe Farley_____
Felipe Farley (AK Bar. No. 1904029)


CASHION GILMORE & LINDEMUTH
*Attorney for Bristol Bay Regional*
*Seafood Development Association, Inc.*

By: _s/ Scott Kendall_____
Scott Kendall (AK Bar. No. 0405019)

Consolidated Answer to Plaintiffs' First Amended and Supplemented Complaint
*Northern Dynasty Minerals, Ltd. v. EPA*
Case No. 3:24-cv-00059-SLG

42