Paul A. Werner (*pro hac vice*)
Steven P. Hollman (*pro hac vice*)
Abraham J. Shanedling (*pro hac vice*)
Hannah J. Wigger (*pro hac vice*)
Christopher L. Bauer (*pro hac vice*)
Alexandra Bustamante (*pro hac vice*)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
Telephone: (202) 747-1900
pwerner@sheppardmullin.com
shollman@sheppardmullin.com
ashanedling@sheppardmullin.com
hwigger@sheppardmullin.com
cbauer@sheppardmullin.com
abustamante@sheppardmullin.com

Austin Williams (AK Bar No. 0911067)
TROUT UNLIMITED
600 Clipper Ship Court
Anchorage, AK 99515
Telephone: (907) 227-1590
Austin.Williams@tu.org

*Attorneys for Trout Unlimited*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP,<br><br>     Plaintiffs,<br> v.<br><br>ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>     Defendants,<br><br> and<br><br>UNITED TRIBES OF BRISTOL BAY, *et al.*,<br><br>     Intervenor-Defendants. | Case No. 3:24-cv-00059-SLG |

**ANSWER OF INTERVENOR-DEFENDANT TROUT UNLIMITED TO FIRST**

## AMENDED AND SUPPLEMENTED COMPLAINT

Intervenor-Defendant Trout Unlimited answers and responds to the First Amended Complaint and Supplemented Complaint for Declaratory Judgment and Injunctive Relief (Dkt. 91) ("FAC") filed by Plaintiffs Northern Dynasty Minerals Ltd., and Pebble Limited Partnership ("PLP" and collectively, "the Plaintiffs") against Defendants the U.S. Environmental Protection Agency ("EPA") and the U.S. Army Corps of Engineers ("Army Corps"), as follows:

## INTRODUCTION

1. The allegations in paragraph 1 summarize this lawsuit and no response is required. To the extent paragraph 1 contains legal conclusions, no response is required but Trout Unlimited denies that the challenged Final Determination under Section 404(c) of the Clean Water Act ("CWA") by the EPA is unlawful. To the extent paragraph 1 characterizes legal authority, that authority speaks for itself, is the best evidence of content, and no response is required.

2. The allegations in paragraph 2 summarize this lawsuit and no response is required. To the extent paragraph 2 characterizes the Army Corps' denial of PLP's permit application for the Pebble Mine, that decision speaks for itself, is the best evidence of content, and no response is required.

3. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 3, and on that basis denies them.

-2-

4.      Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 4, and on that basis denies them.

5.      Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 5, and on that basis denies them.

6.      Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 6, and on that basis denies them.

7.      The allegation in paragraph 7 characterizes the Final Determination and the Army Corps' Permit Denials, which speak for themselves, are the best evidence of content, and no response is required.  Trout Unlimited further denies that EPA's actions were "unprecedented," given the agency has exerted its CWA authority to restrict mining on multiple occasions.  To the extent paragraph 7 contains legal conclusions, no response is required.

8.      Trout Unlimited denies the allegation in paragraph 8.

9.      To the extent the allegations in paragraph 9 characterize the administrative record before the EPA, that record speaks for itself, and no response is required. Trout Unlimited otherwise denies the allegations in paragraph 9.

10.      Trout Unlimited denies the allegation in paragraph 10.

## JURISDICTION AND VENUE

11.      The allegations in paragraph 11 contain legal conclusions to which no response is required.

Case No. 3:24-cv-00059-SLG
*Northern Dynasty Minerals Ltd., et al. v. EPA, et al.*

12.     The allegations in paragraph 12 contain legal conclusions to which no response is required.

13.     The allegations in paragraph 13 contain legal conclusions to which no response is required.

14.     Trout Unlimited is without sufficient knowledge to admit or deny the allegation in paragraph 14, and on that basis denies it.

## PARTIES

15.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 15, and on that basis denies them.

16.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 16, and on that basis denies them.

17.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 17, and on that basis denies them. Trout Unlimited further denies the allegation that the EPA took any "unlawful and improper action."

18.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 18, and on that basis denies them. Trout Unlimited further denies the allegation that the Army Corps took any "unlawful and improper action."

-4-

## STATUTORY AND REGULATORY BACKGROUND

19.     The allegations in paragraph 19 characterize the CWA, which speaks for itself, is the best evidence of content, and no response is required.  To the extent paragraph 18 contains legal conclusions, no response is required.

20.     The allegations in paragraph 20 characterize the CWA, which speaks for itself, is the best evidence of content, and no response is required.  To the extent paragraph 18 contains legal conclusions, no response is required.

21.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 21, and on that basis denies them.

22.     The allegations in paragraph 22 characterize the legal authority of the Army Corps, which speaks for itself, is the best evidence of content, and no response is required. To the extent paragraph 22 contains legal conclusions, no response is required.

23.     The allegations in paragraph 23 characterize a federal regulatory process, which speaks for itself, is the best evidence of content, and no response is required.  To the extent paragraph 23 contains legal conclusions, no response is required.

24.     The allegations in paragraph 24 characterize the CWA, which speaks for itself, is the best evidence of content, and no response is required.  To the extent paragraph 24 contains legal conclusions, no response is required.

Case No. 3:24-cv-00059-SLG
*Northern Dynasty Minerals Ltd., et al. v. EPA, et al.*

## FACTUAL BACKGROUND

25.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 25, and on that basis denies them.

26.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 26, and on that basis denies them.

27.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 27, and on that basis denies them.

28.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 28, and on that basis denies them.

29.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 29, and on that basis denies them.

30.     The allegations in paragraph 30 characterize agency actions, which speak for themselves, are the best evidence, and no response is required.

31.     Trout Unlimited denies the allegations in paragraph 31.

32.     The allegations in paragraph 32 characterize agency actions, which speak for themselves, are the best evidence, and no response is required.

33.     The allegations in paragraph 33 characterize agency actions and the administrative record, which speak for themselves, are the best evidence, and no response is required.  To the extent paragraph 33 contains legal conclusions, no response is required.

Case No. 3:24-cv-00059-SLG
*Northern Dynasty Minerals Ltd., et al. v. EPA, et al.*

34. The allegations in paragraph 34 characterize agency actions and the administrative record, which speak for themselves, are the best evidence, and no response is required. To the extent paragraph 34 contains legal conclusions, no response is required.

35. The allegations in paragraph 35 characterize agency actions, which speak for themselves, are the best evidence, and no response is required. To the extent paragraph 35 contains legal conclusions, no response is required.

36. The allegations in paragraph 36 characterize agency actions, which speak for themselves, are the best evidence, and no response is required. To the extent paragraph 36 contains legal conclusions, no response is required. Trout Unlimited otherwise denies any allegation that the Watershed Assessment was in any way non-objective, "unfair," or premature.

37. The allegations in paragraph 37 characterize agency actions, which speak for themselves, are the best evidence, and no response is required. To the extent paragraph 37 contains legal conclusions, no response is required.

38. Trout Unlimited denies the allegations in paragraph 38.

39. The allegations in paragraph 39 characterize agency actions, which speak for themselves, are the best evidence, and no response is required. To the extent paragraph 39 contains legal conclusions, no response is required.

Case No. 3:24-cv-00059-SLG
*Northern Dynasty Minerals Ltd., et al. v. EPA, et al.*

40.     The allegations in paragraph 40 characterize agency actions, which speak for themselves, are the best evidence, and no response is required.  To the extent paragraph 40 contains legal conclusions, no response is required.

41.     The allegations in paragraph 41 characterize prior litigations, which speak for themselves, are the best evidence, and no response is required.  To the extent paragraph 41 contains legal conclusions, no response is required.

42.     The allegations in paragraph 42 characterize prior litigations, which speak for themselves, are the best evidence, and no response is required.

43.     The allegations in paragraph 43 characterize a permit application before the Army Corps, which speaks for itself, is the best evidence, and no response is required.

44.     The allegations in paragraph 44 characterize PLP's 2017 permit application, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 44 characterizes the EPA's assessment, that assessment speaks for itself, is the best evidence, and no response is required.

45.     Trout Unlimited is without sufficient knowledge to admit or deny the allegation in paragraph 45, and on that basis denies it.

46.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 46, and on that basis denies them. To the extent paragraph 46 contains legal conclusions or characterizes a regulatory process or administrative record, no response is required.

-8-

47.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 47, and on that basis denies them.

48.     Trout Unlimited is without sufficient knowledge to admit or deny the allegation in paragraph 48, and on that basis denies it.

49.     The allegations in paragraph 49 characterize the Army Corps' final environmental impact statement ("EIS") and the EPA's Assessment, which speaks for themselves, are the best evidence, and no response is required.  To the extent paragraph 49 contains legal conclusions, no response is required.  Trout Unlimited otherwise denies any mischaracterizations of the EIS and the EPA's prior administrative actions, which speak for themselves.  Trout Unlimited is without sufficient knowledge to admit or deny the allegation that "PLP dedicated significant expense to participating in the process."

50.     The allegation in paragraph 50 characterizes the EIS, which speaks for itself, is the best evidence, and no response is required.

51.     The allegation in paragraph 51 characterizes the EIS, which speaks for itself, is the best evidence, and no response is required.

52.     The allegations in paragraph 52 characterizes the EIS, which speaks for itself, is the best evidence, and no response is required.   To the extent paragraph 52 contains legal conclusions, no response is required.

Case No. 3:24-cv-00059-SLG
*Northern Dynasty Minerals Ltd., et al. v. EPA, et al.*

53.     The allegations in paragraph 53 characterizes the EIS, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 53 contains legal conclusions, no response is required.

54.     The allegations in paragraph 54 characterizes the EIS, which speaks for itself, is the best evidence, and no response is required.

55.     The allegations in paragraph 55 characterizes the EIS, which speaks for itself, is the best evidence, and no response is required.

56.     The allegations in paragraph 56 characterize agency action by the U.S. Fish and Wildlife Service, which speaks for itself, is the best evidence, and no response is required.

57.     The allegations in paragraph 57 characterize the EPA's MOA with the Army Corps, which speaks for itself, is the best evidence, and no response is required.  The allegations in paragraph 57 also characterize the CWA, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 57 contains legal conclusions, no response is required.

58.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 58, and on that basis denies them.

59.     Trout Unlimited denies the allegation in paragraph 59.

60.     To the extent the allegations in paragraph 60 rely on apparent tweets by former President Trump or some other individual, those tweets speak for themselves, and

-10-

no response is required. Plaintiffs also ignore that former President Trump had previously ordered the *withdrawal* of the EPA's 2014 CWA proposed determination after meeting with Alaska Governor Mike Dunleavy (a proponent of the Pebble Mine project with close ties to PLP).[1]

61. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 61, and on that basis denies them. To the extent the allegations in paragraph 61 characterize the administrative record, that speaks for itself, is the best evidence, and no response is required.

62. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 62, and on that basis denies them. To the extent the allegations in paragraph 62 characterize the administrative record, that speaks for itself, is the best evidence, and no response is required.

63. The allegations in paragraph 63 characterize the Army Corps' actions, which speaks for themselves, are the best evidence, and no response is required. To the extent paragraph 63 contains legal conclusions, no response is required.

---

[1] *See* Curt Devine, *Controversial mining company coached Alaska's governor to lobby White House*, CNN (Dec. 20, 2019), https://www.cnn.com/2019/12/19/politics/pebble-mine-alaska-governor-controversy-invs/index.html; Scott Bronstein, *EPA dropped salmon protection after Trump met with Alaska governor*, CNN (Aug. 9, 2019), https://www.cnn.com/2019/08/09/us/epa-alaska-pebble-mine-salmon-invs/index.html.

Case No. 3:24-cv-00059-SLG
*Northern Dynasty Minerals Ltd., et al. v. EPA, et al.*

64.     The allegations in paragraph 54 characterize the Army Corps' actions, which speaks for themselves, are the best evidence, and no response is required.  To the extent paragraph 64 contains legal conclusions, no response is required.

65.     The allegations in paragraph 65 characterize PLP's supposed compensatory mitigation plan and the Army Corps' actions, which speaks for themselves, are the best evidence, and no response is required.  To the extent paragraph 65 contains legal conclusions, no response is required.

66.     The allegations in paragraph 66 characterize the Army Corps' actions, which speak for themselves, are the best evidence, and no response is required.  To the extent paragraph 66 contains legal conclusions, no response is required.

67.     The allegations in paragraph 67 characterize an administrative record, which speaks for itself, is the best evidence, and no response is required.

68.     The allegations in paragraph 68 characterize the Army Corps' actions, which speak for themselves, are the best evidence, and no response is required.  To the extent paragraph 66 contains legal conclusions, no response is required.

69.     The allegations in paragraph 68 characterize the Army Corps' actions, which speak for themselves, are the best evidence, and no response is required.

70.     The allegations in paragraph 69 characterize an administrative record, which speaks for itself, is the best evidence, and no response is required.

-12-

71.    The allegations in paragraph 71 characterize an administrative record, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 71 contains legal conclusions, no response is required.

72.    The allegations in paragraph 72 characterize an administrative record, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 72 contains legal conclusions, no response is required.

73.    The allegations in paragraph 73 characterize an administrative record, which speaks for itself, is the best evidence, and no response is required.

74.    The allegations in paragraph 74 characterize the EPA's actions, which speaks for themselves, are the best evidence, and no response is required.  To the extent paragraph 74 contains legal conclusions, no response is required.

75.    The allegations in paragraph 75 characterize the administrative record before the EPA, which speaks for itself, is the best evidence, and no response is required.

76.    The allegations in paragraph 76 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 76 contains legal conclusions, no response is required.

77.    The allegations in paragraph 77 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 77 contains legal conclusions, no response is required.

-13-

78.     The allegations in paragraph 78 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 78 contains legal conclusions, no response is required.

79.     The allegations in paragraph 79 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 79 contains legal conclusions, no response is required.

80.     The allegations in paragraph 80 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no response is required. To the extent paragraph 80 contains legal conclusions, no response is required.

81.     The allegations in paragraph 81 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no response is required. To the extent paragraph 81 contains legal conclusions, no response is required.

82.     The allegations in paragraph 82 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no response is required. To the extent paragraph 82 contains legal conclusions, no response is required.

83.     The allegations in paragraph 83 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no

-14-

response is required. To the extent paragraph 83 contains legal conclusions, no response is required. Nevertheless, Trout Unlimited denies that the government was engaged in any "shell game," that improper politics underlie any actions, that the EPA's Final Determination was "flawed" or based on any "erroneous Record of Decision."

84.     The allegations in paragraph 84 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 84 contains legal conclusions, no response is required.

## THE CLAIMS

85.     The allegations in paragraph 85 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 85 contains legal conclusions, no response is required.

86.     The allegations in paragraph 86 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 86 contains legal conclusions, no response is required.

87.     Trout Unlimited admits the allegations in paragraph 87.

88.     The allegations in paragraph 88 contain legal conclusions, and no response is required.

89.     The allegations in paragraph 89 contain legal conclusions, and no response is required.

-15-

90.     The allegations in paragraph 90 characterize the CWA, which speaks for itself, is the best evidence of content, and no response is required.  To the extent paragraph 90 contains legal conclusions, no response is required.

91.     The allegations in paragraph 91 contain legal conclusions, and no response is required.

92.     The allegations in paragraph 92 contain legal conclusions, and no response is required.  To the extent the allegations in paragraph 92 characterize the administrative record, that speaks for itself, is the best evidence, and no response is required.

93.     The allegations in paragraph 93 contain legal conclusions, and no response is required.

94.     The allegations in paragraph 94 contain legal conclusions, and no response is required. Trout Unlimited otherwise denies the factual allegations in paragraph 94.

95.     The allegations in paragraph 95 contain legal conclusions, and no response is required.

96.     Trout Unlimited denies the allegations in paragraph 96.

97.     Trout Unlimited denies the allegations in paragraph 97.

98.     The allegations in paragraph 98 characterize the EPA's use of Section 404(c) and the Final Determination, which speaks for themselves, are the best evidence, and no response is required.  To the extent paragraph 98 contains legal conclusions, no response is required.

-16-

99.     Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 99, and on that basis denies them. To the extent paragraph 99 contains legal conclusions, no response is required.

100.    The allegations in paragraph 100 characterize the Alaska Statehood Act, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 100 contains legal conclusions, no response is required.

101.    The allegations in paragraph 101 characterize the Alaska Statehood Act, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 101 contains legal conclusions, no response is required.

102.    The allegations in paragraph 102 characterize the Cook Inlet Land Exchange, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 102 contains legal conclusions, no response is required.

103.    The allegations in paragraph 103 characterize the Cook Inlet Land Exchange, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 103 contains legal conclusions, no response is required.

104.    The allegations in paragraph 104 characterize the Cook Inlet Land Exchange, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 104 contains legal conclusions, no response is required. Trout Unlimited otherwise denies the factual allegations in paragraph 104.

-17-

105. The allegation in paragraph 105 characterizes the Cook Inlet Land Exchange, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 105 contains a legal conclusion, no response is required.

106. The allegations in paragraph 106 contain legal conclusions, and no response is required. Trout Unlimited nevertheless denies any claim that the Cook Inlet Land Exchange affects EPA's Final Determination.

107. The allegations in paragraph 107 characterize the Cook Inlet Land Exchange and the Alaska Statehood Act, which speaks for themselves, are the best evidence, and no response is required. To the extent paragraph 107 contains legal conclusions, no response is required.

108. The allegations in paragraph 108 characterizes the Alaska National Interest Lands Conservation Act, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 108 contains a legal conclusion, no response is required.

109. The allegations in paragraph 109 characterizes the Alaska National Interest Lands Conservation Act, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 109 contains a legal conclusion, no response is required.

110. The allegations in paragraph 110 characterizes the Alaska National Interest Lands Conservation Act, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 110 contains a legal conclusion, no response is required.

Case No. 3:24-cv-00059-SLG
*Northern Dynasty Minerals Ltd., et al. v. EPA, et al.*

111. The allegations in paragraph 111 characterizes the Alaska National Interest Lands Conservation Act, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 111 contains a legal conclusion, no response is required.

112. The allegations in paragraph 112 characterizes the Alaska National Interest Lands Conservation Act, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 112 contains a legal conclusion, no response is required.

113. The allegations in paragraph 113 contain legal conclusions, and no response is required. Trout Unlimited otherwise denies that the EPA's Final Determination was unlawful in any way.

114. To the extent paragraph 114 contains a legal conclusion, no response is required. Trout Unlimited otherwise denies the allegations in paragraph 114.

115. Trout Unlimited denies the allegations in paragraph 115.

116. Trout Unlimited denies the allegations in paragraph 116.

117. The allegations in paragraph 117 characterizes the EPA's authority under the CWA, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 117 contains a legal conclusion, no response is required.

118. The allegations in paragraph 118 characterize EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required.

-19-

119.     The allegations in paragraph 119 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 119 contains legal conclusions, no response is required.

120.     The allegations in paragraph 120 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 120 contains legal conclusions, no response is required.

121.     The allegations in paragraph 121 contain legal conclusions, and no response is required.

122.     Trout Unlimited denies the allegations in paragraph 122.

123.     The allegations in paragraph 123 characterizes the EPA's authority under the CWA, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 123 contains a legal conclusion, no response is required.

124.     The allegation in paragraph 124 contains a legal conclusion, and no response is required.

125.     The allegations in paragraph 125 characterizes the EPA's authority under the CWA, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 125 contains a legal conclusion, no response is required.

126.     The allegations in paragraph 126 characterizes the EPA's authority under the CWA, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 126 contains a legal conclusion, no response is required.

-20-

127.    Trout Unlimited denies that the EPA "exceeded" its statutory authority.  The remaining allegations in paragraph 127 characterize the Final Determination, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 127 contains a legal conclusion, no response is required.

128.    Trout Unlimited denies the allegations in paragraph 128.

129.    Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 129, and on that basis denies them.  Trout Unlimited otherwise denies that "[m]ining the Pebble Deposit would generate obvious and massive economic benefits for the United States and for Alaska."

130.    Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 130, and on that basis denies them.

131.    Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 131, and on that basis denies them.

132.    Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 132, and on that basis denies them.

133.    Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 133, and on that basis denies them.

134.    Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 134, and on that basis denies them.  Trout Unlimited does deny the allegation that "[t]he Pebble mine is a critical resource . . ."

-21-

135. Trout Unlimited denies the allegations in paragraph 135.

136. Trout Unlimited denies the allegations in paragraph 136.

137. The allegations in paragraph 137 characterizes the EPA's authority under the CWA, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 137 contains a legal conclusion, no response is required.

138. The allegations in paragraph 138 contain legal conclusions, and no response is required.

139. The allegations in paragraph 139 characterize the EPA's use of Section 404(c) and the Final Determination, which speaks for themselves, are the best evidence, and no response is required. To the extent paragraph 139 contains legal conclusions, no response is required.

140. The allegations in paragraph 140 characterize the EPA's use of Section 404(c) and the Final Determination, which speaks for themselves, are the best evidence, and no response is required. To the extent paragraph 140 contains legal conclusions, no response is required. Trout Unlimited otherwise denies that EPA's "assessment was itself arbitrary and capricious."

141. The allegations in paragraph 141 characterize the EPA's use of Section 404(c) and the Final Determination, which speaks for themselves, are the best evidence, and no response is required. To the extent paragraph 141 contains legal conclusions, no response is required.

-22-

142.   Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 142, and on that basis denies them.

143.   Trout Unlimited is without sufficient knowledge to admit or deny the allegations in the first sentence of paragraph 143, and on that basis denies them.  Trout Unlimited denies the allegations in the second sentence of paragraph 143.

144.   The allegations in paragraph 144 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 144 contains legal conclusions, no response is required.

145.   Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 145, and on that basis denies them.

146.   The allegations in paragraph 146 characterize the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 146 contains legal conclusions, no response is required.  Trout Unlimited denies any allegation in paragraph 146 and each of its subparts that EPA's Final Determination was arbitrary and capricious.

147.   Trout Unlimited denies the allegations in paragraph 147.

148.   Trout Unlimited denies the allegations in paragraph 148.

149.   The allegations in paragraph 149 characterize the CWA and the Final Determination, which speaks for themselves, are the best evidence, and no response is required.  To the extent paragraph 149 contains legal conclusions, no response is required.

-23-

150.    The allegations in paragraph 150 characterize the CWA, which speaks for themselves, are the best evidence, and no response is required.  To the extent paragraph 150 contains legal conclusions, no response is required.

151.    Trout Unlimited denies the allegations in paragraph 151.

152.    The allegation in paragraph 152 characterizes the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 152 contains a legal conclusion, no response is required.  Trout Unlimited otherwise denies the allegations in paragraph 152.

153.    Trout Unlimited denies the allegations in paragraph 153.

154.    Trout Unlimited denies the allegations in paragraph 154.

155.    Trout Unlimited denies the allegations in paragraph 155.

156.    The allegation in paragraph 156 characterizes the Army Corps' EIS, which speaks for itself, is the best evidence, and no response is required.  To the extent paragraph 156 contains a legal conclusion, no response is required.

157.    The allegation in paragraph 157 characterizes the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 157 contains a legal conclusion, no response is required.

158.    The allegation in paragraph 158 characterizes the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 158 contains a legal conclusion, no response is required.

-24-

159. Trout Unlimited denies the allegations in paragraph 159.

160. The allegation in paragraph 160 characterizes the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 160 contains a legal conclusion, no response is required. Trout Unlimited otherwise denies the allegations in paragraph 160.

161. The allegation in paragraph 161 characterizes the EPA's Final Determination and the Army Corps' EIS, which speaks for themselves, are the best evidence, and no response is required. To the extent paragraph 161 contains a legal conclusion, no response is required.

162. The allegation in paragraph 162 characterizes the EPA's Final Determination and the Army Corps' EIS, which speaks for themselves, are the best evidence, and no response is required. To the extent paragraph 162 contains a legal conclusion, no response is required.

163. The allegation in paragraph 163 characterizes the EPA's authority under Section 404(c), which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 163 contains a legal conclusion, no response is required.

164. The allegation in paragraph 164 characterizes the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 164 contains a legal conclusion, no response is required. Trout

-25-

Case No. 3:24-cv-00059-SLG
*Northern Dynasty Minerals Ltd., et al. v. EPA, et al.*

Unlimited otherwise denies the allegation that the EPA in any way "flout[ed]" its statutory authority.

165. The allegation in paragraph 165 characterizes the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 165 contains a legal conclusion, no response is required. Trout Unlimited otherwise denies the allegations in paragraph 165.

166. The allegation in paragraph 166 characterizes the EPA's Final Determination, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 166 contains a legal conclusion, no response is required.

167. Trout Unlimited denies the allegations in paragraph 167.

168. Paragraph 168 contains legal conclusions, to which no response is required. Trout Unlimited otherwise denies the allegations in paragraph 168 that the EPA acted "contrary to the statutory instructions."

169. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in paragraph 169, and on that basis denies them.

170. The allegations in paragraph 170 characterize the Army Corps' actions, which speak for themselves, are the best evidence, and no response is required.

171. The allegations in paragraph 171 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no

Case No. 3:24-cv-00059-SLG
*Northern Dynasty Minerals Ltd., et al. v. EPA, et al.*

response is required. Trout Unlimited otherwise denies the allegation there was any "capricious change in stance . . . ."

172. The allegations in paragraph 172 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no response is required. Trout Unlimited otherwise denies the Army Corps demanded anything "unprecedent" and improper.

173. The allegations in paragraph 173 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no response is required.

174. The allegations in paragraph 174 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no response is required. To the extent paragraph 174 contains a legal conclusion, no response is required.

175. The allegations in paragraph 175 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no response is required. To the extent paragraph 175 contains a legal conclusion, no response is required. Trout Unlimited otherwise denies that the Army Corps acted arbitrarily or capriciously.

176. The allegations in paragraph 176 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no

-27-

response is required.  To the extent paragraph 176 contains a legal conclusion, no response is required.  Trout Unlimited otherwise denies that the Army Corps acted contrary to precedent or without "reasonable explanation."

177.  The allegations in paragraph 177 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no response is required.  To the extent paragraph 177 contains a legal conclusion, no response is required.  Trout Unlimited otherwise denies that the Army Corps acted contrary to precedent.

178.  The allegations in paragraph 178 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no response is required.  To the extent paragraph 178 contains a legal conclusion, no response is required.  Trout Unlimited otherwise denies that the Army Corps acted contrary to precedent.

179.  The allegations in paragraph 179 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no response is required.  To the extent paragraph 179 contains a legal conclusion, no response is required.  Trout Unlimited otherwise denies the allegations that the Army Corps acted "irrationally" or in any "arbitrary or capricious" manner.

180.  The allegations in paragraph 180 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no

-28-

response is required. To the extent paragraph 180 contains a legal conclusion, no response is required.

181. The allegations in paragraph 181 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no response is required. To the extent paragraph 181 contains a legal conclusion, no response is required. Trout Unlimited otherwise denies the allegations that the Army Corps acted in any "arbitrary or capricious" manner.

182. The allegations in paragraph 182 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no response is required. To the extent paragraph 182 contains a legal conclusion, no response is required. Trout Unlimited otherwise denies the allegations that the Army Corps acted in any "arbitrary or capricious" manner.

183. The allegations in paragraph 183 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no response is required. To the extent paragraph 183 contains a legal conclusion, no response is required. Trout Unlimited otherwise denies the allegations that the Army Corps' decision was irrational.

184. The allegations in paragraph 184 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no response is required. To the extent paragraph 184 contains a legal conclusion, no response

-29-

is required. Trout Unlimited otherwise denies the allegations that the Army Corps' decision was arbitrary and capricious.

185. Trout Unlimited denies the allegations in paragraph 185.

186. Trout Unlimited denies the allegations in paragraph 186.

187. The allegations in paragraph 187 characterize a prior – failed – legal proceeding, which speaks for itself, is the best evidence, and no response is required. To the extent paragraph 187 contains legal conclusions, no response is required.

188. Trout Unlimited denies the allegations in paragraph 188.

189. The allegations in paragraph 189 characterize the Army Corps' actions and the administrative record, which speak for themselves, are the best evidence, and no response is required. To the extent paragraph 189 contains a legal conclusion, no response is required. Trout Unlimited otherwise denies the EPA's Final Determination was "unlawful."

190. Trout Unlimited denies the allegations in paragraph 190.

191. Trout Unlimited is without sufficient knowledge to admit or deny the allegations in the first sentence of paragraph 191, and on that basis denies them. Trout Unlimited denies the remaining allegations in paragraph 191.

**PRAYER FOR RELIEF**

The remaining paragraphs of the FAC constitute the Plaintiffs' Prayer for Relief to which no response is required. To the extent that a response is required, Trout Unlimited

-30-

denies that the Plaintiffs are entitled to any of the equitable and legal relief they request, including costs and attorneys fees.

## **GENERAL DENIAL**

Trout Unlimited denies any and all allegations in the Plaintiffs' FAC, whether express or implied, that are not expressly admitted, denied, or qualified herein.

## **AFFIRMATIVE DEFENSES**

Trout Unlimited further answers the Plaintiffs' FAC by asserting the following affirmative defenses

1.    The Plaintiffs fail to state a claim upon which relief can be granted.

2.    The Plaintiffs' claims are not ripe for adjudication because the State of Alaska has not, and may never, approve the requisite state-level permits to build and operate the proposed mine.  Therefore, the Plaintiffs' purported economic harms are, at best, speculative and hypothetical.

3.    To the extent the Plaintiffs raise issues or claims that were not timely presented to the EPA or Army Corps' during the relevant rulemaking and administrative processes leading up to the Final Determination and the Army Corps' permit decision, those issues or claims are barred for failure to exhaust administrative remedies.

4.    Plaintiffs' claims are barred to the extent its statements to the EPA and Army Corps concerning the size, scope, and mitigation measures of its proposed mine were false, misleading, and/ or not supported by the evidence.

-31-

Case No. 3:24-cv-00059-SLG
*Northern Dynasty Minerals Ltd., et al. v. EPA, et al.*

5.     The Plaintiffs' claims are barred because the EPA's Final Determination and the Army Corps' Permit Denial were consistent with the CWA.

6.     The Plaintiffs' claims are barred because the EPA and Army Corps acted well within their statutory authority and discretion.

7.     The Plaintiffs' claims are barred because the EPA and Army Corps reasonably exercised their discretion and faithfully carried out their legislative mandate and authority under the CWA.

8.     The Plaintiffs' claims are barred because the EPA and Army Corps faithfully followed the requisite procedures to issue the Final Determination and the Permit Denial.

9.     The Plaintiffs' claims are barred because the EPA's Final Determination and the Army Corps' Permit Denial are supported by substantial evidence.

10.     PLP's claims are barred because they violate public policy.

*     *     *

Trout Unlimited reserves the right to amend and/ or supplement these affirmative defenses as appropriate.

## REQUEST FOR RELIEF

Having fully answered the allegations in the FAC, Trout Unlimited respectfully requests that the Court enter judgment against the Plaintiffs as follows:

(1)  A final judgment dismissing with prejudice the claims alleged in the FAC.

(2)  A final judgment awarding such other and further relief as the Court may

deem just and proper under the circumstances.

Dated:  September 19, 2024         Respectfully submitted,

By:  *s/ Paul A. Werner*
Paul A. Werner (admitted *pro hac vice*)
Steven P. Hollman (admitted *pro hac vice*)
Abraham J. Shanedling (admitted *pro hac vice*)
Hannah J. Wigger (admitted *pro hac vice*)
Christopher L. Bauer (admitted *pro hac vice*)
Alexandra Bustamante (admitted *pro hac vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
Telephone: (202) 747-1900
pwerner@sheppardmullin.com
shollman@sheppardmullin.com
ashanedling@sheppardmullin.com
hwigger@sheppardmullin.com
cbauer@sheppardmullin.com
abustamante@sheppardmullin.com

Austin Williams (AK Bar No. 0911067)
TROUT UNLIMITED
600 Clipper Ship Court
Anchorage, AK 99515
Telephone: (907) 227-1590
Austin.Williams@tu.org

*Attorneys for Intervenor-Defendant*
*Trout Unlimited*

-33-