TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

S. LANE TUCKER
United States Attorney
District of Alaska

MARK A. NITCZYNSKI
United States Department of Justice - ENRD
Environmental Defense Section
999 18th Street; South Terrace, Suite 370
Denver, CO 80202
Phone: (303) 844-1498
Email: mark.nitczynski@usdoj.gov

ELISABETH H. CARTER
United States Department of Justice - ENRD
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Phone: (202) 598-3141
Email: elisabeth.carter@usdoj.gov

*Attorneys for the United States*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and UNITED STATES ARMY CORPS OF ENGINEERS, <br><br> Defendants. | Case No. 3:24-cv-00059-SLG |

## DEFENDANTS' ANSWER TO FIRST
## AMENDED AND SUPPLEMENTED COMPLAINT

*N. Dynasty Minerals Ltd. v. EPA*, No. 3:24-cv-00059-SLG

Defendants, the United States Environmental Protection Agency ("EPA") and the United States Army Corps of Engineers ("Corps"), hereby answer the First Amended and Supplemented First Amended Complaint for Declaratory and Injunctive Relief ("First Amended Complaint") filed by Plaintiffs in this matter. *See* ECF 91.

## GENERAL DENIAL

Except for the allegations specifically admitted below, Defendants deny each and every allegation in the First Amended Complaint.

## SPECIFIC RESPONSES

In response to the prefatory paragraph of the First Amended Complaint, Defendants state that the January 2023 Final Determination of the U.S. Environmental Protection Agency Pursuant to Section 404(c) of the Clean Water Act [for the] Pebble Deposit Area, Southwest Alaska ("Final Determination") that Plaintiffs challenge in this case and EPA's associated administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of the prefatory paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record.[1] Defendants state that the Corps' April 15, 2024, Record of Decision ("2024 Denial Decision") that Plaintiffs challenge in this case and the Corps' associated administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of the prefatory paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps'

---

[1] Throughout this Answer, the term "inconsistent with" includes, without limitation, any inconsistencies with language, meaning, or context, and also includes not being contained in or part of.

administrative record. To the extent a further response is deemed required, Defendants object to this paragraph as vague and ambiguous.[2] Subject to that objection, Defendants state that this paragraph characterizes the relief Plaintiffs seek in this case, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to any relief.

INTRODUCTION[3]

1.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, Defendants object to this paragraph as vague and ambiguous. Subject to that objection, Defendants state that this paragraph describes the relief Plaintiffs seek in this case, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and denies that Plaintiffs are entitled to any relief.

2.     The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the

---

[2]  This objection is based in part on the use of the term "vetoing," which does not fully capture the scope of actions that EPA is authorized to take under Clean Water Act ("CWA") Section 404(c), 33 U.S.C. § 1344(c), or the EPA action at issue in this case. Defendants object to the use of that term and its variants throughout the First Amended Complaint.

[3]  Topic headings are from the First Amended Complaint and are incorporated here solely for ease of reference. Their use does not constitute any admission by Defendants. Numbered sub-headings are not included.

Corps' administrative record. To the extent a further response is deemed required, Defendants state that this paragraph describes the relief Plaintiffs seek in this case, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to any relief. Defendants admit only that the 2024 Denial Decision contains the quotation included in the paragraph.

3.      The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record.[4] To the extent a further response is deemed required, Defendants object to the three sentences of this paragraph as vague and ambiguous. Subject to those objections,

---

[4] EPA's Final Determination and the Corps' 2024 Denial Decision are to be reviewed based on the agencies' respective administrative records. While there likely will be some overlap between the two records, only information from EPA's record is to be considered in reviewing the Final Determination and only information from the Corps' administrative record is to be considered in reviewing the 2024 Denial Decision.

Relatedly, the First Amended Complaint contains a number of allegations that refer to or characterize documents that are not part of the applicable record. This Answer does not endeavor to identify all of those instances. However, examples of paragraphs that refer to documents that are outside of EPA's record include, but are not limited to, paragraphs 2, 7, 31, 32, 34, 35, 41, 59, 60, 64, 68, 70, 80, 81, 83, 134, 156, and 170. Examples of paragraphs that refer to documents that are expected to be outside of the Corps' record include, but are not limited to, paragraphs 31, 32, 34, 35, 41, 59, 60, 64, 68, 70, 80, 81, 83, 134, 156, and 170. Extra-record documents are not to be considered in judicial review of the applicable decision.

Defendants admit only that the Pebble deposit contains copper and other minerals and is located in southwestern Alaska.

4.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to this paragraph as vague and ambiguous. Subject to that objection, Defendants admit only that, at the time EPA issued the Final Determination and the Corps issued the 2024 Denial Decision, Pebble Limited Partnership ("PLP"), through subsidiaries, held at least some mineral rights to the Pebble deposit area from the State of Alaska.

5.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the four sentences of this paragraph as vague and ambiguous. Subject to those objections, Defendants state that this paragraph appears to characterize PLP's mining plans and compensatory mitigation plans, which speak for themselves and are the best evidence of their content. Defendants deny the allegations to the extent they are inconsistent with those

plans. Defendants admit only that one or more of the Plaintiffs has worked with the Corps and the State of Alaska in connection with pursuing development of a mine at the Pebble deposit since the early 2000s.

6.      The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the three sentences of this paragraph as vague and ambiguous. Subject to those objections, Defendants deny the allegations of the first sentence. In response to the second sentence, Defendants admit only that copper is used in certain electricity and other renewable energy production, distribution, and consumption industries, including in electric motors and batteries. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence, and deny the allegations on that basis.

7.      The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the first sentence as so vague and ambiguous that it precludes a meaningful response, and

Defendants deny the allegations on that basis. Subject to that objection, to the extent a further response is deemed required, in response to the first and second sentences, Defendants admit only that EPA issued the Final Determination. Defendants deny the allegations of the third sentence. In response to the fourth sentence, Defendants admit only that the Corps issued the 2024 Denial Decision.

8.      The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to this paragraph as vague and ambiguous. Subject to that objection, Defendants deny the allegations of this paragraph.

9.      The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the seven sentences of this paragraph as vague and ambiguous. Subject to those objections, Defendants deny the allegations of the first sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second

sentence, and deny the allegations on that basis. In response to the third sentence, Defendants admit only that the on-site jobs associated with mining the Pebble deposit would be located in a rural area. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth and fifth sentences, and deny the allegations on that basis. In response to the sixth sentence, Defendants admit only that PLP had agreed to share potential profits from the mine. Defendants deny the allegations of the seventh sentence.

10. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants state that the first, second, and third sentences of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations. The fourth sentence describes the relief Plaintiffs seek in this case, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny that Plaintiffs are entitled to any relief.

## JURISDICTION AND VENUE

11. This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, Defendants state that the statutes cited in this

paragraph speak for themselves and are the best evidence of their content. Defendants deny the allegations to the extent they are inconsistent with the statutes.

12.     This paragraph characterizes the First Amended Complaint and the relief that Plaintiffs seek in this case and states conclusions of law to which no response is required. To the extent a response is deemed required, Defendants state that the statute cited speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the statute. Defendants deny that Plaintiffs are entitled to any relief.

13.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants state that the first sentence of this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, Defendants state that the statute cited speaks for itself and is the best evidence of its content. Defendants deny the allegation to the extent that it is inconsistent with the statute. In response to the second sentence, Defendants admit only that the Final Determination applies within Alaska and that the Final Determination relies in part on scientific investigations conducted in this district. Defendants deny that EPA issued the Final Determination to block the issuance of a permit under review by a Corps office in this district.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and deny the allegations on that basis.

PARTIES

15. Defendants admit the allegations in the first sentence of this paragraph. Defendants object to the second and third sentences as vague and ambiguous. Subject to those objections, Defendants admit only that, at the time EPA issued the Final Determination and the Corps issued the 2024 Denial Decision, PLP held, through subsidiaries, at least some mineral rights to the Pebble Deposit area and, at that time, Northern Dynasty held 100% interest in PLP.

16. Defendants admit the allegations in the first sentence of this paragraph. Defendants object to the second sentence as vague and ambiguous. Subject to that objection, Defendants admit only that one or more of the Plaintiffs has worked in the listed capacities in connection with pursuing development of a mine at the Pebble deposit since the early 2000s.

17. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants state that this paragraph states a conclusion of law to which no response is required. Defendants admit only that EPA is an agency within the Executive Branch of the United States with its

headquarters in the District of Columbia, and that EPA issued the Final Determination. Defendants deny the remaining allegations.

18.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants state that this paragraph states a conclusion of law to which no response is required. Defendants admit only that the Corps is a branch of the United States Department of the Army, under the Department of Defense, headquartered in Washington, D.C., and that the Corps issued the 2024 Denial Decision. Defendants deny the remaining allegations.

## STATUTORY AND REGULATORY BACKGROUND

19.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, Defendants state that the CWA, including Section 404(c), speak for themselves and are the best evidence of their content. Defendants deny the allegations to the extent they are inconsistent with the statute.

20.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, Defendants state that the statutory provisions cited speak for themselves and are the best evidence of their content. Defendants deny the allegations to the extent they are inconsistent with the statute. Defendants admit only that those provisions contain the quotations included in the paragraph.

21.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to this paragraph as speculative. Defendants also object to the first, second, and third sentences of this paragraph as vague and ambiguous. Subject to those objections, Defendants state that this paragraph appears to characterize PLP's June 2020 revised permit application submitted to the Corps for development of the Pebble deposit, and that application speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with that application.

22.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, Defendants state that the statutory provisions cited speak for themselves and are the best evidence of their content. Defendants deny the allegations to the extent they are inconsistent with the statute. Defendants admit only that those provisions contain the quotations included in the paragraph.

23.     Defendants object to this paragraph as vague and ambiguous. Subject to that objection, Defendants state that this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, Defendants state that the statutory provisions and guidelines cited speak for themselves and are the best evidence of

their content. Defendants deny the allegations to the extent they are inconsistent with the statute and the guidelines.

24.    Defendants object to this paragraph as vague and ambiguous. Subject to that objection, Defendants state that this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, Defendants state that Section 404(c) speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with Section 404(c). Defendants admit only that Section 404(c) contains the quotations included in the paragraph.

## FACTUAL BACKGROUND

25.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants admit the allegations in this paragraph.

26.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to this

paragraph as so vague and ambiguous that it precludes a meaningful response, and Defendants deny the allegations on that basis.

27.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, in response to the first sentence, Defendants admit only that Northern Dynasty acquired claims related to the Pebble deposit in 2001. Defendants object to the second sentence as vague and ambiguous. Subject to that objection, Defendants admit only that Northern Dynasty subsequently conducted mineral exploration at the Pebble deposit. In response to the third sentence, Defendants admit only that mining the Pebble deposit is subject to State of Alaska royalties.

28.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first three sentences of this paragraph, and deny the allegations on that basis. In response to the fourth sentence, Defendants admit only that in 2011 PLP provided EPA Region 10 with an

advance, embargoed copy of an environmental baseline document that presented the results of baseline studies conducted from 2004 through 2008. That document speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with that document.

29.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the two sentences of this paragraph as vague and ambiguous. Subject to those objections, Defendants  admit and aver only that they participated in various inter-agency working groups with one or both Plaintiffs beginning in 2004 to discuss, for example, the potential environmental impacts associated with developing a mine at the Pebble deposit and environmental baseline studies in preparation for the review of the mine project pursuant to the National Environmental Policy Act ("NEPA") and CWA Section 404.

30.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the three

sentences of this paragraph as so vague and ambiguous that they preclude a meaningful response, and Defendants deny the allegations on that basis. Subject to those objections, to the extent a further response is deemed required, Defendants deny the allegations in the first and second sentences. In response to the third sentence, Defendants admit only that EPA Region 10 is the EPA regional office that serves Alaska.

31. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the two sentences of this paragraph as so vague and ambiguous that they preclude a meaningful response, and Defendants deny the allegations on that basis. Subject to those objections, to the extent a further response is deemed required, in response to the second sentence, Defendants admit only that then-Administrator Lisa Jackson met with PLP during the summer of 2010.

32. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the first

sentence of this paragraph as so vague and ambiguous that it precludes a meaningful response, and Defendants deny the allegations on that basis. Subject to that objection, to the extent a further response is deemed required, Defendants admit only that EPA initiated the process of developing the Bristol Bay Watershed Assessment ("BBWA") in February 2011. The allegations in the second sentence appear to characterize the BBWA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the BBWA.

33.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the two sentences of this paragraph as vague and ambiguous. Subject to those objections, Defendants admit only that the State of Alaska and PLP objected to EPA's development of the BBWA.

34.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the two

sentences of this paragraph as vague and ambiguous. Subject to those objections, in response to the first sentence, Defendants admit only that EPA sought and obtained peer review of the draft BBWA. The allegations in the second sentence appear to characterize documents that speak for themselves and provide the best evidence of their content. Defendants deny the allegations to the extent they are inconsistent with the documents.

35.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants state that the allegations of this paragraph appear to characterize documents that speak for themselves and provide the best evidence of their content. Defendants deny the allegations to the extent they are inconsistent with the documents.

36.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the third and fourth sentences as so vague and ambiguous that they preclude a meaningful response, and Defendants deny the allegations on that basis. Subject to those objections, to the extent

a further response is deemed required, Defendants state that the first, third, and fourth sentences of this paragraph characterize the BBWA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of the first, third, and fourth sentences to the extent they are inconsistent with the BBWA. In response to the second sentence, Defendants admit only that EPA issued the final BBWA in January 2014 and that, at that time, PLP had not submitted a Section 404 permit application to the Corps.

37. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, in response to the first, second, and fourth sentences, Defendants state that those sentences characterize the BBWA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of those sentences to the extent they are inconsistent with the BBWA. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of this paragraph, and deny the allegations on that basis. Defendants deny the allegations in the fourth sentence.

38. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the

Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to this paragraph as so vague and ambiguous that it precludes a meaningful response, and Defendants deny the allegations on that basis. Subject to that objection, to the extent a further response is deemed required, Defendants state that this paragraph characterizes the BBWA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the BBWA.

39.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the first sentence of this paragraph as vague and ambiguous. Subject to that objection, Defendants admit only that EPA issued the final BBWA in January 2014, and that, in July 2014, EPA Region 10 published in the Federal Register a Notice of Proposed Determination under Section 404(c). In response to the second sentence, Defendants admit only that, at the time EPA published the Notice of Proposed Determination, PLP had not yet applied to the Corps for a CWA Section 404 permit. The third sentence of this paragraph characterizes the 2014 Proposed Determination, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of this sentence to the extent they are inconsistent with the 2014 Proposed Determination.

40.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants state that this paragraph characterizes the 2014 Proposed Determination, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the 2014 Proposed Determination. Defendants admit only that the Corps may require compensatory mitigation as a condition of CWA Section 404 permits.

41.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, EPA objects to the four sentences of this paragraph as vague and ambiguous. Subject to those objections, Defendants admit the allegations in the first sentence and that this Court issued a preliminary injunction in the Federal Advisory Committee Act ("FACA") case. The remaining allegations of this paragraph characterize PLP's contentions in district court cases it filed, this Court's preliminary injunction, and the deposition of a person who had worked for EPA, all of which speak for themselves and are the best evidence of their content.

Defendants deny the allegations of this paragraph to the extent they are inconsistent with PLP's contentions, the FACA preliminary injunction, and the deposition of the former employee.

42. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the first sentence of this paragraph as vague and ambiguous. Subject to that objection, in response to the first sentence, Defendants admit only that EPA entered into a settlement with PLP to resolve the FACA case and a related FOIA case (not the CWA/APA matter). The second sentence of this paragraph characterizes that "FACA/FOIA Settlement," which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with that settlement.

43. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants admit only that PLP submitted to the Corps a CWA Section 404 permit application in December 2017 that

speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with that application.

44.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to this paragraph as vague and ambiguous. Subject to that objection, Defendants state that this paragraph characterizes PLP's Section 404 permit application and the BBWA, which speak for themselves and are the best evidence of their content. Defendants deny the allegations to the extent they are inconsistent with that application or the BBWA.

45.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants admit only that PLP submitted a compensatory mitigation plan to the Corps after PLP submitted its 2017 Section 404 permit application.

46.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the

Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the first sentence of this paragraph as so vague and ambiguous that it precludes a meaningful response, and Defendants deny the allegations on that basis. The second and third sentences characterize a Memorandum of Agreement ("Alaska MOA"), which speaks for itself and is the best evidence of its content. Defendants deny the allegations of those sentences to the extent they are inconsistent with the Alaska MOA.

47.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the first sentence of this paragraph as vague and ambiguous. Subject to that objection, Defendants state that the first and second sentences characterize the Alaska MOA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of the sentences to the extent they are inconsistent with the Alaska MOA. Defendants object to the third sentence of this paragraph as vague and ambiguous. Subject to that objection, Defendants admit only that preservation and other mitigation measures have been included in permits for other projects in Alaska.

48.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to this paragraph as vague and ambiguous. Subject to that objection, Defendants state that this paragraph characterizes PLP's mitigation plans and the Alaska MOA, which speak for themselves and are the best evidence of their content. Defendants deny the allegations of the paragraph to the extent they are inconsistent with those plans or the Alaska MOA.

49.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the three sentences of this paragraph as vague and ambiguous. Subject to those objections, Defendants state that this paragraph characterizes the Corps' final environmental impact statement ("FEIS"), which speaks for itself and is the best evidence of its content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the FEIS. In further response to the first sentence, Defendants admit only that the Corps published notice of availability of the FEIS on July 24, 2020. In response to the second

sentence, Defendants admit only that the FEIS is thousands of pages long. In response to the third sentence, Defendants admit only that the Corps was the lead agency responsible for the FEIS.

50. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants state that this paragraph characterizes the FEIS, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the FEIS. Defendants admit only that the FEIS contains the quotation included in the paragraph.

51. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants state that this paragraph characterizes the FEIS, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the FEIS.

52.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the second sentence of this paragraph as vague and ambiguous. Defendants object to the third sentence as so vague and ambiguous that it precludes a meaningful response, and deny the allegations on that basis. Subject to that objection, Defendants state that this paragraph characterizes the FEIS, the 2014 Proposed Determination, and the BBWA, which speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the FEIS, the 2014 Proposed Determination, and the BBWA.

53.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants state that this paragraph characterizes the FEIS, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the FEIS.

54.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants state that this paragraph characterizes the FEIS, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the FEIS.

55.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants state that this paragraph characterizes the FEIS, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the FEIS.

56.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the

Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the two sentences of this paragraph as vague and ambiguous. Subject to those objections, Defendants admit only that the Corps was the lead agency for a biological assessment. That assessment speaks for itself and is the best evidence of its content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with that assessment.

57. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, in response to the first, third, and fourth sentences, Defendants admit only that, in 1992, EPA and the Department of the Army signed a Memorandum of Agreement that is often referred to as the "404(q) MOA," which speaks for itself and is the best evidence of its content. Defendants deny the allegations of the first, third, and fourth sentences to the extent they are inconsistent with the 404(q) MOA. The second sentence states conclusions of law to which no response is required. To the extent a response is deemed required, Defendants state that the statutory provision cited in the second sentence speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the statute. In further response to the fourth sentence, Defendants admit only that letters sent pursuant to IV.3(b) of the 404(q) MOA are often referred to as "3(b) letters."

58.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the first sentence as vague and ambiguous. Subject to that objection, Defendants admit only that EPA reviewed PLP's Section 404 permit application while the application was pending. In response to the second sentence, Defendants admit only that EPA was one of the cooperating agencies under NEPA. In response to the third sentence, Defendants admit only that EPA did not send a "3(b) letter." Defendants object to the fourth sentence as vague and ambiguous. Subject to that objection, Defendants state that the fourth sentence appears to characterize a May 28, 2020, letter that EPA sent to the Corps, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of this sentence to the extent they are inconsistent with that letter.

59.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to this

paragraph as so vague and ambiguous that it precludes a meaningful response, and Defendants deny the allegations on that basis.

60. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the first and third sentences of this paragraph as vague and ambiguous. Subject to those objections, Defendants state that the first sentence of this paragraph characterizes "tweets," which speak for themselves and are the best evidence of their content. Defendants deny the allegations of this sentence to the extent they are inconsistent with those tweets. Defendants admit only that Donald Trump Jr. is the is the eldest son of former President Trump. Defendants admit the allegations of the second sentence. Defendants lack knowledge or information sufficient to form a belief about the allegations of the third sentence, and deny the allegations on that basis.

61. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to this

paragraph as vague and ambiguous. Subject to that objection, Defendants state that this paragraph appears to characterize a document, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with that document.

62. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to this paragraph as vague and ambiguous. Subject to that objection, Defendants state that this paragraph appears to characterize a document, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with that document.

63. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants state that this paragraph appears to characterize an August 20, 2020, letter that the Corps sent to PLP, the Alaska MOA, and another document, which speak for themselves and are the best evidence

of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with those documents.

64.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the first sentence of this paragraph as vague and ambiguous. Subject to that objection, Defendants state that this sentence characterizes a press release issued by the Army, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of this sentence to the extent they are inconsistent with that press release. Defendants admit only that the Corps is a branch of the United States Department of the Army, which is headed by the Secretary of the Army, and that the Army issued the press release. Defendants object to the second, third, fourth, and fifth sentences as so vague and ambiguous that they preclude a meaningful response, and Defendants deny the allegations on that basis. Subject to those objections, to the extent a further response is deemed required, Defendants admit only that the press release was issued before PLP submitted a compensatory mitigation plan on November 4, 2020, and that the Corps' Alaska District denied PLP's permit application in November 2020.

65.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the

Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the two sentences of this paragraph as vague and ambiguous. Subject to those objections, Defendants state that the first sentence appears to characterize a compensatory mitigation plan that PLP submitted to the Corps in November 2020, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of this sentence to the extent they are inconsistent with that compensatory mitigation plan. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence, and deny the allegations on that basis. In response to the second sentence, Defendants admit only that PLP communicated with the Corps regarding PLP's additional compensatory mitigation plan.

66. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. Defendants object to the five sentences of this paragraph as vague and ambiguous. Subject to those objections, Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and deny the allegations on that basis.

67.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants state that this paragraph appears to characterize a compensatory mitigation plan that PLP submitted to the Corps in November 2020, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with that compensatory mitigation plan. Defendants admit only that PLP submitted a compensatory mitigation plan to the Corps on November 4, 2020.

68.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the first sentence of this paragraph as vague and ambiguous. Subject to that objection, Defendants state that the first sentence appears to characterize a document, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of the first sentence to the extent they are inconsistent with that document. Defendants object to the second sentence

as so vague and ambiguous that it precludes a meaningful response, and Defendants deny the allegations on that basis.

69.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants state that this paragraph appears to characterize a compensatory mitigation plan that PLP submitted to the Corps in November 2020, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with that compensatory mitigation plan. Defendants admit only that PLP submitted a compensatory mitigation plan to the Corps on November 4, 2020.

70.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants state that this paragraph appears to characterize an email, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with that email.

71.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants state that the first and second sentences of this paragraph characterize the Corps' Record of Decision ("2020 ROD"), which was signed on November 20, 2020, and the Corps' November 25, 2020, letter notifying PLP of the 2020 ROD, which speak for themselves and are the best evidence of their content. Defendants deny the allegations of these sentences to the extent they are inconsistent with those documents. Defendants admit only the that the Corps issued the ROD on November 20, 2024, and that the Corps notified PLP of the 2020 ROD via letter dated November 25, 2024. Defendants deny the allegations of the third sentence.

72.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the allegations in the three sentences of this paragraph as vague and ambiguous. Subject to those objections, Defendants state that the allegations of this paragraph characterize the Corps' 2020 ROD, which speaks for itself and is the best evidence of its content. Defendants deny

the allegations of this paragraph to the extent they are inconsistent with that 2020 ROD. Defendants deny the allegations of this paragraph.

73. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants admit only that PLP filed an administrative appeal of the 2020 permit denial.

74. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the first sentence of this paragraph as vague and ambiguous. Subject to that objection, Defendants admit only that EPA issued a Proposed Determination in May 2022. In response to the second sentence, Defendants admit only that PLP's administrative appeal of the Corps' 2020 permit denial remained pending before the Corps' Pacific Ocean Division when EPA issued the May 2022 Proposed Determination. The third sentence characterizes the 2014 Proposed Determination and the May 2022 Proposed Determination, which speak for themselves and are the best evidence of their content. Defendants deny the allegations of this sentence to

the extent they are inconsistent with those documents. The fourth sentence characterizes the 2014 Proposed Determination, the May 2022 Proposed Determination, the BBWA, and the FACA/FOIA Settlement, which speak for themselves and are the best evidence of their content. Defendants deny the allegations of this sentence to the extent they are inconsistent with those documents. The fifth sentence characterizes the May 2022 Proposed Determination, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of this sentence to the extent they are inconsistent with the May 2022 Proposed Determination. The sixth sentence characterizes the 2014 Proposed Determination and the May 2022 Proposed Determination, which speak for themselves and are the best evidence of their content. Defendants deny the allegations of this sentence to the extent they are inconsistent with those documents.

75. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to this paragraph as vague and ambiguous. Subject to that objection, Defendants admit only that PLP submitted comments on the May 2022 Proposed Determination.

76. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content.

Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants admit only that the Final Determination was signed in January 2023 and published in the Federal Register in February 2023, and that the Final Determination contains the quotations included in this paragraph.

77. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to this paragraph as vague and ambiguous.

78. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the three sentences of this paragraph as vague and ambiguous.

79. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the

Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the three sentences of this paragraph as vague and ambiguous.

80.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the two sentences of this paragraph as vague and ambiguous. Subject to those objections, in response to the first sentence, Defendants admit only that, on April 24, 2023, the Corps' Pacific Ocean Division issued an administrative appeal decision. In response to the second part of the second sentence, Defendants admit only that the Corps' Alaska District issued the 2020 ROD. The remainder of the second sentence characterizes the 2023 administrative appeal decision, which speaks for itself and is the best evidence of its content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the 2023 administrative appeal decision.

81.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content.

Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the two sentences of this paragraph as vague and ambiguous. Subject to those objections, Defendants state that the first sentence and the phrase between the commas in the final sentence characterize the Corps' 2023 administrative appeal decision, which speaks for itself and is the best evidence of its content. Defendants deny these allegations to the extent they are inconsistent with the 2023 administrative appeal decision. Defendants deny the remaining allegations of the second sentence.

82.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the third, fourth, fifth, and sixth sentences of this paragraph as vague and ambiguous. Defendants admit only that the 2024 Denial Decision contains the quotations included in the paragraph.

83.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative

record. To the extent a further response is deemed required, Defendants object to the seven sentences of this paragraph as vague and ambiguous. Subject to those objections, Defendants state that this paragraph characterizes an August 20, 2020, letter that the Corps sent to PLP, the Corps' 2020 ROD, the Corps' analyses, and the Corps' 2023 administrative appeal decision, which speak for themselves and are the best evidence of their content. Defendants deny the allegations to the extent they are inconsistent with those documents. Defendants deny the allegations of this paragraph.

84. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the three sentences of this paragraph as vague and ambiguous. Defendants admit only the allegations of the first sentence.

85.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to this paragraph as vague and ambiguous. EPA admits only that the Final Determination represented the completion of this Section 404(c) process.

86.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants state that the three sentences of this paragraph state conclusions of law to which no response is required. To the extent a further response is deemed required, Defendants deny the allegations of this

---

[5]  Generally, the "claims" allegations in paragraphs 85-97 are directed at either EPA or the Corps, and challenge EPA's Final Determination or the Corps' 2024 Denial Decision, respectively. For those paragraphs directed at one agency or the other, only the agency at whom those allegations are directed is responding. Paragraphs 98-168 allege claims only against EPA and challenge EPA's Final Determination. Accordingly, only EPA is responding to the allegations in those paragraphs. Similarly, paragraphs 169-191 only allege claims against the Corps and challenge the Corps' 2024 Denial Decision, and so only the Corps is responding to the allegations in those paragraphs. The lack of a response from either EPA or the Corps to the allegations in paragraphs 85-191 does not constitute any form of admission or concession by the nonresponding agency.

paragraph to the extent they are inconsistent with Section 404 or its implementing regulations regarding the effect of the Final Determination on the Corps' authority under Section 404. Defendants admit only that the Final Determination has binding legal effect regarding the Corps' specification of disposal sites for the discharges addressed in the Final Determination within the Defined Area for Prohibition and the Defined Area for Restriction.

87. This paragraph states a conclusion of law to which no response is required. To the extent a response is deemed required, EPA admits only that the Final Determination is a final action under the APA.

88. This paragraph states conclusions of law to which no response is required.

89. The first sentence of this paragraph states a conclusion of law to which no response is required. EPA admits the allegations in the second sentence. The third sentence of this paragraph states a conclusion of law to which no response is required. To the extent a response is deemed required, EPA admits the allegations of this sentence.

90. The two sentences of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed required, EPA objects to the two sentences as vague and ambiguous. Subject those objections, EPA admits only that the CWA does not specify procedures for judicial review of the merits of the Final Determination.

91. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's

administrative record. To the extent a further response is deemed required, EPA states that this paragraph states conclusions of law to which no response is required.

92. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps states that the first and second sentences of this paragraph state conclusions of law to which no response is required. The Corps objects to the third sentence as vague and ambiguous. Subject to that objection, the Corps admits only that PLP participated in administrative processes before the Corps, that PLP appealed the 2020 Permit Denial, and that the Corps' Pacific Ocean Division issued the 2023 administrative appeal decision.

93. The two sentences of this paragraph state conclusions of law to which no response is required.

94. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants state that the first sentence of this paragraph states a conclusion of law to which no response is required. In response to the second sentence, Defendants admit only that PLP, through subsidiaries, held at least some mineral rights to the Pebble deposit at the time EPA issued the Final

Determination and the time that the Corps issued the 2024 Denial Decision, and that one or more of the Plaintiffs has pursued development of a mine at the Pebble deposit since the early 2000s. Defendants object to the third sentence as so vague and ambiguous that it precludes a meaningful response, and Defendants deny the allegations on that basis. Subject to that objection, to the extent a further response is deemed required, Defendants state that the third sentence states a conclusion of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this sentence to the extent they are inconsistent with Section 404 or its implementing regulations regarding the effect of the Final Determination on the Corps' authority under Section 404. Defendants object to the fourth sentence as vague and ambiguous. Subject to that objection, Defendants state that the fourth sentence states a conclusion of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this sentence to the extent they are inconsistent with Section 404 or its implementing regulations regarding the effect of the Final Determination on the Corps' authority under Section 404. Defendants admit only that one or more of the Plaintiffs has pursued development of a mine at the Pebble deposit since the early 2000s. The fifth sentence states conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this sentence to the extent are inconsistent with Section 404 or its implementing regulations regarding the effect of the Final Determination on the Corps' authority under Section 404. Defendants deny that Plaintiffs are entitled to any relief in this matter.

95. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. Defendants deny the allegations of this paragraph to the extent they are inconsistent with the Final Determination, the 2024 Denial Decision, or each agency's respective administrative record. To the extent a further response is deemed required, Defendants object to the two sentences of this paragraph as vague and ambiguous. Subject to those objections, Defendants state that these sentences state conclusions of law to which no response is required.

96. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA denies the allegations of this paragraph.

97. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps states that this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, the Corps denies the allegations of this paragraph.

A. <u>The Final Determination is Unlawful</u>.

98.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that this paragraph characterizes previous final determinations under Section 404(c) that speak for themselves and provide the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with those determinations. EPA objects to the first sentence as vague and ambiguous. Subject to that objection, EPA admits only that it had issued 13 final determinations under Section 404(c) before it issued the Final Determination. EPA objects to the second, third, and fourth sentences as so vague and ambiguous that they preclude a meaningful response, and EPA denies the allegations on that basis. Subject to those objections, to the extent a further response is deemed required, EPA denies the allegations in the second sentence (including, without limitation, any implication that the Final Determination or any other final determination disregarded facts or circumstances). The third sentence refers to unnamed statutes that speak for themselves and are the best evidence of their content. EPA denies the allegation to the extent they are inconsistent with those statutes. The fourth sentence of this paragraph states a conclusion of law to which no response is required. To the extent a response is deemed required, EPA denies the allegations of this sentence.

99.     EPA admits the allegations in the first sentence of this paragraph. EPA objects to the second sentence as vague and ambiguous. Subject to that objection, EPA

states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph, and denies the allegations on that basis.

100.    This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statutory provisions and case law cited in this paragraph speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with the statute or case law.

101.    This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statute and case law discussed in this paragraph speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with the statute or case law.

102.    EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph, and denies the allegations on that basis. The second sentence of this paragraph states a conclusion of law to which no response is required. To the extent a response is deemed required, EPA states that the statute cited in this sentence speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the statute.

103.    This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statute discussed in this paragraph speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the statute. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences

regarding subsequent use of land addressed in the statute, and denies the allegations on that basis.

104.    This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statute discussed in this paragraph speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the statute. EPA objects to the three sentences of this paragraph as so vague and ambiguous that they preclude a meaningful response, and EPA denies the allegations on that basis. Subject to those objections, to the extent a further response is deemed required, in response to the first sentence, EPA admits only that, as a party to the land exchange, Alaska received lands that had been owned by the United States. EPA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence, and denies the allegations on that basis. In response to the third sentence, EPA states that the Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record.

105.    This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statute cited in this paragraph speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the statute.

106.    This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the Final Determination and the

statute discussed in this paragraph speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with the Final Determination or the statute. EPA objects to this paragraph as vague and ambiguous. Subject to that objection, EPA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and denies the allegations on that basis.

107.    This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statutes cited in this paragraph speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with the statutes.

108.    This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statute cited in this paragraph speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the statute.

109.    This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statute cited in this paragraph speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the statute.

110.    This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statute cited in this paragraph speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the statute.

111. EPA admits only that President Carter's statement at the signing ceremony for ANILCA contained the quotations included in this paragraph.

112. This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statute discussed in this paragraph speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the statute.

113. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to this paragraph as so vague and ambiguous that it precludes a meaningful response, and EPA denies the allegations on that basis. Subject to that objection, to the extent a further response is deemed required, EPA states that the first sentence states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statutes discussed in this sentence speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with those statutes. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the quantity of mineral resources contained in the Pebble deposit relative to other lands that Alaska acquired in the Cook Inlet Land Exchange, and denies the allegations on that basis. The third sentence states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statute

discussed in this sentence speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the statute.

114.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is required, EPA objects to the two sentences of this paragraph as vague and ambiguous. Subject to those objections, EPA states that these sentences state conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statutes discussed in these sentences speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with the statutes. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence regarding the State of Alaska's preferences, and denies the allegations on that basis.

115.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to this paragraph as vague and ambiguous.

116.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that

this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA denies the allegations of this paragraph.

117.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that the first sentence of this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that Section 404(c) speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the statute. EPA objects to the second sentence as vague and ambiguous. Subject to that objection, EPA denies the allegations of this sentence. EPA objects to the fourth sentence as vague and ambiguous. Subject to that objection, EPA states that the fourth sentence states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that Section 404(c) speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with Section 404(c).

118.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA admits only that the Executive Summary for the Final Determination contains the quotations included in the sentence.

119.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the second and third sentences of this paragraph as vague and ambiguous. Subject to those objections, EPA admits only that the Final Determination contains the quotation included in the first sentence, and that page 5-6 of the Final Determination includes the legal description for the Defined Area for Prohibition.

120.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA admits only that the Final Determination contains the quotation included in the first sentence.

121.    EPA states that this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the statutory provisions discussed in this paragraph speaks for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with the statute.

122.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that this paragraph states conclusions of law to which no response is required. To the extent a

response is deemed required, EPA states that Section 404(c) speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with Section 404(c). EPA denies the allegations of this paragraph.

123. This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that Section 404(c) speaks for itself and is the best evidence of its content. EPA denies the allegations of this paragraph to the extent they are inconsistent with Section 404(c).

124. EPA objects to this paragraph as vague and ambiguous. Subject to that objection, EPA states that this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that Section 404 and its implementing regulations speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the statute or regulations.

125. EPA objects to the two sentences of this paragraph as vague and ambiguous. Subject to those objections, EPA states that this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that Section 404(c) speaks for itself and is the best evidence of its content. EPA denies the allegations of this paragraph to the extent they are inconsistent with Section 404(c).

126. EPA objects to this paragraph as vague and ambiguous. Subject to that objection, EPA states that this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that Section 404(c) speaks

for itself and is the best evidence of its content. EPA denies the allegations of this paragraph to the extent they are inconsistent with Section 404(c).

127.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that the first sentence of this paragraph states a conclusion of law to which no response is required. To the extent a response is deemed required, EPA states that Section 404(c) speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with Section 404(c). EPA denies the allegations in the first sentence. EPA objects to the second and third sentences of this paragraph as vague and ambiguous. Subject to those objections, EPA states that these sentences characterize one or more Section 404 permit applications, which speak for themselves and are the best evidence of their content. EPA denies the allegations in these sentences to the extent they are inconsistent with those applications.

### B.  The EPA's Final Determination Was Arbitrary and Capricious, Lacked Substantial Evidence, and Was an Abuse of Discretion.

128.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that this paragraph states conclusions of law to which no response is required. To the extent a

response is deemed required, EPA objects to this paragraph as vague and ambiguous. Subject to that objection, EPA denies the allegations of this paragraph.

129. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the first sentence of this paragraph as vague and ambiguous. Subject to that objection, EPA admits only that mining the Pebble deposit could generate economic benefits for the United States and for Alaska. In response to the second sentence, EPA admits only that the transition to renewable energy sources is increasing demand for copper. EPA admits the allegations of the third sentence. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence, and denies the allegations on that basis.

130. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to this paragraph as vague and ambiguous. Subject to that objection, EPA admits only that the demand for copper is predicted to grow as the United States and the world transition their economies to reducing carbon dioxide emissions by shifting emissions-intensive sectors toward electricity and shifting electricity generation towards low-emission sources.

131.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the first, second and fourth sentences of this paragraph as vague and ambiguous. Subject to those objections, in response to those sentences, EPA admits only that the electric vehicle market is growing, that electric vehicles currently require more copper than conventional passenger cars, and that copper demand for charging infrastructure is expected to grow. EPA admits the allegations in the third sentence of this paragraph.

132.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations, and denies the allegations on that basis.

133.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA denies the allegations of the first sentence of this paragraph. EPA objects to the second sentence as so vague and ambiguous that it precludes a meaningful response, and EPA denies the allegations on that basis.

134.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph, and denies the allegations on that basis. EPA objects to the allegations of the second sentence as vague and ambiguous. Subject to those objections, EPA admits only that mining the Pebble deposit could supply copper to assist in meeting the demand for copper in the years to come. EPA objects to the third sentence as vague and ambiguous. Subject to that objection, EPA states that the third sentence characterizes the Corps' 2023 administrative appeal decision, which speaks for itself and is the best evidence of its content. EPA denies the allegations of this sentence to the extent they are inconsistent with the Corps' 2023 administrative appeal decision.

135.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to this paragraph as vague and ambiguous. Subject to that objection, EPA denies the allegations of this paragraph.

136.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's

administrative record. To the extent a further response is deemed required, EPA objects to this paragraph as vague and ambiguous. Subject to that objection, EPA admits only that the mine could generate employment in Alaska and revenue for the State.

137.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA objects to the second sentence of this paragraph as vague and ambiguous. Subject to that objection, EPA states that Section 404(c) speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with Section 404(c).

138.    This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the first and fourth sentences of this paragraph are vague and ambiguous. Subject to those objections, EPA states that Section 404(c) and the case law cited in this paragraph speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with Section 404(c) or the cited case law.

139.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to

the first sentence as vague and ambiguous. EPA states that the second sentence and first half of the third sentence of this paragraph characterize the preamble to EPA's 1979 regulations implementing Section 404(c) and the regulations themselves, which speak for themselves and are the best evidence of their content. EPA denies the allegations of the second sentence and first half of the third sentence to the extent they are inconsistent with the preamble and those regulations. The second half of the third sentence characterizes case law, which speaks for itself and is the best evidence of its content. EPA denies the allegations of the second half of the third sentence to the extent they are inconsistent with that case law.

140.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the first sentence of this paragraph as vague and ambiguous. Subject to that objection, EPA states that the first sentence characterizes the document entitled "Consideration of Potential Costs Regarding the Clean Water Act Section 404(c) Final Determination for the Pebble Deposit Area, Southwest Alaska" ("Cost Report"), which speaks for itself and is the best evidence of its content. EPA denies the allegations of the first sentence to the extent they are inconsistent with the Cost Report. The second sentence states conclusions of law to which no response is required. To the extent a response is deemed required, EPA denies the allegations of the second sentence.

141.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this

paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that the first two sentences of this paragraph characterize the Cost Report, which speaks for itself and is the best evidence of its content. EPA denies the allegations of the first two sentences of this paragraph to the extent they are inconsistent with the Cost Report. EPA denies the allegations of the third sentence. EPA objects to the fourth sentence as vague and ambiguous. Subject to that objection, in the fourth sentence, EPA admits only that refining is just one stage in the supply chain. EPA objects to the fifth sentence as vague and ambiguous. Subject to that objection, EPA denies the allegations of the fifth sentence.

142.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the first sentence of this paragraph as vague and ambiguous. Subject to that objection, in response to the first sentence, EPA admits only that copper concentrate is a fungible commodity with a worldwide market. EPA objects to the second sentence as so vague and ambiguous that it precludes a meaningful response, and EPA denies the allegations on that basis.

143.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to

the first sentence of this paragraph as vague and ambiguous. Subject to that objection, EPA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first sentence, and denies the allegations on that basis. The second sentence appears to characterize the Cost Report, which speaks for itself and is the best evidence of its content. EPA denies the allegations of the second sentence to the extent they are inconsistent with the Cost Report. To the extent a further response is deemed required, EPA denies the allegations of the second sentence.

144.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that the first sentence of this paragraph characterizes the IHS Markit Report, which speaks for itself and is the best evidence of its content. EPA denies the allegations of the first sentence to the extent they are inconsistent with the IHS Markit Report. EPA objects to the second sentence of this paragraph as vague and ambiguous. Subject to that objection, EPA admits the allegations of the second sentence of this paragraph. EPA objects to the third sentence as vague and ambiguous. Subject to that objection, EPA states that the third sentence appears to characterize the Cost Report, which speaks for itself and is the best evidence of its content. EPA denies the allegations of the third sentence to the extent they are inconsistent with the Cost Report. EPA denies the allegations of the third sentence.

145.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this

paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA admits the allegations in the first two sentences of this paragraph. EPA objects to the third sentence as vague and ambiguous. Subject to that objection, EPA admits only that the United States has allowed exports of natural gas in the past two decades. The remainder of the third sentence appears to characterize the Cost Report, which speaks for itself and is the best evidence of its content. EPA denies the allegations of the third sentence to the extent they are inconsistent with the Cost Report. EPA objects to the fourth sentence of this paragraph as vague and ambiguous. Subject to that objection, EPA admits only that a percentage of salmon from Bristol Bay is exported, primarily to East Asia.

146. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that this paragraph states conclusions of law to which no response is required. This paragraph also characterizes the Cost Report and IHS Markit Report, which speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with the Cost Report or the IHS Markit Report. EPA denies the allegations of this paragraph.

147. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's

administrative record. To the extent a further response is deemed required, EPA objects to this paragraph as vague and ambiguous. Subject to that objection, EPA states that this paragraph states conclusions of law to which no response is required. This paragraph also characterizes the Cost Report and IHS Markit Report, which speak for themselves and are the best evidence of their content. EPA denies the allegations to the extent they are inconsistent with the Cost Report or the IHS Markit Report. EPA denies the allegations of this paragraph.

148.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to this paragraph as so vague and ambiguous that it precludes a meaningful response, and EPA denies the allegations on that basis. Subject to that objection, to the extent a further response is deemed required, EPA states that this paragraph states conclusions of law to which no response is required.

149.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that the first sentence states a conclusion of law to which no response is required. To the extent a response is deemed required, EPA states that the CWA and its implementing regulations speak for themselves and are the best evidence of their content. EPA denies the allegations

to the extent they are inconsistent with the CWA and its implementing regulations. EPA objects to the second sentence of this paragraph as vague and ambiguous. Subject to that objection, EPA admits only that EPA and the Corps have issued different regulations regarding the definition of "waters of the United States" since the CWA was enacted. The third sentence states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that regulations regarding the scope of "waters of the United States" speak for themselves and are the best evidence of their content. EPA denies the allegations of this sentence to the extent they are inconsistent with the regulations. EPA objects to the fourth sentence as so vague and ambiguous that it precludes a meaningful response, and EPA denies the allegations on that basis. Subject to that objection, to the extent a further response is deemed required, EPA states that the fourth sentence states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that regulations regarding the scope of "waters of the United States" speak for themselves and are the best evidence of their content. EPA denies the allegations of this sentence to the extent they are inconsistent with the regulations.

150.    This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the case law discussed in this paragraph speaks for itself and is the best evidence of its content. EPA denies the allegations to the extent they are inconsistent with the case law.

151.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's

administrative record. To the extent a further response is deemed required, EPA objects to the four sentences of this paragraph as vague and ambiguous. Subject to those objections, EPA states that the second, third, and fourth sentences of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the CWA, the regulations implementing Section 404, and the case law case law discussed in these sentences speak for themselves and are the best evidence of their content. EPA denies the allegations of these sentences to the extent they are inconsistent with those authorities.

152. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that the second sentence states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that this sentence relies on the CWA, regulations implementing Section 404(c), and case law, which speak for themselves and are the best evidence of their content. EPA denies the allegations of this sentence to the extent they are inconsistent with those authorities.

153. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that this paragraph states conclusions of law to which no response is required. To the extent a

response is deemed required, EPA states that this paragraph relies on the CWA, regulations implementing Section 404(c), and case law, which speak for themselves and are the best evidence of their content. EPA denies the allegations of this sentence to the extent they are inconsistent with those authorities. EPA denies the allegations of this paragraph.

154. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to this paragraph as vague and ambiguous. Subject to that objection, EPA states that this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA denies the allegations of this paragraph.

155. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the two sentences of this paragraph as vague and ambiguous. Subject to those objections, EPA states that this paragraph characterizes the FEIS, which speaks for itself and is the best evidence of its content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the FEIS. EPA states that the second sentence states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that Section 404(c) speaks for itself and is the best evidence of its content. EPA denies the

allegations of this sentence to the extent they are inconsistent with Section 404(c). EPA denies the allegations of this paragraph.

156. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that the first and second sentences of this paragraph characterize the FEIS, which speaks for itself and is the best evidence of its content. EPA denies the allegations of those sentences to the extent they are inconsistent with the FEIS. To the extent a further response is deemed required, EPA admits only that the FEIS is thousands of pages, and that the FEIS contains the quotation included in the second sentence. The third sentence characterizes the Corps' 2023 administrative appeal decision, which speaks for itself and is the best evidence of its content. EPA denies the allegations of this sentence to the extent they are inconsistent with the Corps' 2023 administrative appeal decision.

157. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the two sentences of this paragraph as vague and ambiguous. EPA denies the allegations of this paragraph.

158. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this

paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the two sentences of this paragraph as vague and ambiguous. EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second clause of the second sentence, and denies the allegations on that basis.

159.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the first sentence of this paragraph as vague and ambiguous. Subject to that objection, EPA states that this paragraph characterizes the FEIS, which speaks for itself and is the best evidence of its content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the FEIS. EPA denies the allegations of this paragraph.

160.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the two sentences of this paragraph as vague and ambiguous. Subject to those objections, EPA states that this paragraph characterizes the FEIS, which speaks for itself and is the best evidence of its content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the FEIS.

161.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to this paragraph as vague and ambiguous. Subject to that objection, EPA states that this paragraph characterizes the FEIS, which speaks for itself and is the best evidence of its content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the FEIS.

162.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the first sentence as vague and ambiguous. EPA states that the second through fifth sentences of this paragraph characterize the FEIS, which speaks for itself and is the best evidence of its content. EPA denies the allegations of those sentences to the extent they are inconsistent with the FEIS. EPA admits the allegations of the second sentence. EPA objects to the third and fourth sentences as vague and ambiguous. Subject to those objections, EPA states that the fourth sentence states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that the Alaska Dam Safety Program speaks for itself and is the best evidence of its content. EPA denies the allegations of this sentence to the extent they are inconsistent with that program. EPA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the

fourth sentence, and denies the allegations on that basis. EPA objects to the fifth sentence as vague and ambiguous. Subject to that objection, EPA admits only that the FEIS contains the quotations included in the sentence. EPA denies the remaining allegations in the fifth sentence.

163.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that Section 404(c) speaks for itself and is the best evidence of its content. EPA denies the allegations of this paragraph to the extent they are inconsistent with Section 404(c).

164.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to the two sentences of this paragraph as vague and ambiguous. Subject to those objections, EPA states that this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that Section 404 and its implementing regulations speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with Section 404 or its implementing regulations.

165.     The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA objects to

the two sentences of this paragraph as vague and ambiguous. Subject to those objections, EPA states that the second sentence states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that Section 404(c) speaks for itself and is the best evidence of its content. EPA denies the allegations of this sentence to the extent they are inconsistent with Section 404(c). EPA lacks knowledge or information sufficient to form a belief about the truth of the allegations of this sentence regarding Plaintiffs' beliefs, and denies the allegations on that basis.

166. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that the first and third sentences of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that Section 404(c) speaks for itself and is the best evidence of its content. EPA denies the allegations of these sentences to the extent they are inconsistent with Section 404(c).

167. The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that Section 404(c) speaks for itself and is the best

evidence of its content. EPA denies the allegations of this paragraph to the extent they are inconsistent with Section 404(c). EPA denies the allegations of this paragraph.

168.    The Final Determination and EPA's administrative record speak for themselves and are the best evidence of their content. EPA denies the allegations of this paragraph to the extent they are inconsistent with the Final Determination or EPA's administrative record. To the extent a further response is deemed required, EPA states that the four sentences of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed required, EPA states that Section 404(c) speaks for itself and is the best evidence of its content. EPA denies the allegations of the sentences to the extent they are inconsistent with Section 404(c).

### C.  The Army Corps' Permit Denial was Arbitrary and Capricious.

169.    The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps objects to the two sentences of this paragraph as vague and ambiguous. Subject to those objections, the Corps admits only that it communicated with PLP during the permit review process.

170.    The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps

objects to this paragraph as so vague and ambiguous that it precludes a meaningful response. Subject to that objection, the Corps admits only that there were no changes to PLP's permit application or to the FEIS after August 4, 2020.

171. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps objects to this paragraph as so vague and ambiguous that it precludes a meaningful response.

172. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps objects to the first, third, and fourth sentences of this paragraph as vague and ambiguous. Subject to those objections, the Corps admits only that the Secretary of the Army announced on August 24, 2020, that the project, as then proposed, could not be permitted, that PLP submitted a revised compensatory mitigation plan on November 4, 2020, and that the Corps signed the 2020 ROD on November 20, 2020.

173. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps objects to the two sentences of this paragraph as vague and ambiguous. Subject to those

objections, the Corps states that this paragraph characterizes the 2023 administrative appeal decision, which speaks for itself and is the best evidence of its content. The Corps denies the allegations to the extent they are inconsistent with that decision.

174. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps objects to the four sentences of this paragraph as vague and ambiguous. Subject to those objections, the Corps states that the first sentence states a conclusion of law to which no response is required. To the extent a response is deemed required, the Corps denies the allegations of that sentence. The first part of the second sentence states a conclusion of law to which no response is required. To the extent a response is deemed required, the Corps states that the first part of the second sentence characterizes the Corps' regulations, which speak for themselves and are the best evidence of their content. The Corps denies the allegations to the extent they are inconsistent with the Corps' regulations. The second part of the second sentence, all of the third sentence, and all of the fourth sentence of this paragraph appear to characterize the Corps' November 25, 2020, letter notifying PLP of the Corps' 2020 ROD, the 2020 ROD, and the FEIS, which speak for themselves and are the best evidence of their content. The Corps denies the allegations to the extent they are inconsistent with those documents.

175. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of

this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps objects to three sentences of this paragraph as vague and ambiguous. Subject to those objections, the Corps states that the first sentence appears to characterize the 2020 ROD, which speaks for itself and is the best evidence of its content. The Corps denies the allegations to the extent they are inconsistent with the 2020 ROD. The first part of the second sentence is so vague and ambiguous as to preclude a meaningful response, and the Corps denies the allegations on that basis. The second part of the second sentence characterizes the 2020 ROD and the FEIS, which speak for themselves and are the best evidence of their content. The Corps denies the allegations to the extent they are inconsistent with those documents. The third sentence characterizes the 2023 administrative appeal decision, which speaks for itself and is the best evidence of its content. The Corps denies the allegations to the extent they are inconsistent with that decision.

176.    The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps objects to the three sentences of this paragraph as vague and ambiguous. Subject to those objections, the Corps states that the first and third sentences appear to characterize an August 20, 2020, letter that the Corps sent to PLP, which speaks for itself and is the best evidence of its content. The Corps denies the allegations to the extent they are inconsistent

with that document. The second sentence is so vague and ambiguous as to preclude a meaningful response, and the Corps denies the allegations on that basis.

177. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps objects to the two sentences of this paragraph as vague and ambiguous. Subject to those objections, the Corps states that those sentences appear to characterize an August 20, 2020, letter that the Corps sent to PLP and the 2020 ROD, which speaks for themselves and are the best evidence of their content. The Corps denies the allegations to the extent they are inconsistent with those documents. The remaining allegations of those sentences appear to characterize the Alaska MOA and other documents, which speak for themselves and are the best evidence of their content. The Corps denies the allegations to the extent they are inconsistent with those documents. The Corps admits only that preservation and other mitigation measures have been included in Section 404 permits for other projects in Alaska.

178. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps states that this paragraph appears to characterize the Corps' 2020 ROD and PLP's compensatory mitigation plans, which speak for themselves and are the best evidence of

their content. The Corps denies the allegations to the extent they are inconsistent with those documents.

179.    The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps objects to the first, second, and third sentences as vague and ambiguous. Subject to those objections, the Corps states that the first and second sentences appear to characterize the Corps' 2020 ROD and an August 20, 2020, letter that the Corps sent to PLP, which speak for themselves and are the best evidence of their content. The Corps denies the allegations to the extent they are inconsistent with those documents. The third sentence states a conclusion of law to which no response is required. To the extent a response is deemed required, the Corps states that this sentence characterizes Corps regulations, which speak for themselves and are the best evidence of their content. The Corps denies the allegations to the extent they are inconsistent with those Corps regulations. The Corps objects to the fourth and fifth sentences as so vague and ambiguous that they preclude a meaningful response, and the Corps denies the allegations on that basis. Subject to those objections, the Corps states that the fifth sentence states a conclusion of law to which no response is required. To the extent a response is deemed required, the Corps denies the allegations of this sentence.

180.    The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of

this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps objects to the two sentences of this paragraph as vague and ambiguous. Subject to those objections, in response to the first sentence, the Corps admits only that it determined that PLP's proposed compensatory mitigation was inadequate. The second sentence appears to characterize the 2023 administrative appeal decision, which speaks for itself and is the best evidence of its content. The Corps denies the allegations to the extent they are inconsistent with that decision.

181. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps states that the first sentence appears to characterize the 2020 ROD, which speaks for itself and is the best evidence of its content. The Corps denies the allegations to the extent they are inconsistent with the 2020 ROD. The first part of the second sentence states a conclusion of law to which no response is required. To the extent a response is deemed required, the Corps states that the first part of this sentence characterizes Corps regulations, which speak for themselves and are the best evidence of their content. The Corps denies the allegations to the extent they are inconsistent with those Corps regulations. The Corps objects to the second part of the second sentence as so vague and ambiguous that it precludes a meaningful response, and the Corps denies the allegations on that basis. The

third sentence states a conclusion of law to which no response is required. To the extent a response is deemed required, the Corps denies the allegations of this sentence.

182.     The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps states that the first sentence appears to characterize the 2020 ROD, which speaks for itself and is the best evidence of its content. The Corps denies the allegations to the extent they are inconsistent with the 2020 ROD. The first part of the second sentence states a conclusion of law to which no response is required. To the extent a response is deemed required, the Corps states that the first part of this sentence characterizes Corps guidance documents, which speak for themselves and are the best evidence of their content. The Corps denies the allegations to the extent they are inconsistent with those documents. The Corps objects to the second part of the second sentence as so vague and ambiguous that it precludes a meaningful response, and the Corps denies the allegations on that basis. The third sentence states a conclusion of law to which no response is required. To the extent a response is deemed required, the Corps denies the allegations of this sentence.

183.     The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps states that the first sentence appears to characterize the 2020 ROD, which speaks for itself

and is the best evidence of its content. The Corps denies the allegations to the extent they are inconsistent with the 2020 ROD. The second sentence states a conclusion of law to which no response is required. To the extent a response is deemed required, the Corps states that this sentence characterizes Corps regulations, which speak for themselves and are the best evidence of their content. The Corps denies the allegations to the extent they are inconsistent with those Corps regulations.

184. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps objects to the five sentences of this paragraph as vague and ambiguous. Subject to those objections, the Corps states that the first four sentences appear to characterize the 2020 ROD and the FEIS, which speak for themselves and are the best evidence of their content. The Corps denies the allegations to the extent they are inconsistent with the 2020 ROD and the FEIS. The fifth sentence states a conclusion of law to which no response is required. To the extent a response is deemed required, the Corps denies the allegations of this sentence.

185. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps states that the first sentence of this paragraph appears to characterize the 2020 ROD, which speaks for itself and is the best evidence of its content. The Corps denies the allegations to

the extent they are inconsistent with the 2020 ROD. The second sentence appears to characterize the 2020 ROD and the FEIS, which speak for themselves and are the best evidence of their content. The Corps denies the allegations to the extent they are inconsistent with the 2020 ROD and the FEIS. The second sentence also states a conclusion of law to which no response is required. To the extent a response is deemed required, the Corps denies those allegations.

186.     The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps states that the first sentence of this paragraph appears to characterize the 2023 administrative appeal decision, which speaks for itself and is the best evidence of its content. The Corps denies the allegations to the extent they are inconsistent with that decision. The second sentence states a conclusion of law to which no response is required. To the extent a response is deemed required, the Corps denies those allegations.

187.     The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps objects to the two sentences of this paragraph as vague and ambiguous. Subject to those objections, the Corps admits only that the Corps issued the 2024 Denial Decision, the State of Alaska filed a motion for leave to file a bill of complaint in the United States Supreme

Court in 2023, which the United States Supreme Court denied, and that both PLP and the State of Alaska have filed lawsuits in this Court challenging the Final Determination.

188. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps objects to this paragraph as vague and ambiguous. Subject to that objection, the Corps states that this paragraph characterizes the Final Determination and the 2023 administrative appeal decision, which speak for themselves and are the best evidence of their content. The Corps denies the allegations to the extent they are inconsistent with those documents.

189. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps objects to the second sentence of this paragraph as vague and ambiguous. Subject to that objection, the Corps states that the second sentence of this paragraph states conclusions of law to which no response is required. To the extent a response is deemed required, the Corps denies the allegations.

190. The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps

objects to the five sentences of this paragraph as vague and ambiguous. Subject to those objections, the Corps states that the first sentence appears to characterize the 2020 ROD and the FEIS, which speak for themselves and are the best evidence of their content. The Corps denies the allegations to the extent they are inconsistent with the 2020 ROD and the FEIS. The second sentence appears to characterize the Final Determination and the 2020 ROD, which speak for themselves and are the best evidence of their content. The Corps denies the allegations to the extent they are inconsistent with the Final Determination and the 2020 ROD. The second sentence also states a conclusion of law to which no response is required. To the extent a response is deemed required, the Corps denies those allegations. The third sentence characterizes the 2023 administrative appeal decision, which speaks for itself and is the best evidence of its content. The Corps denies the allegations to the extent they are inconsistent with that decision. The fourth and fifth sentences of this paragraph characterize the Final Determination and the 2020 ROD, which speak for themselves and are the best evidence of their content. The Corps denies the allegations to the extent they are inconsistent with those documents. The fifth sentence also states a conclusion of law to which no response is required. To the extent a response is deemed required, the Corps denies the allegations.

191.     The 2024 Denial Decision and the Corps' administrative record speak for themselves and are the best evidence of their content. The Corps denies the allegations of this paragraph to the extent they are inconsistent with the 2024 Denial Decision or the Corps' administrative record. To the extent a further response is deemed required, the Corps objects to the first part of the first sentence of this paragraph as vague and ambiguous.

Subject to that objection, the Corps states that the first part of the first sentence states a conclusion of law to which no response is required. The Corps objects to the second part of the first sentence as so vague and ambiguous that it precludes a meaningful response, and the Corps denies the allegations on that basis. The second sentence states a conclusion of law to which no response is required. To the extent a response is deemed required, the Corps denies the allegations.

The remainder of Plaintiffs' First Amended Complaint consists of their prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to any relief.

## DEFENSES

Defendants reserve the right to assert every affirmative defense or other defense that may be available, including any defense available under Federal Rules of Civil Procedure 8 or 12.

Respectfully submitted on September 27, 2024,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

S. LANE TUCKER
United States Attorney
District of Alaska

 /s/ Mark A. Nitczynski
MARK A. NITCZYNSKI
United States Department of Justice - ENRD
Environmental Defense Section
999 18th Street; South Terrace, Suite 370
Denver, CO 80202

Phone: (303) 844-1498
Email: mark.nitczynski@usdoj.gov

ELISABETH H. CARTER
United States Department of Justice - ENRD
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Phone: (202) 598-3141
Email: elisabeth.carter@usdoj.gov

*Attorneys for the United States*