Keith Bradley, *pro hac vice*
ScheLeese Goudy, *pro hac vice*
SQUIRE PATTON BOGGS (US) LLP
717 17th Street, Suite 1825
Denver, CO 80202
(303) 830-1776
(303) 894-9239 (facsimile)
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

Jeffrey M. Walker, *pro hac vice*
Katherine E. Wenner, *pro hac vice*
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, OH 43215
(614) 365-2700
(614) 365-2499 (facsimile)
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

Thomas P. Amodio
Kevin M. Boots
REEVES AMODIO, LLC
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222-7100
(907) 222-7199 (facsimile)
tom@reevesamodio.com
kevin@reevesamodio.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD., *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>Defendants,<br><br>And<br><br>BRISTOL BAY NATIVE ASSOCIATION, INC., *et al.,*<br><br>Intervenor-Defendants. | Case No. 3:24-cv-00059<br><br>CONSOLIDATED<br><br>LEAD CASE |

| | |
|---|---|
| STATE OF ALASKA, | |
| Plaintiff, | Case No. 3:24-cv-00084-SLG |
| v. | CONSOLIDATED |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| Defendant, | |
| and | |
| TROUT UNLIMITED, *et al.,* | |
| Intervenor-Defendants. | |
| ILIAMNA NATIVES, LTD., *et al.,* | |
| Plaintiffs, | Case No. 3:21-cv-00132-SLG |
| v. | CONSOLIDATED |
| ENVIRONMENTAL PROTECTION AGENCY, *et al.,* | |
| Defendants, | |
| and | |
| BRISTOL BAY ECONOMIC DEVELOPMENT CORPORATION, *et al.,* | |
| Intervenor-Defendants. | |

**NOTICE OF SUBPOENAS TO ANDREW EDWARD SABIN**

Pursuant to Federal Rules of Civil Procedure 30(b)(1) and 45(a)(4), Plaintiffs Northern Dynasty Minerals Limited and the Pebble Limited Partnership, hereby give notice of the attached *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* and *Subpoena to Testify at a Deposition in a Civil Action* upon ANDREW EDWARD SABIN.

ANDREW EDWARD SABIN is to produce documents on or before February 3, 2025 at Squire Patton Boggs (US) LLP, 1120 Avenue of the Americas, 13th Floor, New York, NY 10036.

Counsel for Plaintiffs Northern Dynasty Minerals Limited and the Pebble Limited Partnership will take the deposition upon oral examination of ANDREW EDWARD SABIN commencing on February 20, 2025 at 9:00 a.m. and will continue from day to day until completed. The deposition will be conducted in person at Squire Patton Boggs (US) LLP, 1120 Avenue of the Americas, 13th Floor, New York, NY 10036, in accordance with Rule 30(b)(1) of the Federal Rules of Civil Procedure. The deposition will be recorded by stenographic means, may be videotaped, and will be taken before a Notary Public or other officer authorized by law to administer oaths.

Dated: December 13, 2024      /s/ *Keith Bradley*
Keith Bradley, *pro hac vice*
ScheLeese Goudy, *pro hac vice*
SQUIRE PATTON BOGGS (US) LLP
717 17th Street, Suite 1825
Denver, CO 80202
(303) 830-1776
(303) 894-9239 (facsimile)
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

Jeffrey M. Walker, *pro hac vice*
Katherine E. Wenner, *pro hac vice*
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, OH 43215
(614) 365-2700
(614) 365-2499 (facsimile)
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

Thomas P. Amodio
Kevin M. Boots
REEVES AMODIO, LLC
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222-7100
(907) 222-7199 (facsimile)
tom@reevesamodio.com
kevin@reevesamodio.com

*Counsel for Plaintiffs Northern Dynasty Minerals Ltd and Pebble Limited Partnership*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2024, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:24-cv-00059-SLG who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Keith Bradley*
Keith Bradley

# UNITED STATES DISTRICT COURT
for the
District of Alaska

| | |
|---|---|
| Northern Dynasty Minerals LTD., et al., <br> *Plaintiff* <br> v. <br> United States Environmental Protection Agency, et al., <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 3:24-cv-00059-SLG (lead case) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Andrew Edward Sabin

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Squire Patton Boggs US LLP, 1120 Avenue of the Americas, 13th Floor, New York, NY 10036 | Date and Time: 02/20/2025 9:00 am |
|---|---|

The deposition will be recorded by this method: Video & stenographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/13/2024

CLERK OF COURT

OR

_____   /s/ Keith Bradley
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Northern Dynasty Minerals Ltd. & Pebble Limited Partnership , who issues or requests this subpoena, are:

Keith Bradley, 717 17th Street, Suite 1825, Denver, CO 80202, keith.bradley@squirepb.com, (303) 830-1776

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:24-cv-00059-SLG (lead case)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.*  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.*  A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.*  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.*  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.*  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.*  In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.*  These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.*  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.*  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.*  The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.*  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.*  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.*  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
for the
District of Alaska

| | |
|---|---|
| Northern Dynasty Minerals LTD., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:24-cv-00059-SLG (lead case) |
| United States Environmental Protection Agency, et al., | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Andrew Edward Sabin

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached.

| Place: Squire Patton Boggs US LLP, 1120 Avenue of the Americas, 13th Floor, New York, NY 10036 | Date and Time: 02/03/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/13/2024

*CLERK OF COURT*

OR

_____     /s/ Keith Bradley
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Northern Dynasty Minerals Ltd. & Pebble Limited Partnership , who issues or requests this subpoena, are:

Keith Bradley, 717 17th Street, Suite 1825, Denver, CO 80202, keith.bradley@squirepb.com, (303) 830-1776

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:24-cv-00059-SLG (lead case)

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## Definitions

1. "Plaintiffs" refers to Plaintiffs Northern Dynasty Minerals Ltd. and Pebble Limited Partnership, and shall include their predecessors and successors in interest, and any and all of their past or present parents, subsidiaries, affiliates, affiliated entities, attorneys, partners, employees, agents, officers, directors, and representatives.

2. "Defendants" refers to Defendants United States Environmental Protection Agency ("EPA") and United States Army Corps of Engineers, and shall include any branches, agencies, departments, offices, divisions, districts, subdivisions, units, officers, directors, managers, employees, agents, and representatives. For the EPA, this includes, but is not limited to, the Office of the Administrator, Headquarters Offices, and Regional Offices.

3. "Pebble Mine" refers to the proposed mining operations of what is known as the Pebble Deposit in southwestern Alaska, which Pebble Limited Partnership holds mineral rights to, and that is the subject of Plaintiffs' Section 404 CWA Permit Application, as defined below.

4. "Section 404 CWA Permit Application" refers to the permit application that Pebble Limited Partnership submitted to the United States Army Corps of Engineers pursuant to Section 404(c) of the Clean Water Act, 33 U.S.C. § 1344, addressing the proposed mining operations of Pebble Deposit.

5. "You" and "your" refers to Andrew Edward Sabin, and shall include your predecessors and successors in interest, and any and all of your past or present affiliates, affiliated entities, attorneys, partners, employees, agents, officers, directors, and representatives.

6. "Communication(s)" means any transfer or receipt of information, whether orally or in writing and any evidence of such, including, without limitation, any conversation, discussion, or other exchange of information, whether in person or by means of letter, e-mail, text message,

1

telephone, notes or logs of telephone conversations, daily calendars, diaries, memorandum, telegraph, telex, telecopy, cable, or any other medium, including electronic audio and/or video device or service.

7. The term "document" or "document(s)" is to be given its broadest interpretation and includes (but is not limited to) everything which in the ordinary usage of litigation is a document and includes any medium on which information can be recorded or form which information can be obtained (including electronically stored information). It includes all materials encompassed by the broadest possible interpretation of Rule 34(A) of the Federal Rules of Civil Procedure and those defined in Rule 1001 of the Federal Rules of Evidence. It includes (by way of illustration and not limitation): drafts and copies bearing notations or marks not found on the original, computer files or data or any kind, audio, video, texts, emails, voicemails, any electronic or any tangible material, whether written, recorded, microfilmed, microfiched, photographed, computerized, reduced to an electronic or magnetic impulse, or otherwise preserved or rendered, papers, agreements, contracts, notes, memoranda, calendars, correspondence, letters, telegrams, telexes, facsimiles, statements, invoices, record books, reports, studies, analyses, minutes, notices, summaries, records, financial statements and records, transcriptions, negotiable instruments, worksheets, ledgers, vouchers, deeds, deeds of trust, photographs, tape recordings, books, pamphlets, catalogues, brochures, extracts, working papers, charts, drawings, graphs, tables, diaries, indices, tapes, wires, films, electronic data processing cards and tapes, recordings, and any and all written, printed, recorded, transcribed, punched, taped, typed, filmed, duplicated, reproduced, or other item or information in your possession, custody, and/or control, including but not limited to originals, file copies, or other copies (no matter how or by whom prepared) that differ in any respect from an original, and all drafts prepared in connection with such materials. For purposes of the foregoing, "draft" refers to any earlier, preliminary, preparatory, or tentative version of all or part of a document, whether or not such draft was superseded by a later draft and whether or not the terms of the draft are the same as or

2

different from the terms of the final documents. The term "copies" means all copies of any documents which are not identical in every respect with the documents being produced.

8. "Including" shall be construed to mean "including but not limited to" as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

9. "Regarding," "relate to," "relates to," "relating to," and "related to" shall mean referring to, summarizing, reflecting, constituting, containing, concerning, embodying, mentioning, discussing, describing, consisting of, comprising, showing, commenting on, tending to support or tending to refute, or in any way logically or factually connected with the matter that is the subject of the Request.

10. Unless noted otherwise, all Requests are limited to the time period of January 1, 2020 to January 30, 2023.

### Document Requests

**Request for Production No. 1**: All Documents and Communications with any employee or official of the U.S. government related to the Pebble Mine, Plaintiffs' Section 404 CWA Permit Application, or either Defendants' review of or actions taken regarding Plaintiffs' Section 404 CWA Permit Application.

**Request for Production No. 2**: All Documents and Communications related to any efforts by You to influence a decision by any official or agency of the U.S. government regarding the Plaintiffs' Section 404 CWA Permit Application.

**Request for Production No. 3**: Documents sufficient to show any employee or official of the United States government with whom You communicated about the Pebble Mine or Plaintiffs' Section 404 CWA Permit Application.

**Request for Production No. 4**: All Documents and Communications related to the events, activities, Documents, and Communications described in the articles attached as Exhibits 1 and 2, and the book excerpt attached as Exhibit 3[1].

**Request for Production No. 5**: Documents sufficient to show any direct or indirect financial or business interests that You have held related to the mining, refining, recovery, recycling, and sale of copper, molybdenum, or rhenium, or of gold, silver, or other precious metals, including any ancillary services or industries, from 2015 to the present.

**Request for Production No. 6**: Documents sufficient to show any direct or indirect financial or business interests that You have held relating the farming, fishing, recreation or preservation of salmon, including any ancillary services or industries, from 2015 to the present.

---

[1] ERNEST SCHEYDER, THE WAR BELOW 167 (2024).