Keith Bradley, *pro hac vice*
ScheLeese Goudy, *pro hac vice*
717 17th Street, Suite 1825
Denver, Colorado 80202
T: (303) 830-1776
F: (303) 894-9239
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

Jeffrey M. Walker, *pro hac vice*
Katherine E. Wenner, *pro hac vice*
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
T: (614) 365-2700
F: (614) 365-2499
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

Squire Patton Boggs (US) LLP

Thomas P. Amodio
Kevin M. Boots
500 L Street, Suite 300
Anchorage, AK 99501
T: (907) 222-7100
F: (907) 222-7199
tom@reevesamodio.com
kevin@reevesamodio.com

Reeves Amodio, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Northern Dynasty Minerals Ltd. and Pebble Limited Partnership,<br><br>*Plaintiffs*,<br><br>v.<br><br>United States Environmental Protection Agency, *et al.*,<br><br>*Defendants*. | Case No. 3:24-cv-00059-SLG, and consolidated cases |

## PLP'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BRIEFING SCHEDULE

Under the Court's ordinary rules for a case under the Administrative Procedure Act ("APA"), briefing proceeds by means of a plaintiff's opening brief 30 days after the record is completed; a government brief in opposition 30 days after that; and a reply 14 years after the

1

government's brief. Local Civil Rule 16.3(c). In this case, the administrative record is not complete. The record for the decision s of the U.S. Army Corps of Engineers remains hotly disputed, because, among other reasons, of the government's assertion that extensive docket of materials developed over four years is not part of the record. *See* ECF 128 (PLP's motion to complete the Army Corps record). On the day the government was due to file its opposition to PLP's motions regarding that administrative record, the government sought a 90-day abeyance from the Court, "[t]o provide new leadership with sufficient time to familiarize themselves with the[] issues." ECF 146, ¶ 2. The government subsequently sought an additional 30-day abeyance, and then a 20-day abeyance, for similar purposes. ECF 151, 153.

PLP sought a schedule for briefing summary judgment on part of the case, namely the claims regarding the veto by the Environmental Protection Agency ("EPA") of mining the Pebble deposit, because the parties have not reached a negotiated resolution during the months of abeyance that the government initiated. ECF 156, ¶ 3 ("Scheduling Mot."). Although the record remains incomplete for part of PLP's claims (those regarding the Army Corps decisions), PLP proposed to proceed on the EPA claims, in the matter it suggested, in order to obtain a resolution of its claims as expeditiously as possible after the delays thus far. *Cf. Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995) (recognizing "the interest of the plaintiffs in proceeding expeditiously"). PLP's proposed schedule afforded the government 45 days to respond to the opening briefs—15 days more than Local Civil Rule 16.3 calls for.

2

The government asks the Court to allow 120 days for that response. ECF 161, p.2 ("Scheduling Opp.").[1] This extraordinary length of time for a response brief may not be literally unprecedented, but it is certainly highly unusual. And the government's explanations do not justify such a protracted period for it to develop its response.

First, the government says its new counsel need time to "become familiar with and effectively prepare for this case." Scheduling Opp. 2. But new counsel entered their appearances on July 21 and 28. ECF 158, 160. They will have two full months to familiarize themselves with the case before even receiving the plaintiffs' opening briefs, and even under PLP's motion they would have extra time for the briefing. In a case pending at the Ninth Circuit, EPA, as appellant, sought three extensions of 30 days each for new leadership to review the case. *Food & Water Watch v. EPA*, No. 25-384, Doc. 9 (9th Cir. Apr. 8, 2025); Doc. 11 (Apr. 29, 2025); Doc. 13 (June 4, 2025). After that delay of cumulatively 90 days, new counsel entered the case and sought (and received) one more extension of 23 days to familiarize himself with the case. *Food & Water Watch*, Doc. 17 (9th Cir. June 17, 2025). That extension was evidently enough for new counsel to prepare the agency's opening brief, on an appeal from a massive district-court docket stretching six years and involving two trials. *Food & Water Watch*, Doc. 17.1, ¶ 5 (9th Cir. June 17, 2025). Granted that counsel had previously "assisted the former lead attorney" and apparently had some prior exposure to the case, *id.*

---

[1] The government also proposes that the intervenor briefs be filed two weeks after the government's response brief. Scheduling Opp. 2. If the Court grants that delay, PLP assumes the intervenors will use that opportunity to prune and refine their briefs to avoid repeating arguments the government will have made. PLP respectfully submits that the plaintiffs would not need two full months after that to reply to the collected opposition briefs.

¶ 3, the government here asks for *half a year* (from counsel's appearance in the case, 60 days until the opening briefs, followed by 120 days for the response).

Second, the government notes that it will be responding to three opening briefs (from the three sets of plaintiffs in the consolidated cases). Scheduling Opp. 2. If the three were wholly distinct cases and the government dealt with them *seriatim* in the time allotted under Local Civil Rule 16.3, that would only add up to 90 days. But they are not wholly distinct. There are differences of emphasis, to be sure, and each set of plaintiffs has its own interests and its own views on the particular deficiencies of EPA's action. But all plaintiffs are challenging the same EPA action, and there are substantial topics on which multiple of the plaintiffs are interested. *E.g.*, No. 24-84, ECF 1, ¶¶ 9-90 (State's complaint that EPA did not properly define the areas for its veto); No. 24-59, ECF 91, ¶¶ 117-121 (PLP's complaint that EPA did not target "defined areas"). PLP acknowledges, and informs the Court (as it had already informed the government), that PLP plans to request leave to file an extra-length brief due to the magnitude and complexity of the claims. But none of these circumstances can justify an extraordinary 120-day period for the government's response.

EPA's veto of mining the Pebble deposit has unlawfully delayed this important project for years already. PLP consented to the government's abeyances during the first half of 2025 to give new leadership time to review the matter. But, absent a negotiated resolution, the time has come to resolve the matter and for the Court to relieve PLP from the unlawful and irrational action it is suffering. Extending the briefing by multiple months, for no reason beyond generalized assertions that the case is complex, is unjustified.

4

PLP recognizes that the government's prior counsel has withdrawn, and that PLP will be asking for additional length for its opening brief, on top of the other two opening briefs. A 75-day deadline for the government to respond to the opening briefs would be more appropriate than what the government has requested.

August 5, 2025

Respectfully submitted,

*/s/ Keith Bradley*
KEITH BRADLEY, *pro hac vice*
SCHELEESE GOUDY, *pro hac vice*
717 17th Street, Suite 1825
Denver, Colorado 80202
T: (303) 830-1776
F: (303) 894-9239
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

JEFFREY M. WALKER, *pro hac vice*
KATHERINE E. WENNER, *pro hac vice*
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
T: (614) 365-2700
F: (614) 365-2499
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

SQUIRE PATTON BOGGS (US) LLP

THOMAS P. AMODIO
KEVIN M. BOOTS
500 L Street, Suite 300
Anchorage, AK 99501
T: (907) 222-7100
F: (907) 222-7199
tom@reevesamodio.com
kevin@reevesamodio.com

REEVES AMODIO, LLC

*Counsel for Plaintiffs Northern Dynasty Minerals Ltd. and Pebble Limited Partnership*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2025, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:24-cv-00059-SLG who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Keith Bradley*
Keith Bradley, *pro hac vice*
