STEPHEN J. COX
ATTORNEY GENERAL
Ronald W. Opsahl (Alaska Bar No. 2108081)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: ron.opsahl@alaska.gov

J. Michael Connolly (*pro hac vice*)
Gilbert C. Dickey (*pro hac vice*)
Steven C. Begakis (*pro hac vice*)
Consovoy McCarthy PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: (703) 243-9423
mike@consovoymccarthy.com
gilbert@consovoymccarthy.com
steven@consovoymccarthy.com

*Attorneys for the State of Alaska*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD., *et al.*, <br>       *Plaintiffs*, <br><br>     v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br>       *Defendants*, <br><br>    and <br><br> UNITED TRIBES OF BRISTOL BAY, *et al.*, <br>       *Intervenor-Defendants*. | Case No. 3:24-cv-59-SLG <br><br> CONSOLIDATED <br><br> LEAD CASE |

*Northern Dynasty Minerals Ltd. v. EPA*        Case No.: 3:24-cv-59-SLG
Declaration of Kris Hess

|  |  |
|---|---|
| STATE OF ALASKA, | ) |
| Plaintiff, | ) |
|  | ) |
| v. | )   Case No. 3:24-cv-84-SLG |
|  | ) |
| UNITED STATES ENVIRONMENTAL | )   CONSOLIDATED |
| PROTECTION AGENCY, | ) |
| Defendant, | ) |

```
                                    )
STATE OF ALASKA,                    )
        Plaintiff,                  )
                                    )
v.                                  )   Case No. 3:24-cv-84-SLG
                                    )
UNITED STATES ENVIRONMENTAL         )   CONSOLIDATED
PROTECTION AGENCY,                  )
        Defendant,                  )
                                    )
and                                 )
                                    )
TROUT UNLIMITED, et al.,            )
        Intervenor-Defendants.      )
                                    )
ILIAMNA NATIVES LTD., et al.,       )
        Plaintiffs,                 )
                                    )
v.                                  )   Case No. 3:24-cv-132-SLG
                                    )
ENVIRONMENTAL PROTECTION            )   CONSOLIDATED
AGENCY, et al.,                     )
        Defendants,                 )
                                    )
and                                 )
                                    )
BRISTOL BAY ECONOMIC                )
DEVELOPMENT CORPORATION, et al.,    )
        Intervenor-Defendants.      )
                                    )
```

# **DECLARATION OF KRIS HESS**

I, Kris Hess, pursuant to 28 U.S.C. §1746, declare as follows under penalty of perjury:

## I.    Background

1.      I currently serve as the Deputy Director of the Division of Mining, Land & Water (DMLW) within the Alaska Department of Natural Resources (DNR), a position I have held since January 2019.

2.      In this role, I provide leadership and strategic oversight for the Division's programs, including land ownership, title acquisition and defense, and land management operations. I am responsible for ensuring that the Division's decisions are legally sound, environmentally responsible, and consistent with the public interest.

3.      I hold a Juris Doctor (JD), a Master of Laws (LL.M.) in Taxation, and a Bachelor of Science in History, Criminal Justice, and Political Science.

4.      My professional experience directly relates to the subject of this declaration, which concerns the State of Alaska's land ownership and management within the areas affected by the EPA's Final Determination under Section 404(c) of the Clean Water Act. I have extensive knowledge of the legal and administrative processes governing the State's land selections under the Alaska Statehood Act and the Cook Inlet Land Exchange, including the redesignation of lands from Land Exchange selections to Statehood Act selections.

5.      In my capacity as Deputy Director and in prior roles, I have overseen the documentation, verification, and defense of the State's land entitlements and conveyances, including lands within the Pebble Deposit area and the surrounding region subject to the

EPA's Prohibition and Restriction. I am familiar with the State's designation of these lands for mineral entry and the presence of mining claims in the area. My responsibilities have included ensuring the integrity of the State's land records and defending the State's interests in land ownership and use.

6. Given my background in public land law, real estate title, and natural resource management, I am well-qualified to provide factual information regarding the State's acquisition, ownership, and management of the lands at issue in this litigation.

## II. The EPA's 404(c) Veto

7. In June 2020, the Pebble Limited Partnership (PLP) filed a revised permit application under Section 404 of the Clean Water Act with the U.S. Army Corps of Engineers. *See* EPA, *Final Determination of the U.S. Environmental Protection Agency Pursuant to Section 404(c) of the Clean Water Act, Pebble Deposit Area, Southwest Alaska* at 2-2 (Jan. 30, 2023), bit.ly/464MpOW. PLP sought to discharge dredged or fill material for the construction and operation of a mine in an area of Bristol Bay, Alaska, known as the Pebble Deposit.

8. In January 2023, the EPA issued a Final Determination under Section 404(c) of the Clean Water Act. *See id.* at ES-1–23.

9. The Final Determination prohibits discharges in PLP's proposed mine site that is about 24.7 square miles (the "Prohibition"). It also restricts discharges in a 309 square mile radius around the mine site (the "Restriction"). *See id.* at 5-3–11.

10. The coordinates of the Prohibition are found on pages 5-5–6 of the Final Determination.

*Northern Dynasty Minerals Ltd. v. EPA*
Declaration of Kris Hess

Case No.: 3:24-cv-59-SLG
2

11.     The coordinates of the Restriction are found on pages 5-8–11 of the Final Determination.

### III.     Alaska's Ownership of the Lands in the Restriction and Prohibition

12.     In 1958, Congress passed—and the people of Alaska ratified—the Alaska Statehood Act, making Alaska the 49th state in the Union.

13.     Under the Statehood Act, Alaska was authorized to select more than 103 million acres of "vacant, unappropriated, and unreserved" federal land. Alaska Statehood Act, Pub. L. 85-508, §6(a)-(b), 72 Stat. 339 (Jul. 7, 1958).

14.     In 1971, Congress passed the Alaska Native Claims Settlement Act (ANCSA). ANCSA directed the Secretary of Interior to withdraw up to 80 million acres of federal land from selection to set aside for conservation purposes. 43 U.S.C. §1616(d)(2).

15.     Following ANCSA, the United States withdrew all of the lands within the Prohibition and all of the lands within the Restriction from State selection. These lands thus continued to be owned by the United States.

16.     In 1976, Congress passed (and the Alaska legislature approved) the Cook Inlet Land Exchange. *See* Pub. L. 94-204, 89 Stat. 1145 (Jan. 2, 1976).

17.     Under the Land Exchange, the State of Alaska gave up valuable land selections in exchange for the right to select at least 22.8 townships and no more than 27 townships of land in the Lake Iliamna area and within the Nushagak River or Koksetna River drainages. *See* Pub. L. 94-204, §12(d)(1).

18.     Through the Land Exchange, the State of Alaska gained ownership of hundreds of thousands of acres of land. Among the lands the State of Alaska gained ownership of were lands within the Prohibition and lands within the Restriction.

19.     In 1988, the State discovered that it had selected 28.1 townships under the Land Exchange, when the statute limited Land Exchange selections to 27 townships. To correct this error, on May 3, 1988, the State requested that the United States redesignate some of the lands, changing them to Statehood Act selections and counting them toward its Statehood Act allotment. *See* Exhibit A. The United States approved the redesignation. *See* Exhibit B. These lands that were redesignated from Land Exchange selections to Statehood Act selections are located within the Prohibition and within the Restrictions.

20.     The State currently owns all of the land within the Prohibition (*i.e.*, the entire proposed mine site at the Pebble Deposit). These lands have all been conveyed to the State under the Statehood Act or the Land Exchange. *See* Exhibit C (orange stippling and diagonal lines denoting selection and conveyance under the Land Exchange).

21.     In addition, the State owns nearly all (more than 99%) of the land within the Restriction. A portion of these State-owned lands were conveyed to the State under the Land Exchange. *See id.* The rest of the lands within the Restriction were conveyed to the State under the Statehood Act.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 3, 2025.

_____
Kris Hess

# Exhibit A

# DEPARTMENT OF NATURAL RESOURCES

P.O. BOX 107005
ANCHORAGE, ALASKA 99510-7005
PHONE: (907) 561-2020

**OFFICE OF THE COMMISSIONER**

Michael Penfold
State Director
Bureau of Land Management
701 C Street, Box 13
Anchorage, Alaka 99513

May 3, 1988

Re: Redesignation to General Grant 6(b) Selections of Land Previously
Designated for Conveyance Under Appendix D of the "Terms and Conditions".
Conveyance Priority of Land Remaining in Appendix D Designation.

Dear Mr. Penfold:

Appendix D of the "Terms and Conditions for Land Consolidation and Management
in the Cook Inlet Area" ("T&C"), dated December 10, 1975, provided for the
conveyance to the state of between 525,312 and 622,080 acres (22.8 and 27.0
townships) of land not to be charged against the state's entitlement. On
February 14, 1979, the state designated 646,899 acres (28.1 townships) to be
conveyed under Appendix D.

The BLM decisions issued in August 1986 on the "Lake Clark Tradeout" acreages
for five CIRI villages have now established that the final Appendix D
conveyance will be between 555,146 and 562,615 acres (24.1 and 24.4
townships). Since the state has over-designated the amount of land which
could ultimately be conveyed under Appendix D by approximately 83,898 acres
(3.6 townships), the state wishes to release the designation to a portion of
that over-designation so the land can be conveyed to the state under other
authority. Some over-designation will be retained, however, to cover future
submerged land and survey acreage adjustments.

The following described land was selected as general grant 6(b) selections on
November 14, 1978 before it was designated on February 14, 1979 to be conveyed
under Appendix D of the T&C. The state redesignates this land to the original
6(b) selections.

| Township | Sections | Estimated Acreage | BLM Serial Number | State App. D # | State 6(b) # |
|----------|----------|-------------------|-------------------|----------------|--------------|
| T2S, R35W, SM | All | 22,890 | AA-21602 | FG-14 | GS-3012 |
| T3S, R35W, SM | 2-8, 17-20, 27-34 | 12,070 | AA-21621 | FG-16 | GS-3031 |
| T4S, R35W, SM | 3-10, 15-21, 29-31 | 11,520 | AA-21639 | FG-18 | GS-3049 |
| T5S, R36W, SM | 4-8 | 3,469 | AA-21657 | FG-20 | GS-3067 |
| T5S, R37W, SM | 1, 12 | 1,280 | AA-21658 | FG-21 | GS-3068 |
| | | 51,229 | | | |
| | | (2.2 twps.) | | | |

Case 3:24-cv-00059-SLG HRB Document 67-15 Filed 10/03/24 Exhibit Page 10 of 17

In four of the five townships, a portion of the township was designated as Appendix D land in 1979 and the rest of the township remained under the 6(b) selection. The above redesignation places these entire townships under the 6(b) selection again. The state requests conveyance of all five townships as soon as possible.

In addition, the state's February 14, 1979 letter did not prioritize the land to be conveyed under Appendix D beyond the land specifically identified in Paragraph II. The state now sets the conveyance priority of the land remaining in Appendix D designation as follows (within each township the priority is from highest numbered section to lowest):

| 1. | T4S, R36W, SM | AA-21640 | FG-19 |
|----|---------------|----------|-------|
| 2. | T3S, R36W, SM | AA-21622 | FG-17 |
| 3. | T2S, R36W, SM | AA-21603 | FG-15 |
| 4. | T1S, R36W, SM | AA-21585 | FG-13 |
| 5. | T1S, R35W, SM | AA-21584 | FG-12 |
| 6. | T1N, R34W, SM | AA-21448 | FG-10 |
| 7. | T1N, R35W, SM | AA-21449 | FG-11 |

This land remaining in the Appendix D designation still exceeds the amount needed for fulfillment of the state's Appendix D entitlement. At a later date, the state will redesignate its selection to general grant for that land which BLM cannot ultimately convey under Appendix D.

Thank you for your assistance.

Sincerely,

Tom Hawkins
Assistant Commissioner

cc: Mary Jane Clawson, Chief, BLM Branch of Southwest Adjudication
    Ramona Chinn, Chief, BLM Branch of CIRI/Ahtna Adjudication
    Ron Swanson, DNR, RAS
    Gary Gustafson, DNR, DLWM, Land Management Section
    Carol Shobe, DNR, DLWM, Title and Contracts Section

Attachments

## GRANT UNDER APPENDIX D

| Paragraph | | Townships | Acres | |
|-----------|--|-----------|-------|--|
| I. | Minimum Grant | 22.8 | 525,312 | (difference is 4.2 |
| | Maximum Grant | 27.0 | 622,080 | townships to be determined in Paragraph III) |
| II. | Specifically Identified Land to be Conveyed As Part of the 22.8 Township Minimum | 18.8 | 433,375 | (acres conveyed 9-80) |
| III. | Land Above Minimum, Equal to Village 12(a) Selections Relinquished, Not to Exceed 4.2 Twps. | 1.3 to 1.6 | 29,834 to 37,303 | Based on 8-86 BLM "Lake Clark Tradeout" decisions (assuming minimum acreage for Chickaloon may be zero due to MH uncertainty) |
| | Final Appendix D Conveyance | 24.1 to 24.4 | 555,146 to 562,615 | Addition of Paragraph III to minimum grant |

| Townships | Acres |
|-----------|-------|

### ENTITLEMENT TO BE CONVEYED

| | | |
|--|--|--|
| 22.8 | 525,312 | Minimum grant |
| -18.8 | -433,375 | Conveyed to date |
| 4.0 | 91,937 | Remaining minimum entitlement |
| +1.3 to 1.6 | +29,834 to 37,303 | CIRI Villages "Lake Clark Tradeout" |
| 5.3 to 5.6 | 121,771 to 129,240 | Remaining entitlement to be conveyed |

### OVERDESIGNATION

| | | |
|--|--|--|
| 28.1 | 646,513 | Designated (2-14-79) under Appendix D |
| -18.8 | -433,375 | Conveyed to date |
| 9.3 | 213,138 | Remaining under Appendix D designation |
| -5.3 to 5.6 | -121,771 to 129,240 | Remaining entitlement to be conveyed |
| 3.6 to 4.0 | 83,898 to 91,367 | Over-designation (before submerged land and survey adjustments) |

DNR/RAS
5-88

LAKE ICIAMNA

# Exhibit B



# United States Department of the Interior

### BUREAU OF LAND MANAGEMENT

Alaska State Office
701 C Street, Box 13
Anchorage, Alaska 99513-0099



IN REPLY REFER TO:

TENTATIVE APPROVAL

JUL 11 1988

State of Alaska                                      :
Department of Natural Resources                      :        AA-21602, AA-21621,
Division of Land and Water Management                :        AA-21639, AA-21657
Land Title Section                                   :        and AA-21658
3601 C Street, Suite 960                             :        General Purposes Grant
Anchorage, Alaska  99503                             :        State Selections
                                                     :

The State of Alaska has filed general purposes grant selection applications
AA-21602, AA-21621, AA-21639, AA-21657 and AA-21658 pursuant to Sec. 6(b) of
the Alaska Statehood Act of July 7, 1958 (72 Stat. 339), as amended.  The
lands described below meet the criteria for compactness, are unreserved, are
not known to be occupied or appropriated under the public land laws, including
the mining laws, are not valuable for hot or medicinal springs, and otherwise
conform to the requirements of the Act.

The following described unsurveyed lands, which are considered proper for
acquisition by the State, are hereby tentatively approved:

<u>Seward Meridian, Alaska</u>

T. 2 S., R. 35 W.
  Secs. 1 to 36, inclusive.                    (AA-21602)

Containing approximately 22,835 acres.

T. 3 S., R. 35 W.
  Secs. 2 to 8, inclusive;                     (AA-21621)
  Secs. 17 to 20, inclusive;
  Secs. 27 to 34, inclusive.

Containing approximately 11,884 acres.

T. 4 S., R. 35 W.
  Secs. 3 to 10, inclusive;                    (AA-21639)
  Secs. 15 to 21, inclusive;
  Secs. 29, 30 and 31.

Containing approximately 11,354 acres.

## Public Lands USA: Use, Share, Appreciate

T. 5 S., R. 36 W.
Secs. 4 to 8, inclusive.                    (AA-21657)

Containing approximately 2,989 acres.

T. 5 S., R. 37 W.
Secs. 1 and 12.                             (AA-21658)

Containing approximately 1,264 acres.

Aggregating approximately 50,326 acres.

Excepting and reserving to the United States a right-of-way thereon for
ditches or canals constructed by the authority of the United States under the
Act of August 30, 1890 (26 Stat. 391, 43 U.S.C. 945).

This document confirms that all right, title, and interest of the United
States in and to the lands described above is deemed to have vested in the
State of Alaska pursuant to Sec. 906(c)(4) of the Alaska National Interest
Lands Conservation Act of December 2, 1980 (94 Stat. 2371).

Mary Jane Clawson
Chief, Branch of Southwest Adjudication

88-177

RECORDED - FILED N/C
Iliamna REC. DIST.
DATE 7-15 19 88
TIME 3:51 P M
Requested by
Address AS/DNR

ILIAMNA RECORDING DISTRICT

Return to Grantee:

State of Alaska
Department of Natural Resources
Division of Land and Water Management
Land Title Section
3601 C Street, Suite 960
Anchorage, Alaska 99503

# Exhibit C

Pebble / EPA area of exclusion



Prohibition
Restriction_qq
T&C Land Conveyance
State Land - Line

0    4    8    16 Miles

N