KEITH BRADLEY, *pro hac vice*
SCHELEESE GOUDY, *pro hac vice*
717 17th Street, Suite 1825
Denver, Colorado 80202
T: (303) 830-1776
F: (303) 894-9239
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

JEFFREY M. WALKER, *pro hac vice*
KATHERINE E. WENNER, *pro hac vice*
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
T: (614) 365-2700
F: (614) 365-2499
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

SQUIRE PATTON BOGGS (US) LLP

THOMAS P. AMODIO
KEVIN M. BOOTS
500 L Street, Suite 300
Anchorage, AK 99501
T: (907) 222-7100
F: (907) 222-7199
tom@reevesamodio.com
kevin@reevesamodio.com

REEVES AMODIO, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Defendants. | Case No. 3:24-cv-00059-SLG and consolidated cases |

## MOTION FOR JUDICIAL NOTICE

Plaintiffs, Northern Dynasty Minerals Ltd. ("Northern Dynasty") and Pebble Limited Partnership ("Pebble Partnership") (collectively, "PLP"), respectfully ask that the Court, in its consideration of PLP's Motion for Summary Judgment being submitted contemporaneously, take judicial notice of certain materials attached to this Motion as exhibits. The grounds for this Motion are as follows:

1. As set forth in the Opening Brief that PLP is submitting in support of its Motion for Summary Judgment, the pertinent claims involve review, under the Administrative Procedure Act ("APA"), of a veto issued by defendant Environmental Protection Agency ("EPA") under Clean Water Act section 404(c). That veto is preventing PLP from moving forward with plans to mine the Pebble Deposit, the largest known undeveloped copper deposit in the United States.

2. Judicial review under the APA is based on the administrative record. *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014). But a court may take notice of appropriate legislative or adjudicative facts.

3. Legislative facts are those which "do not involve the facts of this case, but rather have relevance to legal reasoning." *Owino v. Holder*, 771 F.3d 527, 534 n.4 (9th Cir. 2014) (internal quotation marks omitted). "Legislative facts … are established truths, facts or pronouncements that do not change from case to case but apply universally." *United States v. Lopez*, 880 F.3d 974, 982 (8th Cir. 2018). For example, government publications, letters, and memoranda may be noticed as "legislative facts." *See, e.g.*, *Owino*, 771 F.3d at 534 n.4 (classifying documents as legislative facts). A court may take notice of legislative facts without restriction or request by a party. Formal judicial notice of legislative facts "is unnecessary,"

*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), and a court may consider legislative facts "without regard to [Federal] Rule [of Evidence] 201." *Owino*, 771 F.3d at 534 n.4.

4. Judicial notice does not constitute supplementation of the record. *Lotus Vaping Technologies, LLC v. FDA*, 73 F.4th 657 (9th Cir. 2023), is instructive. That case arose from judicial review under the APA. After oral argument before the Ninth Circuit, the challenger submitted a motion to supplement the administrative record with certain materials, and also separately submitted motions asking the Ninth Circuit to take judicial notice of certain other materials, including decisions made by the defendant agency in other matters (which the challenger contended were comparable to its own). *Id.* at 675-78. The Ninth Circuit denied the motion to supplement the administrative record; in the course of that decision it applied the prevailing standard for such supplementation. *Id.* at 676 & n.15. Then the Ninth Circuit granted the motions for judicial notice, to which motions the court did not apply the standard for supplementation but rather the standards for judicial notice, as set forth in Federal Rule of Evidence 201(b). *Id.* at 677.

5. By contrast to legislative facts, adjudicative facts are those "concerning the immediate parties." *Banks v. Schweiker*, 654 F.2d 637, 640 n.3 (9th Cir. 1981). Adjudicative facts may be judicially noticed subject to Federal Rule of Evidence 201. Rule 201(c)(2) states that the court must take judicial notice of adjudicative facts "if a party requests it and the court is supplied with the necessary information." Facts are subject to judicial notice if they are either "generally known within the trial court's territorial jurisdiction," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R.

Evid. 201(b). Judicial notice is mandatory when the proponent provides the court with sufficient information to establish the application of the rule. Fed. R. Evid. 201(c)(2); *Coastal Envt'l Rights Found. v. Naples Restaurant Grp., LLC*, 115 F.4th 1217, 1229 n.5 (9th Cir. 2024).

6. All of the exhibits referenced below are offered for the legislative facts contained therein. Consequently, formal judicial notice (and this Motion) is not strictly necessary. *Owino*, 771 F.3d at 534 n.4; *Von Saher*, 592 F.3d at 960. However, courts do sometimes take judicial notice of legislative facts. For example, this Court, when considering an APA challenge to regulations promulgated on July 31, 2019, took judicial notice of a January 25, 2021 authorization document issued by the government. *Cook Inletkeeper v. Raimondo*, 533 F. Supp. 3d 739, 745 n.1, 747 n.24 (D. Alaska 2021). So too has the Ninth Circuit: in *Las Vegas v. FAA*, 570 F.3d 1109, 1113 & n.1 (9th Cir. 2009), the Circuit took judicial notice of a later administrative decision issued by the agency after the Finding of No Significant Impact/Record of Decision that was being reviewed. Thus, although all of the documents in these cases, and all of the documents below, are properly characterized as legislative facts for which no motion or notice is required, PLP is formally requesting judicial notice for the sake of clarity.

7. In addition, and in the alternative, PLP submits that judicial notice under Rule of Evidence 201 would be warranted. The facts for which PLP seeks notice are, if not legislative, properly noticed as adjudicative facts. The facts PLP cites these documents for "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Judicial notice is therefore required to the extent these

facts are not legislative. *Coastal Envt'l Rights*, 115 F.4th at 1229 n.5 ("We are not free to ignore such facts.").[1] The facts for which PLP seeks judicial notice are as follows:

8. **Exhibit A** is a true and correct excerpt of the 2025 Mineral Commodity Summaries, Version 1.2 published by the United States Geological Survey. PLP requests that the Court take judicial notice of the mineral reserves values, commodity prices and availability, consumption and uses, market projections, trade statistics and other facts stated regarding copper, molybdenum, and rhenium in this document. Judicial notice is appropriate because the accuracy of the values reflected in this document cannot reasonably be questioned. Fed. R. Evid. 201(b)(2); *cf. Santander Consumer USA Inc. v. Drive.Car LLC*, No. 3:23-CV-00288-SLG, 2024 WL 3889087, at *1 (D. Alaska Aug. 20, 2024) (finding government records and reports a proper subject for judicial notice). For example, in *Tampa Electric Co. v. Nashville Coal Co.*, 365 U.S. 320, 332 & n.13 (1961), the Supreme Court took judicial notice of similar facts from a similar publication, the 1959 Minerals Yearbook issued by the Bureau of Mines.

9. **Exhibit B** is a true and correct excerpt from a government publication, the National Wetlands Inventory Code Definitions from the U.S. Fish and Wildlife Service ("FWS"). The document is difficult to reproduce in PDF form. The agency's website is available here: https://perma.cc/VDB6-3XYB. The .zip file is available here: https://perma.cc/L4TJ-G8XQ. PLP requests that the court take judicial notice that shorthand codes from the National Wetlands Inventory Code are defined to have the

---

[1] PLP specifies in this Motion the facts to be noticed, based on the documents it is providing. PLP does not concede that any other fact recited in the documents is necessarily also appropriate for judicial notice.

meanings set forth in this document. Judicial notice is appropriate because the accuracy of this document and the agency's website cannot reasonably be questioned. Fed. R. Evid. 201(b)(2); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of government publication).

10. **Exhibit C** is a true and correct copy of the patent conveying Seward Meridian, Township 003S, Range 035W ("S3SR35W"). PLP requests that the court take judicial notice of the fact and terms of conveyance reflected in this exhibit. The document is a public record and an appropriate subject for judicial notice. *Sierra Club v. EPA*, 762 F.3d 971, 975 n.1 (9th Cir. 2014) (taking judicial notice of public records).

11. **Exhibit D** is a true and correct copy of the patent conveying Seward Meridian, Township 003S, Range 036W ("S3SR36W"). PLP requests that the court take judicial notice of the fact and terms of conveyance reflected in this exhibit. The document is a public record and an appropriate subject for judicial notice. *Sierra Club*, 762 F.3d at 975 n.1 (taking judicial notice of public records).

12. **Exhibit E** is a true and correct copy of the patent conveying Seward Meridian, Township 004S, Range 036W ("S4SR36W"). PLP requests that the court take judicial notice of the fact and terms of conveyance reflected in this exhibit. The document is a public record and an appropriate subject for judicial notice. *Sierra Club*, 762 F.3d at 975 n.1 (taking judicial notice of public records).

13. **Exhibit F** is a true and correct copy of the Administrative Appeal Decision in PLP's appeal of the Army Corps' denial of PLP's permit request number POA-2017-00271. PLP requests that the court take judicial notice of the fact that this document exists and reflects

a final decision on PLP's appeal. The Appeal Decision is a public record whose authenticity and reliability cannot reasonably be disputed. It is appropriate for courts to take judicial notice of public records and agency administrative decisions. *Las Vegas*, 570 F.3d at 1113 n.1 (taking judicial notice of an agency's decision on an application).

14. **Exhibit G** is a true and correct copy of the Record of Decision dated April 15, 2024 regarding PLP's permit application, following the appeal referenced above in Exhibit F. PLP requests that the court take judicial notice of the fact that this document exists and reflects a final decision on PLP's appeal. The Record of Decision is a public document whose authenticity and reliability cannot reasonably be disputed. It is appropriate for courts to take judicial notice of public records and agency administrative decisions. *Las Vegas*, 570 F.3d at 1113 n.1 (taking judicial notice of an agency's decision on an application).

15. **Exhibit H** is a true and correct excerpt of the United States Geological Survey's September 2025 Mineral Industry Surveys. PLP requests that the court take judicial notice of the market prices for copper reflected in this document. Judicial notice is appropriate because the accuracy of this document cannot reasonably be questioned. Fed. R. Evid. 201(b)(2); *Daniels-Hall*, 629 F.3d at 998 (taking judicial notice of government publication).

16. **Exhibit I** is a true and correct copy of the 2025 Draft List of Critical Minerals, published at 90 Fed. Reg. 41591 on August 26, 2025. PLP requests that the court take judicial notice of the existence of this document. Federal Register publications are appropriate subjects for judicial notice. *Bayview Hunters Point Cmty. Advocs. v. Metro. Transp. Comm'n*, 366 F.3d 692, 702 n.5 (9th Cir. 2004) (taking judicial notice of Federal Register publication).

17. **Exhibit J** is a true and correct copy of the United States Environmental Protection Agency's Final Determination of the Assistant Administrator cornering the Section 404(c) veto in Attleboro, Massachusetts. PLP asks the court take judicial notice of this document and that it made the statements recounted therein. Public agency decisions are appropriate subjects for judicial notice. *Las Vegas*, 570 F.3d at 1113 n.1 (taking judicial notice of an agency's decision on an application).

18. **Exhibit K** is a true and correct copy is a true and correct copy of the United States Environmental Protection Agency's Final Determination of the Administrator cornering the Section 404(c) veto in Mobile, Alabama. PLP asks the court take judicial notice of this document and that it made the statements recounted therein. Public agency decisions are appropriate subjects for judicial notice. *Las Vegas*, 570 F.3d at 1113 n.1 (taking judicial notice of an agency's decision on an application).

19. **Exhibit L** is a true and correct copy is a true and correct copy of the United States Environmental Protection Agency's Final Determination of the Assistant Administrator cornering the Section 404(c) veto in James City County, Virginia. PLP asks the court take judicial notice of this document and that it made the statements recounted therein. Public agency decisions are appropriate subjects for judicial notice. *Las Vegas*, 570 F.3d at 1113 n.1 (taking judicial notice of an agency's decision on an application).

## Conclusion

PLP respectfully requests the Court take judicial notice of the documents and facts recounted above.

October 3, 2025

Respectfully submitted,

*/s/ Keith Bradley*
KEITH BRADLEY, *pro hac vice*
SCHELEESE GOUDY, *pro hac vice*
717 17th Street, Suite 1825
Denver, Colorado 80202
T: (303) 830-1776
F: (303) 894-9239
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

JEFFREY M. WALKER, *pro hac vice*
KATHERINE E. WENNER, *pro hac vice*
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
T: (614) 365-2700
F: (614) 365-2499
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

SQUIRE PATTON BOGGS (US) LLP

THOMAS P. AMODIO
KEVIN M. BOOTS
500 L Street, Suite 300
Anchorage, AK 99501
T: (907) 222-7100
F: (907) 222-7199
tom@reevesamodio.com
kevin@reevesamodio.com

REEVES AMODIO, LLC

*Counsel for Northern Dynasty Minerals Ltd. and Pebble Limited Partnership*

## CERTIFICATE OF WORD COUNT

This document follows the type-volume limit of Local Civil Rule 7.4 and contains 1,969 words, as determined by the word-count function of Microsoft Office 365.

*/s/ Keith Bradley*
KEITH BRADLEY, *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2025, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:24-cv-00059-SLG who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Keith Bradley
KEITH BRADLEY, *pro hac vice*