KEITH BRADLEY, *pro hac vice*
SCHELEESE GOUDY, *pro hac vice*
717 17th Street, Suite 1825
Denver, Colorado 80202
T: (303) 830-1776
F: (303) 894-9239
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

JEFFREY M. WALKER, *pro hac vice*
KATHERINE E. WENNER, *pro hac vice*
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
T: (614) 365-2700
F: (614) 365-2499
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

SQUIRE PATTON BOGGS (US) LLP

THOMAS P. AMODIO
KEVIN M. BOOTS
500 L Street, Suite 300
Anchorage, AK 99501
T: (907) 222-7100
F: (907) 222-7199
tom@reevesamodio.com
kevin@reevesamodio.com

REEVES AMODIO, LLC

**ORAL ARGUMENT REQUESTED**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>  Defendants. | Case No. 3:24-cv-00059-SLG and consolidated cases |

**PLP'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Northern Dynasty Minerals Ltd. ("Northern Dynasty") and Pebble Limited Partnership ("Pebble Partnership") (collectively, "PLP"), hereby move this Court for summary judgment against defendant Environmental Protection Agency ("EPA"). In particular, PLP asks the Court to issue judgment that EPA's "Final Determination to Prohibit the Specification of and Restrict the Use for Specification of Certain Waters Within Defined Areas as Disposal Sites; Pebble Deposit Area, Southwest Alaska," of which EPA published notice on February 3, 2023, 88 Fed. Reg. 7,441 (the "Veto") is unlawful and under the Administrative Procedure Act ("APA"), 5 U.S.C. §706. The grounds for this Motion are set forth in the accompanying opening brief, in which PLP demonstrates as follows:

1. PLP owns rights to mine the Pebble Deposit, the largest known undeveloped copper deposit in the United States and one of the largest in the world, with resources equivalent to 80% of U.S. reserves reported by the U.S. Geological Survey. PLP has concrete plans to mine the Deposit.

2. PLP applied for a permit under Clean Water Act section 404(a) for certain deposits of mine-associated material into waters at the proposed mine site. The U.S. Army Corps of Engineers ("USACE") was conducting proceedings on whether to grant that permit, but EPA issued its Veto blocking permitting and restricting any such discharges across an area of 309 square miles around the Deposit.

3. EPA's purported grounds for the Veto are arbitrary and capricious and unlawful. EPA has no basis in evidence for concluding that the filling of streams and wetlands under PLP's extant mining plan (the "2020 Plan") will have an unacceptable adverse effect on fishery areas, which is the pertinent standard for a Veto under Clean Water Act section 404(c).

In particular, the streams that would be lost or blocked are almost entirely not populated by salmon, and the short stretches that do have salmon have only very few. Indeed, in a survey of watercourses in the area, only 27 coho salmon were observed to spawn in the reaches to be blocked under the 2020 Plan.

4. Section 404(c) requires EPA to weigh the negative consequences of a veto, particularly the benefits that would have been achieved by a discharge and are foreclosed by the veto. EPA's contrary interpretation is unlawful. And EPA's purported cost-benefit assessment was irrationally inconsistent. EPA refused to acknowledge the reality that the Veto blocks access to nearly $800 billion-worth of minerals, including copper that would supply significant amounts of demand in a copper market that is facing severe shortages over decades; while EPA pretended, with no basis in evidence or logic, that the absence of Veto would destroy the entirety of the Bristol Bay commercial fishery.

5. PLP needs multiple other permits before it can begin construction. Vacating the Veto would not mean PLP directly starts building a mine. The result would be that USACE is able to continue its deliberations on PLP's permit application; and other agencies, such as those of the State of Alaska, would assess PLP's various permit applications (including those yet to be filed).

6. Nonetheless, EPA's Veto blocks PLP from constructing or operating the mine it proposed, and indeed from any other. The Veto was intended to, and does, block all mining of the Pebble Deposit.

7. PLP asks the Court to issue judgment that the Veto must be set aside, and then to vacate the Veto. PLP will then be able to resume the ordinary-course processes for federal and state agencies to review PLP's plans for mining the Deposit.

8. PLP requests oral argument on this Motion. The issues are complex and significant, and PLP respectfully submits that an opportunity for the Court to hear from the parties orally will benefit the Court's resolution of the matter. The Court has held arguments in matters of substantial public import. *E.g.* Order, *Native Vill. of Unalakleet v. USDA Rural Utilities Serv.*, No. 24-100, ECF 76 (D. Alaska July 17, 2025); Minute Entry, *United Cook Inlet Drift Ass'n v. NMFS*, No. 24-116, ECF 55 (D. Alaska Mar. 25, 2025). The case against EPA's Veto, blocking use of the largest known undeveloped copper deposit in the Nation, is of that character.

October 3, 2025

/s/ *Keith Bradley*
KEITH BRADLEY, *pro hac vice*
SCHELEESE GOUDY, *pro hac vice*
717 17th Street, Suite 1825
Denver, Colorado 80202
T: (303) 830-1776
F: (303) 894-9239
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

JEFFREY M. WALKER, *pro hac vice*
KATHERINE E. WENNER, *pro hac vice*
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
T: (614) 365-2700
F: (614) 365-2499
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

SQUIRE PATTON BOGGS (US) LLP

Thomas P. Amodio
Kevin M. Boots
500 L Street, Suite 300
Anchorage, AK 99501
T: (907) 222-7100
F: (907) 222-7199
tom@reevesamodio.com
kevin@reevesamodio.com

Reeves Amodio, LLC

*Counsel for Northern Dynasty Minerals Ltd.
and Pebble Limited Partnership*

# CERTIFICATE OF WORD COUNT

This document follows the type-volume limit of Local Civil Rule 7.4 and contains 691 words, as found by the word-count function of Microsoft 365.

/s/ *Keith Bradley*
KEITH BRADLEY

# CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2025, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:24-cv-00059-SLG who are registered CM/ECF users will be served by the CM/ECF system.

/s/ *Keith Bradley*
KEITH BRADLEY