KEITH BRADLEY, *pro hac vice*
SCHELEESE GOUDY, *pro hac vice*
717 17th Street, Suite 1825
Denver, CO 80202
T: (303) 830-1776
F: (303) 894-9239
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

JEFFREY M. WALKER, *pro hac vice*
KATHERINE E. WENNER, *pro hac vice*
2000 Huntington Center
41 South High Street
Columbus, OH 43215
T: (614) 365-2700
F: (614) 365-2499
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

SQUIRE PATTON BOGGS (US) LLP

THOMAS P. AMODIO
KEVIN M. BOOTS
500 L Street, Suite 300
Anchorage, AK 99501
T: (907) 222-7100
F: (907) 222-7199
tom@reevesamodio.com
kevin@reevesamodio.com

REEVES AMODIO, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Defendants. | Case No. 3:24-cv-00059-SLG<br>and consolidated cases |

## PLP'S MOTION TO LIFT GENERAL ABEYANCE

On October 6, 2025, the Court's General Order 25-10 held in abeyance all civil litigation with the federal government as a party. That abeyance lasts for 14 days, and the Court indicated it may "renew or modify" the abeyance after that time. General Order 25-10 also says that "[a]ny litigant affected by this General Order may seek relief from the Order by motion." *Id.* at 2. Northern Dynasty Minerals Ltd. and Pebble Limited Partnership (collectively "PLP") respectfully ask the Court for that relief. Specifically, PLP asks the Court to lift the abeyance for the above-captioned action; and to order that this case will not be subject to other general abeyance orders the Court may issue renewing or modifying General Order 25-10.

To avoid repeating arguments at the expense of the Court's time, PLP hereby incorporates by reference the arguments, evidence, and explanation provided with its Opposition to the Government's Stay Motion, filed a short time ago. ECF 166. In brief, this case challenges a veto issued by defendant Environmental Protection Agency ("EPA") that is blocking all mining of the Pebble Deposit in southwestern Alaska, one of the largest known undeveloped copper deposits on Earth. The stakes of this case are enormous, and the cost to PLP from delay is real and substantial. Meanwhile, the reality is that the Department of Justice ("DOJ") can continue to litigate during a lapse in appropriations. Under the Antideficiency Act, once this Court denies the government's stay motion, DOJ is authorized to employ attorneys to participate in the litigation (and EPA is authorized to employ personnel to support that work). DOJ has expressly stated that interpretation, and courts around the country (including the D.C. Circuit) have relied on it to deny stay motions.

The Court's general abeyance is a commendable effort to grant immediate relief so that the government does not suffer consequences from missing, say, a deadline occurring today. With this Motion (and its opposition to the government's Stay Motion), PLP is providing the Court sound reasons to lift the abeyance for this case. The government does not have to suffer any consequence from missed deadlines in this case, because it can meet any pending deadlines. And delay in the litigation causes significant harm to PLP, which is "entitled" to judicial review of EPA's Veto, 5 U.S.C. § 702.

For the Court's convenience, PLP hereby lists the pending deadlines applicable to the government in this case:

October 17, 2025: Response to PLP's motion requesting judicial notice of certain materials, ECF 171.

October 17, 2025: Response to PLP's motion for leave to file an overlength opening brief, ECF 170.

For these two motions, PLP would not object to a short extension of EPA's response deadline given that the few days in which EPA perceives itself to be unable to respond will have been a meaningful portion of the response period.

January 2, 2026: Answer brief to the plaintiffs' opening briefs for summary judgment.

In addition, PLP notes that it intends soon to file a motion to lift confidentiality designations from certain materials that are not properly subject to the protective order. EPA has indicated it will oppose that motion.

For these reasons, PLP respectfully moves the Court to lift from this case the abeyance of General Order 25-10, and to exclude this case from any successor general orders of abeyance arising from the current federal shutdown.

October 7, 2025

Respectfully submitted,

*/s/ Keith Bradley*
KEITH BRADLEY, *pro hac vice*
SCHELEESE GOUDY, *pro hac vice*
717 17th Street, Suite 1825
Denver, CO 80202
T: (303) 830-1776
F: (303) 894-9239
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

JEFFREY M. WALKER, *pro hac vice*
KATHERINE E. WENNER, *pro hac vice*
2000 Huntington Center
41 South High Street
Columbus, OH 43215
T: (614) 365-2700
F: (614) 365-2499
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

SQUIRE PATTON BOGGS (US) LLP

THOMAS P. AMODIO
KEVIN M. BOOTS
500 L Street, Suite 300
Anchorage, AK 99501
T: (907) 222-7100
F: (907) 222-7199
tom@reevesamodio.com
kevin@reevesamodio.com

REEVES AMODIO, LLC

*Counsel for Northern Dynasty Minerals Ltd. and Pebble Limited Partnership*

# CERTIFICATE OF COMPLIANCE

This document follows the type-volume limit of Local Civil Rule 7.4 and contains 561 words, as determined by the word-count function of Microsoft Office 365.

/s/ Keith Bradley
KEITH BRADLEY, *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2025, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:24-cv-00059-SLG who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Keith Bradley
KEITH BRADLEY, *pro hac vice*
