James C. Feldman (AK Bar No. 1702003)
Jeffrey M. Feldman (AK Bar No. 7605029)
SUMMIT LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Phone: (206) 676-7000
jamesf@summitlaw.com
jefff@summitlaw.com

*Attorneys for Bristol Bay Economic Development Corporation*

*Counsel for additional Intervening Parties are
identified at the end of this pleading*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendant. | No. 3:24-cv-00059-SLG <br><br> and Consolidated Cases |

**BRISTOL BAY INTERVENORS'[1] OPPOSITION TO
NORTHERN DYNASTY MINERALS LTD.'S AND PEBBLE LIMITED
PARTNERSHIP'S MOTION TO LIFT GENERAL ABEYANCE**

---

[1] The "Bristol Bay Intervenors" are United Tribes of Bristol Bay, Bristol Bay Native Association, Bristol Bay Economic Development Corporation, Bristol Bay Native Corporation, Commercial Fishermen for Bristol Bay, and Bristol Bay Regional Seafood Development Corporation.

*Northern Dynasty Minerals, Ltd., et al. v. EPA, et al.*
Case No. 3:24-cv-00059-SLG

1

On October 6, 2025, due to the lapse of congressional appropriations funding the federal government, the Court issued Miscellaneous General Order ("MGO") 25-10 suspending, postponing, and holding in abeyance for a period of fourteen days all civil litigation involving the federal government as a party, including this case. The next day, Plaintiffs Northern Dynasty Minerals Ltd. and Pebble Limited Partnership (collectively "PLP") requested the Court lift the abeyance and order that this case be exempt to other general orders the Court may issue renewing or modifying MGO 25-10.[2]

The Bristol Bay Intervenors oppose PLP's request, and they support the government's motion to stay the litigation until of the shutdown is resolved.[3] The lengthy history of litigation between PLP and EPA belies PLP's claims of "significant harm" from delay caused by MGO 25-10.[4]

A. **PLP's Past Conduct Undermines Its Claims of Exigency and Harm.**

PLP and EPA have been in litigation over EPA's authority pursuant to Clean Water Act ("CWA") section 404(c), in one form or another, for more than a decade.[5] The EPA decision at issue in this case, its Final Determination under CWA section 404(c), was issued on <u>January 30, 2023</u>.[6] Despite its newfound claim of urgency PLP did not initiate its challenge to the Final Determination until <u>March 15, 2024</u>—more than a year later.[7] Nor did

---

[2] Dkt. 175.

[3] Dkt. 166. All parties to these three consolidated cases, except PLP, have consented to the government's motion to stay the case. *Id*.

[4] Dkt. 175 at 3

[5] *See*, PLP Compl., *PLP v. EPA*, No. 3:14-cv-00097-HRH, ECF No. 1 (May 21, 2014).

[6] EPA_AR_0083206. EPA's final agency action was noticed in the federal register a few days later on February 3, 2023. EPA_AR_0082924.

[7] Dkt. 1.

*Northern Dynasty Minerals, Ltd., et al. v. EPA, et al.*
Case No. 3:24-cv-00059-SLG

PLP raise any concerns about delays when the litigation was stayed for over five months while PLP attempted to persuade the new Administration to withdraw the Final Determination.[8] PLP's claim that it is "suffer[ing] ongoing injury" as a result of the Court's abeyance order is undermined by its prior conduct.

**B.      Any Delay Caused by the Shutdown Likely Will Be, by Comparison, Brief.**

The average government shutdown is approximately eight days; the longest shutdown in recent years was 34 days.[9] Consistent with this history, the MGO 25-10 places cases in abeyance for fourteen days. Any delay caused by the current shutdown and by MGO 25-10 is destined to be considerably shorter than the 13-month delay PLP built into the case by its own conduct.

**C.      Miscellaneous General Order 25-10 Ensures No Party is Prejudiced.**

Absent an appropriation, under the Antideficiency Act, Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property."[10] PLP's case and pending motions do not meet the very limited exception in the statute for emergencies or an emergency motion to this court.  This case is an administrative appeal of an agency action. It does not involve deprivation of life or liberty,

---

[8] *See* Dkt. 146 at 2 (noting plaintiffs' non-opposition to holding matter in abeyance for 90 days); Dkt. 151 at 2 (noting plaintiffs' non-opposition to holding matter in abeyance for additional 30 days); Dkt. 153 at 2 (noting plaintiffs' non-opposition to holding matter in abeyance for additional 20 days); Dkt. 155 at 2–3 (PLP's joint request with Federal Defendants to extend abeyance for 14 days to explore settlement).

[9] *See*, U.S. House of Representatives, History, Art & Archives, *Funding Gaps and Shutdowns in the Federal Government*, https://history.house.gov/Institution/Shutdown/Government-Shutdowns/ (last accessed Oct. 8, 2025).

[10] 31 U.S.C. § 1342.

*Northern Dynasty Minerals, Ltd., et al. v. EPA, et al.*
Case No. 3:24-cv-00059-SLG

3

national security, or public health. It does not even involve the safety of human life or the protection of property from imminent harm. There are, no doubt, hundreds if not thousands of cases nationwide in which the government is a party that have been stayed as a result of the lapse in appropriations. The lapse in appropriations burdens everyone—PLP is not unique, and its claims of harm are not unusual.

The Bristol Bay Intervenors desire a swift resolution to this case as much as any other party, but not at the risk of triggering the chaos and prejudice that would result from entering an order that conflicts with the restrictions contained in the Antideficiency Act.[11] For the foregoing reasons, the Court should deny PLP's motion to lift the general abeyance.

DATED this 9th day of October, 2025.

SUMMIT LAW GROUP PLLC
*Attorneys for Bristol Bay Economic Development Corporation*

By: s/ *James C. Feldman*
James C. Feldman (AK Bar No. 1702003)
Jeffrey M. Feldman (AK Bar No. 7605029)

BESSENYEY & VAN TUYN, L.L.C.
*Attorneys for Bristol Bay Native Corporation*

By: s/
Peter Van Tuyn (AK Bar No. 8911086)
Karen Schmidt (AK Bar No. 1211113)

NATIVE AMERICAN RIGHTS FUND
*Attorneys for United Tribes of Bristol Bay and Commercial Fishermen for Bristol Bay*

By: s/

---

[11] 31 U.S.C. § 1342.

Megan R. Condon (AK Bar No. 1810096)


BRISTOL BAY NATIVE ASSOCIATION
*Attorney for Bristol Bay Native Association*

By: s/_____
Felipe Farley (AK Bar. No. 1904029)


CASHION GILMORE & LINDEMUTH
*Attorney for Bristol Bay Regional*
*Seafood Development Association, Inc.*

By: s/_____
Scott Kendall (AK Bar. No. 0405019)

*Northern Dynasty Minerals, Ltd., et al. v. EPA, et al.*
Case No. 3:24-cv-00059-SLG

5

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:24-cv-00059-SLG who are registered CM/ECF users will be served by the CM/ECF system.

SUMMIT LAW GROUP, PLLC

*s/ Denise Brandenstein*
Denise Brandenstein, Legal Assistant
*deniseb@summitlaw.com*