Tara M. Derbisz
David Y. Chung, *pro hac vice pending*
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Phone: (202) 624-2500
Fax: (202) 628-5116
Email: TDerbisz@crowell.com
       DChung@crowell.com

*Attorneys for National Mining Association,
American Exploration & Mining Association, and
Alaska Miners Association*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | Case No. 3:24-cv-00059-SLG and consolidated cases |

**MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The National Mining Institute ("NMA"), the American Exploration & Mining Association ("AEMA"), and the Alaska Miners Association ("AMA") (collectively, the "Associations") respectfully move this Court for leave to file the accompanying

*amici curiae* brief in support of Plaintiffs' Motion for Summary Judgment filed in the above-captioned matter on October 7, 2025, at Docket 177.

The Associations request leave to participate in the "classic role of *amicus curiae*" in order to "assist[] in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that [has] escaped consideration."[1] "The district court has broad discretion to appoint *amici curiae*," and *amicus* briefs are generally allowed "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."[2]

Counsel for the Associations contacted counsel of record for all parties to seek their consent for the filing of the accompanying *amici curiae* brief.[3] Neither Plaintiffs nor Defendant-Intervenors Trout Unlimited oppose this motion. The federal defendants and Defendant-Intervenors Bristol Bay Native Corporation and Commercial Fishermen for Bristol Bay take no position on the motion. The remaining Defendant-Intervenors have not provided their position.

---

[1] *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. State of Montana*, 694 F.2d 203, 204 (9th Cir. 1982).
[2] *Alaska R.R. Corp. v. Flying Crown Subdivision Addition No. 1 & Addition No. 2 Prop. Owners Ass'n*, No. 3:20-CV-00232-JMK, 2021 WL 1112382, at *3 (D. Alaska Mar. 23, 2021) (citations omitted).
[3] *Amici* affirm that no counsel for a party authored the accompanying brief in whole or in part and that no person other than the *amici*, their members, or their counsel has made any monetary contributions intended to fund the preparation or submission of the brief.

Northern Dynasty Minerals Ltd. v. U.S. EPA
No. 3:24-cv-00059-SLG and consolidated cases

**I. The Associations and Their Members Have a Strong Interest in the Disposition of this Case, and Their Proposed Brief Presents Arguments Helpful to the Disposition of This Case.**

NMA, AEMA, and AMA are national trade associations that together represent all aspects of the mining industry in the United States. NMA's members produce a majority of America's metals, coal, and industrial minerals. AEMA represents the entire mining life cycle, from prospecting and exploration to mine development and mineral extraction, to mine reclamation and closure. AMA represents these same interests across Alaska. As part of their mission, NMA, AEMA, and AMA advocate for their members' interests before all three branches of government, including by filing *amicus curiae* briefs in Clean Water Act ("CWA") cases like this one that will resolve issues critical to the mining industry.[4] The Associations frequently comment on EPA proposed actions for the same reasons, including on the challenged veto determination at issue in this case.[5]

As briefly discussed in the Statement of Interest section of their proposed *amici curiae* brief, NMA, AEMA, and AMA members require CWA Section 404 (33 U.S.C. § 1344) permits for construction, maintenance, and repair of infrastructure

---

[4] *E.g.*, *City & County of San Francisco v. EPA*, 604 U.S. 334 (2025); *Sackett v. EPA*, 598 U.S. 651 (2023); *Mingo Logan Coal Co. v. EPA*, 714 F.3d 608 (D.C. Cir. 2013).

[5] *See* NMA comments, EPA-R10-OW-2022-0418-0809 (Sept. 6, 2022); AEMA comments, EPA-R10-OW-2022-0418-0818 (Sept. 6, 2022); AMA comments, EPA-R10-OW-2022-0418-0803 (Sept. 6, 2022).

necessary for exploration and development of resources, and for fulfillment of legal and contractual obligations through transportation of mineral resources to customers across the nation. Thus, the Associations have strong and direct interests in this Court's review of EPA's unprecedented invocation of its veto authority.

Given their members' longstanding experience with the time-consuming, costly, and resource-intensive process of obtaining Section 404 permits, the Associations are well positioned to explain to this Court how EPA's claimed authority destroys regulatory certainty, upsets the settled expectations of the regulated community, and risks chilling private investment in domestic mining projects. Moreover, the Associations are well suited to explain to this Court how EPA's unprecedented exercise of its veto authority exacerbates the threats to our Nation's economic and national security from reliance on foreign sources of copper and other minerals that are essential to critical infrastructure, electrification, and industrial applications.

## II. The Associations' Motion is Timely.

There is no local rule of civil procedure establishing a deadline for the filing of *amicus* briefs. Nonetheless, the Associations filed this Motion and accompanying brief well in advance of the deadlines for Defendants' and Defendant-Intervenors' response briefs. Moreover, this case had been held in abeyance since October 16, 2025, due to the lapse in government appropriations.

The Associations' Motion is therefore timely filed to allow ample time for Defendants and Defendant-Intervenors to address the arguments in the proposed brief.

## III. The Proposed *Amici Curiae* Brief is Limited in Scope.

The Associations seek to address the importance of copper to the national security and economy of the United States, as well as the importance of predictability and regulatory certainty to miners during the permitting process. Additionally, the Associations seek to elaborate on Plaintiffs' contention that EPA's exercise of its veto authority in this case is contrary to the CWA's text and history, as well as inconsistent with EPA's past regulatory practice. The statutory interpretation issue is central to this litigation and thus, the proposed brief will not burden the Court or the parties with extraneous issues. Moreover, the Associations present arguments that complement, and do not duplicate, Arguments IV.C and XI in Plaintiffs' brief. The proposed *amici curiae* brief will aid this Court's disposition of those arguments by drawing the Court's attention to relevant legislative history and case law interpreting Section 404 and prior regulatory decisions arising under Section 404, which are not discussed in the principal brief.

## CONCLUSION

For the reasons set forth above, NMA, AEMA, and AMA respectfully request that the Court grant leave to file the accompanying *amici curiae* brief.

Dated this 25th day of November, 2025.

|  |  |
|---|---|
| Tawny Bridgeford<br>National Mining Association<br>101 Constitution Avenue, N.W.<br>Washington, DC 20001<br>(202) 463-2629 | /s/ Tara M. Derbisz<br>Tara M. Derbisz<br>David Y. Chung, *pro hac vice pending*<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Phone: (202) 624-2500<br>Fax: (202) 628-5116<br>Email: TDerbisz@crowell.com<br>       DChung@crowell.com<br><br>*Attorneys for National Mining Association, American Exploration & Mining Association and Alaska Miners Association* |

## CERTIFICATE OF SERVICE

      I hereby certify that on November 25, 2025, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court for the District of Alaska through the CM/ECF system, which will send notice of filing to all registered CM/ECF users.

                                            /s/ Tara M. Derbisz
                                            Tara M. Derbisz

Northern Dynasty Minerals Ltd. v. U.S. EPA
No. 3:24-cv-00059-SLG and consolidated cases
Case 3:24-cv-00059-SLG   Document 185   Filed 11/25/25   Page 7 of 7