James C. Feldman (AK Bar No. 1702003)
Jeffrey M. Feldman (AK Bar No. 7605029)
SUMMIT LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Phone: (206) 676-7000
jamesf@summitlaw.com
jefff@summitlaw.com

*Attorneys for Bristol Bay Economic Development Corporation*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendant. | No. 3:24-cv-00059-SLG <br><br> and Consolidated Cases |

**OPPOSITION OF BRISTOL BAY INTERVENORS[1] AND TROUT UNLIMITED TO NORTHERN DYNASTY MINERALS LTD.'S AND PEBBLE LIMITED PARTNERSHIP'S MOTION FOR LEAVE TO FILE OVERLENGTH BRIEF**

---

[1] The "Bristol Bay Intervenors" are United Tribes of Bristol Bay, Bristol Bay Native Association, Bristol Bay Economic Development Corporation, Bristol Bay Native Corporation, Commercial Fishermen for Bristol Bay, and Bristol Bay Regional Seafood Development Association.

*Northern Dynasty Minerals, Ltd., et al. v. EPA, et al.*
Case No. 3:24-cv-00059-SLG

1

Plaintiffs Northern Dynasty Minerals, Ltd. and Pebble Limited Partnership (collectively "NDM") challenge the EPA's exercise of its authority under Section 404(c) of the Clean Water Act to limit the use of certain waters in the Bristol Bay watershed as disposal sites for the discharge of dredged or fill material associated with development of the Pebble Mine.[2] The Local Civil Rules authorize parties in administrative agency appeals brought under the Administrative Procedure Act to file an opening brief not to exceed 35 pages or 10,000 words.[3] NDM seeks to file a 74-page opening brief containing 19,903 words—twice the length allowed under the rules—and contemporaneously sought permission from the Court to file its significantly overlength brief.[4] Additionally, NDM filed an extraneous 33-page "Statement of Undisputed Material Facts,"[5] that is not contemplated by the Local Civil Rules.[6]

The Bristol Bay Intervenors and Trout Unlimited object to NDM's motion for leave to file an overlength brief because the number of additional pages requested by NDM is unreasonable. The Bristol Bay Intervenors and Trout Unlimited appreciate that the issues raised in this lawsuit are complicated, and that the complexity of the case may necessitate filing a brief longer than allowed under the Local Rules.[7] A brief that is double the length

---

[2] Dkt. 91.

[3] LCR 16.3(c)(6); LCR 7.4(a)(1).

[4] Dkt. 170; Dkt. 172. Plaintiffs subsequently filed a "Corrected Opening Brief" at Dkt. 177.

[5] Dkt. 173.

[6] LCR 16.3.

[7] This is precisely why the Bristol Bay Intervenors and Trout Unlimited did *not* object to the State of Alaska's reasonable request to file an overlength brief of nine additional pages. Dkt. 168 ¶¶ 2, 4.

*Northern Dynasty Minerals, Ltd., et al. v. EPA, et al.*
Case No. 3:24-cv-00059-SLG

2

permitted under the Local Rules (or triple if including NDM's "Statement of Undisputed Material Facts"), however, is not reasonable.[8]

NDM's opening brief advances nine separate legal theories and 15 different sub-arguments,[9] the legal equivalent of throwing spaghetti against the wall to see if anything sticks. Despite NDM's contention that it has "condensed its brief to present the material as briefly as feasible,"[10] many of NDM's arguments are redundant,[11] while other arguments apply to decisions by the Army Corps of Engineers that are not presently before the Court.[12] NDM could undoubtedly file a more concise brief if it made the effort to delete repetitive arguments and prioritize briefing the arguments it perceives to be its strongest instead of advancing every argument NDM can conceive of—irrespective of whether the issue is ripe for adjudication or even relevant to this phase of the litigation. Parties to litigation are routinely confronted with the strategic choice of which arguments to advance within the

---

[8] Moreover, despite the misleading title of NDM's filing, many—if not most—of the "undisputed material facts" cited by NDM are neither undisputed nor material. To the contrary, much of this extraneous 33-page filing contains "facts" that are inaccurate, immaterial, and/or misleading and are strongly disputed. *See* Fed. R. Civ. P. 12(f)(1) (permitting the Court to strike on its own any "redundant, immaterial, [or] impertinent . . . matter.").

[9] Dkt. 177 at ii-iii (Parts III–XIII).

[10] Dkt. 170 ¶ 4.

[11] *See, e.g.* Dkt. 177 at 1, 2, 26, 39, 45, 46, 47, 51 (repeatedly, and inaccurately, arguing on nine separate occasions that the harm to fisheries from development of the mine is limited to 27 spawning salmon); *id.* at 72 (repeating arguments made in sections V, VII, VII.B, and XI of NDM's opening brief).

[12] *See* Dkt. 177 at 56–57 (arguing the Army Corp's Record of Decision is irrational even though the current briefing addresses the EPA's Final Determination only and the challenge to the Corp's permit denial is in abeyance); Dkt. 165 at 2–3; *see also* Fed. R. Civ. P. 12(f)(1) (permitting the Court to strike on its own any "redundant, immaterial, [or] impertinent . . . matter.").
*Northern Dynasty Minerals, Ltd., et al. v. EPA, et al.*
Case No. 3:24-cv-00059-SLG

3

page or word limits established by the rules. NDM's motion does not provide any compelling reasoning for why it should be treated differently.

Additionally, NDM's request is grossly disproportionate to the 20 pages (or 5,700 words) currently allotted to the Bristol Bay Intervenors and to Trout Unlimited to respond to NDM's brief.[13] If the Court is inclined to grant NDM's motion, or alternatively to permit NDM to file an overlength brief of fewer pages than that filed at docket 177, Intervenors respectfully request that the Court grant Intervenors a proportional number of additional pages—approximately 57 percent[14] of the amount afforded to NDM—to address the numerous arguments raised in NDM's opening brief.

DATED this 25th day of November, 2025.

SUMMIT LAW GROUP PLLC
*Attorneys for Bristol Bay Economic Development Corporation and Lead Counsel for Bristol Bay Intervenors*

By: s/ James C. Feldman
James C. Feldman (AK Bar No. 1702003)
Jeffrey M. Feldman (AK Bar No. 7605029)

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
*Attorneys for Trout Unlimited*

By: s/ Paul. A. Werner
Paul A. Werner (admitted pro hac vice)

---

[13] In granting the motions to intervene in the NDM litigation, the Court limited each set of Intervenors to a single brief not to exceed 20 pages or 5,700 words. Dkt. 95 at 15.

[14] 57 percent is the ratio the court's existing briefing order provides (10,000 words for NDM and 5,700 words for Intervenors).

*Northern Dynasty Minerals, Ltd., et al. v. EPA, et al.*
Case No. 3:24-cv-00059-SLG

4

Steven P. Hollman (admitted pro hac vice)
Abraham J. Shanedling (admitted pro hac vice)
Hannah J. Wigger (admitted pro hac vice)
Christopher L. Bauer (admitted pro hac vice)
Alexandra Bustamante (admitted pro hac vice)
Austin Williams (AK Bar No. 0911067)

*Northern Dynasty Minerals, Ltd., et al. v. EPA, et al.*
Case No. 3:24-cv-00059-SLG

5

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2025, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:24-cv-00059-SLG who are registered CM/ECF users will be served by the CM/ECF system.

SUMMIT LAW GROUP, PLLC

 s/ Denise Brandenstein
Denise Brandenstein, Legal Assistant
*deniseb@summitlaw.com*

*Northern Dynasty Minerals, Ltd., et al. v. EPA, et al.*
Case No. 3:24-cv-00059-SLG