ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

MICHAEL J. HEYMAN
United States Attorney
District of Alaska

LAURA J. BROWN
MARIO A. LUNA
United States Department of Justice - ENRD
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Phone: (202) 514-3376 (Brown)
Phone: (202) 532-3357 (Luna)
Email: laura.j.s.brown@usdoj.gov
Email: mario.luna@usdoj.gov

*Attorneys for the United States*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD., *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>    Defendants,<br><br>  and<br><br>BRISTOL BAY NATIVE ASSOCIATION, INC., *et al.*,<br><br>    Intervenor-Defendants. | Case No. 3:24-cv-00059-SLG<br><br>CONSOLIDATED<br><br>LEAD CASE |

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.* (Lead Case) (Consolidated)
Response and Cross Motion to Motions for Leave to File Overlength Briefs

Case No. 3:24-cv-00059-SLG

1

Case 3:24-cv-00059-SLG   Document 195   Filed 12/01/25   Page 1 of 10

| | |
|---|---|
| STATE OF ALASKA, | |
| Plaintiff, | |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | Case No. 3:24-cv-00084-SLG |
| Defendant, | CONSOLIDATED |
| and | |
| TROUT UNLIMITED, *et al.*, | |
| Intervenor-Defendants. | |
| ILIAMNA NATIVES, LTD, *et al.*, | |
| Plaintiffs, | |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | Case No. 3:24-cv-00132-SLG |
| Defendants, | CONSOLIDATED |
| and | |
| BRISTOL BAY ECONOMIC DEVELOPMENT CORPORATION, *et al.*, | |
| Intervenor-Defendants. | |

**DEFENDANTS' RESPONSE TO PLP'S AND ALASKA'S MOTIONS FOR LEAVE TO FILE OVERLENGTH SUMMARY JUDGMENT BRIEFS AND CROSS-MOTION FOR RECIPROCAL ENLARGEMENT AND A TWO-WEEK EXTENSION FOR DEFENDANTS' RESPONSE BRIEF**

Defendants submit this response to Plaintiffs Northern Dynasty Minerals Ltd. and Pebble Limited Partnership's (collectively "PLP") and Plaintiff the State of Alaska's motions to submit

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.* (Lead Case) (Consolidated)
Response and Cross Motion to Motions for Leave to File Overlength Briefs

Case No. 3:24-cv-00059-SLG
2

Case 3:24-cv-00059-SLG    Document 195    Filed 12/01/25    Page 2 of 10

overlength briefs in support of their motions for summary judgment. ECF Nos. 178 and 170. PLP seeks an additional 10,000 words (or approximately 35 pages) beyond the Court's Local Rule limit and Alaska seeks approximately 2,850 words (or nine pages) beyond the limit. This substantial expansion of page limits is unwarranted. However, if the Court accepts the overlength briefs, Defendants respectfully request a reciprocal enlargement of 12,850 words for their consolidated brief and an additional two weeks (from February 17 until March 2, 2026) to file their consolidated brief in response to all Plaintiffs' summary judgment motions. In support of the foregoing, Defendants submit as follows:

1. In these three consolidated actions, Plaintiffs have filed three separate summary judgment motions challenging EPA's "Final Determination to Prohibit the Specification of and Restrict the Use for Specification of Certain Waters Within Defined Areas as Disposal Sites; Pebble Deposit Area, Southwest Alaska," 88 Fed. Reg. 7,441 (Feb. 3, 2023) ("Final Determination") pursuant to EPA's authority under section 404(c) of the Clean Water Act, 33 U.S.C. § 1344(c). Plaintiffs challenge EPA's Final Determination as unlawful under the Administrative Procedure Act ("APA"), 5 U.S.C. §706. *See generally* PLP's First Amended and Supplemental Complaint, ECF No. 91.

2. On October 3, 2025, Plaintiffs filed their briefs in support of summary judgment. *See* ECF Nos. 167, 169, and 172.[1] Plaintiff PLP filed a 20,000-word (approximately 70-page brief); Plaintiff State of Alaska filed an approximately 12,850-word (44-page brief); and Plaintiffs Iliamna Natives Limited and Alaska Peninsula Corporation filed a 35-page brief.

3. Local Civil Rule 7.4(a) provides that briefs in support of summary judgment

---

[1] PLP filed a Motion to Correct the opening brief at ECF No. 177.

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.* (Lead Case) (Consolidated)
Response and Cross Motion to Motions for Leave to File Overlength Briefs

Case No. 3:24-cv-00059-SLG

3

motions may not exceed 35 pages or 10,000 words. Additionally, Local Civil Rule 16.3(c), which governs these consolidated actions that arise under the APA, reiterates that the page and word limits of Local Civil Rule 7.4(a) apply here. Thus, Plaintiffs PLP and Alaska filed overlength briefs exceeding the word limit by 10,000 and 2,850 words, respectively. *See* Alaska Mot. for Leave to File Excess Pages, ECF No. 168; PLP Mot. for Leave to File Overlength Brief, ECF No. 170.

4. PLP and Alaska ask that the Court accept their overlength briefs based on the purported significance of the legal issues and the size of the administrative record. Alaska Mot. for Leave to File Excess Pages, ECF No. 168; ¶ 2; PLP Mot. for Leave to File Overlength Brief, ECF 170, ¶ 5.

5. Defendants oppose the motions for two reasons. First, PLP and the State of Alaska have been well-aware of the legal issues in this case and the size of the record for over a year. *See* Notice of Filing Admin. Record (Aug. 2, 2024), ECF No. 87. And PLP has acknowledged it would seek to file an overlength brief since at least August. *See* PLP Reply in Supp. of Mot. to Set Briefing Schedule, ECF No. 164, ¶ 6. But, rather than negotiating an agreed upon proposed page or word limit with Defendants prior to the briefing deadline, PLP and Alaska filed their overlength opening briefs simultaneously with the motions for leave, thereby forcing Defendants to respond to the motions for leave at the same time as they respond to the overlength opposition briefs.

6. In August 2025, PLP's counsel contacted Defendants' counsel seeking Defendants' position on PLP's request to file a double-length brief. Ex. 1 at 3 (Aug. 14, 2025 email from K. Bradley to L. Brown). During a follow-up meet-and-confer, undersigned counsel

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.*
(Lead Case) (Consolidated)
Response and Cross Motion to Motions for Leave to File
Overlength Briefs

Case No. 3:24-cv-00059-SLG

4

Case 3:24-cv-00059-SLG   Document 195   Filed 12/01/25   Page 4 of 10

explained that Defendants were open to agreeing to some additional length, but that Defendants would likely need additional time to respond to a longer brief. Defendants' counsel further explained that the precise amount of time needed to respond would depend on whether the other Plaintiffs also intended to file overlength briefs and, if so, the total additional number of pages requested across the three actions would inform Defendants' position. Counsel for PLP offered to confer with the other Plaintiffs to determine whether they would also need additional pages. After several weeks passed without additional communication on the issue, undersigned counsel followed up with PLP's counsel by email on September 10, 2025.[2] *Id.* at 1(Sep. 10, 2025 email from L. Brown to K. Bradley).

7. On September 30, 2025, three days before the opening briefs were due, Alaska's counsel advised Defendants' counsel that it would seek leave to file an overlength brief, estimating that the State would request an additional nine pages. *See* Ex. 2 at 6 (Sep. 30, 2025 email exchange between M. Connolly and M. Luna). Shortly thereafter the same day, PLP's counsel informed Defendants that PLP would not agree to give Defendants any additional time to respond to an overlength brief. Ex. 1 at 1 (Sep. 30, 2025 email from K. Bradley to L. Brown).[3]

8. The second reason for Defendants' opposition is that PLP, in its overlength brief, asserts novel legal issues that it did not raise in its First Amended Complaint, including a several-page argument that EPA's Final Determination violates CWA section 404(t), 33 U.S.C. 1344(t). *Compare* ECF No. 172 (PLP Br.) at 20-23 *with* ECF No. 91 (Am. Compl.). PLP has not

---

[2] In this email undersigned counsel inadvertently referred to Plaintiffs as "Defendants."
[3] As discussed in Paragraph 12 below, on October 1, 2025, the Department of Justice experienced a lapse in appropriations and Defendants' counsel were furloughed and unable to work on this matter for 43 days.

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.*
(Lead Case) (Consolidated)
Response and Cross Motion to Motions for Leave to File
Overlength Briefs

Case No. 3:24-cv-00059-SLG
5

Case 3:24-cv-00059-SLG   Document 195   Filed 12/01/25   Page 5 of 10

explained why the Court should expand its page limits to allow PLP to pursue an argument it failed to raise in its complaint, even after amending it. As such, PLP has not established good cause as to why it requires *twice* the number of words permitted by the Local Civil Rules.[4]

9. However, if the Court accepts Plaintiffs' overlength briefs, Defendants request a reciprocal enlargement, *i.e.,* an additional 12,850 words, amounting to a total of 42,850 words, for their consolidated brief in response to all three Plaintiffs' briefs. While Defendants are seeking reciprocal enlargement as a matter of fairness and in an abundance of caution, Defendants intend to respond as succinctly as possible.

10. Also, because it takes more time to review and respond to longer briefs, and because responding to Plaintiffs' motions for leave and other filings have required Defendants to divert resources away from merits briefing, Defendants request additional time to respond. The additional words used by PLP and the State are more than the length of one standard full brief, for which the Local Rules would allow 21 days to respond. Nevertheless, Defendants request only a modest two-week extension, from February 17 to March 3, 3026. Details regarding the briefing schedule are set forth below.

11. On August 6, 2025, the Court issued an order setting the following summary judgment briefing schedule: Plaintiffs' opening briefs due by October 3, 2025; Defendants' response brief due by January 2, 2026; Intervenor Defendants' briefs due by January 16, 2026; and Plaintiffs' reply briefs due by February 27, 2026. ECF No. 165.

---

[4] Plaintiff PLP also filed an improper 33-page "Statement of Undisputed Material Facts," which is problematic for multiple reasons, including that Local Civil Rule 16.3(c)(4) governing judicial review of agency actions under the Administrative Procedure Act, explicitly states that "[n]o additional briefs may be filed without leave of court." Defendants intend to address that improper filing in a separate motion.

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.* (Lead Case) (Consolidated)
Response and Cross Motion to Motions for Leave to File Overlength Briefs

Case No. 3:24-cv-00059-SLG
6

Case 3:24-cv-00059-SLG    Document 195    Filed 12/01/25    Page 6 of 10

12. At the end of the day on September 30, 2025, the act that had been funding the Department of Justice expired, and appropriations to the Department lapsed. As a result, Department attorneys were prohibited from working on this matter. Given the lapse in appropriations, Defendants moved to stay the entire case during the lapse of appropriations and extend all deadlines commensurate with the duration of the lapse in appropriations. ECF No. 166. The Court granted Defendants' motion. ECF 179. On November 12, 2025, when the President signed H.R. 5371— Continuing Appropriations, Agriculture, Legislative Branch, Military Construction and Veterans Affairs, and Extensions Act, 2026—the lapse in appropriations ended after 43 days.

13. Based on the relief sought in Defendants' motion, ECF No. 166, the parties agree that the following deadlines now apply (accounting for the 43-day extension): Defendants' response brief due by February 17, 2026 (accounting for Presidents' Day falling on February 16, 2026); Intervenor Defendants' briefs due by March 3, 2026; and Plaintiffs' replies due by April 14, 2026.

14. Thus, if the Court grants' Plaintiffs PLP's and Alaska's motions, Defendants' request the following schedule, which provides an additional two weeks for Defendants' response brief:

Defendants' response brief due by March 3, 2026;

Intervenor Defendants' briefs due by March 17, 2026; and

Plaintiffs' replies due by April 28, 2026.

15. With respect to the cross-motion seeking reciprocal length and a two-week extension, Plaintiffs Iliamna Natives Limited and Alaska Peninsula Corp. do not oppose the

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.*
(Lead Case) (Consolidated)
Response and Cross Motion to Motions for Leave to File
Overlength Briefs

Case No. 3:24-cv-00059-SLG

7

Case 3:24-cv-00059-SLG    Document 195    Filed 12/01/25    Page 7 of 10

requests; the PLP Plaintiffs oppose only the two-week extension request; and Plaintiff State of Alaska reserves its position upon its review of the requests. Intervenor Defendants (Trout Unlimited, United Tribes of Bristol Bay, Bristol Bay Native Association, Bristol Bay Economic Development Corporation, Bristol Bay Native Corporation, Commercial Fishermen for Bristol Bay, Bristol Bay Regional Seafood Development Association and SalmonState, Alaska Community Action on Toxics, Alaska Wilderness League, Alaska Wildlife Alliance, Cook Inletkeeper, Friends of McNeil River, Kachemak Bay Conservation Society, National Pars Conservation Association, National Wildlife Federation, Sierra Club, Alaska Center, Wild Salmon Center, Center for Biological Diversity, Earthworks, Friends of the Earth, and Natural Resources Defense Council) do not oppose.

WHEREFORE, Defendants request that the Court deny Plaintiffs PLP's and State of Alaska's Motions for Leave to File Overlength Briefs, but if the Court grants the motions, Defendants request that the Court allow Defendants a reciprocal enlargement of 12,850 words beyond their 30,000-word limit for their consolidated response brief and an additional two weeks to respond, i.e., until March 3, 2026.

Dated: December 1, 2025.	Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

MICHAEL J. HEYMAN
United States Attorney
District of Alaska

*/s/ Laura J. Brown*

Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.	Case No. 3:24-cv-00059-SLG
(Lead Case) (Consolidated)	8
Response and Cross Motion to Motions for Leave to File
Overlength Briefs

Case 3:24-cv-00059-SLG   Document 195   Filed 12/01/25   Page 8 of 10

LAURA J. BROWN
United States Department of Justice - ENRD
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Phone: (202) 514-3376
Email: laura.j.s.brown@usdoj.gov
MARIO A. LUNA
United States Department of Justice - ENRD
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Phone: (202) 532-3357
Email: mario.luna@usdoj.gov

*Attorneys for the United States*

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.* (Lead Case) (Consolidated)
Response and Cross Motion to Motions for Leave to File Overlength Briefs

Case No. 3:24-cv-00059-SLG

9

Case 3:24-cv-00059-SLG     Document 195     Filed 12/01/25     Page 9 of 10

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2025, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/Laura J. Brown*

Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al. (Lead Case) (Consolidated)
Response and Cross Motion to Motions for Leave to File Overlength Briefs

Case No. 3:24-cv-00059-SLG
10

Case 3:24-cv-00059-SLG   Document 195   Filed 12/01/25   Page 10 of 10