ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

MICHAEL J. HEYMAN
United States Attorney
District of Alaska

LAURA J. BROWN
MARIO A. LUNA
United States Department of Justice - ENRD
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-3376 (Brown)
(202) 532-3357 (Luna)
laura.j.s.brown@usdoj.gov
mario.luna@usdoj.gov

*Attorneys for the United States*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> Defendants, <br><br> and <br><br> BRISTOL BAY NATIVE ASSOCIATION, INC., *et al.*, <br> Intervenor-Defendants. | Case No. 3:24-cv-00059-SLG <br><br> CONSOLIDATED <br><br> LEAD CASE |

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.* (Lead Case) (Consolidated)
Defendants' Response Opposing PLP's Motion for Judicial Notice

Case No. 3:24-cv-00059-SLG
1

Case 3:24-cv-00059-SLG    Document 196    Filed 12/01/25    Page 1 of 14

| | |
|---|---|
| STATE OF ALASKA, | |
| Plaintiff, | |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | Case No. 3:24-cv-00084-SLG |
| Defendant, | CONSOLIDATED |
| and | |
| TROUT UNLIMITED, *et al.*, | |
| Intervenor-Defendants. | |
| ILIAMNA NATIVES, LTD, *et al.*, | |
| Plaintiffs, | |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | Case No. 3:24-cv-00132-SLG |
| Defendants, | CONSOLIDATED |
| and | |
| BRISTOL BAY ECONOMIC DEVELOPMENT CORPORATION, *et al.*, | |
| Intervenor-Defendants. | |

**DEFENDANTS' RESPONSE OPPOSING
PLP'S MOTION FOR JUDICIAL NOTICE**

Defendants submit this response in opposition to Plaintiffs Northern Dynasty Minerals Ltd. and Pebble Limited Partnership (collectively, "PLP")'s motion to take judicial notice of the following exhibits:

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.* (Lead Case) (Consolidated)
Defendants' Response Opposing PLP's Motion for Judicial Notice

Case No. 3:24-cv-00059-SLG

2

Case 3:24-cv-00059-SLG     Document 196     Filed 12/01/25     Page 2 of 14

**Exhibit A**: Mineral Commodity Summaries 2025, Version 1.2, March 2025, U.S. Geological Survey;

**Exhibit B**: National Wetlands Inventory Code Definitions from the U.S. Fish and Wildlife Service;

**Exhibit C**: Patent conveying Seward Meridian, Township 003S, Range 035W ("S3SR35W");

**Exhibit D**: Patent conveying Seward Meridian, Township 003S, Range 036W ("S3SR36W");

**Exhibit E**: Patent conveying Seward Meridian, Township 004S, Range 036W ("S4SR36W");

**Exhibit F**: Administrative Appeal Decision, Clean Water Act, POA-2017-00271 (Alaska Dist. Apr. 24, 2023);

**Exhibit G**: Department of the Army, Record of Decision, Review of the Application by Pebble Limited Partnership (POA-2017-00271);

**Exhibit H**: Mineral Industry Surveys, September 2025, U.S. Geological Survey;

**Exhibit I**: 2025 Draft List of Critical Minerals, 90 Fed. Reg. 41591 (Aug. 26, 2025);

**Exhibit J**: Final Determination of the U.S. EPA's Assistant Administrator for External Affairs concerning the Sweedens Swamp site in Attleboro, Massachusetts pursuant to Section 404(c) of the Clean Water Act;

**Exhibit K**: Final Determination of the U.S. EPA's Administrator concerning the M.A. Norden site in Mobile, Alabama pursuant to Section 404(c) of the Clean Water Act; and

**Exhibit L**: Final Determination of the U.S. EPA's Assistant Administrator for Water concerning the proposed Ware Creek water supply impoundment in James City County, Virginia pursuant to Section 404(c) of the Clean Water Act.

Defendants oppose PLP's request to take judicial notice of the foregoing exhibits as legislative facts, as such notice is unnecessary and inappropriate at best and misleading at worst. To the extent PLP alternatively seeks judicial notice of these exhibits as adjudicative facts, Defendants further oppose judicial notice of Exhibits A, B, F, G, H, I, J, K, and L. Because

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.* (Lead Case) (Consolidated)
Defendants' Response Opposing PLP's Motion for Judicial Notice

Case No. 3:24-cv-00059-SLG

3

Case 3:24-cv-00059-SLG   Document 196   Filed 12/01/25   Page 3 of 14

judicial notice of these exhibits is improper, PLP's motion amounts to a motion to supplement the administrative record that does not meet any of the four narrow exceptions to admit extra-record evidence. In support of the foregoing, Defendants submit as follows:

## LEGAL STANDARD

1. Federal Rule of Evidence 201 governs judicial notice and applies only to adjudicative facts, not legislative facts. Fed. R. Evid. 201(a).

2. Adjudicative facts are the facts concerning the "who, what, where, when, and how" of the particular case. *See* Fed. R. Evid. 201 advisory committee notes to 1972 Proposed Rules. Subject to relevance concerns, Rule 201 permits judicial notice of such a fact only if it is "not subject to reasonable dispute because it" either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010) (denying request for judicial notice for materials not relevant to the disposition of the appeal); *Oregon Wild v. United States Forest Serv.*, No. 23-35579, 2024 WL 4286965, at *3 (9th Cir. Sept. 25, 2024) ("[W]e have repeatedly denied requests for judicial notice for lack of relevance."). Thus, judicial notice functions as a narrow exception to the normal requirement of proof where the fact is relevant and not subject to reasonable dispute.

3. Legislative facts, by contrast, "are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." Fed. R. Evid. 201 advisory committee notes to 1972 Proposed Rules; *see also Marshall v. Sawyer*, 365 F.2d 105, 111 (9th Cir. 1966) ("Legislative facts . . . are general facts which help the tribunal decide questions of law, policy, and discretion."). As a general matter, because courts are always free to consult legislative facts,

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.* (Lead Case) (Consolidated)
Defendants' Response Opposing PLP's Motion for Judicial Notice

Case No. 3:24-cv-00059-SLG

4

Case 3:24-cv-00059-SLG    Document 196    Filed 12/01/25    Page 4 of 14

judicial notice of a legislative fact is unnecessary and inappropriate. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citing *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002)); *see also United States v. Zepeda*, 792 F.3d 1103, 1114 (9th Cir. 2015) (holding that whether a tribe is federally recognized is a question of law for the judge and that the court may consult judicially noticeable materials, such as the relevant Bureau of Indian Affairs list, in deciding that legal question). Thus, judicial notice plays a limited role and is not the mechanism by which courts consider legislative facts.

4. Lastly, courts reviewing an agency's decision are limited to the administrative record before the agency at the time of its decision. *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also Lands Council v. Powell*, 395 F.3d 1019, 1029-30 (9th Cir. 2005). However, courts may admit extra-record evidence: "(1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith." *Id.* at 1030 (cleaned up). These exceptions are to be narrowly construed and applied. *Id.*

## ARGUMENT

I. Defendants Oppose PLP's Request for Judicial Notice of Exhibits as Legislative Facts

5. The Court should reject PLP's request to accord judicial notice to its proffered exhibits as legislative facts. Whether a fact is adjudicative or legislative depends on how it is used. *Toth*, 306 F.3d at 349. The two cases PLP cites as examples of courts taking judicial notice of legislative facts actually involved materials that, while typically considered "legislative facts," were treated by the court as adjudicative facts to resolve case-specific issues. In *Cook Inletkeeper v. Raimondo*, this Court took judicial notice of a Letter of Authorization as an

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.* (Lead Case) (Consolidated)
Defendants' Response Opposing PLP's Motion for Judicial Notice

Case No. 3:24-cv-00059-SLG

5

Case 3:24-cv-00059-SLG     Document 196     Filed 12/01/25     Page 5 of 14

adjudicative fact to help resolve a factual issue in that case. 533 F. Supp. 3d 739, 747 n.24 (D. Alaska 2021) ("it does not appear that either of the Letters of Authorization granted so far have authorized the Granite Point tug operations."). To further substantiate the point, in taking judicial notice of the Letter of Authorization, this Court expressly cited Rule 201, which applies only to adjudicative facts. *Id.* Similarly, in *City of Las Vegas, Nev. v. FAA*, the Ninth Circuit took judicial notice of a waiver solely for the undisputed fact of its issuance date. 570 F.3d 1109, 1113 n.1 (9th Cir. 2009). Again, in taking judicial notice of the waiver, the Ninth Circuit expressly cited Rule 201. *Id.*

6. The Ninth Circuit has made clear that courts should decline to take judicial notice of legislative facts because doing so is unnecessary. *See Von Saher*, 592 F.3d at 960 (declining to take judicial notice of "two Presidential Commission reports, a military order . . . and a memorandum prepared by a State Department committee" because "[j]udicial notice of legislative facts such as these is unnecessary."). By asking the Court to do the opposite, PLP's Motion only invites confusion about the standard for and the effects of judicial notice. Consider, for example, Exhibit F, which is the United States Army Corps of Engineers Pacific Ocean Division Administrative Appeal Decision for PLP's appeal of the Corps' 2020 Record of Decision, which denied PLP's permit application. There is no legislative "fact" for the Court to judicially notice here because legislative facts are not the rulings or decisions themselves. Fed. R. Evid. 201 advisory committee notes to 1972 Proposed Rules (stating that legislative facts are those "facts" "which have relevance to legal reasoning . . . in the formulation of a legal principle or ruling by a judge or court[.]"); *see also Marshall*, 365 F.2d at 111 ("Legislative facts . . . are general facts which help the tribunal decide questions of law, policy, and discretion."). The only judicial notice this Court could take with respect to the Administrative Appeal Decision is the

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.* (Lead Case) (Consolidated)
Defendants' Response Opposing PLP's Motion for Judicial Notice

Case No. 3:24-cv-00059-SLG

6

Case 3:24-cv-00059-SLG   Document 196   Filed 12/01/25   Page 6 of 14

existence of that ruling as an adjudicative fact. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-690 (9th Cir. 2001). The same is true of the rulings and decisions that appear as Exhibits G, J, K, and L. PLP's attempt to have its exhibits judicially noticed as legislative facts suggests an unwarranted level of certainty and unnecessarily risks treating prior factual findings or narratives as indisputable truths in this case. *See id.*; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Therefore, PLP's request for judicial notice of any of the exhibits as legislative facts should be denied, as such notice is unnecessary and inappropriate at best, and misleading at worst. *See, e.g.*, *Carey v. J.A.K.'s Puppies, Inc.*, 763 F. Supp. 3d 952, 972 (C.D. Cal. 2025) (denying motion to take judicial notice of legislative facts).

II. Defendants Oppose PLP's Request for Judicial Notice of Exhibits A, B, F, G, H, I, J, K, and L as Adjudicative Facts

7. To the extent PLP alternatively seeks judicial notice of the exhibits as adjudicative facts, Defendants further oppose judicial notice of Exhibits A, B, F, G, H, I, J, K, and L.

8. **Exhibit A** is an excerpt from the 2025 Mineral Commodity Summaries, Version 1.2, published by the United States Geological Survey. **Exhibit H** is an excerpt from the United States Geological Survey's September 2025 Mineral Industry Surveys. And **Exhibit I** is the 2025 Draft List of Critical Minerals, published at 90 Fed. Reg. 41591 on August 26, 2025. PLP requests that this Court take judicial notice of the facts regarding copper, molybdenum, and rhenium in Exhibit A, the copper market prices in Exhibit H, and the existence of Exhibit I. Motion ¶¶ 8, 15, 16, Doc. 171. Defendants oppose PLP's request for judicial notice of Exhibits A, H, and I as adjudicative facts. These exhibits postdate the issuance of the challenged final action in this case, the U.S. Environmental Protection Agency's ("EPA's") "Final Determination

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.*
(Lead Case) (Consolidated)
Defendants' Response Opposing PLP's Motion for
Judicial Notice

Case No. 3:24-cv-00059-SLG

7

Case 3:24-cv-00059-SLG   Document 196   Filed 12/01/25   Page 7 of 14

to Prohibit the Specification of and Restrict the Use for Specification of Certain Waters Within Defined Areas as Disposal Sites; Pebble Deposit Area, Southwest Alaska," 88 Fed. Reg. 7,441 (Feb. 3, 2023) ("Final Determination"). Because these exhibits were not before EPA at the time of its decision, they played no role, nor could they, in its decision-making and are irrelevant here. *See Chamber of Com. of United States v. California Air Res. Bd.*, 763 F. Supp. 3d 1005, 1015 (C.D. Cal. 2025) (denying judicial notice of documents the court did not rely on to reach its conclusions); *Triumvirate, LLC v. Bernhardt*, 367 F. Supp. 3d 1011, 1028 (D. Alaska 2019) (refusing to take judicial notice of six newspaper articles not relied upon in NEPA case). Moreover, the data PLP cites are irrelevant to the disposition of the record-review Administrative Procedure Act claims in this case, and PLP offers no explanation of their relevance. *See Cuellar*, 596 F.3d at 512; *Oregon Wild*, No. 23-35579, 2024 WL 4286965, at *3. The cases PLP cites in support of its request involved records and data that predated the litigation. In *Santander Consumer USA Inc. v. Drive.Car LLC*, the judicially noticed records predated the lawsuit and were directly relevant to whether plaintiffs failed to show ownership of the disputed trademark. No. 3:23-CV-00288-SLG, 2024 WL 3889087, at *1 (D. Alaska Aug. 20, 2024). Likewise, in *Tampa Electric Co. v. Nashville Coal Co.*, the judicially noticed data predated both the contract at issue and the events giving rise to the lawsuit. 365 U.S. 320, 332 (1961). Additionally, PLP cites *Daniels-Hall v. National Education Association* in support, but that case involved information on websites that predated the litigation and, thus, is inapposite here. 629 F.3d 992, 998–99 (9th Cir. 2010). In addition, PLP only cites Exhibits A, H, and I in its inappropriate Statement of Undisputed Material Facts, Doc. 173, which Defendants intend to oppose. If the Court strikes the Statement, then Exhibits A, H, and I would be left without any purpose and entirely irrelevant. In the alternative, if the Court decides to take judicial notice of Exhibits A,

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.* (Lead Case) (Consolidated)
Defendants' Response Opposing PLP's Motion for Judicial Notice

Case No. 3:24-cv-00059-SLG

8

Case 3:24-cv-00059-SLG    Document 196    Filed 12/01/25    Page 8 of 14

H, and I as adjudicative facts, it should find that Exhibits A, H, and I, are irrelevant and do not alter the Court's analysis in this case. *See Lotus Vaping Techs., LLC v. U.S. FDA*, 73 F.4th 657, 677 (9th Cir. 2023).

9. **Exhibit B** is an excerpt from the National Wetlands Inventory Code Definitions from the U.S. Fish and Wildlife Service (the "Code Definitions"). "PLP requests that the court take judicial notice that shorthand codes from the National Wetlands Inventory Code are defined to have the meanings set forth in this document." Motion ¶ 9, Doc. 171. Defendants oppose PLP's request for judicial notice of Exhibit B as an adjudicative fact. Although Defendants dispute how PLP uses the Code Definitions, Defendants do not dispute the accuracy of the Code Definitions in Exhibit B. Nonetheless, PLP may cite to the Code Definitions in its briefing without invoking judicial notice, and Defendants would not object to PLP doing so. Therefore, judicial notice here is unnecessary and, in this context, unnecessarily risks suggesting that the Code Definitions carry broader factual or legal significance that they do not. *See e.g.*, *Khoja*, 899 F.3d at 999. Accordingly, the Court should decline to take judicial notice here because it is unnecessary and would misleadingly elevate the Code Definitions beyond their limited use.

10. **Exhibit F** is the Administrative Appeal Decision in PLP's appeal of the Corps' denial of PLP's permit request number POA-2017-00271, and **Exhibit G** is the Corps' 2024 Record of Decision regarding that permit application. PLP requests that this Court take judicial notice of the fact that both these documents exist and reflect a final decision on PLP's appeal. Motion ¶¶ 13, 14, Doc. 171. Defendants oppose PLP's request for judicial notice of Exhibits F and G as adjudicative facts. Although Defendants do not dispute the accuracy of Exhibits F and G, these documents do not "reflect a final decision on PLP's appeal." Exhibit F remanded the permit decision back to the Alaska District Engineer for further analysis and documentation in

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.*  
(Lead Case) (Consolidated)  
Defendants' Response Opposing PLP's Motion for  
Judicial Notice

Case No. 3:24-cv-00059-SLG

9

Case 3:24-cv-00059-SLG     Document 196     Filed 12/01/25     Page 9 of 14

accordance with 33 C.F.R. § 331.10(b). Ex. F at page 80 of 82, Doc. 171-8. The Corps then denied PLP's permit application *without prejudice* based solely on the Final Determination and without addressing the issues that were remanded for reconsideration. Ex. G at page 8 of 15, Doc. 171-9. In addition, both documents postdate the issuance of EPA's Final Determination. Because Exhibits F and G were not before EPA at the time of EPA's decision, they played no role in its decision-making and are therefore irrelevant here. *See Chamber of Com. of United States*, 763 F. Supp. 3d at 1015; *Triumvirate, LLC*, 367 F. Supp. 3d at 1028. Moreover, Exhibit G is part of the Corps' decision-making record, not EPA's, USACE 0000783-796, and prior to the abeyance in this case, PLP filed a motion to supplement the Corps' record—not EPA's—with, among other things, Exhibit F. *See* Doc. 128 at 4. However, PLP never sought to supplement EPA's record with either document when negotiating the scope of this case with the government. *See Rowland v. U.S. Dep't of Lab.*, 470 F. App'x 692, 693 (9th Cir. 2012) (holding that judicial notice is unnecessary because respondents already included the necessary parts of the administrative record). The United States is defending the Final Determination based on EPA's separate administrative record and the Court should not allow PLP to blur the distinction between the two agency records and muddy the issues before it. *See* Order re Mot. to Amend and Suppl. Compl. at 11, Doc. 90 (concluding that the inclusion of two records is not likely to create unnecessary confusion); *see also City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) (declining to take judicial notice of materials that could have no legal significance in the case). In sum, these documents are irrelevant to the Court's disposition of this case, which is based on EPA's record. *See Cuellar*, 596 F.3d at 512; *Oregon Wild*, No. 23-35579, 2024 WL 4286965, at *3. In the alternative, if the Court decides to take judicial notice of Exhibits F and G as adjudicative facts, it should find that Exhibits F and G are irrelevant and do

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.* (Lead Case) (Consolidated)
Defendants' Response Opposing PLP's Motion for Judicial Notice

Case No. 3:24-cv-00059-SLG

10

Case 3:24-cv-00059-SLG    Document 196    Filed 12/01/25    Page 10 of 14

not alter the Court's analysis in this case. *See Lotus Vaping Techs., LLC*, 73 F.4th at 677.

11. **Exhibits J, K, and L** are prior final determinations that EPA issued pursuant to Section 404(c) of the Clean Water Act. PLP asks this Court to take judicial notice of each document "and that it made the statements recounted therein." Motion ¶¶ 17-19, Doc. 171. Defendants oppose PLP's request for judicial notice of Exhibits J, K, and L as adjudicative facts. Although Defendants dispute how PLP uses these prior final determinations, Defendants do not dispute the accuracy of Exhibits J, K, and L. Nonetheless, PLP may cite to these prior final determinations in its briefing without invoking judicial notice, and Defendants would not object to PLP doing so. Indeed, the State of Alaska did precisely that in its opening brief. *See* Doc. 167 at 30-31. But PLP goes further and seeks judicial notice, which risks treating prior factual findings or policy judgments from different records as indisputable truths in this case. *See Lee*, 250 F.3d at 689-690 and *Khoja*, 899 F.3d at 999. Therefore, these prior agency decisions carry a heightened risk of being misleadingly used as binding precedent or factual determinations if judicially noticed as adjudicative facts. *See e.g.*, *Khoja*, 899 F.3d at 999. Accordingly, the Court should decline to take judicial notice here because it is unnecessary and misleading.

III. <u>PLP's Motion Fails the Standard to Supplement the Record</u>

12. PLP's motion effectively seeks to supplement the record for judicial review of EPA's Final Determination but fails to meet the standard for supplementation. As noted, courts generally need not and, therefore, do not take judicial notice of legislative facts. *Von Saher*, 592 F.3d at 960. Judicial notice of Exhibits A, F, G, H, and I as adjudicative facts is likewise improper because they postdate the Final Determination and are therefore irrelevant to this Court's review, which must be confined to EPA's record at the time of that decision. *See Lands Council*, 395 F.3d at 1029-30; *Cuellar*, 596 F.3d at 512; *Oregon Wild*, No. 23-35579, 2024 WL

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.*
(Lead Case) (Consolidated)
Defendants' Response Opposing PLP's Motion for Judicial Notice

Case No. 3:24-cv-00059-SLG

11

Case 3:24-cv-00059-SLG     Document 196     Filed 12/01/25     Page 11 of 14

4286965, at *3; *Chamber of Com. of United States*, 763 F. Supp. 3d at 1015; *Triumvirate, LLC*, 367 F. Supp. 3d at 1028. Exhibits B, J, K, and L, meanwhile, can be cited without judicial notice, rendering notice unnecessary and creating only the risk of treating prior factual findings or policy judgments from different records as indisputable truths in this case, contrary to Ninth Circuit cautions about the proper limits of judicial notice. *See Lee*, 250 F.3d at 689-690 and *Khoja*, 899 F.3d at 999. In light of the foregoing, PLP's motion largely amounts to an attempt to supplement the record. However, because none of the four narrow exceptions permitting extra-record evidence applies in this case, and PLP does not argue that any does, the proffered exhibits should not be smuggled into the record under the pretext of judicial notice. *See Lands Council*, 395 F.3d at 1030.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court decline to take judicial notice of any of the proffered exhibits as legislative facts. Defendants further request that the Court deny judicial notice of Exhibits A, B, F, G, H, I, J, K, and L as adjudicative facts. Defendants also request that this Court deny PLP's motion insofar as it seeks to supplement the record, as it fails to properly meet the standard for admitting extra-record evidence. In the alternative, if the Court decides to take judicial notice of these exhibits as adjudicative facts, Defendants request that the Court find them irrelevant to APA record review and without effect on the Court's analysis in this case.

Dated: December 1, 2025.    Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.*  Case No. 3:24-cv-00059-SLG
(Lead Case) (Consolidated)
Defendants' Response Opposing PLP's Motion for
Judicial Notice

12

Case 3:24-cv-00059-SLG    Document 196    Filed 12/01/25    Page 12 of 14

MICHAEL J. HEYMAN
United States Attorney
District of Alaska

*/s/ Mario A. Luna*

LAURA J. BROWN
MARIO A. LUNA
United States Department of Justice - ENRD
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-3376 (Brown)
(202) 532-3357 (Luna)
laura.j.s.brown@usdoj.gov
mario.luna@usdoj.gov

*Attorneys for the United States*

Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al. (Lead Case) (Consolidated)
Defendants' Response Opposing PLP's Motion for Judicial Notice

Case No. 3:24-cv-00059-SLG
13

Case 3:24-cv-00059-SLG     Document 196     Filed 12/01/25     Page 13 of 14

# CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2025, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

/s/ Mario A. Luna
Mario A. Luna

Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al. (Lead Case) (Consolidated)
Defendants' Response Opposing PLP's Motion for Judicial Notice

Case No. 3:24-cv-00059-SLG
14

Case 3:24-cv-00059-SLG   Document 196   Filed 12/01/25   Page 14 of 14