STEPHEN J. COX
ATTORNEY GENERAL
Ronald W. Opsahl (Alaska Bar No. 2108081)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: ron.opsahl@alaska.gov

J. Michael Connolly (*pro hac vice*)
Gilbert C. Dickey (*pro hac vice*)
Steven C. Begakis (*pro hac vice*)
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: (703) 243-9423
mike@consovoymccarthy.com
gilbert@consovoymccarthy.com
steven@consovoymccarthy.com

*Attorneys for the State of Alaska*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| NORTHERN DYNASTY MINERALS LTD., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:24-cv-59-SLG |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | ) ) ) | CONSOLIDATED |
| Defendants, | ) ) | LEAD CASE |
| and | ) ) | |
| UNITED TRIBES OF BRISTOL BAY, *et al.*, | ) ) ) | |
| Intervenor-Defendants. | ) ) | |

| | |
|---|---|
| STATE OF ALASKA, <br>     *Plaintiff*, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br>     *Defendant*, <br><br> and <br><br> TROUT UNLIMITED, *et al.*, <br>     *Intervenor-Defendants.* | Case No. 3:24-cv-84-SLG <br><br> CONSOLIDATED |
| ILIAMNA NATIVES LTD., *et al.*, <br>     *Plaintiffs*, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br>     *Defendants*, <br><br> and <br><br> BRISTOL BAY ECONOMIC DEVELOPMENT CORPORATION, *et al.*, <br>     *Intervenor-Defendants.* | Case No. 3:24-cv-132-SLG <br><br> CONSOLIDATED |

**STATE OF ALASKA'S REPLY IN SUPPORT OF ITS MOTION
FOR LEAVE TO FILE EXCESS PAGES**

*Northern Dynasty Minerals Ltd. v. EPA*            Case No.: 3:24-cv-59-SLG
State of Alaska's Reply in Support of its Motion for Leave to File Excess Pages
Case 3:24-cv-00059-SLG     Document 197     Filed 12/08/25     Page 2 of 7

The Court should grant the State's motion for leave to file excess pages. The EPA (like all the other parties) does not dispute that the State's modest request for nine additional pages is reasonable. The EPA's only complaint is that the State filed its motion for additional pages simultaneously with its opening brief. But the rules do not prohibit this simultaneous filing and the EPA cannot show any prejudice from the State's motion. Separately, the Court should deny as premature the EPA's request for more words and more time.

## BACKGROUND

On September 30, 2025, three days before its brief was due, the State of Alaska notified all parties that it intended to file a motion for an extension of pages because its brief was approximately 44 pages, which would be nine pages overlength.[1] The plaintiffs in the other cases and all of the Defendant-Intervenors did not oppose the motion.[2] The EPA declined to take a position on the motion, stating that it was "reserv[ing] [its] position" until after the State filed its motion.[3] The State filed a 44-page brief on October 3.[4] PLP also filed its brief and a motion for an overlength brief on October 3.[5]

On December 1, the EPA filed an opposition, arguing that the State's and PLP's motions should be denied or, alternatively, that the Court should allow the EPA to file a

---

[1] Dkt. 195-2 at 6.
[2] Dkt. 168 at 3.
[3] *Id.*
[4] Dkt. 167. The EPA incorrectly asserts that the State filed "an approximately 12,850-word" brief. Dkt. 195 at 3. The State's brief was 12,187 words.
[5] Dkts. 170, 172-1.

*Northern Dynasty Minerals Ltd. v. EPA*             Case No.: 3:24-cv-59-SLG
State of Alaska's Reply in Support of its Motion for Leave to File Excess Pages
Case 3:24-cv-00059-SLG     Document 197     Filed 12/08/25     Page 3 of 7

consolidated brief of 42,850 words and extend its deadline by two weeks, from February 17 to March 3.[6]

**ARGUMENT**

The Court should grant the State's motion for an overlength brief. As the State previously explained, its request for nine additional pages is reasonable "given the complexity and significance of the legal issues presented, the substantial size of the administrative record (which covers more than 512,000 pages), the extensive regulatory history leading up to the final agency action, and the profound importance of the case to the State and the people of Alaska."[7] The EPA does not dispute that these reasons justify the State's request for an additional nine pages. Indeed, as the Defendant-Intervenors have recognized, the State made a "reasonable request to file an overlength brief."[8]

Instead, the EPA argues that the State's motion should be denied because the State did not "negotiat[e] an agreed upon proposed page or word limit with Defendants prior to the briefing deadline" and instead "filed [its] overlength opening brie[f] simultaneously with the motions for leave."[9] This argument makes little sense. The State reached out to all parties (including the EPA) three days in advance of its briefing deadline to ask for their position, which is how all the other parties consented.[10] Moreover, nothing in the rules prohibits parties from filing motions for an overlength brief simultaneously with the briefs. Indeed, parties in

---

[6] Dkt. 195 at 6.
[7] Dkt. 168 at 3.
[8] Dkt. 186 at 2 n.7.
[9] Dkt. 195 at 4.
[10] Dkt. 195-2 at 6.

*Northern Dynasty Minerals Ltd. v. EPA* Case No.: 3:24-cv-59-SLG
State of Alaska's Reply in Support of its Motion for Leave to File Excess Pages

this Court (including the United States) regularly file such motions.[11] And the only prejudice the EPA can identify is that it needed "to respond to the motions for leave at the same time as [it] respond[s] to the overlength opposition briefs," even though the EPA's brief is not due for months.[12] Simply put, there is no basis to deny the State's modest and reasonable request for an overlength brief.

The Court should also deny without prejudice the EPA's request for more words and more time as premature. The EPA should not ask for more words and more time until it knows that it needs it. The EPA's current filing deadline is February 17—two and a half months from now. And 42,850 words is an enormous brief and a length the EPA is unlikely to need.[13] Indeed, the EPA concedes that it is seeking these words preemptively "as a matter of fairness and in an abundance of caution."[14] The EPA should return to Court when it knows that it actually needs more words and time.

---

[11] *See, e.g.*, *United States v. Alaska*, 1:22-cv-54-SLG, Dkts. 21-22 (D. Alaska) (the United States moved, contemporaneous with the filing of a reply brief, to almost double their word limit from 2,750 words to 4,569 words).

[12] Dkt. 195 at 4, 7.

[13] The EPA frames its request as seeking "an additional 12,850 words." *Id.* at 6. The EPA appears to assume that its current type-volume limit is 30,000 words; however, none of the orders from this Court nor agreements of the parties have provided for a brief of this size. Likewise, Local Civil Rule 7.4 is silent as to type-volume or page limits of a response brief after case consolidation. Nonetheless, assuming the EPA were permitted to file three separate responses of up to 10,000 words each, given the overlap and efficiencies of case consolidation, it is unlikely that they would need a 30,000-word consolidated response to address the three opening briefs in these consolidated matters.

[14] Dkt. 195 at 6.

*Northern Dynasty Minerals Ltd. v. EPA*     Case No.: 3:24-cv-59-SLG
State of Alaska's Reply in Support of its Motion for Leave to File Excess Pages
Case 3:24-cv-00059-SLG     Document 197     Filed 12/08/25     Page 5 of 7

## CONCLUSION

For these reasons, the Court should grant the State's motion for leave to file excess pages and deny without prejudice the EPA's request for more words and more time.

DATED: December 8, 2025

Respectfully submitted,

By: /s/ J. Michael Connolly

J. Michael Connolly (*pro hac vice*)
Gilbert C. Dickey (*pro hac vice*)
Steven C. Begakis (*pro hac vice*)
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: (703) 243-9423
mike@consovoymccarthy.com
gilbert@consovoymccarthy.com
steven@consovoymccarthy.com

STEPHEN J. COX
ATTORNEY GENERAL
Ronald W. Opsahl
(Alaska Bar No. 2108081)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: ron.opsahl@alaska.gov

*Attorneys for the State of Alaska*

*Northern Dynasty Minerals Ltd. v. EPA*     Case No.: 3:24-cv-59-SLG
State of Alaska's Reply in Support of its Motion for Leave to File Excess Pages
Case 3:24-cv-00059-SLG   Document 197   Filed 12/08/25   Page 6 of 7

# CERTIFICATE OF SERVICE

I certify that on December 8, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, serving all counsel of record.

                                                    /s/ J. Michael Connolly
                                                    J. Michael Connolly

*Northern Dynasty Minerals Ltd. v. EPA*                                        Case No.: 3:24-cv-59-SLG
State of Alaska's Reply in Support of its Motion for Leave to File Excess Pages
Case 3:24-cv-00059-SLG    Document 197    Filed 12/08/25    Page 7 of 7