Keith Bradley, *pro hac vice*
ScheLeese Goudy, *pro hac vice*
SQUIRE PATTON BOGGS (US) LLP
717 17th Street, Suite 1825
Denver, CO 80202
(303) 830-1776
(303) 894-9239 (facsimile)
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

Jeffrey M. Walker, *pro hac vice*
Katherine E. Wenner, *pro hac vice*
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, OH 43215
(614) 365-2700
(614) 365-2499 (facsimile)
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

Thomas P. Amodio
Kevin M. Boots
REEVES AMODIO, LLC
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222-7100
(907) 222-7199 (facsimile)
tom@reevesamodio.com
kevin@reevesamodio.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> Defendants, <br><br> and <br><br> BRISTOL BAY NATIVE ASSOCIATE, INC., *et al.*, <br><br> Intervenor-Defendants, | Case No. 3:24-cv-00059-SLG <br><br> CONSOLIDATED <br><br> LEAD CASE |

REPLY IN SUPPORT OF PLP'S MOTION FOR AN OVERLENGTH BRIEF
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

Case 3:24-cv-00059-SLG    Document 198    Filed 12/08/25    Page 1 of 11

| | |
|---|---|
| STATE OF ALASKA, | |
| Plaintiff, | |
| v. | Case No. 3:24-cv-00084-SLG |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | CONSOLIDATED |
| Defendant, | |
| and | |
| TROUT UNLIMITED, *et al.*, | |
| Intervenor-Defendants, | |
| ILIAMNA NATIVES, LTD, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 3:24-cv-00132-SLG |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | CONSOLIDATED |
| Defendants, | |
| and | |
| BRISTOL BAY ECONOMIC DEVELOPMENT CORPORATION, *et al.*, | |
| Intervenor-Defendants, | |

## REPLY IN SUPPORT OF PLP'S MOTION FOR AN OVERLENGTH BRIEF

The plaintiffs (collectively "PLP") told the government in July, before the government asked for 120 days to respond to the summary-judgment motions, ECF 161, that PLP would be seeking leave for a double-length brief. *See* ECF 195-1, pp. 3-4 (recounting the history). PLP asked at that time to work out a comprehensive plan for brief lengths, and the government declined. *Id.* at 3. Then PLP told the Court, when PLP objected to the government's extremely protracted briefing schedule, that PLP would be asking for additional pages. ECF 164, p.4. PLP told the government again in mid-August that PLP would be requesting leave for a double-length brief. ECF 195, ¶6 ("Opp."). PLP asked again, in the ensuing discussion, whether the government wished to work out a comprehensive plan for brief lengths, and the government again declined. The government said it preferred to see the plaintiffs' briefs before assessing what length it would propose for its response. The government also informed PLP that the government would not consent to PLP's request for a double-length brief unless PLP agreed to extend the government's response deadline.

The government now objects to PLP's motion, ECF 170 ("Mot.")—in which PLP sought leave for exactly what it told the government months ago it would do—on grounds that by filing the motion for leave simultaneously with the proposed brief, PLP has "forc[ed] Defendants to respond to the motions for leave at the same time as they respond to the overlength opposition briefs." Opp. ¶5.[1] "At the same time" is perhaps poetic license; the

---

[1] The two reasons that the government's brief gives for opposing PLP's motion for extra words could not have been known to the government when, during conferral, it declined to consent to the motion. Whatever its reasons were at that time, it does not raise them in its opposition.

1

REPLY IN SUPPORT OF PLP'S MOTION FOR AN OVERLENGTH BRIEF
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

Case 3:24-cv-00059-SLG   Document 198   Filed 12/08/25   Page 3 of 11

government responded to the motions for leave on December 1, and its response to the summary-judgment motions is due on February 17, 2026, *see* Opp. ¶13.  Regardless, filing a motion for leave alongside the proposed overlength brief is common practice in this Court.[2] In *Kerr v. Borough of Petersburg*, the defendants filed a 90-page summary-judgment brief alongside a motion for leave—a motion that the plaintiff then opposed.  No. 23-8, ECF 75, 76 (D. Alaska Oct. 11, 2024); opposition at ECF 78 (Oct. 17, 2024); leave granted at ECF 81 (Oct. 28, 2024).  The Department of Justice itself has repeatedly handled its own requests for extra pages in that same way.  *E.g.*, *United States v. Alaska*, No. 22-54, ECF 21, 22 (D. Alaska June 14, 2022) (motion for extra pages filed alongside proposed brief); *Center for Biological Diversity v. BLM*, No. 23-61, ECF 148, 149 (D. Alaska Aug. 23, 2023) (motion for 55% excess filed alongside the proposed 15,245-word brief), leave granted at ECF 150 (Aug. 25, 2023).

The government's putative concern about conferral is misplaced.  PLP did confer with the government, and the government said it would oppose PLP's request for extra pages unless PLP agreed to a further extension of the government's already *three-month-long* response period. Opp. ¶6.  Meanwhile, this Court's rules do not require conferral on motions in general, *see* Local Civil Rule 7.1, so that the government's complaints about the way in which PLP

---

[2] For examples, see *Law Offices of Christy Lee, P.C. v. Rae*, No. 24-176, ECF 125, 128 (D. Alaska Apr. 14, 2025) (motion for 80% excess filed alongside the overlong brief), leave granted at ECF 185 (June 26, 2025); *Kronberger v. FWS*, No. 24-122, ECF 35, 36 (D. Alaska Apr. 29, 2025) (motion for 51% excess filed alongside the opening brief), leave granted at ECF 37 (May 2, 2025); *United Cook Inlet Drift Ass'n v. NMFS*, No. 24-116, ECF 45, 46 (D. Alaska Jan. 24, 2025) (motion for extra pages filed alongside the proposed brief), leave granted at ECF 48 (Jan. 29, 2025); *Great Divide Ins. Co. v. Vanstrom*, No. 22-218, ECF 74, 75 (D. Alaska Feb. 7, 2024) (motion for 60% excess filed alongside the proposed brief), leave granted at ECF 94 (Mar. 27, 2024); *United States v. Alaska*, No. 22-54, ECF 16, 17 (D. Alaska June 7, 2022) (motion for double-length brief opposing preliminary injunction, filed alongside the proposed brief), leave granted at ECF 28 (June 17, 2022).

2

REPLY IN SUPPORT OF PLP'S MOTION FOR AN OVERLENGTH BRIEF
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

Case 3:24-cv-00059-SLG     Document 198     Filed 12/08/25     Page 4 of 11

conferred would not be a basis for denying PLP's motion. Even when parties have not conferred (unlike PLP on this motion), the government has not, on past occasions, found that lack of conferral an obstacle to managing extra pages. In *United States v. Alaska*, cited above, the defendant filed a double-length brief alongside a motion for leave without, it appears, prior conferral with the government. No. 22-54, ECF 16 (motion without reporting any conferral). The Department of Justice, forced to respond to that motion alongside the brief itself, filed its own overlength brief, alongside a motion for leave to file an overlength brief, in which it informed the Court that the government did not oppose the defendant's double-length filing. No. 22-54, ECF 22.

The government's underlying position reveals its opposition to be hollow. The government's concern seems to be that filing its 8-page opposition to the extra-pages motion while working on the summary-judgment opposition is too burdensome. Opp. ¶10. The government's solution is to take an additional two weeks to prepare an opposition that would, in its proposal, grow by roughly 46 pages (12,850 additional words, assuming 275 words per page consistent with Local Civil Rule 7.4(a)). The government's evident ability to do that work is inconsistent with its complaint about having to oppose the extra-pages motion. (It did not have to oppose the motion; in *United States v. Alaska*, despite the lack of conferral, the government consented to the defendant's extra-pages motion after it was filed.)

To be clear, PLP has long told the government that PLP recognizes the government is responding to three plaintiff briefs, one of which (PLP's) may (if the Court permits) be double-length, and that PLP would consent to a reasonable length proposal when the government

3

REPLY IN SUPPORT OF PLP'S MOTION FOR AN OVERLENGTH BRIEF
NORTHERN DYNASTY MINERALS LTD. v. EPA
CASE NO. 3:24-CV-00059-SLG

Case 3:24-cv-00059-SLG    Document 198    Filed 12/08/25    Page 5 of 11

makes it.³ The government has not sought PLP's views on the particular concept of a 42,850-word response brief, and it has not moved for leave to file an overlong response brief.

If and when the government moves for a two-week extension, PLP would likely oppose that, because further unnecessary delay in this case is unreasonable. As things stand, briefing will be completed in this case two years after PLP filed its complaint. A substantial period was spent negotiating the administrative record, because EPA omitted significant amounts of material that should have been included. A further substantial period was spent on abeyances that the government requested so that new EPA leadership could review the case. The Court allowed the government a three-month period for responding to the summary-judgment briefs. And the case has lost another month and a half due to the lapse in appropriations.⁴ As PLP described previously, this delay is costly, in money, in lost time, and in lost opportunities for contracts. ECF 174-2. Stretching the summary-judgment schedule by another two weeks is unjustified.

Finally, the government says PLP has not shown "good cause" for its overlength brief. Opp. ¶8. The government cites no authority for its "good cause" standard. The Court's actual

---

³ PLP opposes the proposal by Trout Unlimited that it be allowed to file its own overlength brief, matching PLP plus Alaska on a percentage basis. The Court instructed the intervenors to "avoid duplication in their merits briefing," ECF 95, pp. 14-15; and the briefing schedule includes a two-week delay between EPA's response brief and the intervenors', precisely so that they can ensure they do not duplicate arguments already made by the government. The government will (if the Court grants the motions for extra length and accepts the government's proposal) be filing 42,850 words. Trout Unlimited cannot, at this point, know whether there will be anything left to say at all, much less that Trout Unlimited will need even more words than the Court already allowed it.

⁴ The intervenors were presumably not restricted from working during the shutdown. As things stand, even without the government's proposed extension, they will have five months to work on their opposition briefs.

4

REPLY IN SUPPORT OF PLP'S MOTION FOR AN OVERLENGTH BRIEF
NORTHERN DYNASTY MINERALS LTD. v. EPA
CASE NO. 3:24-CV-00059-SLG
Case 3:24-cv-00059-SLG    Document 198    Filed 12/08/25    Page 6 of 11

standard, as presented in the motion, is whether the claims can be "adequately addressed in a motion that complies with Local Civil Rule 7.4(a)." *Kerr*, No. 23-8, ECF 81, p.13, 2024 WL 4591184, *5 (D. Alaska Oct. 28, 2024) (allowing a 90-page summary-judgment brief). The government does not seriously contest PLP's showing that its claims cannot be adequately addressed in a shorter brief.

The government's sole argument to the contrary is that PLP's brief presents "novel legal issues that [PLP] did not raise in its First Amended Complaint." Opp. ¶8. The government identifies only one of these supposedly new issues, namely PLP's argument that Clean Water Act section 404(t) renders EPA's Veto unlawful. *Id.* That is not in fact new; the operative complaint alleges that section 404(c) "cannot authorize the EPA to override the State's regulatory preferences." ECF 91, ¶114. Even if the 404(t) argument were new, it is legitimately before the Court; "[w]here plaintiffs 'fail[] to raise [a claim] properly in their pleadings, ... [if] they raised it in their motion for summary judgment, they should [be] allowed to incorporate it by amendment under Fed. R. Civ. P. 15(b)." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (omission and all alterations, except first, in original). Regardless, the 404(t) argument accounts for 759 words, ECF 172-1, pp. 20-23, merely 3.8% of the total brief. Quarreling about the propriety of this argument cannot show the vast majority of PLP's presentation could have been adequately addressed in a shorter brief.

Two groups of intervenors—the Bristol Bay intervenors and Trout Unlimited— present their own arguments, in which the government does not join. ECF 186 ("TU Opp."). They criticize PLP for including too many lines of attack against the Veto. TU Opp. 3. That is no reason to deny the motion for extra words; to the contrary, raising "nine separate legal

5

theories and 15 different subarguments," *id.*, confirms PLP's need for an overlength brief. *Cf. Kerr*, 2024 WL 4591184, *5 (noting "the number of claims and their complexity" as the justification for a 90-page brief). The intervenors suggest PLP included irrelevant material attacking the USACE decision. TU Opp. 3. The only example they can find is a passage of 127 words. *Id.* at 3 n.12 (citing ECF 177, pp. 56-57). If intervenors truly believe that passage is worth striking as immaterial, they might move to strike it; and PLP will readily explain how it is pertinent to PLP's claims against the Veto. But a 127-word paragraph, is, again, a tiny proportion of the brief. The intervenors also say PLP's brief is repetitive. TU Opp. 3. They identify only two supposed repetitions. *Id.* at 3 n.11. One is that a particular *fact*, the number of salmon spawning near the proposed mine site, is relevant to multiple arguments. The other is that PLP's brief includes a summary paragraph on page 72 (of 259 words). These examples are not truly repetitive. Moreover, that the intervenors can find no better examples for the asserted redundancy suggests the brief is not so prolix as they claim.

All told, the materials that the government and the objecting intervenors highlight, taken all together (including the 404(t) discussion) amount to 1,145 words.[5] That these parties, dedicated to opposing PLP's request for an overlength brief, can find no more than that to criticize is confirmation that PLP does indeed need the full span of what it requested.

---

[5] The government and the objecting intervenors also say PLP's statement of undisputed material facts, ECF 172, is improper. PLP disagrees. At any rate, the government apparently plans to move to strike the statement of undisputed facts. At that point it will presumably inform the Court in more detail why it thinks the statement is improper, and PLP will respond appropriately.

6

REPLY IN SUPPORT OF PLP'S MOTION FOR AN OVERLENGTH BRIEF
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

Case 3:24-cv-00059-SLG    Document 198    Filed 12/08/25    Page 8 of 11

# CONCLUSION

PLP respectfully submits that its motion, and its summary-judgment brief, amply demonstrate that a double-length brief is warranted in this case because PLP cannot adequately present its claims in a shorter brief. PLP would consent to a reasonable expansion when the government files a motion presenting that request; and PLP notes that, upon seeing the collection of briefs to which it must respond, PLP will likely seek leave to file an extra-length reply brief. But PLP urges the Court not to extend the briefing schedule by even more time as the government proposes. Regarding Trout Unlimited's request for a word-for-word expansion of its response brief—a request that no other intervenor found necessary—PLP suggests that the parties, and the Court, wait to see what arguments remain to be raised, without redundancy, after the government files its response brief.

Dated December 8, 2025

/s/ *Keith Bradley*
Keith Bradley, *pro hac vice*
ScheLeese Goudy, *pro hac vice*
SQUIRE PATTON BOGGS (US) LLP
717 17th Street, Suite 1825
Denver, CO 80202
(303) 830-1776
(303) 894-9239 (facsimile)
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

Jeffrey M. Walker, *pro hac vice*
Katherine E. Wenner, *pro hac vice*
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, OH 43215
(614) 365-2700
(614) 365-2499 (facsimile)
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

7

REPLY IN SUPPORT OF PLP'S MOTION FOR AN OVERLENGTH BRIEF
NORTHERN DYNASTY MINERALS LTD. v. EPA
CASE NO. 3:24-CV-00059-SLG
Case 3:24-cv-00059-SLG    Document 198    Filed 12/08/25    Page 9 of 11

Thomas P. Amodio
Kevin M. Boots
REEVES AMODIO, LLC
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222-7100
(907) 222-7199 (facsimile)
tom@reevesamodio.com
kevin@reevesamodio.com

*Counsel for Plaintiffs Northern Dynasty Minerals Ltd
and Pebble Limited Partnership*

8

REPLY IN SUPPORT OF PLP'S MOTION FOR AN OVERLENGTH BRIEF
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG
Case 3:24-cv-00059-SLG     Document 198     Filed 12/08/25     Page 10 of 11

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2025, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:24-cv-00059-SLG who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Keith Bradley*
Keith Bradley

9

REPLY IN SUPPORT OF PLP'S MOTION FOR AN OVERLENGTH BRIEF
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG
Case 3:24-cv-00059-SLG   Document 198   Filed 12/08/25   Page 11 of 11