CHRISTOPHER MILLS (pro hac vice)
Spero Law LLC
557 East Bay St.
#22251
Charleston, SC 29413
(843) 606-040
cmills@spero.law
Counsel for *Amicus Curiae*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Northern Dynasty Minerals, Ltd., et al., *Plaintiffs*, v. U.S. Environmental Protection Agency, et al., *Defendants*, and United Tribes of Bristol Bay, et al., *Intervenor-Defendants*. | Civil Action No. 3:24-cv-59-SLG and consolidated cases CONSOLIDATED LEAD CASE |

**MOTION FOR LEAVE TO FILE BRIEF OF ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS AND VACATUR**

*Northern Dynasty Minerals Ltd. v. EPA*  Case No.: 3:24-cv-59-SLG
*Amicus* Brief of AIDEA
Case 3:24-cv-00059-SLG   Document 207   Filed 12/23/25   Page 1 of 7

The Alaska Industrial Development and Export Authority (AIDEA) respectfully moves for leave to file the accompanying *amicus curiae* brief in support of the State of Alaska's Opening Brief on Summary Judgment filed in the above case on Oct. 3, 2025 (Dkt. 167). Counsel for AIDEA contacted counsel of record for all parties to seek their consent to the filing of the proposed brief. Plaintiffs consent to this motion. Defendants and Intervenor-Defendants SalmonState, Alaska Community Action on Toxics, Alaska Wilderness League, Alaska Wildlife Alliance, Cook Inletkeeper, Friends of McNeil River, Kachemak Bay Conservation Society, National Parks Conservation Association, National Wildlife Federation, Sierra Club, The Alaska Center, Wild Salmon Center, Center for Biological Diversity, Earthworks, Friends of the Earth, and Natural Resources Defense Council take no position on this motion. Intervenor-Defendants Bristol Bay Economic Development Corporation and Bristol Bay Native Corporation oppose this motion.

1. AIDEA is a public corporation of the State of Alaska, constituting a political subdivision under its laws "but with separate and independent legal existence." Alaska Stat. § 44.88.020. The Alaska Legislature created AIDEA "to promote, develop, and advance the general prosperity and economic welfare of the people of the state, to relieve problems of unemployment, and to create additional employment." *Id.* § 44.88.070. AIDEA encourages economic growth and diversification in Alaska by providing means of financing and assistance to Alaska businesses, including through its Credit and Development Finance Programs. *See id.* § 44.88.080. Revenue

*Northern Dynasty Minerals Ltd. v. EPA*     Case No.: 3:24-cv-59-SLG
*Amicus* Brief of AIDEA                                                                1
Case 3:24-cv-00059-SLG     Document 207     Filed 12/23/25     Page 2 of 7

generated by AIDEA investments is allocated towards reinvestment in AIDEA programs, AIDEA projects, and dividends to the State's general fund.

AIDEA has a significant interest in this case, which implicates Alaska's economic development. AIDEA has an important role in developing Alaska's mineral deposits, offered to the residents of Alaska as part of a statehood compact. Unlike other state economic development corporations, AIDEA is set up to own or operate infrastructure projects tied to the development of state and natural resources that were granted to Alaska. It invests in, owns, or finances infrastructure development projects that pave the way for retrieving these natural resources, such as industrial roads and ports. *See id.* §§ 44.88.070, 44.88.172. This long-term infrastructure is needed for the growth and diversification of the Alaskan economy.

For example, AIDEA issued bonds and provided financial support for what is known as the Delong Mountain Transportation System, the route that allows the Red Dog Mine in Northwest Alaska to export its ore (primarily zinc) to market. Red Dog Mine is one of the largest zinc mines in the world and creates hundreds of good-paying jobs, many of which are filled by locals. AIDEA did not invest directly in the Red Dog Mine but provided the necessary infrastructure for the mine to operate economically, and AIDEA earns a return on that investment. The project has brought in billions in revenue for Alaska Native shareholders, the State, and schools and villages in the Northwest Arctic Borough.

In the same way, financing infrastructure needed to operate the proposed Pebble Mine, such as roads or power plants, would generate economic value for the

*Northern Dynasty Minerals Ltd. v. EPA*     Case No.: 3:24-cv-59-SLG
*Amicus* Brief of AIDEA                                              2
Case 3:24-cv-00059-SLG    Document 207    Filed 12/23/25    Page 3 of 7

State, create thousands of new jobs, and earn AIDEA a return on its investment in accord with its statutory directives. Depriving the State of its natural resource rights, on the other hand, destroys value, makes infrastructure development infeasible, depresses family-wage job creation, and financially harms AIDEA. Last, AIDEA has active projects on other state lands that could be affected by § 404(c) vetoes by the federal Environmental Protection Agency. Thus, the legality of EPA's veto is of significant concern.

2. AIDEA's proposed brief provides helpful additional argument on issues before the Court. As that brief explains, Alaska's creation as a new State was premised on a grant of land and mineral rights agreed to in a compact with Congress. Once these lands and mineral development rights were granted to the State, the federal government lost the right to interfere with them. The extensive history around that compact—detailed in AIDEA's brief—confirms that is how both Congress and Alaska understood it. Because Alaska validly selected the Pebble land here and obtained the rights over mineral deposits on that land via an irrevocable agreement, the federal government cannot renege on the deal by taking away those rights.

What's more, the federal government pledged decades ago in the Alaska National Interest Lands Conservation Act (ANILCA) that it would not withdraw any more lands from Alaska as federal preserves. Post-statehood, federal control and withdrawals of more lands to make new reserves was so out of balance with human use and resource development that Congress said "no more" and included language

*Northern Dynasty Minerals Ltd. v. EPA*  Case No.: 3:24-cv-59-SLG
*Amicus* Brief of AIDEA  3
Case 3:24-cv-00059-SLG   Document 207   Filed 12/23/25   Page 4 of 7

to that effect in ANILCA. *See* 16 U.S.C. §§ 3101(d), 3213. EPA's § 404(c) veto contradicts ANILCA by creating a new de facto federal reserve.

Last, drawing on AIDEA's expertise in economic development projects, the proposed brief explains that vacating the EPA's § 404(c) veto is important to Alaska's economic development and future.

3. Thus, the brief adds pertinent arguments on issues central to the proper resolution of this case. "[C]ourts should welcome amicus briefs for one simple reason: '[I]t is for the honour of a court of justice to avoid error in their judgments.'" *Lefebure v. D'Aquilla*, 15 F.4th 670, 675 (5th Cir. 2021). "No benefit would be served by depriving the [C]ourt of the opportunity to engage with" the arguments presented in this brief. *Id.* at 674. "[T]o the contrary, that would contradict the whole point of our adversarial legal system." *Id.*

As then-Judge Alito put it, "[i]f an *amicus* brief that turns out to be unhelpful is filed, the [Court], after studying the case," can "simply disregard" it. *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002). "On the other hand, if a good brief is rejected, the [Court] will be deprived of a resource that might have been of assistance." *Id.*; *see also Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999) ("[A] court is usually delighted to hear additional arguments from able amici that will help the court toward right answers.").

4. For these reasons, the Court should grant the motion and deem the accompanying brief filed.

*Northern Dynasty Minerals Ltd. v. EPA*                        Case No.: 3:24-cv-59-SLG
*Amicus* Brief of AIDEA                                                                           4
Case 3:24-cv-00059-SLG     Document 207     Filed 12/23/25     Page 5 of 7

Respectfully submitted,

*/s/ Christopher Mills*
CHRISTOPHER MILLS (pro hac vice)
Spero Law LLC
557 East Bay St.
#22251
Charleston, SC 29413
(843) 606-040
cmills@spero.law

DECEMBER 23, 2025

*Northern Dynasty Minerals Ltd. v. EPA*　　　　　　　　　　Case No.: 3:24-cv-59-SLG
*Amicus* Brief of AIDEA
5
Case 3:24-cv-00059-SLG    Document 207    Filed 12/23/25    Page 6 of 7

## CERTIFICATE OF SERVICE

I certify that on December 23, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, serving all counsel of record.

*/s/ Christopher Mills*
Christopher Mills

*Northern Dynasty Minerals Ltd. v. EPA*      Case No.: 3:24-cv-59-SLG
*Amicus* Brief of AIDEA      6
Case 3:24-cv-00059-SLG     Document 207     Filed 12/23/25     Page 7 of 7