# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

NORTHERN DYNASTY MINERALS, LTD., *et al.*,

       Plaintiffs,

    v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,

       Defendants,

    and

BRISTOL BAY NATIVE ASSOCIATION, INC., *et al.*,

       Intervenor-Defendants.

Case No. 3:24-cv-00059-SLG

CONSOLIDATED

LEAD CASE

---

STATE OF ALASKA,

       Plaintiff,

    v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

       Defendant,

    and

TROUT UNLIMITED, *et al.*,

       Intervenor-Defendants.

Case No. 3:24-cv-00084-SLG

CONSOLIDATED

ILIAMNA NATIVES, LTD, *et al.*,

      Plaintiffs,

    v.

ENVIRONMENTAL PROTECTION AGENCY, *et al.*,

      Defendants,

    and

BRISTOL BAY ECONOMIC DEVELOPMENT CORPORATION, *et al.*,

      Intervenor-Defendants.

Case No. 3:24-cv-00132-SLG

CONSOLIDATED

## ORDER ON JUDICIAL NOTICE

Before the Court at Docket 171 is Northern Dynasty Minerals Ltd.'s and Pebble Limited Partnership's (collectively, "PLP") Motion for Judicial Notice. Federal Defendants responded in partial opposition at Docket 196, to which PLP replied at Docket 199.

PLP asks the Court to take judicial notice of the following twelve exhibits:[1]

**Exhibit A** is an excerpt of the 2025 Mineral Commodity Summaries, Version 1.2 published by the United States Geological Survey ("USGS");

**Exhibit B** is an excerpt from a government publication, the National Wetlands Inventory Code Definitions from the U.S. Fish and Wildlife Service ("FWS");

---

[1] Docket 171 at 5-8.

**Exhibit C** is a copy of the patent conveying Seward Meridian, Township 003S, Range 035W ("S3SR35W");

**Exhibit D** is a copy of the patent conveying Seward Meridian, Township 003S, Range 036W ("S3SR36W");

**Exhibit E** is a copy of the patent conveying Seward Meridian, Township 004S, Range 036W ("S4SR36W");

**Exhibit F** is a copy of the Administrative Appeal Decision in PLP's appeal of the Army Corps' denial of PLP's permit request number POA-2017-00271;

**Exhibit G** is a copy of the Record of Decision dated April 15, 2024 regarding PLP's permit application, following the appeal referenced above in Exhibit F;

**Exhibit H** is an excerpt of the USGS's September 2025 Mineral Industry Surveys;

**Exhibit I** is a copy of the USGS's 2025 Draft List of Critical Minerals, published at 90 Fed. Reg. 41591 on August 26, 2025;

**Exhibit J** is a copy of the United States Environmental Protection Agency's ("EPA") Final Determination of the Assistant Administrator cornering the Section 404(c) veto in Attleboro, Massachusetts;

**Exhibit K** is a copy of the EPA's Final Determination of the Administrator cornering the Section 404(c) veto in Mobile, Alabama; and

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals, LTD., et al. v. U.S. EPA, et.al.* (Lead Case) (Consolidated)
Order on Judicial Notice
Page 3 of 6

Case 3:24-cv-00059-SLG    Document 214    Filed 02/17/26    Page 3 of 6

**Exhibit L** is a copy of the EPA's Final Determination of the Assistant Administrator cornering the Section 404(c) veto in James City County, Virginia.

Based on the Court's review of the parties' submissions, the Court finds as follows:

**Exhibits A, H, and I.** It is undisputed that these are all USGS documents. But Federal Defendants oppose judicially noticing these documents because they all postdate EPA's Final Determination in this case, and as such, "they played no role, nor could they, in [the agency's] decision-making and are irrelevant here."[2]

Rule 201(b) of the Federal Rules of Evidence provides that a court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Federal Defendants do not question the accuracy of the USGS documents. But the Court agrees with Federal Defendants that taking judicial notice of these 2025 documents is unnecessary and unwarranted when the Court here is tasked with determining whether the EPA's decision in 2023 violated the Administrative Procedure Act.[3] Accordingly, PLP's motion for the Court to judicially notice these materials is DENIED.

---

[2] Docket 196 at 8.

[3] *Cf. Cuellar v. Joyce*, 596 F.3d 505, 511(9th Cir. 2010) (denying judicial notice of materials not relevant to the disposition of the appeal).

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals, LTD., et al. v. U.S. EPA, et.al.*
(Lead Case) (Consolidated)
Order on Judicial Notice
Page 4 of 6

Case 3:24-cv-00059-SLG    Document 214    Filed 02/17/26    Page 4 of 6

**Exhibits B.** The parties agree that PLP can cite to this document in its briefing. The Court will take notice, whether termed judicial notice or not, that the wetlands codes in the administrative record have the meanings set forth in Exhibit B.

**Exhibits C, D, and E.** Federal Defendants raise no objection to the Court taking judicial notice in an adjudicative manner, of the facts that PLP invoked from these documents. Therefore, the Court GRANTS PLP's motion with respect to these public land records.

**Exhibits F and G.** Federal Defendants assert that the Army Corps of Engineers' determinations post-date the EPA's determination under review, and therefore the Court should not take judicial notice of them. But here, the Court agrees with PLP that courts "routinely take notice of the existence of agency decisions postdating the decisions under review."[4] To the extent judicial notice of these determinations is even necessary, PLP's motion is GRANTED with respect to these exhibits. The Court will rely on counsel for all parties not to "blur the distinction" or "muddy the waters" between the EPA's determination under review here and the Corps' subsequent determinations.[5]

---

[4] Docket 199 at 8 (citations omitted).

[5] Docket 196 at 10.

**Exhibits J, K, and L.** These documents are previous 404(c) decisions by the EPA. Federal Defendants do not object to PLP citing to these prior final determinations in its briefing without invoking judicial notice. The Court finds it unnecessary to take judicial notice of these documents, but the Court does intend to review the documents and give appropriate consideration to what EPA decided to do in those previous cases.

For the foregoing reasons, PLP's Motion for Judicial Notice at Docket 171 is GRANTED in part and DENIED in part as set forth above.

DATED this 17th day of February 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals, LTD., et al. v. U.S. EPA, et.al.*
(Lead Case) (Consolidated)
Order on Judicial Notice
Page 6 of 6

Case 3:24-cv-00059-SLG     Document 214     Filed 02/17/26     Page 6 of 6