Keith Bradley, *pro hac vice*
ScheLeese Goudy, *pro hac vice*
SQUIRE PATTON BOGGS (US) LLP
717 17th Street, Suite 1825
Denver, CO 80202
(303) 830-1776
(303) 894-9239 (facsimile)
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

Thomas P. Amodio
Kevin M. Boots
REEVES AMODIO, LLC
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222-7100
(907) 222-7199 (facsimile)
tom@reevesamodio.com
kevin@reevesamodio.com

Jeffrey M. Walker, *pro hac vice*
Katherine E. Wenner, *pro hac vice*
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, OH 43215
(614) 365-2700
(614) 365-2499 (facsimile)
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> Defendants, <br><br> and <br><br> BRISTOL BAY NATIVE ASSOCIATE, INC., *et al.*, <br><br> Intervenor-Defendants, | Case No. 3:24-cv-00059-SLG <br><br> CONSOLIDATED <br><br> LEAD CASE |

PLAINTIFFS' MOTION TO LIFT EPA'S DESIGNATIONS OF CERTAIN MATERIALS AS SUBJECT TO PROTECTIVE ORDER
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

1

Case 3:24-cv-00059-SLG    Document 221    Filed 03/27/26    Page 1 of 16

STATE OF ALASKA,

       Plaintiff,

       v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

       Defendant,

       and

TROUT UNLIMITED, *et al.*,

       Intervenor-Defendants,

Case No. 3:24-cv-00084-SLG

CONSOLIDATED

---

ILIAMNA NATIVES, LTD, *et al.*,

       Plaintiffs,

       v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, *et al.*,

       Defendants,

       and

BRISTOL BAY ECONOMIC
DEVELOPMENT CORPORATION, *et al.*,

       Intervenor-Defendants,

Case No. 3:24-cv-00132-SLG

CONSOLIDATED

---

## PLAINTIFFS' MOTION TO LIFT EPA'S DESIGNATIONS OF CERTAIN MATERIALS AS SUBJECT TO PROTECTIVE ORDER

PLAINTIFFS' MOTION TO LIFT EPA'S DESIGNATIONS OF CERTAIN MATERIALS AS SUBJECT TO PROTECTIVE ORDER
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

2

Case 3:24-cv-00059-SLG    Document 221    Filed 03/27/26    Page 2 of 16

Plaintiffs Northern Dynasty Minerals LTD and Pebble Limited Partnership (together, "PLP" or "Plaintiffs") respectfully ask the Court to lift EPA's designations of certain materials as subject to protection under the Court's order, ECF 86 ("Protective Order"). The materials for which Plaintiffs seek relief are publicly available information, much of it published in scholarly journals, for which the only apparent basis for EPA's designation of protection is that the materials are copyrighted. Yet, by virtue of EPA's designation, Plaintiffs are constrained by this Court's order from discussing the materials, much less disseminating them, to a degree far more stringent than copyright law itself might require. And Plaintiffs are also obligated, by operation of this Court's order, to ask the Court to seal these materials when they file the joint appendix, even though there is no legitimate basis for such sealing. At bottom, EPA's protection of materials solely on the basis of copyright is erroneous and improper. In more detail:

1. Before EPA provided the administrative record in this proceeding, it asked Plaintiffs to consent to the use of a protective order for certain portions of the administrative record. EPA and PLP then jointly moved the Court for entry of a protective order (ECF No. 85), and the Court granted that motion on July 30, 2024 (ECF No. 86, the "Protective Order"). Alaska opposed the use of a protective order. In the case filed by the State, EPA moved for the use of a protective order; and the State filed an opposition to that motion. No. 24-84, ECF 50, 54.[1]

---

[1] These events occurred before the Court consolidated the cases under docket number 24-59.

PLAINTIFFS' MOTION TO LIFT EPA'S DESIGNATIONS OF CERTAIN MATERIALS AS SUBJECT TO PROTECTIVE ORDER
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

3

Case 3:24-cv-00059-SLG    Document 221    Filed 03/27/26    Page 3 of 16

2. The Court granted EPA's opposed motion, because the Court reasoned that a protective order would minimize the risk of EPA facing copyright litigation; because "the public has only a limited interest in access to the *entire* administrative record"; and because a blanket order reduces the burden on EPA to provide a particularized justification for each document. ECF 78, pp. 6, 8–9. At the same time, the Court noted that the Protective Order "is 'inherently subject to challenge and modification' with respect to individual documents." *Id.* at 9 (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.–N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999)).

3. This Motion presents such a challenge.

4. Consistent with *San Jose Mercury News*, the Protective Order states that the Order itself, and EPA's designation of a document under it, "does not constitute and shall not be interpreted as a concession or agreement by any party that any of the materials in the administrative record are, in fact, protected from disclosure by the Copyright Act." Protective Order, ¶ 2.a.

5. Plaintiffs have not yet submitted to the Court any materials from the administrative record. Under the Court's rules, there will be a joint appendix of materials invoked by all parties, submitted after the final brief. Local Civ. R. 16.3(b)(1)(B). But it is clear already that the joint appendix, when it is filed, will include materials that EPA has designated for protection under the Protective Order. The opening brief from PLP cited multiple documents that are subject to the Protective Order thanks to EPA's designation. Exhibit A lists those documents. The responding briefs from EPA and intervenors also cited

PLAINTIFFS' MOTION TO LIFT EPA'S DESIGNATIONS OF CERTAIN MATERIALS AS SUBJECT TO PROTECTIVE ORDER
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

4

Case 3:24-cv-00059-SLG   Document 221   Filed 03/27/26   Page 4 of 16

multiple documents that are subject to the Protective Order. Exhibit B lists those documents (together with the documents listed in Exhibit A, "Cited Protected Documents").

6. Under the Protective Order, when the parties file the joint appendix including those protected materials, they must move to keep those materials under seal. Protective Order ¶ 4.

7. EPA also designated an additional 741 documents for protection. Exhibit C lists those documents ("Other Protected Documents" together with the Cited Protected Documents, the "Protected Documents"). EPA's demand for court-ordered protection of the Cited Protected Documents is unjustified, and so is EPA's demand for court-ordered protection of the Other Protected Documents.

8. The only apparent basis for EPA's demand is that these materials are copyrighted. Certainly nobody can claim any confidentiality interest in the Cited Protected Documents. They are generally articles published in scholarly journals, in some cases years or decades ago. The public already has wide access to these materials.

9. Illustrating how unjustified EPA's designations are, it marked for protection the 1984 Bristol Bay Area Plan for State Lands issued by several agencies of the State of Alaska, EPA_AR_0475620. Similarly, EPA marked for protection the 2005 Nushagak & Mulchatna Rivers Recreation Management Plan, EPA_AR_0476351. Both plans are formal public documents on which the State did not even invoke copyright protection, when they were issued, by using a copyright marking. Thus, even if copyright protection were an appropriate basis for designating documents as confidential (it is not), EPA has not uniformly applied that rule.

PLAINTIFFS' MOTION TO LIFT EPA'S DESIGNATIONS OF CERTAIN MATERIALS AS SUBJECT TO PROTECTIVE ORDER
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

5

Case 3:24-cv-00059-SLG    Document 221    Filed 03/27/26    Page 5 of 16

10. The consequence of EPA's designation and the Court's Protective Order is a serious violation of the First Amendment rights of all other parties to the case, and their employees, counsel, or other agents who may receive one or more Protected Documents. Paragraph 2(b) orders that no party may use the Protected Documents, or even any "information derived therefrom," for any "other purpose" besides litigating this case. For example, suppose a scientist at PLP, upon reviewing one of the scholarly articles that EPA has protected, decides that the data in that article should be reanalyzed, with that analysis to be published in a fresh scholarly article. That process of scholarly debate is at the core of First Amendment protections, but paragraph 2(b) prohibits it.[2] Paragraph 2(c) of the Protective Order prohibits even disclosure of Protected Documents, and "all information derived therefrom," other than to certain types of persons, associated with parties, who have roles in the litigation and agree to be bound by the same prior restraints as the parties under the Protective Order. Suppose a scientist working for the State of Alaska is inspired to discuss one of the protected scholarly papers with a scientist at an academic institution. That discussion, too, is at the heart of the First Amendment.

But it would violate the Court's Order.

11. Further, the Protective Order obligates the Plaintiffs, when they submit any of the Protected Documents to this Court, to move the Court to seal that filing. That motion

---

[2] To be sure, paragraph 2(b) allows use of a Protected Document if a person receives it outside the context of this litigation. But the hypothetical PLP scientist could not just go to a journal database to retrieve the protected article—because doing so would mean using the citation data from the paper itself, which is protected information. The scientist would have to wait and hope that somebody unrelated to the litigation happens to send her the protected paper.

PLAINTIFFS' MOTION TO LIFT EPA'S DESIGNATIONS OF CERTAIN MATERIALS AS SUBJECT TO PROTECTIVE ORDER
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

6

Case 3:24-cv-00059-SLG    Document 221    Filed 03/27/26    Page 6 of 16

will be meritless. A filing in support of summary judgment can be sealed only for "compelling reasons sufficient to outweigh the public's interest in disclosure." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). That a document is "already publicly available" surely undermines any justification for sealing that would rely on the document itself. *See id.* at 1184.[3] Forcing Plaintiffs to file a frivolous motion is also unjustifiable.

12. As things stand, the authority and power of this Court currently restrain the parties and their employees, agents, etc. from sharing or even discussing the Protected Documents and any information derived from the Protected Documents. An order of the Court prohibiting the parties and their personnel from sharing the Protected Documents, and even from discussing them, is a prior restraint of speech. *See Alexander v. United States*, 509 U.S. 544, 550 (1993) ("[C]ourt orders that actually forbid speech activities . . . are classic examples of prior restraints."). It is impermissible unless it "furthers a compelling interest and is narrowly tailored to achieve that interest." *Garcia v. Alameda*, 150 F.4th 1224, 1233 (9th Cir. 2025).

13. Plaintiffs recognize and agree that in some situations the public disclosure of information can be harmful, such as when that information is confidential business information or private personal information. None of the Protected Documents contains

---

[3] Sealing of a filing might be justified if the court filing could be used to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." 447 F.3d at 1179. The appearance of the Cited Protected Documents in a joint appendix would not facilitate any such misbehavior.

PLAINTIFFS' MOTION TO LIFT EPA'S DESIGNATIONS OF CERTAIN MATERIALS AS SUBJECT TO PROTECTIVE ORDER
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

7

Case 3:24-cv-00059-SLG    Document 221    Filed 03/27/26    Page 7 of 16

confidential information. Instead, EPA has designated them for protection under the Order solely because they are copyrighted.

14. The government's purported interest of preventing copyright infringement cannot justify the prior restraint, because the restraint is both far wider and far narrower than would be needed were that the justification. On the one hand, the vast majority of documents in the record are copyrighted. "[C]opyright protection attaches to 'original works of authorship' . . . 'fixed in any tangible medium of expression.'" *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC,* 586 U.S. 296, 300 (2019). The documents in the record all constitute written material—thus fixed in a "tangible medium of expression"—composed by the various persons that wrote them. (The only conceivable non-copyrighted materials might be the documents created by EPA itself, because of its status as a federal agency.) No formalities like registration or marking are needed for materials to be copyrighted; "[a]n author gains 'exclusive rights' in her work immediately upon the work's creation, including rights of reproduction, distribution, and display." *Id.* at 300–01. If EPA were concerned that transmitting the record without protection under the Order constitutes infringement, or that doing so would mean EPA has contributed to infringement by the recipients, EPA has left that possibility open on a massive scale. So clearly avoiding copyright infringement, in itself, cannot justify the Court's restrictions on speech.

15. Copyright also cannot justify those restrictions because the Protective Order prohibits a wide range of speech that would not be infringing. Most obviously, a range of unlicensed copying, distribution, etc., of copyrighted material does not actually constitute infringement because it is fair use. "Fair use," under the Copyright Act, "is not an

PLAINTIFFS' MOTION TO LIFT EPA'S DESIGNATIONS OF CERTAIN MATERIALS AS SUBJECT TO PROTECTIVE ORDER
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

8
Case 3:24-cv-00059-SLG    Document 221    Filed 03/27/26    Page 8 of 16

infringement of copyright." 17 U.S.C. § 107. EPA informed the Court that "[s]ome cases have determined that use of certain copyrighted materials in litigation constitutes 'fair use.'" No. 24-84, ECF 50, p. 6. The caselaw is far more conclusive than EPA acknowledged. *Stern v. Does* explained that "[r]eproduction of copyrighted material for use in litigation or potential litigation is generally fair use, even if the material is copied in whole." 978 F. Supp. 2d 1031, 1047 (C.D. Cal. 2011). The Second Circuit affirmed a summary judgment that filing complete versions of an author's essays in court was fair use. *Hollander v. Steinberg*, 419 F. App'x 44, 47–48 (2d Cir. 2011) (unpublished). The Fourth Circuit has held that "use of copyrighted material in court proceedings is fair use." *Devil's Advoc., LLC v. Zurich Am. Ins. Co.*, 666 F. App'x 256, 266 & n.12 (4th Cir. 2016) (unpublished). The Ninth Circuit considers it "inconceivable that any court would hold such reproduction to constitute infringement either by the government or by the individual parties responsible for offering the work in evidence," *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 (9th Cir. 1992) (citation omitted)—a proposition for which the Ninth Circuit quoted the leading treatise on copyright law.

16. Even more troubling, the Order prohibits Plaintiffs and their personnel from disseminating or discussing even the information contained in the Protected Documents. Copyright infringement cannot justify that restraint, because "[i]n no event may copyright extend to the facts themselves." *Feist Publ'ns., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 351 (1991). The Copyright Act only restricts (as relevant here) reproduction of a protected work in a material object, distribution of such a copy, or public performance of a work. 17 U.S.C.

PLAINTIFFS' MOTION TO LIFT EPA'S DESIGNATIONS OF CERTAIN MATERIALS AS SUBJECT TO PROTECTIVE ORDER
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

9

Case 3:24-cv-00059-SLG   Document 221   Filed 03/27/26   Page 9 of 16

§ 106.[4] Copyright law does not restrict discussion of a work or disclosure of information. But the Protective Order does impose such restrictions. In short, the Court's protections for the Protected Documents are far more restrictive than the Copyright Act itself.

17. "To be narrowly drawn, a 'curtailment of free speech must be actually necessary to the solution.'" *Garcia*, 150 F.4th at 1233. EPA's designation of the Protected Documents, and the Court's resulting restraints under the Order, obviously cannot satisfy that standard if the concern is infringement of copyright. Besides the fact that the Order prohibits so much speech that would not be infringement, no court order is necessary to prohibit whatever speech would be infringing. EPA told the Court that "EPA cannot on its own limit the uses to which [the parties] would put the copyrighted materials after EPA produces them; the proposed Protective Order is needed to impose those use limits." No. 24-84, ECF 50, p. 6. In reality, whatever limits are needed for the sake of protecting copyrights are already in place without the Protective Order: The Copyright Act itself prohibits infringement. 17 U.S.C. § 501.

18. EPA's true concern seems to be a wish to "minimize the risk that EPA would be found in violation of copyright laws or in breach of contract by distributing copies without restrictions on use." No. 24-84, ECF 50, p. 7. The notion that EPA would be at risk of copyright infringement without the Protective Order is far-fetched and cannot justify the court-ordered restraint on speech. For one thing, what the Copyright Act prohibits is copying or distribution. If EPA infringed copyrights by sending the documents to Plaintiffs, then it

---

[4] Section 106 refers to "copies"; that term is defined to mean material objects embodying the copyrighted work. 17 U.S.C. § 101.

PLAINTIFFS' MOTION TO LIFT EPA'S DESIGNATIONS OF CERTAIN MATERIALS AS SUBJECT TO PROTECTIVE ORDER
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

10

Case 3:24-cv-00059-SLG   Document 221   Filed 03/27/26   Page 10 of 16

infringed; and EPA's imposing restrictions on dissemination by the recipients would not make EPA's transmission less infringing. In reality, EPA was obligated by federal law—namely the Court's rules, Local Civ. R. 16.3(b)(1)(B)—to provide the administrative record to Plaintiffs. The rights of authors of works included in the administrative record must coexist with that obligation for the agency to provide the administrative record. Both the fair use doctrine and the general principle of interpreting federal laws harmoniously can justify EPA in providing record materials that are copyrighted (as, it bears repeating, nearly the entirety of the record is). Plaintiffs have been unable to find any case suggesting—or concluding—a federal agency's provision of an administrative record would be an act of copyright infringement.

19. Nor is secondary infringement liability a serious possibility. A contributory infringer is one who "with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971). Plaintiffs have no intention to infringe any of the copyrights involved in the administrative record. Certainly, EPA cannot be said, merely by providing the administrative record as required by law, to have knowledge of infringing activity by any of the recipients. (After all, the ordinary use of filing some of the copyrighted documents in court is widely recognized to be non-infringing fair use.) Plaintiffs have found no example of a government agency's being found liable for secondary infringement because of its provision of the administrative record to an APA challenger.

20. The passage quoted above from EPA's motion seeking the Protective Order also mentioned the purported risk of breach-of-contract liability. Presumably EPA is referring to the subscription agreements under which it obtained various journal articles. EPA has not

PLAINTIFFS' MOTION TO LIFT EPA'S DESIGNATIONS OF CERTAIN MATERIALS AS SUBJECT TO PROTECTIVE ORDER
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

11

Case 3:24-cv-00059-SLG    Document 221    Filed 03/27/26    Page 11 of 16

provided any evidence that any of those subscription agreements requires it to seek restrictions on further dissemination when it provides copies pursuant to legal obligations. And surely there are no such contractual obligations governing EPA's use of the public documents of the State of Alaska that EPA designated for protection, *supra* ¶ 9.

21. If EPA were genuinely concerned about its potential liability for infringement or breach, it has already failed to take key steps to protect itself. Local Civil Rule 16.3(b) required EPA to file the entire administrative record with the Court, and EPA did so. ECF 87 (noting EPA had transmitted the complete record to the Court). It sits at the Court as a judicial record, presumptively available for public access. EPA has not asked the Court to seal the administrative record. To be clear, the sealing of the Protected Documents would be unjustifiable, and it is understandable that EPA did not make such a pointless request. Nonetheless, that EPA was able to make that transmission without seeking restrictions on further dissemination shows EPA's purported fears of liability are hollow. And it makes little sense that the Court's Order prohibits Plaintiffs and their personnel from discussions of material that any other member of the public can obtain without constraint from the Court's own files.

21. The practices of other agencies cast further doubt on the legitimacy of EPA's claimed concern. Other agencies routinely provide administrative records during APA review, and include in them commercial publications (such as from scholarly journals), without demanding court-ordered confidentiality protections. *See*, *e.g.*, *N.M. Cattle Growers' Ass'n v. U.S. Fish & Wildlife Serv.*, No. 1:21-cv-03263, ECF 15-1, (D.D.C. June 16, 2022) (Fish and Wildlife Service provided academic/scientific articles in the administrative record without restricting

PLAINTIFFS' MOTION TO LIFT EPA'S DESIGNATIONS OF CERTAIN MATERIALS AS SUBJECT TO PROTECTIVE ORDER
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

12

Case 3:24-cv-00059-SLG    Document 221    Filed 03/27/26    Page 12 of 16

dissemination of them); *Logic Tech. Dev. LLC v. FDA*, No. 22-3030, Doc. 33 (3d Cir. Dec. 6, 2022) (same, from the Food and Drug Administration). In fact, in many cases (including the two just cited) the administrative agency does not request a protective order at all. It seems unlikely that the rest of the federal government is constantly exposing itself to copyright infringement liability and only EPA recognizes the risk. It seems equally unlikely that the rest of the federal government has negotiated subscription agreements to scientific journals that allow agencies to provide administrative records without seeking court-ordered restrictions, and EPA alone suffers under unusually severe subscription agreements that obligate EPA to seek such restrictions.

22. Finally, EPA's own practices belie its assertion of concern. In a Fifth Circuit proceeding last year, the petitioners sought relief from protective-order designations based on confidentiality, just as Plaintiffs do here. *East Fork Enters. v. EPA*, No. 24-60227, Doc. 174, (5th Cir. Feb. 10, 2025). EPA had indicated it opposed that motion, just as EPA says it opposes this motion. *Id.* ¶ 19. The Fifth Circuit granted the motion through a single-judge order just four days after it was filed. Order, *East Fork Enters. v. EPA*, No. 24-60227 (5th Cir. Feb. 14, 2025). Under Federal Rule of Appellate Procedure 27(c), EPA was entitled to ask for review of that order by a three-judge panel; and that review would have been *de novo*, *see United States v. Heyward*, 42 F.4th 460, 467 n.3 (4th Cir. 2022) (quoting *TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151 (Fed. Cir. 2004)) (motions panel "is 'not bound to follow' an earlier order by a single judge"). EPA made no such request, and instead chose to let the order stand. Thus EPA easily abandoned, before the Fifth Circuit, the protections upon which it insists in this Court.

PLAINTIFFS' MOTION TO LIFT EPA'S DESIGNATIONS OF CERTAIN MATERIALS AS SUBJECT TO PROTECTIVE ORDER
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

13

Case 3:24-cv-00059-SLG     Document 221     Filed 03/27/26     Page 13 of 16

23. The petitioners in the Fifth Circuit case proceeded to file in open court the documents on which EPA had claimed protection. *See East Fork Enters. v. EPA*, No. 24-60227, Doc. 185-1 (5th Cir. Feb. 14, 2025). So far as Plaintiffs can find, there has been no action filed accusing EPA of infringement or breach of contract in connection with its provision of the administrative record in the Fifth Circuit case, or the subsequent disclosure of that record in court.

24. EPA opposes this motion. Iliamna Natives LTD and Alaska Peninsula Corporation and the State of Alaska consent to this motion. The various intervenors have taken no position.

March 27, 2026

Respectfully submitted,

*/s/ Keith Bradley*

KEITH BRADLEY, *pro hac vice*
SCHELEESE GOUDY, *pro hac vice*
717 17th Street, Suite 1825
Denver, CO 80202
T: (303) 830-1776
F: (303) 894-9239
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

JEFFREY M. WALKER, *pro hac vice*
KATHERINE E. WENNER, *pro hac vice*
2000 Huntington Center
41 South High Street
Columbus, OH 43215
T: (614) 365-2700
F: (614) 365-2499
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

SQUIRE PATTON BOGGS (US) LLP

PLAINTIFFS' MOTION TO LIFT EPA'S DESIGNATIONS OF CERTAIN MATERIALS AS SUBJECT TO PROTECTIVE ORDER
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

14

Case 3:24-cv-00059-SLG    Document 221    Filed 03/27/26    Page 14 of 16

THOMAS P. AMODIO
KEVIN M. BOOTS
500 L Street, Suite 300
Anchorage, AK 99501
T: (907) 222-7100
F: (907) 222-7199
tom@reevesamodio.com
kevin@reevesamodio.com

REEVES AMODIO, LLC

*Counsel for Northern Dynasty Minerals Ltd.
and Pebble Limited Partnership*

CHARLES TIMOTHY YATES, *pro hac vice*
DAMIEN MICHAEL SCHIFF, *pro hac vice*
LUKE A. WAKE, *pro hac vice*
555 Capital Mall, Suite 1290
Sacramento, CA 95814
T: (916) 419-7111
F: (916) 419-7477
cyates@pacificlegal.org
dschiff@ pacificlegal.org
lwake@ pacificlegal.org

PACIFIC LEGAL FOUNDATION

*Counsel for Alaska Peninsula Corp.
and Iliamna Natives LTD.*

PLAINTIFFS' MOTION TO LIFT EPA'S DESIGNATIONS OF CERTAIN MATERIALS AS SUBJECT TO PROTECTIVE ORDER
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

15

Case 3:24-cv-00059-SLG    Document 221    Filed 03/27/26    Page 15 of 16

# CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system.  Participants in this Case No. 3:24-cv-00059-SLG who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Keith Bradley
Keith Bradley, *pro hac vice*

PLAINTIFFS' MOTION TO LIFT EPA'S DESIGNATIONS OF CERTAIN MATERIALS AS SUBJECT TO PROTECTIVE ORDER
NORTHERN DYNASTY MINERALS LTD. V. EPA
CASE NO. 3:24-CV-00059-SLG

16

Case 3:24-cv-00059-SLG     Document 221     Filed 03/27/26     Page 16 of 16