ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

MICHAEL J. HEYMAN
United States Attorney
District of Alaska

LAURA J. BROWN
MARIO A. LUNA
United States Department of Justice - ENRD
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Phone: (202) 514-3376 (Brown)
Phone: (202) 532-3357 (Luna)
Email: laura.j.s.brown@usdoj.gov
Email: mario.luna@usdoj.gov

*Attorneys for the United States*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> Defendants, <br><br> and <br><br> BRISTOL BAY NATIVE ASSOCIATION, INC., et al., <br><br>     Intervenor-Defendants. | Case No. 3:24-cv-00059-SLG <br><br><br> CONSOLIDATED <br><br><br> LEAD CASE |

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.*
(Lead Case) (Consolidated)
Defendants' Opposition to Plaintiffs' Motion to Lift
Designations Under the Protective Order

Case No. 3:24-cv-00059-SLG

1

| | |
|---|---|
| STATE OF ALASKA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendant,<br><br>and<br><br>TROUT UNLIMITED, *et al.*,<br><br>Intervenor-Defendants. | Case No. 3:24-cv-00084-SLG<br><br><br>CONSOLIDATED |
| ILIAMNA NATIVES, LTD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>Defendants,<br><br>and<br><br>BRISTOL BAY ECONOMIC DEVELOPMENT CORPORATION, *et al.*,<br><br>Intervenor-Defendants. | Case No. 3:24-cv-00132-SLG<br><br><br>CONSOLIDATED |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO LIFT DESIGNATIONS UNDER THE PROTECTIVE ORDER**

Defendants the United States Environmental Protection Agency and Administrator Lee Zeldin ("EPA") request that the Court deny Plaintiffs Northern Dynasty Minerals, Ltd., and Pebble Limited Partnership's (collectively "PLP") motion, ECF 221 ("Motion"), and maintain protections over the copyrighted material EPA produced as part of the administrative record in this proceeding. The Protective Order entered by the Court, ECF 86, ensures compliance with

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.*
(Lead Case) (Consolidated)
Defendants' Opposition to Plaintiffs' Motion to Lift
Designations Under the Protective Order

Case No. 3:24-cv-00059-SLG

2

federal copyright law and licensing agreements. PLP asserts that use of the record material that is subject to the Protective Order would constitute "fair use." But whether the fair use exception applies is a matter that courts decide on a case-by-case basis, not a matter that PLP can categorically declare itself. EPA may face significant litigation risk were it to share copyrighted materials, because establishing a prima facie case of copyright infringement is straightforward and the affirmative defense of "fair use" is highly fact-bound. At the same time, PLP exaggerates the burdens that the Protective Order imposes. And, in any event, PLP agreed to the Protective Order knowing that it extended to copyright documents and should not be permitted to walk back their agreement now. The Court should maintain the protection of Protective Order and deny PLP's motion.

## BACKGROUND

This case involves PLP's challenge under the Administrative Procedure Act ("APA") to the January 2023 "Final Determination of the U.S. Environmental Protection Agency Pursuant to Section 404(c) of the Clean Water Act [for the] Pebble Deposit Area, Southwest Alaska" ("Final Determination"). In accordance with the APA, PLP's challenge to the Final Determination is subject to judicial review on the administrative record.

The administrative record contains approximately 750 scientific journal articles, books and excerpts thereof, documents and reports prepared by non-U.S. government agencies and other organizations, and copies of information that EPA obtained from websites that may be protected by copyright and/or licensing agreements ("Protected Information").[1] To prevent the

---

[1] EPA estimates that approximately 180 of the 750 documents are behind a paywall and are likely subject to licensing agreements.

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.* (Lead Case) (Consolidated)
Defendants' Opposition to Plaintiffs' Motion to Lift Designations Under the Protective Order

Case No. 3:24-cv-00059-SLG

3

unauthorized use of these materials in potential violation of federal copyright law or independent licensing agreements, EPA did not file the materials with the Court or provide them to Plaintiffs.

As expected, PLP requested copies of the documents in EPA's record, including the copyrighted materials. To ensure compliance with federal copyright law and licensing agreements, facilitate production of the materials for use in this case, and avoid undue expense and time for PLP to access and review the materials, EPA requested that PLP and the parties in the consolidated matters agree to a protective order before production. PLP agreed, and on July 26, 2024, EPA submitted a joint motion requesting that the Court enter a protective order, ECF 85, which this Court granted a few days later, ECF 86. In *State of Alaska v. EPA et al.* 3:24-cv-00084, one of the consolidated actions, the State opposed entry of the same protective order at issue here. The Court granted EPA's motion and entered the protective order in that matter as well. ECF 78-79.

Upon entry of the Protective Order, EPA produced the Protected Information in the administrative record. Over the past several months, the parties have submitted briefs. So far, the briefs discuss or refer to 42 documents in the administrative record that have been designated as containing Protected Information. PLP now asks the Court to lift the Protective Order as to *all* copyrighted documents—most of which are not at issue in the litigation—and put EPA at risk of claims of copyright infringement and licensing-agreement breaches.

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.*
(Lead Case) (Consolidated)
Defendants' Opposition to Plaintiffs' Motion to Lift
Designations Under the Protective Order

Case No. 3:24-cv-00059-SLG

4

Case 3:24-cv-00059-SLG   Document 224   Filed 04/10/26   Page 4 of 12

**ARGUMENT**

I.  <u>Distributing the Protected Information Without Restrictions Would Risk Copyright Infringement.</u>

As the Court found in its Order granting EPA's motion for entry of the identical protective order at issue here in *State of Alaska v. EPA*, Civ. No. 24-0084, the "protective order minimizes the risk EPA would be subject to copyright litigation." Slip Op., *State of Alaska v. EPA*, Civ. No. 24-0084, ECF 78, at 5-6. The administrative record here contains approximately 750 scientific journal articles, books and excerpts thereof, documents and reports prepared by non-U.S. government agencies and other organizations, and copies of information that EPA obtained from websites that may be protected by copyright. Many of those documents also are behind a paywall and subject to licensing agreements. Making copies of those materials available for unrestricted use could infringe on the rights of copyright holders and breach licensing agreements.

Federal copyright laws restrict the copying and distribution of copyrighted material by those who do not own the copyright. *See* 17 U.S.C. § 106 (copyright owner has exclusive right to reproduce and distribute the copyrighted work). PLP rightly notes that federal law provides exceptions for "fair use" of copyright-protected material. *See id.* § 107. Section 107 identifies four factors when evaluating fair use: "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107. But none of the statutory examples of fair use expressly or categorically authorizes the copying of copyrighted work for litigation purposes. *See*

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.*
(Lead Case) (Consolidated)
Defendants' Opposition to Plaintiffs' Motion to Lift
Designations Under the Protective Order

Case No. 3:24-cv-00059-SLG

5

*id.* (identifying permissible fair use purposes as criticism, comment, news reporting, teaching, scholarship, or research).

As this Court previously explained, under existing case law, the fair use exception does not categorically cover all copyrighted works reproduced for litigation. Slip Op., *State of Alaska v. EPA*, Civ. No. 24-0084, ECF 78, at 5-6 (trying but failing to identify any authority holding that copyrighted works reproduced for use in litigation are categorically covered by the fair use exception). While some courts have determined that citing certain copyrighted materials in litigation constitutes "fair use," those cases relied upon a fact-specific, document-by-document evaluation of the four factors enumerated in Section 107. *See, e.g.*, *Jartech, Inc. v. Clancy*, 666 F.2d 403 (9th Cir. 1982); *Stern v Does*, 978 F. Supp. 2d 1031, 1044-49 (C.D. Cal. 2011); *see also Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994) (emphasizing that a fair use evaluation "is not to be simplified with bright-line rules, for the statute, like the doctrine it recognizes, calls for case-by-case analysis.").

Here, PLP only makes fact specific arguments about two documents—EPA_AR_0475620 and EPA_AR_0476351—which are State of Alaska publications. PLP asserts that Alaska has not invoked copyright protection over these documents. Motion ¶ 9. However, Alaska has also *not stated* that the documents *are not* subject to copyright protection. As EPA explained in its briefing in in *State of Alaska v. EPA*, Civ. No. 24-00084, the State's website provides: "[i]n general, publications of the State of Alaska are protected by copyright. Copyright ownership may rest with the State of Alaska, or, in some cases, another individual or entity which creates a publication on behalf of the State." *See* https://lam.alaska.gov/state-publications/rights (last visited April 2, 2026). It further states that "[t]he copyright law of the United States . . . governs

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.*
(Lead Case) (Consolidated)
Defendants' Opposition to Plaintiffs' Motion to Lift
Designations Under the Protective Order

Case No. 3:24-cv-00059-SLG

6

the making of photocopies or other reproductions of copyrighted materials, including download of an electronic copy of a State publication. Any fair use, as defined by copyright law, is acceptable." *Id.* The website, however, does not define "fair use" of State works and cautions that "[p]ermission to reproduce a State publication may be obtained in writing from the Office of the Governor." *Id.* These statements on their face do not authorize making State publications publicly available in electronic format. Moreover, aside from the two State of Alaska documents, PLP makes no showing as to why releasing all the other Protected Information should be considered fair use, especially when the vast majority of it has not even been cited in this litigation.

PLP's arguments to lift the Protective Order are disingenuous. PLP asserts that the Protective Order should not apply to copyrighted material because the protections are a "restraint on free speech." Motion ¶ 12. The Supreme Court has rejected the assertion that the protections associated with copyright conflict with the First Amendment. *See Eldred v. Ashcroft*, 537 U.S. 186, 219 (2003) (noting that the Copyright Clause and First Amendment "were adopted close in time" and that "[t]his proximity indicates that . . . copyright's limited monopolies are compatible with free speech principles."). Additionally, it strains credulity to believe that PLP has a legitimate interest in sharing the more than 700 or so documents that are subject to the Protective Order but are not at issue in this litigation. *See State of Alaska v. EPA*, Civ. No. 24-0084, ECF 78, at 6 (granting motion for protective order and finding that "the public has only a limited interest in access to the *entire* administrative record") (emphasis in original).

PLP also attempts to discredit EPA's concerns regarding copyright infringement claims, arguing that, if EPA were really concerned about copyright infringement, then EPA should have

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.* (Lead Case) (Consolidated) Defendants' Opposition to Plaintiffs' Motion to Lift Designations Under the Protective Order

Case No. 3:24-cv-00059-SLG

7

Case 3:24-cv-00059-SLG     Document 224     Filed 04/10/26     Page 7 of 12

marked the entire record as Protected Information because any written work in the record could be subject to a copyright claim. Motion ¶ 14. PLP's argument should be rejected. The documents EPA has *not designated* as Protected Information are primarily EPA and Corps documents, PLP documents, and public comments on EPA's proposed determination and final determination. It is highly unlikely that any of these documents could be subject to a claim of copyright. *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301 (2019) (quoting 14 U.S.C. § 411(a)) (explaining that "[b]efore pursuing an infringement claim in court . . . a copyright claimant generally must comply with [14 U.S.C.] § 411(a)'s requirement that 'registration of the copyright claim has been made.'"). The United States is not claiming copyright over its agencies' documents, and EPA has no reason to believe that PLP or other commenters on the proposed and final determinations have claimed copyright over their public comments.

Furthermore, it is irrelevant that other federal agencies may have produced copies of copyright information without a protective order. Motion ¶ 21. Here, EPA has expressed its concern regarding potential copyright infringement claims, a concern that this Court has recognized as legitimate. *See* Slip Op., *State of Alaska v. EPA*, Civ. No. 24-0084, ECF 78, at 5-6. That EPA did not appeal an order lifting a protective order in another case, Motion ¶ 22, does not waive EPA's assertion of protection here. As noted above, recognition of fair use in litigation necessarily requires a "case-by-case analysis." *See Campbell*, 510 U.S. at 577. Finally, based on undersigned counsel's understanding, the Protected Information was not included when EPA sent the Court copies of the administrative record, as PLP asserts. Motion ¶ 21. But even if it were, the Protective Order's protections would still apply to those materials.

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.* (Lead Case) (Consolidated)
Defendants' Opposition to Plaintiffs' Motion to Lift Designations Under the Protective Order

Case No. 3:24-cv-00059-SLG

8

Case 3:24-cv-00059-SLG   Document 224   Filed 04/10/26   Page 8 of 12

PLP also exaggerates the Protective Order's restrictions. The Protective Order requires that: (1) EPA designate Protected Information in its record as "Subject to Protective Order"; (2) personnel who receive Protected Information agree to abide by the Protective Order; (3) a party submitting Protected Information to the Court also file a motion to keep the materials under seal; and (4) those who receive Protected Information destroy or return it within 90 days of a final, non-appealable judgment in this case (with the notable exception of counsel of record, who may maintain a copy of any "briefs, exhibits, excerpts of record, or other material filed with or presented to the Court in this case"). These terms do not impose an undue burden. They are reasonable restrictions designed to ensure that copyright material is used only for this litigation, which is the use for which PLP needs the materials.

II.     PLP Should Be Bound to the Terms of its Agreement.

EPA provided PLP the Protected Information only after it agreed to the Protective Order (i.e., agreed to keep the designated information confidential in accordance with the Protective Orders' terms). Now, after receiving the Protected Information, PLP changes course because it disagrees that copyright-protected material in an administrative record warrants protection at all.

Having previously agreed to the terms of the Protective Order prior to receiving the Protected Information, PLP may not now unilaterally seek to rescind it. *See Beckman Indus., Inc. v. Int'l Ins*. Co., 966 F.2d 470, 475 (9th Cir. 1992) (recognizing that a party's reliance on the protective order must be considered before modifying a protective order). Indeed, courts have refused to lift or modify a protective order where the movant agreed to its entry and later sought to lift it without good cause. *See Biovail Lab'ys, Inc. v. Anchen Pharms., Inc.*, 463 F. Supp. 2d 1073, 1082 (C.D. Cal. 2006) (denying motion to modify an agreed upon protective order when

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.*
(Lead Case) (Consolidated)
Defendants' Opposition to Plaintiffs' Motion to Lift
Designations Under the Protective Order

Case No. 3:24-cv-00059-SLG

9

Case 3:24-cv-00059-SLG     Document 224     Filed 04/10/26     Page 9 of 12

the party "has not identified the specific documents it seeks to have released from protection, but broadly refers to all documents attached to the parties' cross-motions for summary judgment, and that is not good enough"); *Doctor's Hosp. of Jefferson, Inc. v. Southeast Med. Alliance, Inc.*, 878 F. Supp. 884, 886 (E.D. La. 1995) (denying motion to modify protective order that the plaintiff "freely entered into" where the plaintiff failed to "specifically identify[] documents which it believes do not fall within the scope of the Protective Order"). Here, PLP knew in 2024, prior to the entry of the Protective Order, the documents EPA sought to protect based on potential claims of copyright infringement and, notwithstanding, agreed to the terms of the Protective Order, which the Court ultimately entered.  For that reason alone, its motion lift the Protective Order should be denied.

III.     The Court Should Tailor Any Remedy.

Since the filing of PLP's motion, EPA counsel contacted counsel for the State and received written permission to publicly file the two documents discussed in PLP's brief, EPA_AR_0475620 and EPA_AR_0476351, as well as the other State of Alaska documents cited in the parties' briefs. *See* Ex. 1 (April 5, 2026 email from M. Connolly to L. Brown). Given that the State has granted permission, EPA agrees that those State of Alaska documents need not be subject to the sealing requirements of the Protective Order. Thus, the Court need not address those materials.

However, if the Court determines that publication of the Protected Information cited in the parties' briefs is "fair use" in this litigation, then EPA will agree to modify the Protective Order to allow for the public filing in the Joint Appendix of excerpts of the Protected Information that are cited and discussed in the parties' briefs. The publicly filed excerpts would include the

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.* (Lead Case) (Consolidated)
Defendants' Opposition to Plaintiffs' Motion to Lift Designations Under the Protective Order

Case No. 3:24-cv-00059-SLG

10

first page of the document and those pages cited by the parties in their briefs. *See* 17 U.S.C. § 107(3) (considering the "the amount and substantiality of the portion used in relation to the copyrighted work as a whole" when determining "fair use."). A copy of EPA's proposed modification is attached as Exhibit 2. To be clear, the modification we propose would only allow the portions of the Protected Information cited in the briefs to be filed publicly (i.e., not under seal) in the deferred Joint Appendix; all other provisions of the Protective Order would continue to apply to those materials.

## CONCLUSION

Good cause exists for maintaining the protections of the Protective Order to which PLP already agreed because it minimizes the risk that EPA would be found in violation of copyright laws or in breach of contract by distributing Protected Materials without use restrictions. For those reasons, this Court should deny PLP's motion.

Dated: April 10, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

/s/ *Laura J. Brown*
LAURA J. BROWN
MARIO A. LUNA
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-3376 (Brown)
MICHAEL J. HEYMAN                    (202) 532-3357 (Luna)
United States Attorney               laura.j.s.brown@usdoj.gov
District of Alaska                   mario.luna@usdoj.gov

*Attorneys for the United States*

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.*
(Lead Case) (Consolidated)
Case No. 3:24-cv-00059-SLG
Defendants' Opposition to Plaintiffs' Motion to Lift                    11
Designations Under the Protective Order

Case 3:24-cv-00059-SLG    Document 224    Filed 04/10/26    Page 11 of 12

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2026, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Mario A. Luna*
Mario A. Luna

*Northern Dynasty Minerals LTD., et al. v. U.S. EPA, et al.* (Lead Case) (Consolidated)
Defendants' Opposition to Plaintiffs' Motion to Lift Designations Under the Protective Order

Case No. 3:24-cv-00059-SLG

12

Case 3:24-cv-00059-SLG    Document 224    Filed 04/10/26    Page 12 of 12