KEITH BRADLEY, *pro hac vice*
SCHELEESE GOUDY, *pro hac vice*
717 17th Street, Suite 1825
Denver, CO 80202
T: (303) 830-1776
F: (303) 894-9239
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

JEFFREY M. WALKER, *pro hac vice*
KATHERINE E. WENNER, *pro hac vice*
2000 Huntington Center
41 South High Street
Columbus, OH 43215
T: (614) 365-2700
F: (614) 365-2499
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

SQUIRE PATTON BOGGS (US) LLP

THOMAS P. AMODIO
KEVIN M. BOOTS
500 L Street, Suite 300
Anchorage, AK 99501
T: (907) 222-7100
F: (907) 222-7199
tom@reevesamodio.com
kevin@reevesamodio.com
REEVES AMODIO, LLC

*Attorneys for Northern Dynasty Minerals Ltd. and
Pebble Limited Partnership*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | Case No. 3:24-cv-00059-SLG and consolidated cases |

## PLP'S MOTION FOR LEAVE TO FILE OVERLENGTH REPLY BRIEF

PLP respectfully requests the Court's leave for a reply brief of 18,000 words. PLP recognizes this is significantly longer than an ordinary reply brief. But the additional size is well-justified by the circumstances, in which the opposition to PLP's motion for summary judgment spans 85,485 words.

The grounds for this motion are as follows:

1. PLP challenges a veto issued by defendant EPA that PLP claims blocks all mining of the Pebble Deposit, the country's largest known undeveloped copper resource containing hundreds of billions of dollars of minerals.

2. On August 22, 2024, the Court permitted 23 different groups to intervene. ECF 95. In response to PLP's request that the Court limit their participation, the Court ordered the intervenors into three groups, and allowed each group to file only a 5,700-word merits brief. *Id.* at 15. The Court ordered that the intervenors "to the greatest extent possible, avoid duplication in their merits briefing." *Id.* at 14-15.

3. Meanwhile, the State of Alaska filed its own lawsuit challenging the Veto, as did the nearest Native Village Corporations ("NVCs").

4. On November 12, 2024, the Court consolidated those cases with this action. ECF 125. EPA had suggested that having the various plaintiffs join in a single brief could improve efficiency. ECF 117, at 2. But Alaska had said it consented to consolidation only on the understanding it would file its own brief. The Court deferred the issue until the parties propose a briefing schedule.

5. During the spring and summer of 2025, the case was in abeyance at EPA's request. After those repeated requests, PLP moved the Court to issue a summary-judgment

briefing schedule, which would include separate briefs for the various plaintiffs. ECF 156. At that time, PLP told EPA that PLP would need a double-length opening brief; but EPA declined to work out a comprehensive plan for brief lengths. *See* ECF 198, at 1 (recounting the discussions).

6. When PLP filed its opening brief, it duly moved for permission to extend the ordinary length limit of 10,000 words, with a double-length brief as it had previously proposed to EPA. ECF 170. At the same time, Alaska requested leave for a 12,850-word brief; and the NVCs filed an ordinary-length brief. ECF 169, 172.

7. EPA opposed PLP's request. But it said that if the Court granted the request, EPA should be allowed to file a brief of 42,850 words. ECF 195, ¶9. EPA represented that figure as an excess of 12,850 words; apparently EPA took for granted it would be filing 10,000 words in response to each plaintiff brief and would be entitled to combine those into one 30,000-word brief, to which EPA added 12,850 words.

8. Bristol Bay Intervenors and Trout Unlimited opposed PLP's request. ECF 186. They asked that if the Court allows the extra length, they should be allowed "a proportional number of additional pages," namely "57 percent of the amount afforded to [PLP]." *Id.* at 4. SalmonState did not respond to PLP's motion.

9. The Court granted PLP's and Alaska's motions for overlength briefs. ECF 209. The Court also allowed EPA to file a 42,850-word brief, and granted "Intervenor Defendants' request to file a proportionate overlength response brief." *Id.* at 3.

10. The briefs that EPA and the intervenors ended up filing have exploited the Court's orders to the maximum detriment of PLP. EPA's brief is 40,809 words and 127 pages

long. ECF 215, at 128. But that does not proportionately address the three plaintiff opening briefs. The NVCs had filed a full 35-page opening brief. EPA devotes just 9 of its 127 pages to answering the NVCs. Another 15 pages address issues raised by Alaska. The remaining 103 pages, or 81%, are responses to PLP.

11. The Bristol Bay Intervenors filed a brief of 19,526 words. ECF 217. According to their word-count certificate, their theory is that they were allowed 5,700 words of response to each of the other plaintiff briefs, plus 5,700 against PLP, plus a 57% increase on that last amount. *Id.* at 71. But, like EPA, the Bristol Bay Intervenors did not use their words proportionately. Over 80% of this brief consists of responses to PLP's brief.

12. Trout Unlimited filed a 9,656-word brief, ECF 218, of which 91% is devoted to responses to PLP.

13. SalmonState had not asked permission for an overlength brief, and the Court had not authorized such a brief for SalmonState. Nonetheless SalmonState filed a brief of 64 pages and 15,494 words. ECF 219. Over 90% of that brief consists of responses to PLP.

14. All told, the opponents have filed a combined 292 pages and 85,485 words of opposition. Some of that content addresses arguments by the State and by the NVCs. But the vast majority consists of arguments to which PLP must reply. PLP is facing 71,400 words of opposition, spanning over 250 pages.

15. No intervenor sought leave from the Court to file a combined brief adding up the putative allowances for opposing each of the plaintiff briefs.

16. The Court's rules limit summary-judgment briefs to 10,000 words for the opening brief and answering brief, and 5,700 words for the reply. L. Civ. R. 7.4(a). Those

rules contemplate that a movant will have a fair opportunity to reply by using over half, and nearly three fifths, of the length of the answering brief.

17. If PLP complies with that limit, it will be responding with just 8% of the length that the opposition has enjoyed. If PLP doubled the length of its reply brief (as it doubled its opening brief), it would still be responding with just 16% of the opposition.

18. PLP's request for 18,000 words may be unusual across the Court's docket as a whole. It is, however, quite reasonable in the circumstances of this case. As noted above, EPA filed a response of 40,809 words, of which 80% is responding to PLP. If PLP were replying solely to EPA's brief, the 18,000-word proposal would be 55% of the length of what PLP is responding to—a bit less than the proportion for a reply brief under Local Rule 7.4.

19. Of course, PLP is not responding just to EPA, but to EPA and three intervenor briefs, one of them the length of a normal summary-judgment brief and the other two far longer. Overall, PLP's proposed reply brief is just one quarter the length of what PLP is opposing.

20. As PLP observed in its previous motion for an overlength brief, the Court allows such expansions where the arguments "cannot be adequately addressed in a [brief] that complies with Local Civil Rule 7.4(a)." *Kerr v. Borough of Petersburg*, No. 23-8, 2024 WL 4591184, *5 (D. Alaska Oct. 28, 2024).

21. PLP has endeavored diligently to make its reply brief as short as possible. But it is not possible to reply meaningfully to the range of errors across the sprawling opposition in fewer words. Given the Court's order that the intervenors "avoid duplication" in their briefing, and limit the background sections of their briefs "to solely those topics not addressed

in [EPA's] merits briefing," ECF 95, at 14-15, PLP must be facing 71,000-plus words of varied and distinct arguments. That PLP has managed to reply to them in just one quarter the length marks a significant effort towards concision.

22. PLP did not choose the structure of the opposition or the word counts that EPA and the intervenors devoted to PLP's issues. PLP should not be prejudiced by those choices. Forcing PLP to reply to this volume within the standard 5,700-word limit would require PLP to omit or inadequately address significant arguments, and would deprive the Court of a full reply on issues that have been extensively briefed against PLP.

23. Even the Ninth Circuit, whose rules discourage requests for extra length, recognizes that over-long oppositions of the sort that PLP faces warrant an expansion of the reply limits. For example, in *Natural Resources Defense Council, Inc. v. Haaland*, the defendant-appellees, including the government and several intervenor-defendants, filed briefs totaling 38,000 words. The court allowed a reply brief of 12,000 words, nearly double the usual limit in the Ninth Circuit. No. 21-15163, 2023 WL 1468776 (9th Cir. Jan. 25, 2023) (motion); Doc. 74 (Jan. 30, 2023) (order). For opposition briefing of 71,000 words—nearly double the answering briefs in *NRDC v. Haaland*—a reply brief proportionate to the extension that the Ninth Circuit allowed would be 18,200 words long.

24. District courts, too, regularly allow significant expansions for reply briefs where there is substantial opposition briefing exceeding the normal limits. For example, in *Gohmert v. Pence*, the defendants and intervenors filed opposition briefs totaling 64 pages. The court allowed the plaintiffs a 50-page reply brief, expanded from the usual 10-page allowance under the local rules. No. 20-660, ECF 23 (E.D. Tex. Dec. 31, 2020) (motion); ECF 24 (E.D. Tex.

Dec. 31, 2020) (order). The opposition PLP faces is four times longer than what that plaintiff dealt with.

25. Neither EPA nor the intervenors will be prejudiced by PLP's reply brief. They have enjoyed the existing orders to file oppositions that are much longer than PLP's opening brief. EPA's brief devotes to PLP over 33,000 words, or nearly 70% longer than PLP's opening brief. The Bristol Bay Intervenors alone have spent nearly as many words on PLP's arguments as PLP itself did, and that is just one intervenor group.

26. Confirming that PLP's statements about the disproportionate share of the opposition briefs devoted to its arguments, the other two plaintiff replies are much shorter. The State has asked leave for a 24-page brief, just 4 pages longer than a normal reply. ECF 227. The NVCs have filed a brief of 20 pages. ECF 225. Taking those briefs with PLP's proposal (the 18,000-word brief is 68 pages long), the total reply briefs would still be only 38% of the 292-page kraken released by the opposition—thus a far shorter reply than EPA and the intervenors had reason to expect.

27. The briefing necessary in the circumstances is substantial. But PLP respectfully submits that its brief, despite the size, is swift, simple, and not repetitive.

For these reasons, PLP respectfully asks the Court to permit and accept PLP's reply brief with a length of 18,000 words.

April 14, 2026

Respectfully submitted,

/s/ Keith Bradley

KEITH BRADLEY, *pro hac vice*
SCHELEESE GOUDY, *pro hac vice*
717 17th Street, Suite 1825
Denver, CO 80202
T: (303) 830-1776
F: (303) 894-9239
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

JEFFREY M. WALKER, *pro hac vice*
KATHERINE E. WENNER, *pro hac vice*
2000 Huntington Center
41 South High Street
Columbus, OH 43215
T: (614) 365-2700
F: (614) 365-2499
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

SQUIRE PATTON BOGGS (US) LLP

THOMAS P. AMODIO
KEVIN M. BOOTS
500 L Street, Suite 300
Anchorage, AK 99501
T: (907) 222-7100
F: (907) 222-7199
tom@reevesamodio.com
kevin@reevesamodio.com

REEVES AMODIO, LLC

*Counsel for Northern Dynasty Minerals Ltd.
and Pebble Limited Partnership*

## CERTIFICATE OF WORD COUNT

In compliance with Local Civil Rule 7.4, I certify that PLP's Motion to File an Overlength Brief contains 1,709 words, as determined by the word-count function of Microsoft Office 365.

/s/ Keith Bradley
KEITH BRADLEY, *pro hac vice*

# CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2026, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:24-cv-00059-SLG who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Keith Bradley
KEITH BRADLEY, *pro hac vice*