# Exhibit A

# Redline of Substantive Changes to PLP's Reply Brief

aquatic resources within the defined area are [WOTUS]." EPA_AR_0083615. It did not evaluate which of them or how much. EPA recharacterizes this statement as meaning EPA relied on PLP's Permit Application. Opp.77 n.20. It follows that EPA proceeded without knowing which wetlands were WOTUS, because the Application did not say.

*Second*, Respondents say PLP's Application identified the 2,100 acres as WOTUS. It did not. Page 9 said jurisdictional wetlands "are present throughout the Pebble Project area, including the mine site, the Amakdedori Port, [etc.]" EPA_AR_0085287. True enough; even at the mine site, PLP estimates about 90 acres are WOTUS. Br.64 n.19. Page 9 said nothing about which wetlands at the site are WOTUS or how much. Tables 21-1-21-3 and 22-5-22-9 stated quantities of WOTUS-wetlands at the port and other areas. EPA_AR_0085288-0085290; EPA_AR_0085304-0085307. Tables 21-4-21-5 and 22-1a-22-4 detailed wetlands at the mine site but, unlike those other tables, did not state jurisdictional quantities. EPA_AR_0085291-0085303. The contrast communicated clearly that PLP made no assertion about the quantities or locations of WOTUS-wetlands at the mine site.

*Third*, Respondents say PLP is bound by USACE's preliminary jurisdictional determination. Opp.76. That attitude contravenes USACE policy. A preliminary determination is "~~non~~ no[t] legally binding." ~~U.S. ARMY CORPS~~ EPA_AR_0272357.[41] And "only an [approved jurisdictional determination ("AJD")] can be used to determine presence/absence" of ~~ENG'RS, REGULATORY GUIDANCE LETTER 08-02, p.3 (June 26, 2008)~~

---

[41] USACE's policy is also it will issue an AJD, not just a preliminary determination, "upon receiving a request" for a binding determination. EPA_AR_0272356. Alaska explicitly asked for that, and quoted the USACE policy. EPA_AR_0083613. EPA refused. EPA_AR_0083614.

("RGL").~~⁴²  An~~[WOTUS]," so an applicant that receives a preliminary determination "can later ~~raise jurisdictional issues~~request and obtain an AJD" in appealing a denial.  *Id.*, ~~p.4.~~EPA_AR_0272355, EPA_AR_0272357.  But the applicant cannot ~~raise those issues~~do so, according to Respondents, in this different proceeding before a different agency.  Respondents cannot explain why a preliminary determination has more binding force here than before USACE itself.

A preliminary determination "merely advise[s] a property owner 'that there *may* be [WOTUS] on a parcel.'"  *USACE v. Hawkes*, 578 U.S. 590, 595 (2016).  EPA says PLP could have given USACE additional information if PLP disagreed with the preliminary determination.  Opp.76.  Notwithstanding such an invitation, the Ninth Circuit says, the recipient "has no obligation to do so or even to seek further agency guidance."  *Chevron U.S.A. Inc. v. EPA*, No. 21-71132, 2023 WL 5665761, *2 (9th Cir. Sept. 1, 2023) (unpublished) (considering an EPA letter analogous to a preliminary determination).

EPA complains PLP provided no further information to motivate a conclusion different from USACE's preliminary determination.  Opp.76.  EPA's decision documents said they "do[] not rely on USACE's determinations," because "a PJD … is not determinative."  EPA_AR_0083616.  Rather, EPA "relie[d] upon the factual information contained in the [USACE record]" showing "the defined areas contain … wetlands with continuous surface

---

~~⁴² USACE's policy is also that if any "landowner" or "affected party," not just the applicant, "contests jurisdiction over a particular water body or wetland," USACE will issue a binding jurisdictional determination, not just a preliminary determination.  RGL, p.2. Alaska explicitly asked for that, and quoted the USACE policy.  EPA_AR_0083613.  EPA refused.  EPA_AR_0083614.~~