# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

NORTHERN DYNASTY MINERALS, LTD., *et al.*,

        Plaintiffs,

    v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,

        Defendants,

    and

BRISTOL BAY NATIVE ASSOCIATION, INC., *et al.*,

        Intervenor-Defendants.

Case No. 3:24-cv-00059-SLG

CONSOLIDATED

LEAD CASE

---

STATE OF ALASKA,

        Plaintiff,

    v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

        Defendant,

    and

TROUT UNLIMITED, *et al.*,

        Intervenor-Defendants.

Case No. 3:24-cv-00084-SLG

CONSOLIDATED

ILIAMNA NATIVES, LTD., *et al.*,

      Plaintiffs,

    v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, *et al.*,

      Defendants,

   and

BRISTOL BAY ECONOMIC
DEVELOPMENT CORPORATION, *et al.*,

      Intervenor-Defendants.

Case No. 3:24-cv-00132-SLG

CONSOLIDATED

## <u>ORDER ON FOUR PENDING MOTIONS</u>

This order resolves the following four pending motions:

1.    At Docket 205 is Plaintiffs Northern Dynasty Minerals Ltd. and Pebble Limited Partnership's ("PLP") Motion for Leave to File Second Corrected Opening Brief. The motion is unopposed and is GRANTED. PLP's Second Corrected Opening Brief at Docket 205-1 is accepted as filed as PLP's amended opening brief. The Court further notes the errata filed at Docket 242.

2.    At Docket 221 is PLP's Motion to Lift EPA's Designations of Certain Materials as Subject to Protective Order, to which Defendants United States Environmental Protection Agency, *et al*. responded in opposition at Docket 224. PLP replied at Docket 232. The documents at issue are generally articles

published in scholarly journals to which the public already has access or documents issued by agencies of the State of Alaska.[1] The State has now granted permission to publicly file all of the State of Alaska documents cited in the parties' briefs.[2]

With respect to the protected documents, the Court finds that the parties' use of this information in their briefs in this case is a "fair use" of the copyrighted information.[3] EPA indicates that if the Court makes this determination, "EPA will agree to modify the Protective Order to allow for the public filing in the Joint Appendix of excerpts of the Protected Information that are cited and discussed in the parties' briefs."[4] But EPA proposes to only include the first page of each document and those pages of each document cited by the parties in their briefs.[5] The Court finds that this proposed restriction is unreasonable, given that according to PLP, the public could otherwise access the entirety of these documents, and the import of the cited material could be lost if only the cited page(s) itself, and not the

---

[1] *See* Docket 221 at 5.

[2] Docket 224 at 10.

[3] 17 U.S.C. § 107. Section 107 directs the consideration of: (1) the purpose and character of the use, including whether such use is commercial or nonprofit; (2) the nature of the copyrighted work; (3) the amount of copying involved; and (4) the effect of the copying on the market of the copyrighted work.

[4] Docket 224 at 10.

[5] Docket 224 at 11; *see also* Docket 224-2 (proposed Modified Protective Order).

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals, LTD., et al. v. U.S. EPA, et.al.*
(Lead Case) (Consolidated)
Order on Four Pending Motions
Page 3 of 5

surrounding pages, was available to the public. Thus, the Court grants PLP's motion with respect to the entirety of the articles and other materials referenced by one or more parties in their briefing.

Further, it appears that EPA did not file the confidentiality-designated materials with the Court when it filed the administrative record in this case.[6] PLP has recently filed the missing materials in a conventional filing with the Court, along with a motion to seal those materials that it asks the Court to deny.[7] Because these materials have only been filed conventionally, they are publicly available to anyone who wishes to review them at the courthouse, but these conventionally-filed materials cannot be accessed electronically via the online PACER system. In a similar situation, a district court determined "there is no serious threat to the intellectual property of the copyright holders" and denied a litigant's motion to seal.[8] This Court agrees. Accordingly, the motion at Docket 221 is GRANTED with respect to any documents that are referenced by any party in their briefing, which presumably consists of the conventionally filed materials filed by PLP at Docket 250.

---

[6] *See* Docket 250 at 3.

[7] Dockets 249, 250.

[8] *Ctr. for Food Safety v. Env't Prot. Agency,* 757 F. Supp. 3d 997, 1024 (N.D. Cal. 2024).

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals, LTD., et al. v. U.S. EPA, et.al.*
(Lead Case) (Consolidated)
Order on Four Pending Motions
Page 4 of 5
Case 3:24-cv-00059-SLG    Document 252    Filed 05/19/26    Page 4 of 5

3.	At Docket 228 is PLP's Motion for Leave to File Overlength Reply Brief, to which Defendants responded in opposition at Docket 237 and PLP replied at Docket 243.  Despite this Court's observation in its order at Docket 209 that " it is often the case that more concise briefing is more persuasive," PLP seeks to file a significantly overlength reply brief.  But the Court was persuaded by PLP's reply memorandum and in particular the fact that PLP is responding not only to EPA's brief but also to the three intervenor groups' briefs.  Therefore, the motion at Docket 228 is GRANTED and PLP's corrected 77-page reply brief at Docket 241-2 is accepted as filed.

4.	At Docket 239 is PLP's Motion to Seal Portions of the Joint Appendix. In light of the Court's ruling regarding the motion at Docket 221, this motion is DENIED as moot.

IT IS SO ORDERED this 19th day of May 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00059-SLG, *Northern Dynasty Minerals, LTD., et al. v. U.S. EPA, et.al.*
(Lead Case) (Consolidated)
Order on Four Pending Motions
Page 5 of 5

Case 3:24-cv-00059-SLG	Document 252	Filed 05/19/26	Page 5 of 5