KEITH BRADLEY, *pro hac vice*
SCHELEESE GOUDY, *pro hac vice*
717 17th Street, Suite 1825
Denver, CO 80202
T: (303) 830-1776
F: (303) 894-9239
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

JEFFREY M. WALKER, *pro hac vice*
KATHERINE E. WENNER, *pro hac vice*
2000 Huntington Center
41 South High Street
Columbus, OH 43215
T: (614) 365-2700
F: (614) 365-2499
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

SQUIRE PATTON BOGGS (US) LLP

THOMAS P. AMODIO
KEVIN M. BOOTS
500 L Street, Suite 300
Anchorage, AK 99501
T: (907) 222-7100
F: (907) 222-7199
tom@reevesamodio.com
kevin@reevesamodio.com

REEVES AMODIO, LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Defendants. | Case No. 3:24-cv-00059-SLG<br>and consolidated cases |

**PLP'S NOTICE OF SUPPLEMENTAL AUTHORITY**

PLP writes under Local Civil Rule 7.1(d)(1) to highlight two pertinent decisions since oral argument.

Congress did not define "unacceptable" in the Clean Water Act section 404(c) phrase "unacceptable adverse effects"; so EPA insists the Court must "respect [EPA's] discretionary authority." ECF 270, at 42:12-15 ("Tr.").

A recent Fifth Circuit decision rejected an argument comparable to what EPA told this Court. In *East Fork Enterprises, Inc. v. EPA*, EPA argued—analogous to its position about "unacceptable" here—that the phrase "unreasonable risk" confers discretion to which a court must defer. No. 24-60227, 2026 WL 2718464, *9 (5th Cir. Sept. 15, 2026). *East Fork* responded that EPA "confus[ed] substantial evidence with statutory interpretation." *Id.* "Prudential terms like ... 'unreasonable'"—and, PLP submits, "unacceptable"—"are simply not immune from judicial review because an agency applied its views of their meaning to particular facts." *Id.*

The Ninth Circuit has also reiterated that courts interpret statutory bounds. *Newsom v. Trump* rejected arguments that a statute authorizing the President to deploy the National Guard conveys unreviewable discretion about what constitutes a "rebellion." No. 25-3727, 2026 WL 3180273, *4-*5 (9th Cir. Oct. 23, 2026). "[E]ven when a statute 'delegates discretionary authority' to the Executive Branch, ... [t]he interpretation of the governing legal standard is a question of law for the court." *Id.* at *13 (citations omitted).

*East Fork* also held that "courts must not infer a precautionary principle from unclear statutory text." 2026 WL 2718464, *8. The court relied on *Maine Lobstermen's Ass'n*, a case that PLP cited here for a similar proposition, ECF 205-1, at 59. EPA told this Court *Maine*

*Lobstermen's* can be ignored because in that case the agency had "flip-flopped." ECF 215, at 50-51. *East Fork* deemed *Maine Lobstermen's* persuasive, with no mention of agency flip-flopping as a prerequisite. 2026 WL 2718464, at *8.

November 5, 2026

Respectfully submitted,

*/s/ Keith Bradley*


KEITH BRADLEY, *pro hac vice*
SCHELEESE GOUDY, *pro hac vice*
717 17th Street, Suite 1825
Denver, CO 80202
T: (303) 830-1776
F: (303) 894-9239
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

JEFFREY M. WALKER, *pro hac vice*
KATHERINE E. WENNER, *pro hac vice*
2000 Huntington Center
41 South High Street
Columbus, OH 43215
T: (614) 365-2700
F: (614) 365-2499
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

SQUIRE PATTON BOGGS (US) LLP

THOMAS P. AMODIO
KEVIN M. BOOTS
500 L Street, Suite 300
Anchorage, AK 99501
T: (907) 222-7100
F: (907) 222-7199
tom@reevesamodio.com
kevin@reevesamodio.com

REEVES AMODIO, LLC

*Counsel for Northern Dynasty Minerals Ltd. and Pebble Limited Partnership*

## CERTIFICATE OF WORD COUNT

Pursuant to Local Civil Rule 7.1(d)(1), I certify that PLP's Notice of Supplemental Authority contains 302 words, as determined by the word-count function of Microsoft Office 365.

*/s/ Keith Bradley*
KEITH BRADLEY, *pro hac vice*