KEITH BRADLEY, *pro hac vice*
SCHELEESE GOUDY, *pro hac vice*
717 17th Street, Suite 1825
Denver, CO 80202
T: (303) 830-1776
F: (303) 894-9239
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

JEFFREY M. WALKER, *pro hac vice*
KATHERINE E. WENNER, *pro hac vice*
2000 Huntington Center
41 South High Street
Columbus, OH 43215
T: (614) 365-2700
F: (614) 365-2499
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

SQUIRE PATTON BOGGS (US) LLP

THOMAS P. AMODIO
KEVIN M. BOOTS
500 L Street, Suite 300
Anchorage, AK 99501
T: (907) 222-7100
F: (907) 222-7199
tom@reevesamodio.com
kevin@reevesamodio.com

REEVES AMODIO, LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Defendants. | Case No. 3:24-cv-00059-SLG<br>and consolidated cases |

**PLP'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

Additional decisions, on a different topic, have issued since oral argument.

EPA demanded deference to its "scientific judgments." ECF 270, at 47:18-22. PLP responded that *Seven County Infrastructure Coalition* did not change longstanding APA law that deference is not absolute, and in any case does not protect a decision that predicted the wrong predicates. *Id.* at 12:2-14; 74:13-16.

Multiple new cases confirm PLP's contentions.

District of Arizona: "*Seven County* does not ... displace arbitrary and capricious review." *Grand Canyon Chapter of Sierra Club v. Bosworth*, No. 24-2348, 2026 WL 2874046, *37 (D. Ariz. Sept. 24, 2026) (invalidating agency's choice of analysis area notwithstanding *Seven County*).

District of Oregon: "*Seven County* did not grant an agency discretion to forgo reasoned analysis ... [and] reaffirms that agency decision-making must be 'reasonable and reasonably explained.'" *Ctr. for Biological Diversity v. USFS*, No. 24-930, 2026 WL 2287946, *20 (D. Ore. Aug. 9, 2026) (rejecting agency's prediction as "lack[ing] factual basis").

District of Idaho: Requiring an agency to "explain the basis for [its] prediction" does not constitute "second-guessing [the] prediction." *Simpson v. Burgum*, No. 24-536, 2026 WL 2948797, *19 (D. Ida. Sept. 30, 2026) (invalidating scientific finding, notwithstanding *Seven County*).

District of Montana: A plaintiff does not "challenge the agency's scientific judgment" by "arguing that it was arbitrary and capricious" such as by "fail[ing] to consider a critical component." *Ctr. for Biological Diversity v. USFS*, 811 F. Supp. 3d 1206, 1229 (D. Mont. 2025) (invalidating agency's evaluation of bear habitat, notwithstanding *Seven County*).

These cases comport with the Ninth Circuit's longstanding admonition that deference

to scientific judgments does not mean "rubber-stamp[ing]" decisions that are "arbitrary and capricious"; and decisions like the "selection of screening criteria"–or the choice of analysis area in *Grand Canyon Chapter* and here–may be a "policy choice," rather than a "scientific determination," and reviewed accordingly. *Natural Res. Defense Council, Inc. v. Pritzker*, 828 F.3d 1125, 1139-40 (9th Cir. 2016).

November 5, 2026

Respectfully submitted,

*/s/ Keith Bradley*

KEITH BRADLEY, *pro hac vice*
SCHELEESE GOUDY, *pro hac vice*
717 17th Street, Suite 1825
Denver, CO 80202
T: (303) 830-1776
F: (303) 894-9239
keith.bradley@squirepb.com
scheleese.goudy@squirepb.com

JEFFREY M. WALKER, *pro hac vice*
KATHERINE E. WENNER, *pro hac vice*
2000 Huntington Center
41 South High Street
Columbus, OH 43215
T: (614) 365-2700
F: (614) 365-2499
jeffrey.walker@squirepb.com
katherine.wenner@squirepb.com

SQUIRE PATTON BOGGS (US) LLP

THOMAS P. AMODIO
KEVIN M. BOOTS
500 L Street, Suite 300
Anchorage, AK 99501
T: (907) 222-7100
F: (907) 222-7199
tom@reevesamodio.com
kevin@reevesamodio.com

REEVES AMODIO, LLC

*Counsel for Northern Dynasty Minerals Ltd. and Pebble Limited Partnership*

**CERTIFICATE OF WORD COUNT**

Pursuant to Local Civil Rule 7.1(d)(1), I certify that PLP's Second Notice of Supplemental Authority contains 319 words, as determined by the word-count function of Microsoft Office 365.

*/s/ Keith Bradley*
KEITH BRADLEY, *pro hac vice*