Paul A. Werner (*pro hac vice*)
Steven P. Hollman (*pro hac vice*)
Abraham J. Shanedling (*pro hac vice*)
Hannah J. Wigger (*pro hac vice*)
Christopher L. Bauer (*pro hac vice*)
Alexandra Bustamante (*pro hac vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Ste 100
Washington, DC 20006-6801
(202) 747-1900
pwerner@sheppard.com
shollman@sheppard.com
ashanedling@sheppard.com
hwigger@sheppard.com
cbauer@sheppard.com
abustamante@sheppard.com

Austin Williams (AK Bar No. 0911067)
TROUT UNLIMITED
600 Clipper Ship Court
Anchorage, AK 99515
(907) 227-1590
Austin.Williams@tu.org

*Attorneys for Trout Unlimited*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

NORTHERN DYNASTY MINERALS LTD. and PEBBLE LIMITED PARTNERSHIP,

Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,

Defendants,

and

BRISTOL BAY NATIVE ASSOCIATION, INC., *et al.*,

Intervenor-Defendants.

No. 3:24-cv-00059-SLG
Consolidated
Lead Case

| | |
|---|---|
| STATE OF ALASKA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendant,<br><br>and<br><br>TROUT UNLIMITED, *et al.*,<br><br>Intervenor-Defendants. | No. 3:24-cv-00084-SLG<br>Consolidated |
| ILIAMNA NATIVES, LTD, *et al*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>Defendants,<br><br>and<br><br>BRISTOL BAY ECONOMIC DEVELOPMENT CORPORATION, *et al.*,<br><br>Intervenor-Defendants. | No. 3:24-cv-00132-SLG<br>Consolidated |

**JOINT RESPONSE OF INTERVENOR-DEFENDANTS TO PEBBLE LIMITED PARTNERSHIP'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Civil Rule 7.1(d)(1), Intervenor-Defendants respond to Pebble Limited Partnership's ("PLP's") Notice of Supplemental Authority. Doc. 271.

First, PLP raises *East Fork Enterprises, Inc. v. EPA*, No. 24-60227, 2026 WL 2718464 (5th Cir. Sept. 15, 2026). But this case is inapposite because it involved an entirely different regulatory regime with different standards than the Clean Water Act ("CWA"). Unlike the "unclear" statutory term there – "unreasonable risk" under the Toxic Substants Control Act – here, no plaintiff argues that Section 404(c) of the CWA and its implementing regulations are unclear or ambiguous. Nor could they. EPA's regulations carefully define "unacceptable adverse effects," and demarcate procedures for issuing a proposed determination, garnering public input, and issuing the final determination limiting the discharge of dredged or fill materials into defined areas for specification. 40 C.F.R. § 231.2(e), 231.3-6. Simply put, Section 404(c) "clearly conveys broad discretion on the [EPA] Administrator," and "[w]hether 'unacceptable' adverse effects are 'likely' is a flexible standard that draws considerably on the agency's expertise and judgment." *Trout Unlimited v. Pirzadeh,* 1 F.4th 738, 752, 759 (9th Cir. 2021).

That another circuit found an EPA decision unlawful under a different statute, with a different standard of review, on a different record, has no bearing on this case.

Second, PLP cites *Newsom v. Trump*, No. 25-3727, 2026 WL3180273 (9th Cir. Oct. 23, 2026), which is even further afield. The court in *Newsom* found that the President's decision to federalize the National Guard under the 1795 Milita Act was judicially reviewable. *Id.* at *22. But no one argued EPA's Section 404(c) determination is not reviewable. *Newsom* thus has no relevance to this case beyond underscoring that agency determinations like EPA's that are "mixed question[s] of law and fact" still receive deference following *Loper Bright*. No. 25-3727, 2026 WL 3180273, at *6 n.4.

Finally, PLP cites *Me. Lobstermen's Ass'n v. Nat'l Marine Fisheries Serv.*, 70 F.4th 582 (D.C. Cir. 2023). But this is not supplemental authority given PLP already discussed the case in its brief, and its reliance on it remains misplaced. Doc. 215 at 50.

The Court should disregard PLP's notice.

Dated: November 12, 2026

Respectfully submitted,

By: /s/*Abraham J. Shanedling*

Paul A. Werner (*pro hac vice*)
Steven P. Hollman (*pro hac vice*)
Abraham J. Shanedling (*pro hac vice*)
Hannah J. Wigger (*pro hac vice*)
Christopher L. Bauer (*pro hac vice*)
Alexandra Bustamante (*pro hac vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
(202) 747-1900
pwerner@sheppard.com
shollman@sheppard.com
ashanedling@sheppard.com
hwigger@sheppard.com
cbauer@sheppard.com
abustamante@sheppard.com

By: *s/ Austin Williams*

Austin Williams
TROUT UNLIMITED
600 Clipper Ship Court
Anchorage, AK 99515
(907) 227-1590
Austin.Williams@tu.org

*Attorneys for Intervenor-Defendant Trout Unlimited*

/s/ Teresa B. Clemmer (with consent)
Teresa B. Clemmer (AK Bar No. 0111059)
TRUSTEES FOR ALASKA

*Attorneys for Intervenor-Defendants SalmonState, Alaska Community Action on Toxics, Alaska Wilderness League, Alaska Wildlife Alliance, Cook Inletkeeper, Friends of McNeil River, Kachemak Bay Conservation Society, National Parks Conservation Association, National Wildlife Federation, Sierra Club, The Alaska Center, and Wild Salmon Center*

/s/ Erin Colón (with consent)
Erin Colón (AK Bar No. 1508067)
Maile Tavepholjalern (AK Bar No. 1611094)
EARTHJUSTICE
*Attorneys for Intervenor-Defendants Center for Biological Diversity, Earthworks, and Friends of the Earth*

/s/Jacqueline Iwata (with consent)
Jacqueline Iwata (*pro hac vice*)
Thomas Zimpleman (*pro hac vice*)
Joel Reynolds (*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
*Attorneys for Intervenor-Defendant Natural Resources Defense Council*

/s/ James C. Feldman (with consent)
James C. Feldman (AK Bar No. 1702003)
Jeffrey M. Feldman (AK Bar No. 7605029)
SUMMIT LAW GROUP PLLC
*Attorneys for Intervenor-Defendant Bristol Bay Economic Development Corporation*

/s/ Peter Van Tuyn (with consent)
Peter Van Tuyn (AK Bar No. 8911086)
Karen Schmidt (AK Bar No. 1211113)
BESSENYEY & VAN TUYN, L.L.C.
*Attorneys for Intervenor-Defendant Bristol Bay Native Corporation*

s/ Matthew N. Newman (with consent)
Megan R. Condon (AK Bar No. 1810096)
Matthew N. Newman (AK Bar No. 1305023)
NATIVE AMERICAN RIGHTS FUND
*Attorneys for Intervenor-Defendants United Tribes of Bristol Bay and Commercial Fishermen for Bristol Bay*

s/ Felipe Farley (with consent)
Felipe Farley (AK Bar. No. 1904029)
BRISTOL BAY NATIVE ASSOCIATION
*Attorney for Intervenor-Defendant Bristol Bay Native Association*

s/ Scott Kendall (with consent)
Scott Kendall (AK Bar. No. 0405019)
CASHION GILMORE & LINDEMUTH
*Attorney for Intervenor-Defendant Bristol Bay Regional Seafood Development Association, Inc.*

## **CERTIFICATE OF WORD COUNT**

I certify that this document contains 350 words pursuant to Local Civil Rule 7.1(d)(1), excluding items exempted by Local Civil Rule 7.4(a)(4).

*/s/ Paul A. Werner*

Paul Werner (*pro hac vice*)